**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| VirnetX Inc. and<br>Science Applications International<br>Corporation,<br><br>       Plaintiffs,<br>v.<br><br>Apple Inc.,<br><br>       Defendant. | Civil Action No. 6:12-cv-855 |

**APPLE INC.'S MOTION TO STAY PENDING REEXAMINATION
<u>& APPELLATE PROCEEDINGS</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................... 1

II.     FACTUAL BACKGROUND ............................................................................. 1

        **A.**   This Action ............................................................................................. 1

        **B.**   The Parent Case .................................................................................... 3

        **C.**   *Inter Partes* Reexaminations of the Patents-in-Suit ................................ 3

                1.      Reexamination of the '211 patent (App. No. 95/001,789) ........................ 4

                2.      Reexamination of the '504 patent (App. No. 95/001,788) ........................ 5

                3.      Reexamination of the '151 patent (95/001,697) .......................... 6

                4.      Reexamination of the '135 patent (App. No. 95/001,682) ........................ 6

III.    THE COURT SHOULD GRANT A STAY PENDING THE OUTCOME
        OF REEXAMINATION PROCEEDINGS IN WHICH ALL ASSERTED
        CLAIMS STAND REJECTED ........................................................................ 7

        **A.**   The Relevant Factors Favor a Stay. ...................................................... 7

                1.      A stay will not unduly prejudice nor present a clear tactical
                        disadvantage to VirnetX. ............................................................. 7

                2.      A stay will simplify the issues for trial in this action. ................................ 8

                3.      This action is in the earliest stages—no discovery has been
                        taken and a trial date has not been set. ...................................... 10

        **B.**   In the Alternative, Apple Requests a Limited Stay Until The
                Earlier of the Filing of the Patent Owners' Brief Following a
                Notice of Appeal or the Issuance of a Reexamination Certificate
                for Each Patent-in-Suit ............................................................................. 11

IV.     A STAY IS ALSO WARRANTED BECAUSE A FINAL JUDGMENT
        AND/OR APPELLATE PROCEEDINGS IN THE PARENT CASE
        WILL FURTHER SIMPLIFY THIS ACTION. ........................................... 12

V.      CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Anascape, Ltd. v. Microsoft Corp.*,
  475 F. Supp. 2d 612 (E.D. Tex. 2007) ............................................................... 9

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983) ......................................................................... 9

*Microlinc, LLC v. Intel Corp.*,
  No. 2:07-CV-488-TJW, 2010 U.S. Dist. LEXIS 99255 (E.D. Tex. Sept. 20, 2010) .......... 8

*Sovereign Software LLC v. Amazon.com, Inc.*
  356 F. Supp. 2d 660 (E.D. Tex. 2005) .............................................................. 7

*Spa Syspatronic, AG v. VeriFone, Inc.*,
  No. 2:07-CV-416, 2008 U.S. Dist. LEXIS 34223 (E.D. Tex. Apr. 25, 2008) .................. 8

## Statutes

35 U.S.C. § 314(c) ........................................................................................... 8

35 U.S.C. § 315(c) ........................................................................................... 9

## Other Authorities

MPEP § 2601.01 ......................................................................................... 11, 12

## Rules

37 C.F.R. § 1.949 ............................................................................................ 5

37 C.F.R. § 1.951 ......................................................................................... 5, 11

37 C.F.R. § 1.953 ......................................................................................... 5, 6

37 C.F.R. § 1.953(c) ........................................................................................ 12

## INDEX OF EXHIBITS

Ex. A  Oct. 18, 2011 Request for *Inter Partes* Reexamination Transmittal Form (App. No. 95/001,789)

Ex. B  Jan. 18, 2012 Order Granting Request for *Inter Partes* Reexamination

Ex. C  Feb. 22, 2012 Notice of Concurrent Proceedings (App. No. 95/001,789)

Ex. D  Action Closing Prosecution (ACP) (App. No. 95/001,789)

Ex. E  Patent Owner's Response to Office Action of September 26, 2012

Ex. F  October 18, 2011 Request for *Inter Partes* Reexamination Transmittal Form (App. No. 95/001,788)

Ex. G  Dec. 29, 2011 Order Granting Request for *Inter Partes* Reexamination

Ex. H  February 22, 2012 Notice of Concurrent Proceedings

Ex. I  Action Closing Prosecution  (ACP) (App. No. 95/001,788)

Ex. J  Patent Owner's Response to Office Action of September 26, 2012 (App. No. 95/001,788)

Ex. K  Decision *Sua Sponte* Merging Reexamination Proceedings

Ex. L  Apr. 20, 2012 Office Action

Ex. M  Patent Owner's Response to Office Action of April 20, 2012

Ex. N  Oct. 25, 2012 Comments by Third Party Requester Pursuant to 37 C.F. R. § 1.947

Ex. O  July 11, 2011 Request for *Inter Partes* Reexamination Transmittal Form

Ex. P  Oct. 3, 2011 Order Granting Request for *Inter Partes* Reexamination

Ex. Q  Feb. 15, 2012 Office Action

Ex. R  May 15, 2012 Transmittal Letter

Ex. S  Oct. 4, 2012 Comments by Third Party Requester Pursuant to 37 C.F.R. § 1.947

Ex. T  Dec. 13, 2012 Decision *Sua Sponte* to Merge Reexamination Proceedings

Ex. U  *Inter Partes* Reexamination Filing Data

Ex. V  Relevant Diagrams from MPEP § 2601.01

## I.      INTRODUCTION

Apple Inc. ("Apple") hereby moves the Court to stay this action pending the outcome of *inter partes* reexaminations of the four patents-in-suit.  All asserted claims in this action stand rejected in the United States Patent and Trademark Office ("USPTO"), and the USPTO has given no indication that any asserted claim will survive reexamination.  *See infra* II.C.  A stay would not unduly prejudice VirnetX, particularly since this action is in its earliest stages while the *inter partes* reexaminations are in advanced stages, with the USPTO issuing Actions Closing Prosecution ("ACP") on two of the patents.  Moreover, a stay will significantly simplify the issues for this action, as it is highly likely that none of the claims will withstand reexamination.  A stay would also allow prior litigation between the parties to this action (No. 6:10-CV-00417-LED, or the "Parent Case") to achieve final resolution, which would further simplify the issues in this action due to res judicata and collateral estoppel effects of the outcome of the Parent Case.  For these reasons, as more fully explained below, Apple respectfully requests that the Court stay this action pending conclusion of the *inter partes* reexamination proceedings for the patents-in-suit and the appeal of the Parent Case.

## II.     FACTUAL BACKGROUND

### A.      This Action

The same day that a jury verdict was rendered in the Parent Case between these parties, VirnetX filed this action accusing Apple of infringing the same patents.  *See* Dkt. No. 1, Compl. (filed November 6, 2012); No. 6:10-CV-00417-LED, Dkt. No. 598 (jury verdict filed November 6, 2012).  Specifically, VirnetX accuses Apple of infringement with respect to the following Apple products and claims of each patent-in-suit:

| Patent-in-Suit | Asserted Claims | Apple Products |
|---|---|---|
| U.S. Pat. No. 7,921,211 ("the '211 patent") | 1, 2, 5, 6, 14–23, 26–28, 33–47, 50–52, 57–60 | Apple's servers and other Apple computers that support the FaceTime functionality and/or iMessage functionality, iPhone 5, iPod Touch (5th generation), iPad (4th generation), iPad mini, all Apple computers/hardware associated with the operation of the Mountain Lion operating system, Apple's servers, master discs, and other media that store, cache, or distribute iPhone OS |
| U.S. Pat. No. 7,418,504 ("the '504 patent") | 1, 2, 5, 6, 14–23, 26–28, 33–47, 49–52, 57–60 | Same as for the '211 patent |
| U.S. Pat. No. 7,490,151 ("the '151 patent") | 1, 6, 7, 12, 13 | Apple's servers and computers that support the VPN On Demand functionality, iPhone 5, iPod Touch (5th generation), iPad (4th generation), iPad mini, and all Apple computers/hardware associated with operation of the Mountain Lion operating system, Apple's servers, master discs and other media that store, cache, or distribute iPhone OS |
| U.S. Pat. No. 6,502,135 ("the '135 patent") | 1, 3, 7, 8, 9, 10, & 12 | Apple's servers and computers that support the VPN On Demand functionality, iPhone 5, iPod Touch (5th generation), iPad (4th generation), iPad mini, and all Apple computers/hardware associated with operation of the Mountain Lion operating system |

Compl. ¶¶ 11–13, 16–18, 21–24, & 27–30.  While FaceTime functionality and VPN On Demand functionality were accused features tried in the Parent Case, iMessage was not.

Notwithstanding this one distinction, the same patents-in-suit, issues of invalidity and the same or similar products are at issue in this action.  Apple files this motion to stay pending reexamination and appeal of the Parent Case directly after its answer, which asserts, among others, defenses related to invalidity and damages that overlap or depend from the resolution of issues in the Parent Case and/or the reexaminations of each of the patents-in-suit.

**B.      The Parent Case**

Final judgment has not been entered in the Parent Case.  To the extent that the final judgment is adverse to Apple, Apple plans to appeal that judgment to the Federal Circuit.  In addition, substantial issues of invalidity may be resolved in the Parent Case through the trial of the remaining defendants.  *See* No. 6:10-CV-00417-LED, Dkt. No. 542 (setting the starting trial date for the remaining defendants as March 11, 2013).

The patents-in-suit were construed in the Parent Case.   Those claim construction proceedings demonstrate that VirnetX's statements in the reexamination proceedings have a substantial impact on how the Court may construe disputed terms in this action.  For example, despite having already construed "virtual private network" of the '135 patent in prior litigation, the Court found it appropriate to construe that term differently in the Parent Case to require direct communication between member computers due to VirnetX's statements during the reexamination of the '135 patent.  No. 6:10-CV-00417-LED, Dkt. No. 266 at 5–8.  As explained below, VirnetX has continued to file statements in the reexaminations of the patents-in-suit, which may affect the Court's constructions in this action.

**C.      *Inter Partes* Reexaminations of the Patents-in-Suit**

Each of the patents-in-suit is currently subject to *inter partes* reexamination in which all claims have been rejected by the United States Patent and Trademark Office (USPTO) over multiple references.  Below is a table summarizing those reexaminations.

| Inter Partes Re-examination | Date Filed by Apple | Claims Currently Rejected | Number of References Involved in Claim Rejections | Current Stage of Pro-secution | Next Stage of Pro-secution | Expected Time-frame to Completion Based on USPTO Pendency Statistics |
|---|---|---|---|---|---|---|
| '211 patent 95/001,789 | 10/18/2011 | 1–60 (all) | 10 references | Third Party Comments filed after ACP | Right of Appeal Notice | July 2014 |
| '504 patent 95/001,788 | 10/18/2011 | 1–60 (all) | 10 references | Third Party Comments filed after ACP | Right of Appeal Notice | July 2014 |
| '151 patent 95/001,697 | 7/25/2011 | 1–16 (all) | 11 references | Third Party Comments After Nonfinal Action | ACP | April 2014 |
| '135 patent 95/001,682 | 7/11/2011 | 1–18 (all) | 11 references | Third Party Comments After Nonfinal Action | ACP | April 2014 |

### 1.    Reexamination of the '211 patent (App. No. 95/001,789)

During the pendency of the Parent Case, Apple requested *inter partes* reexamination of

the '211 patent.  Ex. A, Oct. 18, 2011 Request for *Inter Partes* Reexamination Transmittal Form

(App. No. 95/001,789).  The USPTO reviewed the request and ordered reexamination of the '211

patent on January 18, 2012.  Ex. B, Jan. 18, 2012 Order Granting Request for *Inter Partes*

Reexamination.  The '211 patent is also the subject of a reexamination proceeding (App. No.

001,856) filed by Cisco Systems Inc. (Cisco), who is also a defendant in the Parent Case.  Ex. C,

Feb. 22, 2012 Notice of Concurrent Proceedings (App. No. 95/001,789).   On September 26,

2012, the USPTO issued an Action Closing Prosecution (ACP) that rejected claims 1–60 of the

'211 patent.  Ex. D, ACP (App. No. 95/001,789) at 1.  An ACP is a second or subsequent office

action that closes prosecution.  37 C.F.R. § 1.949.  VirnetX filed its comments after the ACP on

December 26, 2012, which included numerous statements regarding issues of claim construction

in an attempt to avoid the prior art rejections.  *See, e.g.*, Ex. E, Patent Owner's Response to

Office Action of September 26, 2012 at 1–8 (making statements regarding the constructions of

"domain name service system" and "indicate").   Apple filed its comments with the USPTO

January 23, 2012.  The record is thus complete for the USPTO to issue a Right of Appeal Notice.

*See also* 37 C.F.R. §§ 1.951 (discussing that the patent owner and third party requester may file

comments after an ACP) & 1.953 (discussing the Right of Appeal Notice, which the Examiner

may issue after considering comments after an ACP).

### 2.      Reexamination of the '504 patent (App. No. 95/001,788)

Prior to this action, Apple also requested *inter partes* reexamination of the '504 patent.

Ex. F, October 18, 2011 Request for *Inter Partes* Reexamination Transmittal Form (App. No.

95/001,788).  The USPTO granted the request for reexamination on December 29, 2011.  Ex. G,

Dec. 29, 2011 Order Granting Request for *Inter Partes* Reexamination at 1.  The '504 patent is

also subject to an *inter partes* reexamination proceeding (App. No. 95/001,851) that was filed by

Cisco on December 13, 2011.  Ex. H, February 22, 2012 Notice of Concurrent Proceedings at 2.

The USPTO entered an ACP that rejected claims 1–60 of the '504 patent on September 26, 2012.

Ex. I, ACP (App. No. 95/001,788) at 1.  As in the reexamination of the '211 patent, VirnetX

filed its comments after the ACP on December 26, 2012, which included numerous statements

relevant to claim construction.  *See, e.g.*, Ex. J, Patent Owner's Response to Office Action of

September 26, 2012 (App. No. 95/001,788) at 1–8 (making statements regarding the claim terms "domain name service system" and "indication").  Apple filed its comments with the USPTO on January 23, 2012.  The record is thus complete for the USPTO to issue a Right of Appeal Notice. *See* 37 C.F.R. § 1.953 (Right of Appeal Notice is a final action, which comprises a final rejection; the parties have one month to appeal; if no party appeals, the Director will proceed to issue a reexamination certificate).

### 3.    Reexamination of the '151 patent (95/001,697)

The '151 patent is also under *inter partes* reexamination in proceedings filed by Apple (July 25, 2011, App. No. 95/001,697) and Cisco (August 16, 2011, App. No. 95/001,714) that were merged into a single proceeding on March 15, 2012.  Ex. K, Decision *Sua Sponte* Merging Reexamination Proceedings at 2–3, & 7.  On April 20, 2012, the USPTO issued an office action rejecting claims 1–16 of the '151 patent.  Ex. L, Apr. 20, 2012 Office Action at 1.  VirnetX responded to the Office Action with comments on July 20, 2012, and Apple responded with its comments on October 25, 2012.  Ex. M, Patent Owner's Response to Office Action of April 20, 2012 at 1; Ex. N, Oct. 25, 2012 Comments by Third Party Requester Pursuant to 37 C.F. R. § 1.947.  Thus, all asserted claims of the '151 patent currently stand rejected, and the record is complete for the purpose of the USPTO issuing an ACP.

### 4.    Reexamination of the '135 patent (App. No. 95/001,682)

During the pendency of the Parent Case, Apple also filed a request for *inter partes* reexamination of the '135 patent.  Ex. O, July 11, 2011 Request for *Inter Partes* Reexamination Transmittal Form at 1.  The USPTO granted that request on October 3, 2011.  Ex. P, Oct. 3, 2011 Order Granting Request for *Inter Partes* Reexamination.  The USPTO issued an Office Action rejecting claims 1–18 (all claims) on February 15, 2012.  Ex. Q, Feb. 15, 2012 Office Action at 1.  VirnetX addressed those rejections in a 148 page response and two declarations totaling 71

6

pages on May 15, 2012.  Ex. R, May 15, 2012 Transmittal Letter at 1.  Apple submitted its

comments on October 4, 2012.  Ex. S, Oct. 4, 2012 Comments by Third Party Requester

Pursuant to 37 C.F.R. § 1.947.  Thus, the record is complete for the USPTO to enter an ACP.  On

December 13, 2012, the USPTO merged Apple's *inter partes* reexamination proceeding of the

'135 patent with Cisco's *inter partes* reexamination proceeding (App. No. 95/001,679, filed July

8, 2011).  Ex. T, Dec. 13, 2012 Decision *Sua Sponte* to Merge Reexamination Proceedings at 3.

## III.   THE COURT SHOULD GRANT A STAY PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS IN WHICH ALL ASSERTED CLAIMS STAND REJECTED.

### A.   The Relevant Factors Favor a Stay.

In *Sovereign Software LLC v. Amazon.com, Inc.*, the Court laid out three factors to

consider when evaluating a motion to stay pending reexamination:

> (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party;
> (2) whether a stay will simplify the issues in question and the trial of the case; and
> (3) whether discovery is complete and whether a trial date has been set.

356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).  In this action, each of the three *Sovereign* factors

favors the grant of a stay pending the outcome of the reexamination proceedings.

#### 1.   A stay will not unduly prejudice nor present a clear tactical disadvantage to VirnetX.

VirnetX was fully aware of the status of the reexaminations of the patents-in-suit when it

filed this action, including that these reexaminations were nearing completion.  Apple initiated

the reexaminations in July and October of 2011 during the pendency of the Parent Case, and at

the time VirnetX filed this action, the USPTO had rejected every claim of the patents-in-suit.

*See* II.C (outlining the status of each *inter partes* reexamination proceeding).  *Inter partes*

reexaminations are conducted with special dispatch in the USPTO, thus ensuring that the parties

7

receive a final determination on the patentability of the claims under reexamination in as short a timeframe as possible. *See* 35 U.S.C. § 314(c). USPTO-generated statistics indicate that the median pendency for *inter partes* reexamination proceedings is 33.1 months. Ex. U, *Inter Partes Reexamination Filing Data*, *available at* http://www.uspto.gov/patents/stats// IP_quarterly_report_June_30_2012.pdf. Based on those statistics alone, the reexaminations of the patents-in-suit should be concluded by April 2014 and July 2014. And, as discussed above, at least two of these reexaminations are at an advanced stage, which suggests that they may be resolved even sooner. *See* II.C. Therefore, a stay pending reexamination would be of a limited duration, and as discussed below will substantially simplify the issues in this action, including potentially eliminating the entire basis for this lawsuit.

In addition, no evidence exists that VirnetX will suffer actual harm from a stay. Mere delay, without more, is insufficient to establish undue prejudice. *See, e.g.*, *Spa Syspatronic, AG v. VeriFone, Inc.*, No. 2:07-CV-416, 2008 U.S. Dist. LEXIS 34223, *8–*10 (E.D. Tex. Apr. 25, 2008). Based upon VirnetX's allegations in the Complaint, this action concerns Apple's latest products, so there is little risk that a stay would negatively impact VirnetX's ability to discover information regarding the accused products. And because VirnetX does not manufacture or sell any products, VirnetX cannot allege that it would be harmed by customer losses or by injury to market share during a stay. *See, e.g., Microlinc, LLC v. Intel Corp.*, No. 2:07-CV-488-TJW, 2010 U.S. Dist. LEXIS 99255, *10 (E.D. Tex. Sept. 20, 2010). VirnetX will be able to collect damages if the Court finds that infringement occurred during the stay. For these reasons, a stay pending outcome of these reexaminations would not unduly prejudice VirnetX.

### 2.    A stay will simplify the issues for trial in this action.

A stay will simplify the issues in this action for multiple reasons. First, there is a substantial likelihood that the patents-in-suit do not survive reexamination. All of the claims

have been rejected by the USPTO—none of VirnetX's arguments have caused the USPTO to confirm any asserted claim of any patent-in-suit.  *See* II.C.  "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).  Here, any cancellation of claims will narrow the infringement issues at trial—potentially eliminating the basis for the entire lawsuit if the USPTO cancels all asserted claims.  Even if some claims are confirmed, VirnetX's disavowals during the reexamination proceedings will provide additional clarity as to the scope of the claims.  "Courts need not expend judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers."  *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007) (citation omitted).

Second, the estoppel effect of *inter partes* reexamination will simplify the issues for trial.  *See* 35 U.S.C. § 315(c) (estopping the requester from asserting in a civil action invalidity of any claim finally determined to be valid and patentable on any ground that the requester raised or could have raised during the *inter partes* reexamination proceeding).  If a claim of a patent-in-suit is finally determined to be valid, Apple will be precluded from arguing grounds of invalidity in this action that were raised in that reexamination.  *See id.*  That estoppel would therefore also narrow the issues in this action.

Third, a stay would streamline claim construction because the record of VirnetX's statements on the scope of the claims of the patents-in-suit would be fully developed.  As noted by this Court in the Parent Case, VirnetX's disclaimers of claim scope during the reexamination proceedings affect construction of those claims.  *See, e.g.*, No. 6:10-CV-00417-LED, Dkt. No.

9

266 at 5–8 (construing the phrase "virtual private network" of the '135 patent in light of disavowals made by VirnetX in a reexamination proceeding to attempt to overcome a rejection based on the Aventail reference). There is a substantial risk that the Court and parties will waste time and resources construing claims and then have to revisit those constructions in light of VirnetX's further statements in the reexamination proceedings.

That exact scenario happened in the Parent Case. The defendants in the Parent Case moved for reconsideration of the Court's construction of the phrase "secure communication link" in light of VirnetX's statements during the reexamination of the '504 patent that anyone of skill in the art would understand it to require encryption—statements that unequivocally disclaimed "secure communication links" that are not encrypted. No. 6:10-CV-00417-LED, Dkt. No. 366 at 1. VirnetX did not oppose, and the Court re-construed the phrase. No. 6:10-CV-00417-LED, Dkt. No. 424; No. 6:10-CV-00417-LED, Dkt. No. 541. Moreover, VirnetX making statements to the USPTO that contradict its claim construction positions is not an isolated incident. Recently in the Parent Case, Cisco moved for reconsideration of the Court's claim constructions for the "indicating" terms of the '504 and '211 patents based on October 2012 statements VirnetX made to the USPTO during reexamination that directly contradicted its position during claim construction and renewed its motion to stay on the same basis. No. 6:10-CV-00417-LED, Dkt. No. 654 at 2–4 & Dkt. No. 659.

For these reasons, a stay pending the outcome of the reexamination proceedings will simplify the issues in this action and should be granted.

### 3. This action is in the earliest stages—no discovery has been taken and a trial date has not been set.

Apple is filing this motion directly after its answer and therefore at its first opportunity to do so. The Court has yet to enter a scheduling order or hold a status conference. No trial date

has been set.  This action is therefore in the earliest stages of litigation, and this factor additionally favors granting a stay pending the outcome of the reexamination proceedings.

> **B.      In the Alternative, Apple Requests a Limited Stay Until The Earlier of the Filing of the Patent Owners' Brief Following a Notice of Appeal or the Issuance of a Reexamination Certificate for Each Patent-in-Suit.**

If the Court is not inclined to grant a stay pending the ultimate outcome of the reexaminations or the Parent Case, in the alternative, Apple requests a limited stay until, in each reexamination of a patent-in-suit, the patent owner has filed its brief following a notice of appeal or the USPTO has issued a reexamination certificate.  This limited stay would continue until one of those conditions is met in all four reexaminations.  As noted in Section II.C, all asserted claims of each patent-in-suit have been rejected over multiple prior art references in the reexamination proceedings.  To overcome these rejections, VirnetX will necessarily have to continue to make statements in the prosecution history of the reexaminations regarding the scope of its claims and distinctions over prior art.  These statements would inform the Court's constructions of claim terms of the patents-in-suit, and a stay pending the outcome of the reexamination proceedings would allow this intrinsic record to fully develop prior to claim construction in this action.

Apple estimates that the time until the filing of the patent owner's brief would be approximately 4–6 months in the case of the reexaminations of the '211 and '504 patents and 8–10 months in the case of the reexaminations of the '151 and '135 patents.  *See* 37 C.F.R. § 1.951 (setting the time periods for submissions after an Action Closing Prosecution); and MPEP § 2601.01 (diagrams of responsive time periods).  As shown in the USPTO's diagrams of the procedures in an *inter partes* reexamination, after an ACP is entered and provided the patent examiner does not re-open prosecution, the USPTO will issue a Right of Appeal Notice.  MPEP § 2601.01 (relevant diagrams also attached as Ex. V).  If neither party files a Notice of Appeal,

11

the USPTO will proceed to issue a reexamination certificate.  37 C.F.R. § 1.953(c).  If a party files a Notice of Appeal to the Board within thirty days of the Right of Appeal Notice, the other party has fourteen days to file a Notice of Cross Appeal.  MPEP § 2601.01.  In the reexaminations of the patents-in-suit, the USPTO has rejected all claims and thus VirnetX would need to appeal; therefore, VirnetX's brief would be due two months from the last-filed Notice of Appeal or Notice of Cross Appeal.  *See* MPEP § 2601.01.  This alternative stay would thus be extremely limited in time and would allow the intrinsic record to be more fully developed before the parties and the Court invest significant resources in discovery and claim construction.

## IV.   A STAY IS ALSO WARRANTED BECAUSE A FINAL JUDGMENT AND/OR APPELLATE PROCEEDINGS IN THE PARENT CASE WILL FURTHER SIMPLIFY THIS ACTION.

A stay would also simplify the issues in this case because it would allow district court and appellate proceedings in the Parent Case to conclude.  Although a jury rendered a verdict in the Parent Case against Apple, a final judgment has not been entered in that case.  To the extent that such a decision is adverse to Apple, Apple intends to appeal that judgment to the Federal Circuit.  Resolution of the district court proceedings (and appellate proceedings, if any) in the Parent Case will determine the effect of res judicata and collateral estoppel on issues in this action.  This is especially true because VirnetX accuses some of the same products of infringing the same patents-in-suit in this action as were adjudicated in the Parent Case.  *See, e.g.*, Dkt. No. 1, Compl. at ¶¶ 21–23 & 27–29 (accusing "Apple's servers and other computers that support the FaceTime functionality" of infringement in this action); *cf.* No. 6:10-CV-00417-LED, Dkt. No. 482 at 15 (VirnetX's contention in the Parent Case that Apple infringes through its sale or use etc. of "Apple servers and computers configured to support the FaceTime functionality; Apple computers capable of using the FaceTime functionality").  Therefore, not only will the issue of

invalidity of each patent-in-suit be affected by subsequent proceedings, but damages issues may also be affected by the outcome of the Parent Case as to Apple.

A stay would also permit the conclusion of the trials for the remaining defendants that VirnetX has sued.   The remaining defendants have trial set for March 11, 2013, at which substantial issues of invalidity with respect to the patents-in-suit will be tried.   *See* No. 6:10-CV-00417-LED, Dkt. No. 542 (setting the starting trial date for the remaining defendants); *see* No. 6:10-CV-00417-LED, Dkt. No. 482 at 17 (Cisco's contentions with respect to invalidity of the patents-in-suit).

## V.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court enter a stay pending the outcome of the *inter partes* reexamination proceedings for the patents-in-suit and the appeal of the Parent Case.  In the alternative and to allow for a more fully developed factual record prior to claim construction proceedings in this action, Apple requests that the Court enter a stay until, in each of the four reexaminations of a patent-in-suit, the patent owner has filed its brief following a notice of appeal or the USPTO has issued a reexamination certificate.

Respectfully submitted,

Dated: January 25, 2013

/s/ Danny L. Williams
Danny L. Williams - LEAD ATTORNEY
State Bar No. 21518050
E-mail:  danny@wmalaw.com
Terry D. Morgan
State Bar No. 14452430
Email: tmorgan@wmalaw.com
Ruben S. Bains
Texas Bar No. 24001678
E-mail:  rbains@wmalaw.com
Chris N. Cravey
State Bar No. 24034398
E-Mail:  ccravey@wmalaw.com

Matthew R. Rodgers
Texas State Bar No. 24041802
E-mail:  mrodgers@wmalaw.com
Brian K Buss
State Bar No. 00798089
Email: bbuss@wmalaw.com
Drew Kim
Texas Bar No. 24007482
E-mail:  dkim@wmalaw.com
**WILLIAMS, MORGAN & AMERSON, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone:  (713) 934-7000
Facsimile: (713) 934-7011

ATTORNEYS FOR APPLE INC.


## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served on January 25, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Mark Dunglinson
Litigation Paralegal


## CERTIFICATE  OF CONFERENCE

The undersigned hereby certifies that Apple has complied with the meet and confer requirement in Local Rule CV-7(h).  Specifically, counsel for Apple, Drew Kim, spoke to counsel for VirnetX, Jason Cassady, on January 23, 2013.  Drew Kim spoke to counsel for SAIC, Arturo Padilla, on January 25, 2013.  The parties discussed the possibility of staying this action pending conclusion of the reexaminations of the patents-in-suit and the appeal of the Parent Case; however, there was no agreement reached and the discussions conclusively ended in an impasse because VirnetX  and SAIC oppose a stay of this action.  VirnetX and SAIC oppose the Motion.

/s/ Drew Kim