# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| VirnetX Inc., <br><br> Plaintiff, <br><br> v. <br><br> Apple Inc., <br><br> Defendant. | Civil Action No. 6:12-cv-563 <br><br> Jury Trial Demanded |
| VirnetX Inc. and Science Applications International Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> Apple Inc., <br><br> Defendant. | Civil Action No. 6:12-cv-855 <br><br> Jury Trial Demanded |

**APPLE INC.'S SUPPLEMENTAL BRIEF TO ITS MOTION TO STAY PENDING REEXAMINATION & APPELLATE PROCEEDINGS (DKT. NO. 32)**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................... 2

    A. Procedural History ................................................................................................... 2

    B. *Inter Partes* Reexamination of the '181 Patent (App. No. 95/001,949) ................................................................................................................ 3

    C. Right of Appeal Notices and *Inter Partes* Review of the Other Patents-in-Suit ........................................................................................................... 5

III. THE COURT SHOULD GRANT A STAY PENDING REEXAMINATION. .................................................................................................... 6

    A. The Relevant Factors Favor a Stay. ......................................................................... 6

        1. A stay will not unduly prejudice nor present a clear tactical disadvantage to VirnetX. ................................................................................ 7

        2. A stay will simplify the issues for trial. ....................................................... 8

        3. This action is in the earliest stages. .............................................................. 9

    B. In the Alternative, Apple Requests a Limited Stay Until The Earlier of the Filing of the Patent Owners' Brief Following a Notice of Appeal or the Issuance of a Reexamination Certificate. ......................... 9

IV. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Anascape, Ltd. v. Microsoft Corp.*,
    475 F. Supp. 2d 612 (E.D. Tex. 2007) .................................................................................. 8

*Gould v. Control Laser Corp.*,
    705 F.2d 1340 (Fed. Cir. 1983) ............................................................................................. 8

*Microlinc, LLC v. Intel Corp.*,
    No. 2:07-CV-488-TJW, 2010 U.S. Dist. LEXIS 99255 (E.D. Tex. Sept. 20, 2010) .......... 8

*Sovereign Software LLC v. Amazon.com, Inc.*
    356 F. Supp. 2d 660 (E.D. Tex. 2005) .................................................................................. 6

*Spa Syspatronic, AG v. VeriFone, Inc.*,
    No. 2:07-CV-416, 2008 U.S. Dist. LEXIS 34223 (E.D. Tex. Apr. 25, 2008) .................... 7

**Statutes**

28 U.S.C. § 1659(a) ......................................................................................................................... 2

35 U.S.C. § 314(c) ........................................................................................................................... 7

35 U.S.C. § 315(c) ....................................................................................................................... 8, 9

**Other Authorities**

MPEP § 2601.01 ............................................................................................................................ 10

**Rules**

37 C.F.R. § 1.949 ............................................................................................................................ 1

37 C.F.R. § 1.951 ..................................................................................................................... 5, 10

37 C.F.R. § 1.953 ............................................................................................................................ 5

37 C.F.R. § 1.953(c) ..................................................................................................................... 10

# INDEX OF EXHIBITS

Ex. A     Inv. No. 337-TA-818, Notice of Commission Decision Not to Review an Initial Determination Terminating the Investigation Due to Lack of Standing (August 20, 2012) (selected excerpts)

Ex. B     Inv. No. 337-TA-858, October 16, 2012 Notice of Institution of Investigation (selected excerpts)

Ex. C     Inv. No. 337-TA-858, Complainants Motion for Termination of Investigation (selected excerpts)

Ex. D     Inv. No. 337-TA-858, Order No. 20, April 22, 2013 Initial Determination Granting Motion to Terminate (Public Version) (selected excerpts)

Ex. E     Inv. No. 337-TA-858, May 15, 2013 Commission Determination Not to Review an Initial Determination Denying Respondent's Motion for Sanctions and Granting Complainants' Motion to Terminate the Investigation in its Entirety; Termination of Investigation (selected excerpts)

Ex. F     Transaction History for App. No. 95/001,949

Ex. G     App. No. 95/001,949, June 4, 2012 Order Granting Request for *Inter Partes* Reexamination (selected excerpts)

Ex. H     App. No. 95/001,949, June 4, 2012 Office Action (selected excerpts)

Ex. I     App. No. 95/001,949, Patent Owner's Response to Office Action of June 4, 2012 (selected excerpts)

Ex. J     U.S. Patent No. 8,051,181 ("the '181 patent")

Ex. K     App. No. 95/001,949, January 16, 2013 ACP (selected excerpts)

Ex. L     App. No. 95/001,949, Patent Owner's Response to Office Action of January 16, 2013 (selected excerpts)

Ex. M     App. No. 95/001,788, June 25, 2013 Right of Appeal Notice (selected excerpts)

Ex. N     App. No. 95/001,789, June 26, 2013 Right of Appeal Notice (selected excerpts)

Ex. O     IPR Petition (348) (selected excerpts)

Ex. P     IPR Petition (349) (selected excerpts)

Ex. Q    IPR Petition (393) (selected excerpts)

Ex. R    IPR Petition (394) (selected excerpts)

Ex. S    IPR Petition (354) (selected excerpts)

Ex. T    IPR Petition (397) (selected excerpts)

Ex. U    IPR Petition (398) (selected excerpts)

Ex. V    Selected diagrams from MPEP § 2601.01

**I.     INTRODUCTION**

Apple Inc. ("Apple") previously moved to stay this action pending reexamination of the four patents-in-suit and resolution of appellate proceedings. *See* Dkt. No. 32, Apple's Motion to Stay (January 25, 2013). On June 12, 2013 and without opposition from Apple, Plaintiffs moved to consolidate this action with another pending case between the parties, Civil Action No. 6:11-CV-00563 ("the 563 Action"), in which Plaintiff VirnetX, Inc. ("VirnetX") asserts infringement of U.S. Patent No. 8,051,181 ("the '181 patent"). The '181 patent is related to the other patents-in-suit. The Court consolidated this action with the 563 Action on June 18, 2013, thus adding a fifth patent-in-suit to this action. Dkt. No. 51.

The *inter partes* reexamination of the '181 patent provides yet another ground for granting Apple's motion to stay this action. All claims of the '181 patent stand rejected in the United States Patent and Trademark Office ("PTO"), and the PTO has given no indication that any claim will survive reexamination. *See infra* II.B. A stay would not unduly prejudice Plaintiffs who, during the original stay of the 563 Action, spent sixteen months asserting the '181 patent against Apple in the ITC only to voluntarily withdraw the investigation before the ITC had a chance to resolve the parties' disputes. Further, a stay would not be unduly prejudicial because this action is in its earliest stages. In contrast, the *inter partes* reexamination proceeding is in an advanced stage with the PTO already having issued an Action Closing Prosecution ("ACP").[1] A stay will also significantly simplify the issues, as it is highly likely that none of the claims will withstand reexamination. For these reasons, as more fully explained below, Apple respectfully requests that the Court also stay this action pending conclusion of the *inter partes* reexamination proceedings for the '181 patent.

---

[1] An ACP is a second or subsequent office action that closes prosecution. 37 C.F.R. § 1.949.

## II.     FACTUAL BACKGROUND

### A.     Procedural History

VirnetX filed its Complaint against Apple for infringement of the '181 patent on November 1, 2011. 563 Action, Dkt. No. 1. On November 4, 2011, VirnetX also chose to file a complaint in the United States International Trade Commission ("ITC") asserting the '181 patent. On November 21, 2011, Apple applied for and was granted a thirty day extension to its deadline for answering the Complaint in the 563 Action. Dkt. No. 6. The ITC subsequently instituted Investigation No. 337-TA-818, *In the Matter of Certain Devices with Secure Communication Capabilities, Components Thereof, and Products Containing the Same* ("the '818 investigation"), and on the same day,—December 7, 2011—Apple filed an unopposed motion to stay the 563 Action pursuant to 28 U.S.C. § 1659(a). Dkt. No. 7. On December 15, 2011, the Court ordered that the 563 Action be stayed until the determination of the ITC in the '818 investigation became final. At the time of the initial stay of the 563 Action, Apple had not yet answered the complaint, no discovery had been taken, and the Court had not set a trial date or entered a scheduling order.

In the '818 investigation, the ITC held that VirnetX lacked standing due to its failure to join Science Applications International Corporation ("SAIC") as a complainant and terminated the '818 investigation on August 20, 2012. Ex. A, Inv. No. 337-TA-818, Notice of Commission Decision Not to Review an Initial Determination Terminating the Investigation Due to Lack of Standing (August 20, 2012) at 1. VirnetX then chose to re-file its ITC complaint against Apple—this time with SAIC joined as a complainant—and the ITC instituted Investigation No. 337-TA-858, *In the Matter of Certain Devices with Secure Communication Capabilities, Components Thereof, and Products Containing the Same* ("the '858 investigation"). Ex. B, Inv. No. 337-TA-858, October 16, 2012 Notice of Institution of Investigation at 1.

2

After the investigation had proceeded sixteen months—including the conclusion of fact discovery and after a *Markman* hearing—Plaintiffs unilaterally withdrew the complaint by filing a motion to terminate on March 2, 2013. Ex. C, Inv. No. 337-TA-858, Complainants Motion for Termination of Investigation. The Administrative Law Judge granted the motion to terminate the '858 investigation on April 22, 2013. Ex. D, Inv. No. 337-TA-858, Order No. 20. On May 15, 2013, the Commission declined to review that initial determination thus bringing to a close ITC proceedings regarding the '181 patent. Ex. E, Inv. No. 337-TA-858, May 15, 2013 Commission Determination.

On June 18, 2013, this Court consolidated the 563 Action with this action. Dkt. No. 51. On July 1, 2013, Plaintiffs filed the Consolidated and Amended Complaint (Dkt. No. 58), which added the '181 patent as a patent-in-suit for this action. Apple filed its Answer and Counterclaims directly prior to the filing of its motion for leave to file this supplemental briefing.

      **B.**     ***Inter Partes* Reexamination of the '181 Patent (App. No. 95/001,949)**

Currently every claim of the '181 patent stands rejected. Apple filed its request for *inter partes* reexamination of the '181 patent on March 28, 2012. Ex. F, Transaction History for App. No. 95/001,949 at 2. The PTO granted that request on June 4, 2012 and concurrently issued an office action rejecting all twenty-nine claims of the '181 patent. Ex. G, App. No. 95/001,949, June 4, 2012 Order Granting Request for *Inter Partes* Reexamination at 1; Ex. H, App. No. 95/001,949, June 4, 2012 Office Action at 1. VirnetX provided a seventy-eight page response to the rejections on September 4, 2012, making numerous statements regarding claims terms that will likely be at issue in this action. Ex. F at 1. For example, VirnetX asserts that the "broadest reasonable interpretation of secure communication link requires encryption." Ex. I, App. No. 95/001,949 Patent Owner's Response to Office Action of June 4, 2012 at 10 (discussing "secure communication link"); *see also* Ex. J, '181 patent at independent claims 1, 2, & 28 (using the

3

term "secure communication link"). As another example, VirnetX states that "a 'secure name service' is a service that both resolves a secure name into a network address and further supports establishing a secure communication link." Ex. I at 36; '181 patent at independent claims 2 & 28 (using the term "secure name service"). Yet another example is VirnetX's statement that "'secure names' are those names used to communicate securely that are resolved by a secure name service (*i.e.*, a service that both resolves a name into a network address and further supports establishing a secure communication link)." Ex. I at 45; '181 patent at independent claims 1, 2, 24, 26, 28, & 29 (using the term "secure name"). After VirnetX filed its response, which futilely attempted to overcome the numerous prior art rejections of the '181 patent claims, Apple filed its comments on October 22, 2012. Ex. F at 2.

The PTO then issued the ACP on January 16, 2013, which responded to the parties' comments and maintained the rejections of all twenty-nine claims, Ex. K, App. No. 95/001,949, January 16, 2013 ACP at 1. Below is a chart identifying the various grounds of rejection relied upon by the PTO in the ACP:

| Claim | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Anticipated by Beser | X | X | X | X | X | X | X | X | X | X | X | X | | X | X | | X | X | X | X | X | X | X | X | X | X | X | X | X |
| Anticipated by Mattaway | X | X | | | | X | X | X | | | | X | X | X | X | X | X | | X | X | X | | | X | X | X | X | X | X |
| Rendered Obvious by Mattaway in view of Beser | | | X | X | | | | | | X | X | | | | | | | | X | | | | X | | | | | | |
| Rendered Obvious by Mattaway in view of RFC2401 | | | | | | | | | | X | X | | | | | | | | | | | | | | | | | | |
| Anticipated by Lendenmann | X | X | X | X | X | X | X | X | | | | X | X | X | X | | X | X | X | X | X | X | X | X | X | X | X | X | |
| Rendered Obvious by Lendenmann in view of Beser | | | | | | | | | | X | X | | | | | | X | | | | | | | | | | | | |
| Rendered Obvious by Lendenmann in view of RFC 2401 | | | | | | | | | | X | X | | | | | | | | | | | | | | | | | | |
| Anticipated by Provino | X | X | X | X | X | X | X | X | X | X | X | X | X | | | X | X | X | X | X | | | | | | X | X | | |
| Rendered Obvious by Provino in view of H.323 | | | | | | | | | | | | | | | | | | | | | | | | X | X | X | | | |
| Rejected under 102(b) as obvious over H.323 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| Rendered Obvious over Johnson in conjunction with RFC2131, RFC1034, and RFC2401 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | | X | X | X | X | X | X | X | X | X | X | X | X | X | X |

4

Ex. K at 5–12. As shown above, every claim of the '181 patent stands rejected on multiple grounds.

VirnetX responded to the ACP on March 18, 2013, making additional statements regarding claim terms that will likely be at issue in this action. Ex. F at 1. For example, VirnetX directly addressed the scope of independent claim 1, asserting that it requires both "1. a message *of the desire to securely communicate* with the first device is received *from the second device* to a network address corresponding to the secure name associated with *the first device*, and 2. another message is sent *over a secure communication link from the first device to the second device*." Ex. L, App. No. 95/001,949, Patent Owner's Response to Office Action of January 16, 2013 at 2 (emphasis in original). That same day, VirnetX petitioned the PTO to re-open prosecution. Ex. F at 1. Apple then submitted its comments on April 23, 2013. Ex. F at 1. The record is thus complete for the PTO to issue a Right of Appeal Notice. *See* 37 C.F.R. §§ 1.951 (discussing that the patent owner and third party requester may file comments after an ACP) & 1.953 (discussing the Right of Appeal Notice, which the Examiner may issue after considering comments following an ACP); *see also* Dkt. No. 32 at 11–12 (discussing PTO procedures after a Right of Appeal Notice).

On May 28, 2013, the PTO denied VirnetX's petition to re-open prosecution. Ex. F at 1. On July 9, 2013, VirnetX filed a petition seeking review of the PTO's decision denying its petition to re-open prosecution. Ex. F at 1.

    **C.**    **Right of Appeal Notices and *Inter Partes* Review of the Other Patents-in-Suit**

The PTO recently took action in the reexaminations of two of the other patents-in-suit. On June 25, 2013, the PTO issued a Right of Appeal Notice in the *inter partes* reexamination of U.S. Patent No. 7,418,504, which maintained the PTO's prior art rejections of all sixty claims. Ex. M, App. No. 95/001,788, June 25, 2013 Right of Appeal Notice. On June 26, 2013, the PTO

5

rejected all sixty claims of U.S. Patent No. 7,921,211 in a Right of Appeal Notice. Ex. N, App. No. 95/001,789, June 26, 2013 Right of Appeal Notice. VirnetX has only thirty days to appeal the examiner's decision in each of those reexaminations; therefore these reexaminations are even closer to their ultimate conclusion than when the Motion was originally filed.

In addition to the reexaminations of the other four patents-in-suit, Apple recently requested *inter partes* reviews of these patents under the America Invents Act. Apple filed requests for *inter partes* reviews of U.S. Patent No. 6,502,135 on June 12, 2013. Ex. O, IPR Petition (348); Ex. P, IPR Petition (349). Apple filed requests for *inter partes* review of U.S. Patent No. 7,418,504 on July 1, 2013. Ex. Q, IPR Petition (393); Ex. R, IPR Petition (394). Apple filed a request for *inter partes* review of U.S. Patent No. 7,490,151 on June 17, 2013 and filed requests for *inter partes* review of U.S. Patent No. 7,921,211 on July 1, 2013. Ex. S, IPR Petition (354); Ex. T, IPR Petition (397); Ex. U, IPR Petition (398).

## III. THE COURT SHOULD GRANT A STAY PENDING REEXAMINATION.

### A. The Relevant Factors Favor a Stay.

In *Sovereign Software LLC v. Amazon.com, Inc.*, the Court laid out three factors to consider when evaluating a motion to stay pending reexamination:

> (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party;
> (2) whether a stay will simplify the issues in question and the trial of the case; and
> (3) whether discovery is complete and whether a trial date has been set.

356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). Each of the three *Sovereign* factors favors the grant of a stay pending the outcome of the reexamination proceeding for the '181 patent.

### 1. A stay will not unduly prejudice nor present a clear tactical disadvantage to VirnetX.

A stay to permit resolution of the advanced *inter partes* reexamination proceedings of the '181 patent presents no undue prejudice or clear tactical disadvantage to Plaintiffs. Due to Plaintiffs' own litigation choices, the 563 Action was stayed for over eighteen months while Plaintiffs pursued investigations in the ITC regarding the '181 patent. *See supra* II.A. Plaintiffs allowed the ITC investigation to proceed through the end of fact discovery and the *Markman* hearing before unilaterally moving to withdraw the ITC complaint. *Id*. Plaintiffs thus prevented the ITC from having an opportunity to render any claim constructions or other rulings on the merits. Plaintiffs' choices to pursue investigations in the ITC while the 563 Action remained stayed demonstrate that Plaintiffs perceived no prejudice or tactical disadvantage in a stay.

Further, *inter partes* reexaminations are conducted with special dispatch in the USPTO, thus ensuring that the parties receive a final determination on the patentability of the claims under reexamination in as short a timeframe as possible. *See* 35 U.S.C. § 314(c). A stay pending reexamination of the '181 patent would be of a limited duration, and as discussed below will substantially simplify the issues in this action, including potentially eliminating any infringement claim regarding the '181 patent.

In addition, no evidence exists that Plaintiffs will suffer actual harm from a stay. Mere delay, without more, is insufficient to establish undue prejudice. *See, e.g.*, *Spa Syspatronic, AG v. VeriFone, Inc.*, No. 2:07-CV-416, 2008 U.S. Dist. LEXIS 34223, *8–*10 (E.D. Tex. Apr. 25, 2008). Based upon Plaintiffs' allegations in the complaints, these actions concern products currently in use by Apple's customers, so there is little risk that a stay would negatively impact Plaintiffs' ability to discover information regarding the accused products. Dkt. No. 1 at 4; 563 Action, Dkt. No. 1 at 3. And because VirnetX does not manufacture or sell any products,


Plaintiffs cannot allege that they would be harmed by customer losses or by injury to market share during a stay. *See, e.g., Microlinc, LLC v. Intel Corp.*, No. 2:07-CV-488-TJW, 2010 U.S. Dist. LEXIS 99255, *10 (E.D. Tex. Sept. 20, 2010). Plaintiffs will be able to collect damages if the Court finds that infringement occurred during the stay. For these reasons, a stay pending the outcome of the reexamination of the '181 patent would not unduly prejudice Plaintiffs.

### 2. A stay will simplify the issues for trial.

A stay will simplify the issues for multiple reasons. First, there is a substantial likelihood that the '181 patent does not survive reexamination. All of the claims have been rejected by the PTO—none of VirnetX's arguments have caused the PTO to confirm any asserted claim of any the '181 patent. *See* II.B. "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Here, any cancellation of claims will narrow the infringement issues at trial—potentially eliminating the basis for suing on the '181 patent if the PTO cancels all asserted claims. Even if some claims are confirmed, it is likely that the reexamination process will have resulted in narrowing of the scope of those claims through amendment or disclaimer. "Courts need not expend judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers." *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007) (citation omitted).

Second, the estoppel effect of *inter partes* reexamination will simplify the issues for trial. *See* 35 U.S.C. § 315(c) (estopping the requester from asserting in a civil action invalidity of any claim finally determined to be valid and patentable on any ground that the requester raised or could have raised during the *inter partes* reexamination proceeding). If a claim of the '181

patent is finally determined to be valid, Apple will be precluded from arguing grounds of invalidity in this action that were raised in that reexamination. *See id.* That estoppel would therefore also narrow the issues.

Third, a stay would streamline claim construction because the record of VirnetX's statements on the scope of the claims of the patents-in-suit would be fully developed. VirnetX's statements during the reexamination proceeding will inform the construction of any claims actually confirmed by the PTO. There is a substantial risk that the Court and parties will waste time and resources construing claims and then have to revisit those constructions in light of VirnetX's further statements in the reexamination proceeding and/or amendments to the claims.

For these reasons, a stay pending the outcome of the reexamination of the '181 patent will simplify the issues in this action and should be granted.

### 3. This action is in the earliest stages.

Apple is filing this supplemental brief on the same day as its answer and therefore at its first opportunity. Prior to consolidation, the Court scheduled a status conference in this action for June 27, 2013, and set a *Markman* date of May 8, 2014 and a trial date of October 13, 2015. Dkt. No. 47 at 2. This action is therefore in the earliest stages of litigation, and this factor additionally favors granting a stay pending the outcome of the '181 patent reexamination proceeding.

### B. In the Alternative, Apple Requests a Limited Stay Until The Earlier of the Filing of the Patent Owners' Brief Following a Notice of Appeal or the Issuance of a Reexamination Certificate.

If the Court is not inclined to grant a stay pending the ultimate outcome of the reexamination of the '181 patent, in the alternative, Apple requests a limited stay until the patent owner has filed its brief following a notice of appeal or the PTO has issued a reexamination certificate. That is, Apple requests that the Court add the '181 patent reexamination to the

9

limited stay alternative requested in Apple's Motion. *See* Dkt. No. 32 at 11–12 (setting forth conditions of Apple's requested alternative stay). As noted in Section II.B, all claims of the '181 patent have been rejected over multiple prior art references. To overcome these rejections, VirnetX will necessarily have to either continue to make statements in the reexamination proceeding regarding the scope of its claims and distinctions over prior art or amend its claims.

Apple estimates that the time until the filing of the patent owner's brief in the reexamination of the '181 patent will be approximately 4–6 months. *See* 37 C.F.R. § 1.951 (setting the time periods for submissions after an ACP); and MPEP § 2601.01 (diagrams of responsive time periods). As shown in the PTO's diagrams of the procedures in an *inter partes* reexamination, after an ACP is entered and provided the patent examiner does not re-open prosecution, the PTO will issue a Right of Appeal Notice. MPEP § 2601.01 (relevant diagrams also attached as Ex. V). If neither party files a Notice of Appeal, the PTO will proceed to issue a reexamination certificate. 37 C.F.R. § 1.953(c). If a party files a Notice of Appeal to the Board within thirty days of the Right of Appeal Notice, the other party has fourteen days to file a Notice of Cross Appeal. MPEP § 2601.01. In the reexamination of the '181 patent, the PTO has rejected all claims and thus VirnetX would need to appeal; therefore, VirnetX's brief would be due two months from the last-filed Notice of Appeal or Notice of Cross Appeal. *See* MPEP § 2601.01. This alternative stay would thus be extremely limited in time and would allow the intrinsic record to be more fully developed before the parties and the Court invest significant resources in discovery and claim construction.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that in addition to entering a stay pending PTO and appellate proceedings of the other patents-in-suit, the Court enter a stay pending the outcome of the *inter partes* reexamination proceeding for the '181 patent. In the

alternative and to allow for a more fully developed factual record prior to claim construction proceedings in this action, Apple requests that the Court join the '181 patent reexamination in the alternative stay requested in Apple's Motion.

                                                Respectfully submitted,

Dated: July 16, 2013                    /s/ Danny L. Williams
                                                Danny L. Williams - LEAD ATTORNEY
State Bar No. 21518050
E-mail:  danny@wmalaw.com
Terry D. Morgan
State Bar No. 14452430
Email: tmorgan@wmalaw.com
Ruben S. Bains
Texas Bar No. 24001678
E-mail:  rbains@wmalaw.com
Chris N. Cravey
State Bar No. 24034398
E-Mail:  ccravey@wmalaw.com
Matthew R. Rodgers
Texas State Bar No. 24041802
E-mail:  mrodgers@wmalaw.com
Brian K Buss
State Bar No. 00798089
Email: bbuss@wmalaw.com
Drew Kim
Texas Bar No. 24007482
E-mail:  dkim@wmalaw.com
**WILLIAMS, MORGAN & AMERSON, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone:  (713) 934-7000
Facsimile: (713) 934-7011

ATTORNEYS FOR APPLE INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served on July 16, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                              /s/ Mark Dunglinson
                                              Litigation Paralegal