**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC. and SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,** | § § § | |
| | § | |
| **Plaintiffs,** | § | **CASE NO. 6:12-CV-855** |
| | § | |
| **vs.** | § | |
| | § | |
| **APPLE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is VirnetX, Inc. and Science Applications International Corp.'s (collectively, "VirnetX") Motion for Partial Summary Judgment on Apple, Inc.'s ("Apple") Invalidity Counterclaims Asserted in the Prior Litigation (Docket No. 149). The Court heard arguments regarding this Motion on May 20, 2014. Based on the parties' briefings and arguments, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This is the second case between VirnetX and Apple. The first case, "*Apple I*," was filed on August 11, 2010. *VirnetX, Inc. v. Cisco Systems, Inc., et al.*, No. 6:10-cv-417 (E.D. Tex. Aug. 11, 2010).[1] In *Apple I*, VirnetX accused two Apple product features of infringement: FaceTime and VPN On Demand. VirnetX originally asserted ninety claims from four patents.[2] Apple

---

[1] Cisco Systems, Inc. was Apple's co-defendant in *Apple I*. The Court separated the defendants for trial. *Apple I*, Docket No. 542.
[2] VirnetX asserted U.S. Patent Nos. 6,502,135 ("the '135 Patent"), 7,418,504 ("the '504 Patent), 7,490,151 ("the '151 Patent), and 7,921,211 ("the '211 Patent"). The '135 and '151 Patents generally describe a method of transparently creating a virtual private network ("VPN") between a client computer and a target computer, while the '504 and '211 Patents disclose a secure domain name service.

originally asserted several theories of invalidity, including anticipation, obviousness, failure to comply with the written description requirement, derivation, and non-joinder.

The *Apple I* case proceeded to trial on October 31, 2012.  As it does in many complex patent cases, the Court in *Apple I* encouraged and required the parties to narrow their cases for trial.  Accordingly, VirnetX only presented sixteen patent claims at trial.[3]  Similarly, the only invalidity theory Apple presented was anticipation based on a 1996 publication by Takahiro Kiuchi (the "Kiuchi reference").  However, the narrowing of Apple's case was only partially voluntary.  Prior to trial, the Court disposed of Apple's derivation and non-joinder invalidity theories when it granted a motion for summary judgment filed by VirnetX.  *Apple I*, Docket No. 555.

Following a five-day trial, the jury in *Apple I* found that the four asserted patents were not invalid and that Apple infringed the sixteen asserted claims.  It awarded VirnetX $368,160,000 to compensate for Apple's infringement.  The Court entered judgment on the jury's verdict.  *Apple I*, Docket No. 732.

On the same day the jury reached a verdict in *Apple I*, VirnetX filed this action.  In this case, VirnetX accuses the re-designed versions of the FaceTime and VPN on Demand features accused in *Apple I*, plus two features that were not at issue in the prior litigation: Per App VPN and iMessage.  VirnetX originally asserted the same four patents as in *Apple I*, and later amended its complaint to assert two additional patents.[4]  Docket Nos. 1, 58, 75.  Apple contends that the asserted patents in this case are invalid, including the four patents asserted in *Apple I*.  It no longer asserts anticipation based on the Kiuchi reference, which it presented at trial in *Apple I*,

---

[3] At the *Apple I* trial, VirnetX presented claims 1, 3, 7, 8 of the '135 Patent; claims 1 and 13 of the '151 Patent; claims 1, 2, 5, 16, 21, and 27 of the '504 Patent; and claims 36, 37, 47 and 51 of the '211 Patent.

[4] VirnetX added U.S. Patent Nos. 8,0151,181 ("the '181 Patent") and 8,504,697 ("the '697 Patent").  The '181 Patent discloses a method of establishing a secure communication link, while the '697 Patent discloses a method of communicating between network devices.

but reasserts other invalidity theories that it did not present at trial, including the derivation and non-joinder invalidity theories that the Court dismissed on summary judgment.  VirnetX filed the current motion, requesting the Court to rule that issue and claim preclusion bar Apple's invalidity defenses in this case.

## APPLICABLE LAW

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of the existence of a genuine fact issue.  *Matsushita*, 475 U.S. at 586.  Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).  The party opposing summary judgment is required to identify evidence in the record and articulate the manner in which that evidence supports his claim.  *Ragas*, 136 F.3d at 458.  "Only disputes over facts that

might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

## ANALYSIS

### I.   Claim Preclusion (*Res Judicata*)

VirnetX contends that claim preclusion bars Apple's invalidity defenses to any of the claims previously asserted in the *Apple I* case, including the seventy-four claims not presented at trial. The Fifth Circuit applies claim preclusion where: "(1) the parties are identical in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citation omitted).

The parties dispute mainly concerns the fourth element of claim preclusion, whether the same claim or cause of action is involved in both cases.[5] VirnetX argues that Apple is precluded from asserting invalidity in this case because Apple asserted invalidity in *Apple I*. Apple does not dispute that it raised an invalidity defense in *Apple I*. However, it contends that its invalidity defense is not precluded because VirnetX's infringement claims are different in this case. The parties' dispute centers on what qualifies as a "claim" to be precluded. VirnetX contends an invalidity defense qualifies as a separate "claim" for the purposes of claim preclusion; Apple argues the "claim" is based on infringement allegations.

---

[5] The parties also dispute the second element of claim preclusion, whether the prior judgment was rendered by a court of competent jurisdiction. However, for the reasons discussed herein, the Court does not need to reach the parties' dispute with respect to the second element.

Although regional circuit law governs claim preclusion generally, the question of whether an invalidity defense qualifies as a separate "claim" for the purposes of claim preclusion is "particular to patent law" and is to be decided based on the law of the U.S. Court of Appeals for the Federal Circuit. *Hallco Mfg. Co., Inc. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001).  The Federal Circuit has held that "[a]n assertion of invalidity of a patent by an alleged infringer is not a 'claim' but a defense to the patent owner's 'claim.'"  *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 479 (Fed. Cir. 1991).  "[T]he right to pursue the invalidity defense in later litigation between the parties . . . depends on whether the underlying cause of action is different from the one brought earlier, which in turn depends on whether the [ ] devices [in the two cases] are essentially the same, or if any differences between them are merely colorable." *Hallco v. Foster*, 256 F.3d at 1297.

The accused devices in this case are Per App VPN, iMessage, FaceTime, and VPN on Demand.  Per App VPN and iMessage were not at issue in *Apple I*.  FaceTime and VPN on Demand have been re-designed since the prior case.  Thus, the accused features in this and the prior case are not "essentially the same."  Therefore, this case does not present the same "claim" as in *Apple I*.

Accordingly, claim preclusion does **NOT PRECLUDE** Apple from raising invalidity, under any theory, as a defense against any of the patent claims asserted in *Apple I*.

## II.   Issue Preclusion (*Collateral Estoppel*)

Additionally, VirnetX asserts that issue preclusion bars Apple's invalidity defenses to the sixteen claims presented during the *Apple I* trial.  A party is estopped from relitigating an issue when "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support

the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1422 (5th Cir. 1995).  The judgment must be final to preclude relitigation of an issue.  *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 323 (5th Cir. 2005).

### a.   Invalidity Defenses Against Previously Tried Claims

The parties dispute the first element of issue preclusion, whether an identical issue exists. VirnetX argues that Apple is precluded from asserting invalidity in this case because that issue was decided in *Apple I*.  As noted in the previous section, Apple does not dispute that it raised an anticipation defense at trial in *Apple I*.  Docket No. 155 at 3.  However, it claims that the invalidity theories it asserts in this case are not precluded because they are different from the invalidity theory it tried before the *Apple I* jury.  The parties' dispute centers on the "issue" to be given preclusive effect.  VirnetX contends patent invalidity is a single "issue" for preclusion purposes; Apple claims each invalidity theory is a separate "issue."

Although regional circuit law governs issue preclusion generally, the question of whether invalidity is a single "issue" for preclusion purposes is "particular to patent law" and is to be decided based on the law of the U.S. Court of Appeals for the Federal Circuit.  *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1359–60 (Fed. Cir. 2006); *Evonik Degussa GmbH v. Materia Inc.*, No. 9-cv-636, 2014 WL 2967653, at *11 (D. Del. June 30, 2014); *see Hallco v. Foster*, 256 F.3d at 1294.  However, the Federal Circuit has not yet explicitly addressed this matter.  *Evonik*, 2014 WL 2967653, at *11.  To support its proposition, Apple cites a recent case from the District of Delaware stating that "each theory of invalidity is a separate issue."  *TASER Int'l, Inc. v. Karbon Arms, LLC*, No. 11-cv-426, 2013 WL 6705149, at *7 (D. Del. Dec. 19, 2013).  However, "the overwhelming weight of authority suggests that the

'issue' that is to be given issue-preclusive effect to a judgment in the patent context is the ultimate determination on patent validity itself, not the sub-issues or the individual pieces of evidence and arguments that may have been necessary to support the validity determination." *Crossroads Sys. (Texas), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621, at *5 (W.D. Tex. May 31, 2006); *accord Evonik*, 2014 WL 2967653, at *12 (holding that "validity is a single issue" for preclusion purposes). In this case, Apple is again contesting the validity of the '135, '504, '151, and '211 Patents. Since this validity dispute is identical to the issue raised in *Apple I*, the first issue preclusion element is satisfied.

The second element of issue preclusion is not in dispute. Apple concedes that its anticipation defense based on Kiuchi was fully litigated in *Apple I*. Docket No. 155 at 3. The third element of issue preclusion is also satisfied. A finding that the claims presented during the *Apple I* trial were not invalid was necessary to the Court's judgment entered against those claims. *See Apple I*, Docket No. 732.

The parties dispute the final element of issue preclusion, whether a special circumstance would make it unfair to apply the doctrine. Apple argues that precluding its untried invalidity defenses would be unfair because it had to narrow its case for trial in *Apple I*. Docket No. 155 at 14.[6] However, Apple was not the only party encouraged to narrow its case. Both VirnetX and Apple were encouraged to narrow their cases for the *Apple I* trial and both parties voluntarily did so. Narrowing a case for trial involves strategic risk that the parties will choose unwisely from among their multiple claims and defenses. VirnetX originally asserted ninety claims but reduced that number to sixteen for trial. Claim preclusion now bars VirnetX from asserting, against the

---

[6] Apple also notes that VirnetX has proposed claim constructions that would broaden some of the claims asserted in *Apple I* and this case. Thus, it argues, if the Court adopted these broader constructions, then issue preclusion would not apply to the broadened claims. Docket No. 155 at 15. However, Apple's concern is moot because the Court's claim construction order does not adopt VirnetX's broader proposed constructions for the claims previously construed in *Apple I*.

same allegedly infringing conduct, the seventy-four claims that it dropped before trial.  *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014) (holding that the unopposed dismissal of patent claims without prejudice and entry of final judgment precluded subsequent assertion of those patent claims against the same allegedly infringing conduct).  Likewise, Apple originally asserted several theories of invalidity but only presented an anticipation defense to the jury.  However, Apple now asserts that it would be unfair to preclude its foregone *Apple I* defenses against the same patent claims in this subsequent litigation.  On the contrary, it would be unfair if these defenses were not precluded.  According to Apple's theory, plaintiffs would bear all of the risk inherent in narrowing a complex patent case in order to make trial practicable.  The Court will not make an exception and require only one party to bear this burden.  Accordingly, there is no special circumstance which would make it unfair to apply issue preclusion to Apple's asserted invalidity theories.

Alternatively, Apple argues that a stipulation between the parties during *Apple I* preserves its invalidity contentions.  The stipulation recounts that during the pendency of that case, Apple released a new feature called iMessage.  *Apple I*, Docket No. 551 at 1.  Given the timing in the *Apple I* case, VirnetX and Apple agreed that iMessage would not be an accused feature in that case, but that VirnetX could assert claims against iMessage in a future litigation. *Id.*  The stipulation goes on to state:

> Nothing in this agreement affects any other rights that Apple has to assert its affirmative defenses and counterclaims with respect to iMessage or any VirnetX patent that may be asserted against Apple.

*Id.*

This section of the stipulation does not grant Apple rights it would not otherwise have—namely, a second attempt at asserting invalidity.  If the parties had wished to do so, they could

have stipulated that the agreement preserved Apple's affirmative defenses and counterclaims to be reasserted in a later case.  Instead, the stipulation states that "[n]othing in th[e] agreement affects" those affirmative defenses and counterclaims.  *Id.*  Because the stipulated agreement does not affect Apple's invalidity contentions, it does not preserve them.

Accordingly, Apple is **PRECLUDED** from asserting invalidity in this litigation against the patent claims that were tried before a jury in *Apple I.*

### b.  Derivation and Non-Joinder Invalidity Defenses Against Untried Claims

VirnetX argues that issue preclusion also bars VirnetX's derivation and non-joinder invalidity defenses to the seventy-four claims not presented at the *Apple I* trial.  However, the Court refused to enter judgment on the claims and defenses not presented to the jury in that case. *Apple I*, Docket No. 732.  Thus, the validity of the seventy-four untried claims was not necessary to the *Apple I* judgment.  *See* 35 U.S.C. § 282(a) ("Each claim of a patent . . . shall be presumed valid independently of the validity of other claims . . . .").  Accordingly, Apple is **NOT PRECLUDED** from raising derivation and non-joinder defenses against the patent claims that were not tried before a jury in *Apple I.*

### CONCLUSION

VirnetX's Motion for Partial Summary Judgment on Apple's Invalidity Counterclaims Asserted in the Prior Litigation (Docket No. 149) is **GRANTED IN PART** and **DENIED IN PART**.  Although not barred under claim preclusion, the doctrine of issue preclusion **PRECLUDES** Apple from asserting invalidity as a defense against infringement of the claims that were tried before a jury in *Apple I.*[7]  Apple is **NOT PRECLUDED** from asserting

---

[7] At the *Apple I* trial, VirnetX presented claims 1, 3, 7, 8 of the '135 Patent; claims 1 and 13 of the '151 Patent; claims 1, 2, 5, 16, 21, and 27 of the '504 Patent; and claims 36, 37, 47 and 51 of the '211 Patent.

invalidity, under any theory, as a defense against infringement of the claims that were not tried before a jury in *Apple I*.

**So ORDERED and SIGNED this 8th day of August, 2014.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**