IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC. AND | § | |
| SCIENCE APPLICATIONS | § | |
| INTERNATIONAL CORPORATION, | § | Civil Action No. 6:12-cv-855-RWS |
| | § | LEAD CONSOLIDATED CASE |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| APPLE INC. | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**APPLE'S MOTION FOR REVISED CLAIM CONSTRUCTION
IN LIGHT OF THE FEDERAL CIRCUIT'S RULING IN
*VIRNETX, INC. ET AL. V. CISCO SYSTEMS. INC. ET AL.***

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. BACKGROUND ............................................................................................................2

III. ARGUMENT..................................................................................................................3

    A. *Stare Decisis* Requires that the Court Follow the Federal Circuit's Construction.....................................................................................................3

    B. "Secure Communication Link" Should be Construed As "A Direct Communication Link that Provides Data Security and Anonymity."......................4

    C. "Securely Communicate" and "Sending a Message Securely" Should Be Construed to Require Anonymity. ..........................................................................4

CONCLUSION.................................................................................................................7

## I. INTRODUCTION

On December 23, 2014, the Federal Circuit issued its mandate confirming its earlier opinion in *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014). In its opinion, the Federal Circuit modified the construction given to "secure communication link" by this Court in the previous litigation between VirnetX and Apple, defining it to mean "a direct communication link that provides data security ***and anonymity***." *Id.* (emphasis in original). In doing so, the Federal Circuit found that the term "secure" in the context of the VirnetX patents requires both data security and anonymity. *Id.* Apple therefore respectfully requests that the Court revise its constructions in the present action of the terms "secure communication link," "securely communicate," and "send a message securely" in light of the Federal Circuit's opinion.

Modification of the Court's previous constructions is warranted by principles of *stare decisis*. First, the Federal Circuit's construction modified this Court's construction of "secure communication link," a construction the Court had adopted in both the previous and present actions. As such, Apple requests that the Court revise its construction of "secure communication link" here in accordance with the Federal Circuit's opinion. Second, the Federal Circuit's opinion also demonstrates that this Court's constructions of "securely communicate" and "send a message securely" are incomplete. The Court construed these terms to require only data security (without anonymity) based on this Court's interpretation of the meaning of the word "secure." (Dkt. No. 180 at 20.) But the question of the meaning of "secure" has now been definitively resolved by the Federal Circuit: "secure" in the context of the patents refers to ***both*** data security ***and*** anonymity. *VirnetX*, 767 F.3d at 1317-19. Indeed, the Federal Circuit's decision to add "anonymity" into the construction of "secure communication link" stemmed directly from its interpretation of the word "secure" as defined by the patents' specifications. *Id.* Apple therefore

1

requests that the Court revise its constructions of "securely communicate" and "send a message securely" to include anonymity as well as data security.

## II. BACKGROUND

VirnetX filed its first suit against Apple on August 11, 2010, alleging infringement of, among other patents, U.S. Patent Nos. 7,418,504 ("the '504 patent") and 7,921,211 ("the '211 patent"). *VirnetX, Inc. v. Cisco Sys., Inc.*, Case No. 10-cv-417 ("*Cisco*"). On February 27, 2013, the Court entered judgment following a jury verdict of infringement. (*Cisco*, Dkt. No. 742). Apple thereafter appealed. Meanwhile, VirnetX filed the present suit against Apple on November 6, 2012, alleging infringement of, among other patents, the '504 patent, the '211 patent, U.S. Patent No. 8,051,181 ("the '181 patent"), and 8,504,697 ("the '697 patent"). The Court issued its claim-construction order in the present action on August 8, 2014, construing various terms including "secure communication link," "securely communicate," and "send a message securely." (Memorandum Opinion and Order, Dkt. No. 180 ("*Markman* Order".)

On September 16, 2014, a little over a month after the Court's *Markman* Order in the present case, the Federal Circuit issued its opinion in Apple's appeal from the *Cisco* action. The Federal Circuit modified the construction of "secure communication link," vacated the jury's damages award, and remanded for further proceedings. *VirnetX*, 767 F.3d at 1334. The Federal Circuit construed "secure communication link" as "a direct communication link that provides data security ***and anonymity***." *Id.* at 1319 (emphasis in original). On October 16, 2014, VirnetX filed a combined petition for rehearing and rehearing *en banc* with respect to the Federal Circuit's revised construction of "secure communication link," among other things. *VirnetX, Inc. v. Cisco Sys., Inc.*, Case No. 13-1489, Dkt. No. 79 (Oct. 16, 2014). The Federal Circuit denied VirnetX's petition without comment on December 16, 2014. *VirnetX, Inc. v. Cisco Sys., Inc.*,

Case No. 13-1489, Dkt. No. 91 (Dec. 16, 2014). The Federal Circuit's mandate issued on December 23, 2014. *Id.* at 2.

**III. ARGUMENT**

**A. *Stare Decisis* Requires that the Court Follow the Federal Circuit's Construction.**

Claim construction is a matter of law and, as such, is "subject to the doctrine of *stare decisis*." *Eolas Techs., Inc. v. Adobe Sys., Inc.*, Case No. 6:09-CV-446, 2011 WL 11070303, at *2 (E.D. Tex. Sept. 23, 2011) (Davis. J.) (citing *Markman v. Westview Instruments*, 517 U.S. 370, 390-91 (1996)). The policy undergirding the *stare decisis* effect of claim construction was articulated in "the Supreme Court's guidance . . . in *Markman*: 'treating interpretive issues as purely legal will promote (though it will not guarantee) intrajurisdictional certainty through the application of *stare decisis*.'" *Miken Composites, LLC v. Wilson Sporting Goods Co.*, 515 F.3d 1331, 1338 n.* (Fed. Cir. 2008). Thus, "when the Federal Circuit construes a term, it does so as a matter of law and its holding is binding." *Eolas,* 2011 WL 11070303, at *2; *see also Key Pharms. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998) (recognizing the *stare decisis* effects of its decisions on claim construction); *Amgen, Inc. v. F. Hoffman-La Roche Ltd.*, 494 F. Supp. 2d 54, 60 (D. Mass 2007) ("Where the Federal Circuit has already construed the claims here disputed, then that higher Court's construction is binding, and this Court cannot modify its holding. This is the exact result that the Supreme Court intended in *Markman* when it held both that claim construction was a matter for the judge and that *stare decisis* principles should apply in the patent context.").

Here, through the application of *stare decisis*, the Federal Circuit's construction of "secure communication link" as "a direct communication link that provides data security and anonymity" is binding. *See Eolas,* 2011 WL 11070303, at *2. Moreover, the Federal Court's

3

reasoning dictates that the terms "securely communicate" and "sending a message securely" also should be construed to require anonymity.

### B. "Secure Communication Link" Should be Construed As "A Direct Communication Link that Provides Data Security and Anonymity."

Although the Federal Circuit's opinion was issued in the appeal from *Cisco*, it applies with equal force to the present action. *Eolas,* 2011 WL 11070303, at *2. First, the Federal Circuit's opinion concerns the '504 and '211 patents that are also at issue in this litigation. Moreover, the Federal Circuit's holding should also apply to the two other patents that have claims using the term "secure communication link"—the '181 and '697 patents. Both patents are related to the '504 and '211 patents. The '181 patent is a continuation of the patent application that became U.S. Patent No. 7,188,180 ("the '180 patent"), which the Court previously construed in *Cisco*, and shares a common grandparent application with the '504 patent. Similarly, the '697 patent is a grandchild of the patent application that became the '211 patent. Indeed, the specifications for the '181 and '697 patents are nearly identical to that of the '504 and '211 patents. (*Compare* Ex. 1 ('504 patent) and Ex. 2 ('211 patent) *with* Ex. 3 ('181 patent) and Ex. 4 ('697 patent).) There are thus no differences between the specifications of the patents that could justify a different construction. Further, nothing in the intrinsic or extrinsic record could support deviation from the Federal Circuit's construction of the term "secure communication link" as used in the claims of the '181 and '697 patents.

### C. "Securely Communicate" and "Sending a Message Securely" Should Be Construed to Require Anonymity.

In its Order, the Court construed "securely communicate" as "communicate with data security" and "sending a message securely" as "sending a message with data security."[1]

---

[1] The phrase "securely communicate" appears in claims 1, 24, 26, and 29 of the '181 patent: "receiving . . . a message from a second device of the desired [*sic*] to **securely communicate** with the first device." (*See, e.g.*, Ex. 3, '181 patent at cl. 1 (emphasis added).) The phrase

4

(*Markman* Order at 20.) The Court adopted VirnetX's alternative construction expressly because it had previously held, in the context of "secure communication link," that the term "securely" referred to "data security":

> As VirnetX correctly states, the claims already recite that messages are sent over a secure communications link. *See* '181 Patent, claim 1 (reciting receiving a message from a second device "to securely communicate" with a first device and then "sending a message over a secure communication link"). ***In its constructions of "secure communication link" in Cisco and Mitel, the Court held that the term "securely" referred to data security***. *Cisco*, Docket No. 266 at 10–13; *Mitel*, Docket No. 307 at 6–7. ***VirnetX's alternative construction is consistent with that finding.***

(*Id.* (emphasis added).) In reversing the previous construction of "secure communication link," however, the Federal Circuit held that "secure communication link" required both "data security" and "anonymity." *VirnetX*, 767 F.3d at 1317-19. Indeed, the Federal Circuit's decision hinged on its interpretation of the term "secure." *Id.*

The Federal Circuit noted that "the word 'secure' does not have a plain and ordinary meaning in this context, and so must be defined by reference to the specification." *Id.* After reviewing the specification, the Federal Circuit determined that "when read in light of the entire specification, the term "secure communication link" requires anonymity," and in doing so found that the patent specification defined security to require both data security and anonymity. *Id.* at 1317. Indeed, the Federal Circuit noted that ***"the addition of anonymity is presented as one of the primary inventive contributions of the patent."*** *Id.* And the Federal Circuit found that the Summary of the Invention confirmed the importance of anonymity by "strongly indicat[ing] that the invention requires more than just data security." *Id.* at 1318. Finally, the appellate court recognized that no embodiment existed in the specification that provides data security but not

---

"sending a message securely" appears in claims 24, 25, 26 and 29 of the '181 patent: "***sending a message securely*** from the first device to the second device." (*See e.g.*, *id.* cl. 24 (emphasis added).)

5

anonymity and emphasized that the *"fact that anonymity is 'repeatedly and consistently' used to characterize the invention strongly suggests that it should be read as part of the claim."* *Id.*

The '181 patent contains disclosures *identical* to those in the '504 and '211 patents relied upon by the Federal Circuit. (*See, e.g.*, Ex. 1 ('504 patent) and Ex. 3 ('181 patent).) Like the '504 and '211 patents, the Background of the Invention section in the '181 patent explains that the patent addresses "two *security* issues . . . called *data security* and *anonymity*." (Ex. 3, '181 Patent at 1:47-49 (emphasis added).) The Summary of the Invention section in the '181 patent contains the same passages relied on by the Federal Circuit, which explain the "two-layer encryption" TARP scheme that both encrypts packets and conceals packets' true destinations. (*Id.* at 3:9-19.) And, as with the '504 and '211 patents, not a single embodiment in the '181 patent provides data security without anonymity. (Ex. 3.) Moreover, as the Federal Circuit noted with respect to the '504 and '211 patents, the '181 patent repeatedly uses the terms "secure communication link" and "VPN" (which the Court recently reconfirmed to require anonymity (Dkt. No. 180 at 6-8)) interchangeably: "[t]he secure communication link is a virtual private network communication link over the computer network." (*Id.* at 6:57-59; *see also id.* at 51:65-67, 52:7-10.)

Because "secure" as used in the '181 patent requires both data security and anonymity under the Federal Circuit's construction and reasoning, Apple respectfully requests that the Court revise its constructions to include anonymity. In particular, Apple requests that the Court construe "securely communicate" as "communicate with data security *and anonymity*" and construe "sending a message securely" as "sending a message with data security *and anonymity*."[2]

---

[2] In requesting that the Court revise its previous constructions in light of the Federal Circuit's opinion, Apple expressly does not waive the constructions it previously urged. (*See* Dkt. No. 150 at 22-24 (requesting that the Court construe "securely communicate" as "send a message

# CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court revise its constructions of "secure communication link," "securely communicate," and "send a message securely" as set forth above.

Dated: January 23, 2015                    Respectfully submitted,


                                           By: */s/ Robert A. Appleby*_____
                                               Gregory S. Arovas
                                               greg.arovas@kirkland.com
                                               Robert A. Appleby
                                               robert.appleby@kirkland.com
                                               Jeanne M. Heffernan
                                               jeanne.heffernan@kirkland.com
                                               Joseph A. Loy
                                               joseph.loy@kirkland.com
                                               Akshay S. Deoras
                                               akshay.deoras@kirkland.com
                                               KIRKLAND & ELLIS LLP
                                               601 Lexington Avenue
                                               New York, New York 10022
                                               Telephone: (212) 446-4800
                                               Facsimile: (212) 446-4900

                                               Danny L. Williams
                                               State Bar No. 21518050
                                               danny@wmalaw.com
                                               Drew Kim
                                               Texas Bar No. 24007482
                                               dkim@wmalaw.com
                                               WILLIAMS MORGAN P.C.
                                               10333 Richmond, Suite 1100
                                               Houston, Texas 77042
                                               Telephone: (713) 934-7000
                                               Facsimile: (713) 934-7011

                                               Michael E. Jones
                                               Texas Bar No. 10969400

---

over a secure communication link" and "sending a message securely" as "sending a message over a secure communication link.")) Apple notes that the constructions it previously proposed are consistent with the Federal Circuit's opinion.

mikejones@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Apple Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel of record for both parties conferred and counsel for plaintiffs stated that they did not oppose Apple's motion for a supplemental claim construction but did oppose the relief sought.

/s/ Akshay S. Deoras_ _____
Akshay S. Deoras

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 23, 2015.

/s/ Wendy K. Adams_____
Wendy K. Adams