# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC. AND<br>SCIENCE APPLICATIONS<br>INTERNATIONAL CORPORATION,<br><br>　　　Plaintiffs,<br><br>v.<br><br>APPLE INC.<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:12-cv-855<br>**LEAD CONSOLIDATED CASE**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT APPLE INC.'S ESTIMATES OF TIME
## FOR JURY SELECTION AND TRIAL

Apple estimates that it will require, and hereby requests that the Court provide, eight days of trial. Apple further requests that each side receives 30 minutes for voir dire, one hour for an opening statement, and one hour for a closing argument. For direct, cross, and rebuttal examinations, Apple requests 25 hours per side.[1]

Apple bases these estimates and requests on the number of asserted claims, accused products, invalidity references and other defenses expected to be presented at trial in this consolidated case. Specifically, VirnetX asserts infringement of 31 claims across six patents-in-suit against software products as distinct and diverse as Apple's FaceTime (a video and audio conferencing application), iMessage (a text messaging application), and a redesigned version of VPN on Demand[2] (a virtual private network application). During discovery in this complex

---

[1] These estimates relate to the jury trial of factual issues only and do not account for issues to be tried to the bench, such as but not limited to Apple's inequitable conduct defense.

[2] Prior versions of VPN on Demand (iOS 3-6) were found to infringe certain claims of U.S. Patent Nos. 6,502,135 and 7,490,151 in Civil Action No. 10-cv-417 (now consolidated for trial

consolidated action, the parties deposed over 40 fact and expert witnesses, exchanged hundreds of thousands of pages of documents, and served hundreds of pages of expert reports. Part of the reason fact and expert discovery were so extensive is that each of Apple's accused products is fundamentally different and involves an entirely separate engineering team. Accordingly, testimony about the functionality of a single accused software application often required multiple Apple fact witnesses.

That will also be the case at trial. Indeed, the parties' Will-Call Trial Witness Lists collectively contain 17 live witnesses and another 27 May-Call witnesses. VirnetX, for example, intends to call live two named inventors (Messrs. Munger and Short), a technical expert (Dr. Jones), a survey expert (Dr. Wecker), and a damages expert (Mr. Weinstein) (Dkt. No. 279-1). Apple intends to call live an Apple corporate representative (Mr. Casanova), four engineers to describe the functionality of the accused products (Messrs. Jansen, Patience, Thirumalai, and Wood), a technical expert (Dr. Blaze), two survey experts (Drs. McFadden and Jay), a damages expert (Mr. Bakewell), and an opinion-of-counsel attorney (Mr. Van Pelt) (Dkt. No. 280).

Moreover, there are complicated damages issues in this case following remand. On appeal, the Federal Circuit affirmed part of the infringement verdict and reversed and remanded the jury's damages award in Civil Action No. 10-cv-417. Thus, in addition to the question of potential infringement and damages for FaceTime, iMessage, and the redesigned VPN on Demand, the jury must determine the amount of reasonable royalty damages for the adjudicated infringement of prior versions of VPN on Demand.

Apple's request is also reasonable in light of the time it took to try the prior -417 Action, which was significantly less complex. In that case, where VirnetX asserted 16 (not 31) claims of

---

with the above-captioned Civil Action No. 12-cv-855 following appeal), following which Apple redesigned VPN on Demand in iOS 7 onward.

four (not six) patents against two (not three) accused products, Apple and VirnetX both requested, and the Court granted, five days for trial. (Civil Action No. 10-cv-417, Dkt. No. 547-548.) Moreover, in this case VirnetX asserts willful infringement allegations that were not present in the prior case. Recognizing that this consolidated action requires more trial time than the prior -417 Action, VirnetX requested six days for trial in the parties' Proposed Joint Final Pretrial Order (Civil Action No. 12-cv-855, Dkt. No. 263 at p. 38). But one additional day of trial beyond that which the Court provided in the prior -417 Action will not be sufficient to present infringement allegations across six patents-in-suit, for 31 asserted claims, against three distinct products, as well as Apple's noninfringement, non-willfulness, invalidity and damages defenses. To sufficiently rebut VirnetX's wide-ranging allegations, Apple estimates it will require, and requests that the Court provide, eight days of trial.

In sum, Apple requests eight days for trial. Apple further requests that each side receives 30 minutes for voir dire, one hour for an opening statement, and one hour for a closing argument. For direct, cross, and rebuttal examinations, Apple requests 25 hours per side.

Dated:  January 5, 2016

Respectfully submitted,

/s/ Joseph A. Loy
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile: (212) 446-4900

Michael E. Jones, *Lead Attorney*
Texas Bar No. 10969400
mikejones@potterminton.com
Allen F. Gardner

Texas Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

### CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 5th day of January 2016.

*/s/ Joseph A. Loy*