## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. AND SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,** | § § § § § | |
| **Plaintiffs,** | § § | **CASE NO. 6:12-CV-855** |
| **vs.** | § § | |
| **APPLE INC.,** | § § | |
| **Defendant.** | § § | |

## <u>ORDER</u>

Before the Court are the following motions:

- Plaintiff VirnetX, Inc.'s ("VirnetX") Motion to Compel Responses to VirnetX's Interrogatory No. 7 (Docket No. 184);

- VirnetX's Motion to Compel Document Production (Docket No. 194);

- Defendant Apple Inc.'s ("Apple") Motion for Partial Summary Judgment of Noninfringement by FaceTime (Docket No. 315);

- VirnetX's Motion to Strike Portions of the Opinion and Testimony of Mr. Christopher Bakewell (Docket No. 316);

- Apple's Motion to Exclude the Expert Opinion of Dr. Mark Jones (Docket No. 317);

- VirnetX's Motion to Exclude Portions of Dr. Matthew Blaze's Invalidity Report (Docket No. 318);

- VirnetX's Motion to Strike Portions of the Expert Report of Mr. James T. Carmichael (Docket No. 319);

- VirnetX's Motion for Partial Summary Judgment of No Invalidity on Dependent Claims of Previously Tried Claims (Docket No. 320);

- VirnetX's Motion for Partial Summary Judgment of No Invalidity Based on Derivation and Non-Joinder Theories (Docket No. 321);

- VirnetX's Motion for Summary Judgment of No Inequitable Conduct (Docket No. 322);

- Apple's Motion to Exclude the Expert Damages Opinions of Mr. Roy Weinstein (Docket No. 323); and

- Apple's Motion to Strike VirnetX's Summary Judgment Briefing (Docket No. 326).

On January 7, 2016, the Court heard oral arguments regarding a variety of these motions.  Based on the parties' briefing and argument, the Court rules as follows.

The Court **DENIES** VirnetX's Motion to Compel Responses to VirnetX's Interrogatory No. 7 (Docket No. 184).  Apple is **ORDERED** to make the 30(b)(6) witness, which was offered during the hearing, available for deposition at VirnetX's convenience.  To the extent that this deposition does not allow VirnetX to adequately test the details of a non-infringing alternative, and a witness for Apple discusses that non-infringing alternative at trial, VirnetX may request the Court's permission to ask an Apple witness about previous misrepresentation concerning the non-infringing alternatives in Case No. 6:10-cv-417.

The Court **DENIES** VirnetX's Motion to Compel Document Production (Docket No. 194).  However, the Court will carefully consider any objections from VirnetX where Apple criticizes a VirnetX witness for not considering specific usage sought by VirnetX in this motion.

The Court **DENIES** Apple's Motion for Partial Summary Judgment of Noninfringement by FaceTime (Docket No. 315), with opinion to follow.  Apple has not shown the absence of a genuine issue of material fact as to whether FaceTime infringes the asserted patents.

The Court **GRANTS** VirnetX's Motion to Strike Portions of the Opinion and Testimony of Mr. Christopher Bakewell (Docket No. 316), with opinion to follow.  Mr. Bakewell's new method of calculating damages does not sufficiently relate to the consolidation of Case Nos. 6:10-cv-417 and 6:12-cv-855.

The Court **DENIES** Apple's Motion to Exclude the Expert Opinion of Dr. Mark Jones (Docket No. 317).  Although Apple presents valid criticisms of Dr. Jones's opinions, they go to the weight of the evidence rather than admissibility.

The Court **DENIES** VirnetX's Motion to Exclude Portions of Dr. Matthew Blaze's Invalidity Report (Docket No. 318).  With respect to Dr. Blaze's invalidity defenses for the asserted claims of Case No. 6:10-cv-417, Apple states it will not present an invalidity defense for these previously tried claims.  In addition, Dr. Blaze's opinion on conception of the invention is admissible.

At the hearing, VirnetX withdrew its Motion to Strike Portions of the Expert Report of Mr. James T. Carmichael (Docket No. 319).  Therefore, this motion is **DENIED AS MOOT**.

The Court **GRANTS-IN-PART** and **DENIES-IN-PART** VirnetX's Motion for Partial Summary Judgment of No Invalidity on Dependent Claims of Previously Tried Claims (Docket No. 320), with opinion to follow.  This Motion is **GRANTED** with respect to Apple's anticipation and obviousness defenses and **DENIED** as to the derivation and non-joinder defenses.

The Court **DENIES** VirnetX's Motion for Partial Summary Judgment of No Invalidity Based on Derivation and Non-Joinder Theories (Docket No. 321).  When viewing the facts in the light most favorable to Apple, the Schulzrinne Presentation creates a question of fact as to whether the named inventors of the asserted patents derived their invention from Dr. Henning Schulzrinne.

The Court **GRANTS** VirnetX's Motion for Summary Judgment of No Inequitable Conduct (Docket No. 322), with opinion to follow.  Based on the evidence presented, the single

most reasonable inference is not that Mr. Toby Kusmer had a specific intent to deceive the U.S. Patent and Trademark Office.

The Court **DENIES** Apple's Motion to Exclude the Expert Damages Opinions of Mr. Roy Weinstein (Docket No. 323).   Although Apple presents valid criticisms of Mr. Weinstein's opinions, they go to the weight of the evidence rather than its admissibility.  The Court will be in a better position to evaluate Apple's criticisms, including how VirnetX uses the disputed survey, during Mr. Weinstein's testimony.

The Court **DENIES** Apple's Motion to Strike VirnetX's Summary Judgment Briefing (Docket No. 326).   However, the Court is concerned with VirnetX's 29-page motion for summary judgment of no inequitable conduct.  In this instance, VirnetX did not file a motion requesting additional pages to brief its motion as it did for its motion *in limine* responses (Docket No. 314).  VirnetX states that it did not need to request leave to file additional pages because its motion for summary judgment of no inequitable conduct should be considered case dispositive pursuant to Local Rule CV-7.  This argument should have been made prior to, or at least concurrent with, VirnetX filing its motion for summary judgment of no inequitable conduct.  By filing the 29-page motion as is, VirnetX prevented the Court from ordering it to simply re-file the motion within the required page limits.  Similarly, Apple was essentially forced to concede to VirnetX's interpretation of the Local Rules because of the short briefing schedule (*see* Docket No. 340).  Although striking VirnetX's summary judgment briefing is too severe in this situation, the Court **ORDERS** the parties to meet and confer to determine an appropriate remedy.  The parties shall file a joint proposal detailing their positions on a remedy by **January 15, 2016 by 5:00 p.m.**

**SIGNED this 11th day of January, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE