IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VirnetX Inc. and | § | |
| Science Applications International | § | Civil Action No. 6:12-cv-855 |
| Corporation, | § | LEAD CONSOLIDATED CASE |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| Apple Inc. | § | |

**THE PARTIES' JOINT FILING REGARDING APPLE'S PROPOSED REMEDY FOR VIRNETX'S VIOLATION OF THE COURT'S ORDER AND RULES**

On January 11, 2016, the Court requested that the parties meet and confer regarding the appropriate remedy for VirnetX's violation of the Court's order and local rules. Having done so, the parties provide their positions below.

**I.    APPLE'S PROPOSAL**

On January 19, 2016, the Court will hear argument on the parties' motions *in limine*. Apple's motions *in limine* relate to evidence and testimony that Apple believes should be excluded because it is irrelevant and/or will unduly prejudice Apple, confuse the jury, and waste time. Should the Court deny any of Apple's motions *in limine* or leave open for further ruling based on evidence and testimony introduced during the course of the trial any of the topics addressed in Apple's motions *in limine*, Apple will maintain its objections to the testimony and evidence subject to those motions. To ensure that Apple can do so without the jury hearing anything implicating or suggesting the prejudicial substance of these arguments prior to the

Court's ruling either allowing or foreclosing the evidence or testimony, Apple proposes the following trial procedure as the remedy for VirnetX's violation of the Court's order and rules:[1]

> Subject to and without waiving any Apple motion *in limine*, if VirnetX seeks to reference or introduce any evidence, testimony, or argument related to the subject matter of any of Apple's motions in *limine* or *Daubert* motions, VirnetX must discuss with Apple and the Court what it intends to reference or introduce outside the presence of the jury. This includes, but is not limited to, reference to events in the 417 Action, the "gross misrepresentation" statement in the Court's orders (855 Action Dkt. No. 362; 211 Action Dkt No. 48), and Dr. Wecker's survey.

VirnetX has rejected this proposal—arguing that the remedy would, in effect, be equivalent to granting each of Apple's motions in *limine*. Not so. To the contrary, this proposed remedy seeks nothing more than to introduce a procedural mechanism that should already be in place to limit undue prejudice. Moreover, the relief sought is directly tied to VirnetX's demonstrated willingness to take liberties with the Court's rules and orders, in this case, by filing a brief that exceeded the Court's page limits. In light of such conduct and the extensive litigation history between the parties, Apple seeks nothing more than an order from the Court requiring VirnetX to seek the Court's permission (outside the context of the jury) prior to attempting to introduce prejudicial evidence or arguments.

During the meet-and-confer process, VirnetX suggested the following proposed "appropriate remedy" for its violation of this Court's orders and rules:

> VirnetX would 1) approach before mentioning the Court's "gross misrepresentation" statement regarding Apple's prior conduct regarding non-infringing alternatives, and 2) refrain from having any fact witness discuss the time and expense VirnetX wasted defending itself against Apple's baseless inequitable conduct claims.

---

[1] To be clear, Apple does not seek any formal sanction by way of this request. Rather, the proposal is to ensure that the parties are provided a fair and unprejudiced opportunity to present evidence in this case.

(Email from D. Pearson to J. Loy, dated Jan. 15, 2016.) VirnetX's proposal confirms that it believes it should be subjected to no remedy for its violation of the Court's order and rules. First, the Court already ordered VirnetX to "approach before mentioning the Court's 'gross misrepresentation' statement." Specifically, the Court stated

> To the extent that this deposition does not allow VirnetX to adequately test the details of a non-infringing alternative, and a witness for Apple discusses that non-infringing alternative at trial, ***VirnetX may request the Court's permission to ask an Apple witness*** about previous misrepresentations concerning the non-infringing alternatives in Case No. 6:10-cv-417." (Dkt. No. 362 (emphasis added).)

Thus, what VirnetX proposes is no remedy at all—if VirnetX did not approach the bench before raising this issue before the jury, VirnetX would be in violation of a Court order.

Second, Apple's inequitable conduct claim is no longer relevant to the trial and there is no purpose for any testimony about the purported "time and expense VirnetX wasted defending itself against Apple's baseless inequitable conduct claims." As an initial matter, Apple's inequitable conduct allegations were not baseless. Moreover, VirnetX's intention to present such argument and "evidence" to the jury only reinforces that VirnetX affirmatively intends to introduce prejudicial, confusing and wasteful information and argument to the jury that has no relevance whatsoever to the underlying disputes at issue in this case. Apple takes the Court's orders and rules seriously. So should VirnetX. Adopting Apple's proposal above would serve to curtain and prevent such undue prejudice.

## II. VIRNETX'S PROPOSAL

Apple's requested remedy has no connection to Apple's Motion to Strike VirnetX's Motion for Summary Judgment Briefing (Dkt. 326), and goes well beyond the scope of what is an appropriate remedy for a motion about page limits. Apple is requesting the extraordinary

3

remedy of having the entirety of its motions *in limine* and *Daubert* motions effectively granted.[2] Apple's request is not limited to granted motions *in limine* or *Daubert* motions. Obviously, VirnetX will approach before discussing anything covered by a granted motion *in limine*. Apple, however, seeks to force VirnetX to approach before discussing anything in every motion *in limine* Apple has filed.[3] Apple also seeks to improperly relitigate its *Daubert* motions by forcing VirnetX to approach before mentioning evidence covered by a *Daubert* motion filed by Apple—even though all of Apple's *Daubert* motions have already been denied. Dkt. 362.

Thus, Apple's requested remedy is improper and should be denied. VirnetX respectfully submits that Apple is entitled to no relief because the only proposal it every offered—the one proposed in this proposal—is patently absurd. However, if the Court is inclined to grant Apple a remedy, VirnetX submits that the Court should rule that VirnetX must approach before presenting through a fact witness any evidence or testimony regarding the amounts of time and money spent by VirnetX defending itself against Apple's baseless inequitable conduct defense. This was a significant burden that VirnetX has improperly borne twice.[4] This requested relief is

---

[2] Granting Apple's requested relief would effectively grant all of Apple's motions *in limine* because a motion *in limine* is nothing more than a preliminary ruling forcing the parties to approach before getting into the covered evidence or argument. Motions *in limine* are not "definitive ruling[s] on admissibility." *z4 Techs., Inc. v. Microsoft Corp.*, No. 6:06-CV-142, 2006 WL 2401099, at *9 (E.D. Tex. Aug. 18, 2006) *aff'd,* 507 F.3d 1340 (Fed. Cir. 2007); *see also L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*, No. 6:11CV599, 2013 WL 7964028, at *3 (E.D. Tex. Nov. 14, 2013) *aff'd in part sub nom. L.C. Eldridge Sales Co. v. Jurong Shipyard Pte., Ltd.*, 610 F. App'x 1015 (Fed. Cir. 2015) ("All rulings on the motions in limine are preliminary and are not final evidentiary rulings. To the extent the Court grants a motion in limine, the parties are instructed to approach the bench prior to addressing the issue in the jury's presence. To the extent a motion is denied, the parties must make their objection at trial.").

[3] At worst, Apple's overreaching relief may allow it the opportunity to lay behind the log at trial, and then claim in a later-filed Rule 59 motion that—as it turns out—VirnetX did get into some subject matter at trial that was allegedly covered by one of Apple's motions *in limine* or *Daubert* motions (again, regardless of the success of the motion).

[4] Apple abandoned its inequitable conduct defense at the '417 trial.

much more appropriate than Apple's because it is tailored to the issue actually in dispute—the burden of conducting briefing related to Apple's defense that has failed as a matter of law.

Dated: January 15, 2016

Respectfully submitted,

/s/ Daniel Person (by permission
Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
E-mail: hhamad@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
1717 McKinney Ave., Suite 700
Dallas, Texas 75202
Telephone: (214) 810-4705
Telecopier: (214) 481-1757

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
Email: charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

/s/ Joseph Loy
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Michael E. Jones, *Lead Attorney*
Texas Bar No. 10969400
mikejones@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 15th January 2016.

/s/ Robert P. Leonard