# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC. AND SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, | § § § § § § § § § § § | Civil Action No. 6:12-cv-855 LEAD CONSOLIDATED CASE |
| Plaintiffs, | | |
| v. | | |
| APPLE INC. | | |
| Defendant. | | JURY TRIAL DEMANDED |

## DEFENDANT APPLE INC.'S OFFER OF PROOF

Defendant Apple Inc. respectfully submits this offer of proof with regard to the Court's exclusion of evidence regarding the Patent Office's reexamination of the patents-in-suit.

## INTRODUCTION

VirnetX alleges that Apple willfully and indirectly infringes the patents-in-suit. On January 19, 2016, the Court granted VirnetX's Motion in Limine F, thereby precluding Apple from proffering evidence of the reexamination of the patents-in-suit. But the reexaminations of the patents-in-suit—including the undisputed fact that all of VirnetX's asserted claims stand rejected over multiple, independent prior art references—demonstrate both the objective reasonableness of Apple's conduct and Apple's subjective belief that it did not infringe any valid patent claim. As such, Apple should have been permitted to introduce testimony and evidence concerning the reexamination proceedings of the patents-in-suit.

## OFFER OF PROOF

Further to Apple's representations to the Court, had the Court not excluded evidence of the reexaminations, Apple would have offered the following:

1. DTX-0186 (reexamination file for the '504 Patent (Control No. 95/001,788)), including **Ex. A** (May 27, 2014 Right of Appeal Notice for the '504 Patent (reexamination Control No. 95/001,788)) (excerpted from DTX-0186)

2. DTX-0189 (reexamination file for the '504 Patent (Control No. 95/001,851)), including **Ex. B** (February 26, 2015 Right of Appeal Notice for the '504 Patent (reexamination Control No. 95/001,851)) (excerpted from DTX-0189)

3. DTX-0187 (reexamination file for the '211 Patent (Control No. 95/001,789)), including **Ex. C** (May 23, 2014 Right of Appeal Notice for the '211 Patent (reexamination Control No. 95/001,789)) (excerpted from DTX-0187)

4. **Ex. D** (January 9, 2015 Right of Appeal Notice for the '211 Patent (reexamination

Control No. 95/001,856))

5. DTX-0183 (reexamination file for the '135 Patent (Control No. 95/001,682)), including **Ex. E** (September 15, 2015 Right of Appeal Notice for the '135 Patent (reexamination Control No. 95/001,682)) (excerpted from DTX-0183)

6. **Ex. F** (September 15, 2015 Right of Appeal Notice for the '135 Patent (reexamination Control No. 95/001,679))

7. **Ex. G** (January 25, 2016 decision granting institution of *inter partes* review of the '135 Patent (Case No. IPR2016-00062, Paper No. 14))

8. **Ex. H** (September 22, 2015 Action Closing Prosecution of the '151 Patent (reexamination Control No. 95/001,697))

9. **Ex. I** (September 22, 2015 Action Closing Prosecution of the '151 Patent (reexamination Control No. 95/001,714))

10. **Ex. J** (January 25, 2016 decision granting institution of *inter partes* review of the '151 Patent (Case No. IPR2016-00063, Paper No. 13))

11. Testimony of James T. Carmichael, who would have described the nature of the reexamination process in general and the history and status of the above reexaminations in specific.

12. Testimony of Frank Casanova and Simon Patience that the Patent Office's acceptance and/or reliance upon these invalidity contentions supports the conclusion that Apple's conduct was objectively reasonable, and, accordingly, Apple cannot have willfully infringed the asserted claims.

13. Testimony of Frank Casanova and Simon Patience that the Patent Office's acceptance and/or reliance upon these invalidity contentions supports the conclusion that Apple subjectively believed in good faith that the patents were invalid and, accordingly, cannot

have actual knowledge of (or be willfully blind to) the asserted notion that Apple's actions or Apple's customers' actions infringe a valid patent.

14. Cross-examination of VirnetX's expert witness on infringement issues, Dr. Mark Jones, on the proposition that, because the Patent Office accepted and/or relied upon these invalidity contentions, Apple's subjective belief in the patents' invalidity is reasonable, such that Apple cannot have actual knowledge of (or be willfully blind to) the asserted notion that Apple's actions or Apple's customers' actions infringe a valid patent.

15. Cross-examination of VirnetX's witnesses Robert Short, Kendall Larsen, and Roy Weinstein on the proposition that, owing to the claims' rejection reexamination, the patents are significantly less valuable than those witnesses suggested.

Apple respectfully submits that this evidence is relevant and admissible because it tends to show that:

1. Apple's conduct was objectively reasonable and Apple cannot willfully infringe the patents-in-suit.

2. Apple subjectively believed in good faith that the patents-in-suit were not infringed because they are invalid and, therefore, Apple cannot willfully infringe the patents-in-suit.

3. VirnetX's damages demand is excessive and unjustified given that the asserted claims stand rejected and are at significant risk of being finally cancelled.

4. Apple did in fact contest the validity of VirnetX's patents-in-suit, contrary to the impression VirnetX seeks to give through its witness testimony and proposed jury instructions.

5. Apple in fact did take action with respect to VirnetX's patents-in-suit, contrary to

the impression VirnetX seeks to give through its witness testimony.

Dated: February 2, 2016

Respectfully submitted,

By: */s/ Robert A. Appleby, with permission by Michael E. Jones*_____
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Akshay S. Deoras
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael E. Jones
Texas Bar No. 10969400
mikejones@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
John F. Bufe
Texas Bar No. 03316930
johnbufe@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Apple Inc.*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 2, 2016.

                                                         */s/ Michael E. Jones*