# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. AND** | § | |
| **LEIDOS, INC.,** | § | **Civil Action No. 6:12-cv-855-RWS** |
| | § | |
| **Plaintiffs**, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **APPLE INC.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant**. | § | |

## APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR THE SEQUENCING OF ISSUES IN THE ALREADY-BIFURCATED TRIAL

**TABLE OF CONTENTS**

**Page**

I.      Apple's Proposal Avoids the Same Prejudice that Infected the Consolidated Trial............2

II.     Apple's Motion to Phase the Trial Does Not Implicate Its *Daubert* of Dr. Jones...............4

III.    A Trial on Direct Infringement Alone Will Prejudice No Party........................................5

IV.     Conclusion ....................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amstar Corp. v. Envirotech Corp.*,
    823 F.2d 1538 (Fed. Cir. 1987)..................................................................................................3

*Exxon Shipping Co. v. Baker*,
    554 U.S. 471 (2008)..................................................................................................................1

*TiVo, Inc. v. EchoStar Communications Corp.*,
    516 F.3d 1290 (Fed. Cir. 2008)..................................................................................................3

*Versata Software, Inc. v. SAP Am., Inc.*,
    717 F.3d 1255 (Fed. Cir. 2013)..................................................................................................3

*Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*,
    19 F.3d 1418 (Fed. Cir. 1994)..................................................................................................3

\* All emphases added unless otherwise noted

The trial set for April 2, 2018, has already been phased, with direct infringement, indirect infringement, and damages in the first phase, and willfulness in the second.  D.I. 500 at 15.  As Apple established in its opening brief, fairness dictates that these issues be reordered to try only direct infringement first.  This case will require the jury to, at minimum, decide whether three separate features infringe (redesigned VOD, redesigned FaceTime, and iMessage).  This analysis alone is complex.  VirnetX, however, intends to make the jury's task more confusing and to unfairly prejudice Apple by arguing to the jury that these redesigned features infringe because "the *same functionality* has already been mapped to the *same claim limitations* and the jury had already found that functionality to meet those limitations."  D.I. 558 at 5 (emphases in original).

VirnetX repeatedly made this very same "point" at the consolidated trial.  *See, e.g.*, D.I. 500 at 12 ("There was a trial in November of 2012 … right here in this courtroom. … [T]he jury didn't believe them and agreed with us. And there was a verdict in late 2012, November, that [VOD] and FaceTime infringes [sic]."); *id.* ("Apple was found to infringe our patents on two different product lines, [VOD] as well as FaceTime."); *id.* at 13 ("Q: And what did the jury in that trial conclude about [VOD] and FaceTime? A: Their conclusion was that it did indeed infringe … our patents.").  These "repeated statements" about the prior adjudication of different versions of VOD and FaceTime led to "confusion and unfair prejudice" not only with respect to VOD and FaceTime but also "the jury's finding of infringement of iMessage."  *Id.* at 13.

Apple does not want this confusion and unfair prejudice repeated in the -855 Action trial and its phased-trial request is not "extraordinary."  D.I. 558 at 7; *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 n.6 (2008) ("[T]he case was complex and significant, so much so, in fact, that the District Court was fairly required to divide it into four phases.").  VirnetX forgets that the Court ordered a bifurcated trial *in this case* because of the confusion and prejudice

caused by repeated references to different versions of the accused features.  The jury should be allowed to consider direct infringement of three, separate features (VOD, FaceTime, and iMessage), free from that same irrelevant, confusing, and prejudicial evidence that doomed the consolidated trial.  Apple's proposal has the additional potential benefit of eliminating the need for the jury to sit through testimony on indirect infringement, damages, or willfulness, thus limiting "[t]he substantial inconvenience to the jury resulting from [unnecessary] days of trial …."  D.I. 500. at 14.  Apple respectfully requests that the Court phase the trial to try direct infringement, followed by indirect infringement, damages, and willfulness (if necessary).

## I.      Apple's Proposal Avoids the Same Prejudice that Infected the Consolidated Trial

Apple wants to avoid the prejudice and confusion that infected the jury's verdict in the consolidated trial.  Although VirnetX claims "there is no reason to believe that discussing this comparison" between the originally accused versions of FaceTime and VOD and the redesigned versions "will lead to jury confusion," D.I. 558 at 7, the consolidated trial and the Court's new-trial order demonstrate otherwise.

In the consolidated trial, the jury "evaluate[d] different versions of two accused features, a total of three separate accused features and persistent statements about a robust procedural history that only applied to certain versions of some of the features."  D.I. 500 at 9.  In this case, the jury must evaluate three separate features (redesigned VOD, redesigned FaceTime, and iMessage), and VirnetX wants to muddy the jury's task just as it did in the consolidated trial by asking the jury to "evaluate different versions of two accused features," VOD and FaceTime. *Id.*; D.I. 558 at 3 ("Apple's request … depends on the incorrect assumption that the operation of original FaceTime and original [VOD] 'is irrelevant for direct infringement.'"); *id.* at 5 ("the point is that the *same functionality* has already been mapped to the *same claim limitations* and the jury had already found that functionality to meet those limitations.") (emphases in original).

2

VirnetX cannot use this comparison as a "shortcut" for its infringement analysis.  D.I. 500 at 10.  The Federal Circuit has "repeatedly said[] it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment *or other version of the product or process*; the only proper comparison is with the claims of the patent." *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994).  Indeed, the Federal Circuit has expressly rejected the very analysis VirnetX seeks to perform here, *i.e.*, relying on an adjudicated device to establish infringement of an unadjudicated device: "comparison with an adjudicated device cannot serve to encompass within the patent's exclusionary scope a device that does not in fact constitute an infringement of the claim …." *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1545 (Fed. Cir. 1987) ("[I]t must be remembered that it is a *claim* that is infringed and a *claimed* invention that is patented.")

VirnetX cites no case to the contrary.  D.I. 558 at 4–5.  Although VirnetX contends that the "infringement analysis" in *Versata* was "presented by comparing an adjudicated infringing system with its re-design," the defendant did not challenge that comparison on appeal and the Federal Circuit did not decide whether that comparison was proper.  *See Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1260–63 (Fed. Cir. 2013).  VirnetX's reliance on *TiVo, Inc. v. EchoStar Communications Corp.*, 516 F.3d 1290 (Fed. Cir. 2008), is similarly misplaced.  In *TiVo*, there was no comparison between adjudicated and non-adjudicated products in two separate cases.  Rather, the issue was whether one accused product could be representative of other accused products in the same case.  *Id.* at 1308.  Because experts testified that all accused products "operated similarly" with respect to the limitation in question, that testimony sufficed to support the jury's verdict for all accused products.  *Id.*  *TiVo* is fundamentally different from VirnetX's proposal to compare previously adjudicated features that are not at issue in this case

with the unadjudicated features that are.

Moreover, Apple has never asserted, let alone "admitted," that comparing originally accused VOD and FaceTime with redesigned VOD and FaceTime is appropriate.  D.I. 558 at 3–4.  To the contrary, Apple argued that the repeated, improper comparisons between the originally accused VOD and FaceTime and redesigned VOD and FaceTime caused juror confusion and prejudice in the consolidated trial.  D.I. 463 at 43.  Although a noninfringement verdict for originally accused FaceTime would have obviated the need for a trial on redesigned FaceTime, 417 D.I. 864 at 9–10, the converse is not true, as Apple explained in the very same status report VirnetX cites: "in the 855 Action, Apple has numerous noninfringement defenses in addition to anonymity …. As a result, a jury verdict that [redesigned] FaceTime does not infringe … would not necessarily be dispositive of Apple's anonymity-based argument." *Id.* at 10; D.I. 554.

Apple is not "attempting to relitigate previously determined issues of infringement."  D.I. 558 at 1.  This is because redesigned VOD, redesigned FaceTime, and iMessage have never been "determined" to infringe.  Apple's proposal is intended to avoid repeating the errors that led to the Court's new-trial order by allowing the jury to make its infringement determination free from the prejudice and confusion that infected the consolidated trial.

## II.     Apple's Motion to Phase the Trial Does Not Implicate Its *Daubert* of Dr. Jones

Apple is not asking the Court to revisit its denial of Apple's Dr. Jones *Daubert*.  D.I. 558 at 6–7.  Nor is the Court's denial of the Dr. Jones' *Daubert* an endorsement of VirnetX's plan to compare accused features to prove infringement instead of comparing those features to the asserted claims. Apple moved to exclude Dr. Jones's testimony because, for redesigned VOD and redesigned FaceTime, "Dr. Jones never compares the redesigned functionality to the claim language"; "never identifies the specific claims he contends are infringed"; and "never performs a claim-by-claim or limitation-by-limitation analysis."  D.I. 317 at 5, 7.  VirnetX opposed

4

Apple's motion by arguing that Dr. Jones did perform that analysis.  D.I. 337 at 4–8.  In denying

Apple's motion, the Court reasoned that "[a]lthough Apple presents valid criticisms of Dr.

Jones's opinions, they go to the weight of the evidence rather than admissibility," not that

comparing features-to-features is a proper infringement analysis.  D.I. 362 at 3.

### III.    A Trial on Direct Infringement Alone Will Prejudice No Party

VirnetX does not dispute that direct infringement is a necessary predicate to indirect

infringement, damages, and willfulness.  Nor does VirnetX dispute that if the jury finds no direct

infringement, there is no need to try the remaining issues, or that if the jury finds direct

infringement of some, but not all features, the remaining issues will be streamlined.  Instead,

VirnetX claims that Apple's proposal would "cause the technical experts to … testify twice …."

D.I. 558 at 8.  This slight inconvenience to paid experts does not outweigh the benefits from

limiting juror confusion and the potential for limiting the burden on the jurors from attending a

week-long trial.  Nor is there a risk, as VirnetX suggests, that Apple will reargue direct

infringement in the second phase of the trial.  *Id.* at 7.  Just as it would in the currently bifurcated

willfulness trial, Apple may present evidence of the reasonableness of its noninfringement

defenses if the jury finds infringement, but Apple would not relitigate the merits of the defenses.

VirnetX's invitation to un-bifurcate this case defeats the purpose of the Court's

bifurfaction order.  D.I. 558 at 8.  The Court ordered that willfulness be bifurcated after

observing the significant prejudice Apple faced from trying all issues together.  Even if the trial

is not phased as requested in this motion, trying all issues together will merely recreate the same

confusion and prejudice from the consolidated trial that made this very trial necessary.

### IV.    Conclusion

For the reasons discussed above and in Apple's opening brief, Apple's motion to phase

the trial should be granted.

Dated: January 25, 2018                          Respectfully submitted,


By: */s/ Robert A. Appleby*_____
    Gregory S. Arovas
    greg.arovas@kirkland.com
    Robert A. Appleby
    robert.appleby@kirkland.com
    Jeanne M. Heffernan
    jeanne.heffernan@kirkland.com
    Joseph A. Loy
    joseph.loy@kirkland.com
    Leslie M. Schmidt
    leslie.schmidt@kirkland.com
    David N. Draper
    david.draper@kirkland.com
    **KIRKLAND & ELLIS LLP**
    601 Lexington Avenue
    New York, New York 10022
    Telephone:  (212) 446-4800
    Facsimile: (212) 446-4900

    Akshay S. Deoras
    akshay.deoras@kirkland.com
    **KIRKLAND & ELLIS LLP**
    555 California Street
    San Francisco, CA 94104
    Telephone: (415) 439-1400
    Facsimile: (415) 439-1500

    Michael E. Jones, ***Lead Attorney***
    Texas Bar No. 10969400
    mikejones@potterminton.com
    **POTTER MINTON**
    A Professional Corporation
    110 N. College Avenue, Suite 500
    Tyler, Texas 75702
    Telephone: (903) 597-8311
    Facsimile: (903) 593-0846

    **ATTORNEYS FOR APPLE INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 25, 2018.

*/s/ Robert A. Appleby*_____
Robert A. Appleby