# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC., and** | § | |
| **LEIDOS, INC.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | No. 6:12-cv-00855-RWS |
| v. | § | |
| | § | |
| **APPLE INC.,** | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |

**PLAINTIFF VIRNETX INC.'S SURREPLY IN OPPOSITION TO APPLE'S MOTION TO MODIFY THE DOCKET CONTROL ORDER TO SUPPLEMENT ITS INITIAL DISCLOSURES**

Apple does not—and cannot—dispute that "the Court has made plain to the parties that this retrial does not provide the parties the right to reopen closed issues." Dkt. 556 at 1. Apple also does not dispute that the Motion is "a naked attempt to find a new strategy." *Id*. In fact, Apple's Reply comes up with entirely new arguments about why it allegedly needs these new witnesses—abandoning all of its original reasons.

Now, rather than on the subject matters originally justifying this Motion, Apple claims that if Ms. Mewes or Mr. Jaynes testifies at the upcoming trial, "the only capacity in which either would testify" is as Apple's corporate representative—although "Apple will not designate more than one corporate representative." Dkt. 562 at 1, 4. Rather than engaging the merits of the arguments raised in Response, Apple claims that "[a]t bottom, VirnetX wants to dictate whom Apple can and cannot have as its corporate representative at trial." *Id*. at 1. This is patently ridiculous. Not counting former employees, who may be willing to still testify on Apple's behalf, Apple lists 25 current Apple employees on its Third Supplemental Initial Disclosures (last amended in September of 2014). Apple has not even attempted to explain why it could not call one of them—or why Mr. Gates or Mr. Casanova, Apple's previous corporate representatives, are not available for this trial. That discovery should not be reopened does not mean VirnetX is improperly trying "to control Apple's case." And, of course, the fact that Mr. Risher—an employee who has never been called at all, much less as a corporate representative— has left Apple provides absolutely no support for the idea that Apple deserves to reopen discovery to identify a brand new corporate representative.

With respect to Avaya, Apple provides no reason for its failure to properly seek discovery from Avaya during fact discovery, merely arguing that the license is generally important and that VirnetX should already know about it because VirnetX was involved in the

1

negotiations. *Id*. at 2. This is also nonsense. Apple *now* arguing about the great importance of the Avaya license only underscores Apple's complete lack of diligence in seeking this discovery in a timely fashion.

Furthermore, Apple has also listed on its trial witness list an individual named Gerald Kenney who was the signatory to VirnetX's NEC license. Dkt. 560 at 3. Like Mr. Binns (the Avaya witness), Mr. Kenney was never deposed and was never listed on Apple's initial disclosures. Nonetheless, Apple did not seek leave in the Motion to add Mr. Kenney to its initial disclosures. Accordingly, for all the reasons that relate to Mr. Binns, Apple's attempt to silently amend to include Mr. Kenney should be denied. However, it's even worse with respect to Mr. Kenney because Apple did not seek leave to include him, and the NEC license was signed even prior to the *original* VirnetX/Apple trial in 2012. Because Apple cannot (and did not) show good cause to amend its initial disclosures to include Mr. Kenney, he should not be permitted to testify at the upcoming retrial.

**I.      Apple Should Not Be Allowed to Add Ms. Mewes to Its Initial Disclosures.**

In neither the Motion nor the Reply does Apple even address the *Geiserman v. MacDonald* factors to show why good cause exists to add Ms. Mewes to its initial disclosures. 893 F.2d 787, 791 (5th Cir. 1990). VirnetX demonstrated in response that Apple cannot do so, and that the factors weigh heavily against amendment. Dkt. 556 at 2-3.

In Reply, Apple still does not explain why Ms. Mewes was not added to Apple's initial disclosures prior to late 2017, nor does Apple reveal when she joined Apple or Mr. Risher left. *Compare* Dkt. 556 at 2 *with* Dkt. 562 at 2-3.

Apple does not dispute that Mr. Risher's testimony is still available via deposition. Apple does not even dispute that his testimony is unimportant. *Compare* Dkt. 556 at 2 *with* Dkt. 562 at 2-3; *see also* Dkt. 560 at 8 (listing Mr. Risher as a "probably will not call" witness).

2

Instead, Apple boldly claims that Ms. Mewes "is not important simply because she is knowledgeable about Apple's licenses." Dkt. 562 at 2. Instead, Apple now claims that "the only capacity in which she would be presented as a witness in this case is as Apple's corporate representative." Dkt. 562 at 2. Merely because Ms. Mewes happens to have some general knowledge in the same areas as an unimportant witness who left Apple—but whose testimony is still available—does not mean that Apple gets to reopen discovery and pick a brand new, never-deposed corporate representative. Apple has provided no explanation why Ms. Mewes has *any* knowledge relevant to *this case* or why she is qualified to be Apple's corporate representative in *this case*. Apple also provides no explanation for why it needs to replace an irrelevant witness who has never been called in the first place.

Apple argues that Ms. Mewes's testimony would be important because she would be the corporate representative and corporate representatives are important. Dkt. 562 at 2. Whether corporate representative testimony is generally important has no bearing on whether there is good cause to add Ms. Mewes, because Apple has not even attempted to show why all of its other 20-plus already-identified fact witnesses cannot adequately serve as a corporate representative. Finally, it is absurd for Apple to argue that there would be no prejudice to VirnetX if discovery is reopened because 1) there is time available to take it, or 2) VirnetX could agree not to take it. Of course, VirnetX will not agree to forego this discovery if the Court reopens discovery, but VirnetX will necessarily be prejudiced by wasting these resources. Thus, because Apple has failed to demonstrate good cause, the Court should deny Apple's request regarding Ms. Mewes.

## II. Apple Should Not Be Allowed to Add Mr. Jaynes to Its Initial Disclosures.

In Reply, Apple admits that Mr. Jaynes started at Apple before fact discovery closed in the -855 case but provides no explanation why Mr. Jaynes was not added to Apple's initial

3

disclosures during fact discovery. Dkt. 562 at 3. Further, Apple claims Mr. Jaynes was not relevant to the -417 retrial but entirely fails to explain why Apple did not attempt to introduce his testimony at the consolidated trial. *Id*. Thus, Apple's request to amend should be denied.

VirnetX demonstrated that Apple has entirely failed to explain why Mr. Jaynes' testimony is important. Dkt. 556 at 3. In Reply, Apple takes issue with VirnetX's characterization of the procedural history surrounding VirnetX's motion to compel, arguing that Mr. Jaynes testimony is important because the general issue of non-infringing alternatives is important. Dkt. 562 at 4. But Apple has still not explained why Mr. Jaynes' *actual* testimony is important. Nor could Apple, considering Mr. Jayne's utter lack of personal knowledge regarding non-infringing alternatives at his deposition. Apple has explained even less why this finance manager at Apple is qualified to be its corporate representative or why Apple's other 20 plus already-identified fact witnesses cannot be Apple's corporate representative.

Finally, Apple repeats its facially absurd argument that there would be no prejudice to VirnetX if discovery is reopened because 1) there is time available to take it, or 2) VirnetX could agree not to take it. Dkt. 562 at 4. But Apple does not dispute that its wants to add Mr. Jaynes to "supplement a deficient record regarding non-infringing alternatives in an attempt to suppress damages." Dkt. 556 at 4. It would deeply prejudice VirnetX to allow Apple to supplement its affirmative defenses years after the close of fact discovery, a fact so obvious that Apple did not even feign a reason why this should be allowed. Thus, because Apple has failed to demonstrate good cause, the Court should deny Apple's request regarding Mr. Jaynes.

**III.    Apple Should Not Be Allowed to Add Mr. Binns to Its Initial Disclosures.**

Apple now claims that its decision to not seek discovery from Avaya was merely inadvertent. Dkt. 562 at 4-5. But Apple does not deny that it 1) had ample time to seek discovery from Avaya during fact discovery and 2) remembered to seek discovery from other

4

VirnetX licensees. *Id.* This is not an oversight. But even if it were, Apple provides no rationale explaining why the oversight occurred. In its original Motion—prior to revealing Mr. Binns's name—Apple claimed that it did not have time to identify Mr. Binns between the time the Court ordered the retrials and the start of the -417 retrial. Dkt. 543 at 5. This is plainly false. Mr. Binns has been known to Apple since he signed the Avaya license on Avaya's behalf in 2013. Accordingly, because Apple has not provided a sufficient explanation for its failure to timely seek this discovery, and the explanation provided was demonstrably false, Apple's request should be denied.

Further, Apple has still failed to demonstrate how Mr. Binns's testimony is important. In its Motion, Apple claimed it needed Mr. Binns's testimony to rebut VirnetX trial testimony that "characterized the Avaya license as including a cross-license with significant value *for Avaya*." Dkt. 543 at 2. In Response, VirnetX explained how this is illogical because the cross-license provided no value *to Avaya*, and there is no way Mr. Binns can rebut the internal value that VirnetX placed on the value *VirnetX received* from the cross-license. Dkt. 556 at 6-7. In Reply, Apple does not address the logical failure of its Motion but simply argues that testimony about the value of the Avaya license *to Avaya* is relevant to damages, citing Apple's prior reliance on general testimony from another VirnetX licensee "about the value of the license *to the licensee*." *Id.* But this is not a reason to reopen discovery. Because Apple's Reply makes clear Apple is trying to add *general* testimony about the Avaya license (not rebut VirnetX's statements about the cross-license), Apple has both 1) abandoned all of the reasons presented for amendment in the Motion, and 2) underscored how derelict Apple was in failing to take this discovery during fact discovery. Finally, again, Apple ignores the prejudice to VirnetX if it is forced to waste resources on out-of-time discovery that allows Apple to attempt to shore up faults in its case.

Thus, because Apple has failed to demonstrate good cause, the Court should deny Apple's request regarding Mr. Binns.

DATED: February 1, 2018.          Respectfully submitted,

**CALDWELL CASSADY & CURRY**

/s/ *Bradley W. Caldwell*_____
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**

6

1507 Bill Owens Parkway<br>
Longview, Texas 75604<br>
Telephone: (903) 757-6400<br>
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 1st day of February 2018.

>  */s/ Bradley W. Caldwell*
>  Bradley W. Caldwell