**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC., and** | § | |
| **LEIDOS, INC.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | No. 6:12-cv-00855-RWS |
| v. | § | |
| | § | |
| **APPLE INC.,** | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |

**PLAINTIFF VIRNETX INC.'S SURREPLY TO APPLE'S MOTION FOR
SEQUENCING OF ISSUES IN THE ALREADY-BIFURCATED TRIAL**

I. **Apple's Request to Bifurcate Direct Liability Should Be Denied.**

In Reply, Apple does not dispute that its request to bifurcate direct infringement "completely depends on the incorrect assumption that the operation of original FaceTime and original VPN On Demand 'is irrelevant for direct infringement.'" Dkt. 558 at 3. Apple also does not dispute that it "did not redesign *every part*" of FaceTime and VPN On Demand. *Id*. at 4 (emphasis in original). VirnetX's Response explained how the operation of original FaceTime and original VPN On Demand is, in fact, relevant to the jury's direct infringement analysis. *Id*. at 3-7. In Reply, Apple does not address VirnetX's arguments head-on. Instead, Apple attempts to turn this Motion into a referendum on how VirnetX should be allowed to present its infringement case—in essence re-urging its *Daubert* motion regarding Dr. Jones. But the Court already denied that motion. The only issue to decide now is whether the operation of the original accused features is relevant to direct infringement by the partially redesigned features at issue in the upcoming -855 retrial. Because VirnetX has shown that the original operation is relevant to direct infringement, and that this comparison is proper, Apple's request to bifurcate direct liability should be denied.

Furthermore, Apple's Reply is written under the false premise that VirnetX intends to confuse the jury by attempting to have the jury conflate the *ultimate determination* of infringement by original FaceTime and original VPN On Demand with the *ultimate determination* of infringement by the partially redesigned features. *See, e.g.*, Dkt. 563 at 4 ("VirnetX[] plan[s] to compare accused features to prove infringement instead of comparing those features to asserted claims."). VirnetX does not intend to argue to the jury the simple premise that "the old version infringes so the new version infringes," as Apple would have the Court believe. Instead, VirnetX's simple point is that the operation of the original versions of the accused features *is relevant* to the operation of the redesigned features because the vast majority

1

of the operation of the redesigned features *was not redesigned*. That is, if *an aspect* of the operation of the original feature has been factually determined to meet a claim limitation, then *that aspect* still meets that limitation in the redesigned features if the aspect was not changed. This is not the same as saying that because *all aspects* of a prior version were found infringing, the *whole* redesign ultimately infringes. VirnetX should be allowed to rely on prior factual findings, when those prior, unchanged aspects of the accused features remain unchanged. And the Court already ruled this was permissible when it denied Apple's *Daubert* motion regarding Dr. Jones.

Indeed, Apple has already admitted that factual determinations about unchanged aspects of the features is relevant to direct liability when it argued that if the jury found that original FaceTime does not meet the anonymous limitation it would, *per se*, mean that redesigned FaceTime does not meet the anonymous limitation (and therefore is non-infringing) because this aspect of the operation of FaceTime was not changed between versions. Dkt. 558 at 4. In Reply, Apple attempts to distinguish this admission by claiming that "the converse is not true"—i.e., this relationship only holds for non-infringement findings but not infringement findings— because Apple had numerous non-infringement arguments in the -855 case. Dkt. 563 at 4. It is correct that a general finding of non-infringement in the -855 trial (which could have been based on several reasons) would not necessarily mean that FaceTime was not anonymous. But that argument is only about *ultimate determinations* of infringement, which is irrelevant to the discussion here. It cannot be denied that a factual finding that an aspect of a feature meets a particular claim limitation *is relevant* to whether that limitation is met in a future version of an accused feature when the operation that met that limitation has not been redesigned.

Furthermore, VirnetX explained how presenting evidence of this logical relationship— one that Apple admits exists—has been approved by the Federal Circuit. Dkt. 558 at 4-6. Apple

2

attempts to distinguish *Versata* by claiming that this aspect of that case was not appealed. Dkt. 563 at 3. But Apple admits that *Tivo* proves VirnetX's point because Apple characterized *Tivo* as standing for the proposition that when "experts testified that all accused products 'operated similarly' with respect to the limitation in question, that testimony sufficed to support the jury's verdict for all accused products." Dkt. 563 at 3. While Apple now admits this type of presentation is proper, Apple previously attempted to *Daubert* Dr. Jones for this very analysis, complaining about his "generalized statements that the redesigned version of FaceTime operates 'in the same way' as the previous version." Dkt. 317 at 5. The Court was right to deny that Motion. *Tivo* is only "fundamentally different from VirnetX's proposal" if VirnetX merely intended to say the old thing infringes so the new thing infringes. Dkt. 563 at 3. But that is not the entirety of VirnetX's infringement analysis, and *Tivo* stands for the proposition that the operation of one version of an accused product *is at least relevant* to show that a claim limitation is still met by the operation of another version of an accused product, when the operations are executed in the same way between the versions.

Further, Apple insists that *Amstar Corp.* and *Zenith Labs.* are relevant to their Motion because Apple wrongly pretends that VirnetX intends to conflate *ultimate determinations* of infringement between versions. However, those cases only hold that it is improper to prove infringement of the defendant's product by comparing it to the plaintiff's product when that is the entirety of the analysis and the defendant's products are never compared to the claims. Dkt. 558 at 5. But that has nothing to do with VirnetX's infringement case here. VirnetX is not comparing Apple's products to its own products, and VirnetX has already mapped *all aspects* of original FaceTime and original VPN On Demand to the claims in a limitation-by-limitation analysis. Apple has found no case to support its illogical proposition that if a feature meets a limitation due to a certain operation, that finding becomes irrelevant when the feature is

3

otherwise redesigned, even when the operation itself remains identical. Accordingly, because facts—including prior judicial determinations—related to the redesigns bear on all issues of this case, the Court should reject Apple's request to bifurcate direct infringement from the other issues to be tried.

**II.     Apple's Request to Try Willfulness with Liability and Damages Should Be Granted.**

In Reply, Apple spills much ink trying to convince the Court that if direct infringement is not bifurcated, the -855 retrial will suffer the same alleged defects as the consolidated trial, because "VirnetX wants to muddy the jury's task…by asking the jury to 'evaluate different versions of two accused features.'" Dkt. 563 at 1-2. This is plainly false. First, the upcoming trial is only about evaluating one set of features, and the entire Reply is based on the false simplification of VirnetX's upcoming infringement presentation. Second, the fact that final judgment was entered against Apple after the -417 retrial shows that the relevant procedural history of this case can be discussed as "prior determinations" at the -855 retrial without becoming alleged "persistent statements about a robust procedural history" that caused the Court concern regarding the consolidated trial. *See* Dkt. 500 at 9.

Apple forgets that the Court bifurcated *the issue of willfulness* to address the alleged concerns Apple presented in its request for a new trial following the consolidated trial. *See* Dkt. 500; Dkt. 461 at 42-45. The fact that Apple now has completely reversed course and is now contending that it *will* receive a fair trial if willfulness is tried with damages and indirect liability is astounding—showing that Apple's complaints were hollow to begin with and that Apple will shamelessly use every conceivable procedural option to press whatever advantage it can find without regard for truth.

Apple claims that "VirnetX's invitation to un-bifurcate this case defeats the purpose of the Court's bifurcation order." Dkt. 563 at 5. But *VirnetX* is not the party seeking to have the

4

Court reconsider its bifurcation order. *Apple* is the party that filed a motion asking the Court to try willfulness together with damages and indirect liability. Dkt. 545 at 1. Because Apple made this request, and because bifurcation of direct infringement is logically pointless and will only result in wasted time from repetitive evidence, the Court should conduct the -855 retrial as a single phase trial.

DATED: February 1, 2018.

Respectfully submitted,

**CALDWELL CASSADY & CURRY**

/s/ *Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward, Jr.<br>
Texas State Bar No. 00794818<br>
Email: jw@wsfirm.com<br>
Claire Abernathy Henry<br>
Texas State Bar No. 24053063<br>
Email: claire@wsfirm.com<br>
**WARD, SMITH & HILL, PLLC**<br>
1507 Bill Owens Parkway<br>
Longview, Texas 75604<br>
Telephone: (903) 757-6400<br>
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 1st day of February 2018.

/s/ Bradley W. Caldwell
Bradley W. Caldwell