# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. AND** § | | |
| **LEIDOS, INC.**, § | **Civil Action No. 6:12-cv-855-RWS** | |
| § | | |
| **Plaintiffs**, § | | |
| § | | |
| v. § | | |
| § | | |
| **APPLE INC.**, § | | |
| § | **JURY TRIAL DEMANDED** | |
| **Defendant.** § | | |

## APPLE'S SUR-REPLY IN OPPOSITION TO VIRNETX'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

I.     **INTRODUCTION**

The Court should deny VirnetX's extraordinary request to deprive Apple of its right to a jury trial on the merits of VirnetX's infringement claims. As explained in Apple's response—and as VirnetX concedes—the design and operation of the FaceTime feature accused of infringement in this 855 Action is *different* from the FaceTime feature adjudicated in the 417 Action. In its opposition, Apple explained that the redesign of FaceTime included a fundamental change relevant to VirnetX's claims of infringement of the '504 and '201 patents: the FaceTime servers no longer support establishing a peer-to-peer connection when a FaceTime call is commenced. Instead, in the redesigned version of FaceTime, any peer-to-peer connection subsequently initiated during a FaceTime call is established by newly designed, *client-side* functionality that was never adjudicated in the 417 Action. This fundamental design change, completely ignored by VirnetX in its reply, requires that VirnetX's motion be denied. As explained below, the remaining arguments in VirnetX's reply are unsupported by the facts, rely on misstatements of the record, and are untethered to the language of the asserted claims. At bottom, the doctrine of issue preclusion has no applicability to the facts of this case, and VirnetX's motion should be denied.

II.    **ARGUMENT**

The narrow doctrine of issue preclusion is inapplicable to VirnetX's infringement claims brought against an admittedly redesigned and non-adjudicated product, and indeed none of the doctrine's four requirements are met here. As Apple explained in its opposition, the issue of alleged infringement by the redesigned version of FaceTime **(1)** is not *identical* to any issue previously decided in the 417 Action, **(2)** was not *fully and vigorously litigated* in the 417 Action, and **(3)** was not *necessary* to support the judgment in the 417 Action. D.I. 554 at 7–13. Additionally, applying issue preclusion under the unique circumstances of this case would **(4)** be inappropriate and risk an unfair result. *Id.* at 13–14. VirnetX fails to address *any* of these requirements in its reply, and none

of VirnetX's other arguments justify granting the extraordinary result VirnetX seeks.

First, VirnetX's reply entirely ignores the critical fact that Apple implemented fundamental changes in the version of FaceTime accused of infringement here in the 855 Action. As explained in Apple's opposition, Apple began redesigning FaceTime shortly after the verdict in the 417 Action, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As VirnetX concedes, this design (which VirnetX calls the "second version" of FaceTime) does ***not*** infringe the '504 and '211 patents. D.I. 541 at 2. Between April and September 2013, Apple made further changes, resulting in what VirnetX calls the "third version" of FaceTime—the only version accused here in the 855 Action. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* D.I. 554 at 4–5. This new, and undisputedly different client-side functionality ***was never adjudicated*** in the 417 Action, and indeed VirnetX agrees that the "three versions" of FaceTime all operate differently. D.I. 541 at 2. Accordingly, issue preclusion cannot apply, and Apple is entitled to a jury trial on this separate claim of infringement. *See Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1324 (Fed. Cir. 1987); *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1055 (Fed. Cir. 2014); *Yingbin-Nature (Guangdong) Wood Indus. Co. v. Int'l Trade Comm'n*, 535 F.3d 1322, 1333 (Fed. Cir. 2008).[1]

---

[1] As explained in Apple's response (D.I. 554 at 12–13), the primary case upon which VirnetX relies—and which VirnetX cites again in its reply—is wholly distinguishable from the facts of this

2

While this alone requires that VirnetX's motion be denied, VirnetX's other arguments are also unavailing. VirnetX first claims that "the presence of IP address information" is "irrelevant" to the infringement analysis, and argues that Apple has put forth a "new interpretation" of the asserted claims' "indication" requirement. VirnetX's argument rests entirely on a misreading of the record. In construing the "indication" limitation, the Court recognized that during reexamination, VirnetX had "clearly distinguished the *mere* return of requested DNS records," and thus made "an unequivocal disclaimer of DNS servers that *only* return requested DNS records, such as an IP address or key certificate." D.I. 180 at 10 (emphasis added). The Court therefore held that the asserted claims require "an indication other than *merely* returning of requested DNS records, such as an IP address or key certificate, that the domain name service system supports establishing a secure communication link." *Id.* (emphasis added). Consistent with that construction, Apple explained in previous post-trial briefing that VirnetX had failed to put forth evidence of any indication beyond the mere return of an IP address. *E.g.*, D.I. 475 at 7 ("VirnetX cannot show that anything it now relies on is more than a 'DNS record'"). Apple never argued that an IP address—which, as a technical matter, is *necessary* to establish a direct peer-to-peer connection (*see* D.I. 554, Ex. A to Blaze Decl., ¶ 164)—was "irrelevant," nor can VirnetX's position be squared with the Court's construction.

Next, VirnetX tries to sidestep the infringement analysis by pointing to unspecified "information in the accept message other than the IP address" as purported evidence of infringement as a matter of law. As an initial matter, VirnetX provides no factual support for its sweeping claim. Nowhere does VirnetX identify what "additional information" in the accept message the jury purportedly relied upon to find infringement in the 417 Action, or what "additional information" in the accept message in the redesigned version of FaceTime could support (nevertheless require) a

---

case. *Cf. Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:06-cv-1105, 2014 WL 1653128, at *7, *9 (M.D. Pa. Apr. 24, 2014).

3

finding of infringement. But in addition to lacking any evidentiary support, VirnetX's argument also cannot be reconciled with the claims of the '504 and '211 patents. The asserted claims are directed to *servers* that constitute a "domain name service system," whereas here the record demonstrates that any peer-to-peer connections in the "third version" of FaceTime are not supported by the FaceTime server. To the contrary, as set forth in Apple's response, any peer-to-peer connections are supported only by *client devices* in the redesigned version of FaceTime (D.I. 554 at 4–5), and this newly implemented functionality was never considered by the jury in the 417 Action.

Faced with these indisputable facts, VirnetX makes the incredible argument that Apple supposedly "admi[ts] that Apple's FaceTime servers do, in fact, provision devices to establish direct connections." Not so. In its response to VirnetX's motion, Apple explained just the opposite:

[REDACTED]

Indeed, VirnetX has never articulated any theory by which an "indication," as required by the asserted claims, is satisfied by the client-side functionality described above. *Cf.* 417 D.I. 1030, 9/27/2016 PM Trial Tr. (Jones) at 68:9–19 (contending accept message from FaceTime server constituted claimed "indication"). Left with no viable infringement theory, VirnetX's argument effectively tries to read out the "indication" term from the asserted claims entirely. This approach is impermissible and must be rejected. *See generally Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991) ("To establish infringement, every limitation set forth in a patent claim must be found….").

Next, VirnetX makes a far-fetched argument that summary judgment is warranted because Apple "changed the operation of FaceTime for a noninfringement argument unrelated to the 'indicating' term." D.I. 564 at 3. But this is no basis to award summary judgment of infringement based on issue preclusion. While Apple relied on the Court's prior construction of "domain name service" in making certain changes to its products, the redesigned version of FaceTime is non-infringing for additional reasons beyond the construction of "domain name service"—such as, for example, the absence of any FaceTime servers that "comprise an indication that the domain name service system supports establishing a secure communication link."[2] It is axiomatic that "[t]he patentee bears the burden of proving infringement," which requires that "every limitation set forth in a patent claim" be established. *See generally Laitram*, 939 F.2d at 1535. VirnetX of course cannot meet its burden of proving infringement by pointing to Apple's reliance on the Court's construction of just one of the many limitations of the asserted claims, each of which must be separately proven.[3]

Lastly, VirnetX does not dispute in its reply that applying issue preclusion under the circumstances of this case would be inappropriate and risk an unfair result. D.I. 554 at 13–14. Even if VirnetX could show that issue preclusion were applicable (it is not), the Court should decline to invoke this narrow, equitable doctrine in a way that would deprive Apple of its right to a jury trial based solely on a prior judgment, concerning an admittedly different feature, that is pending appeal.

## III.   CONCLUSION

For the reasons set forth above and in Apple's opposition, the Court should deny VirnetX's motion for partial summary judgment of infringement by the redesigned version of FaceTime.

---

[2] VirnetX's claim that Apple has "simply moved its argument to the 'indication' term" is also belied by the record. As VirnetX admits in its opening brief, Apple asserted this non-infringement defense all along in the 855 Action. *See, e.g.*, D.I. 541 at 9, 10.

[3] To be clear, though the Court previously rejected the argument (D.I. 468 at 4), Apple maintains and preserves its separate position that the redesigned version of FaceTime also does not provide a "domain name service system." *See* D.I. 554 at 13.

Dated: February 1, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: */s/ Robert A. Appleby*
　　　　　　　　　　　　　　　　　　　　　　Gregory S. Arovas
　　　　　　　　　　　　　　　　　　　　　　greg.arovas@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　Robert A. Appleby
　　　　　　　　　　　　　　　　　　　　　　robert.appleby@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　Jeanne M. Heffernan
　　　　　　　　　　　　　　　　　　　　　　jeanne.heffernan@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　Joseph A. Loy
　　　　　　　　　　　　　　　　　　　　　　joseph.loy@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　Leslie M. Schmidt
　　　　　　　　　　　　　　　　　　　　　　leslie.schmidt@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　David N. Draper
　　　　　　　　　　　　　　　　　　　　　　david.draper@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　**KIRKLAND & ELLIS LLP**
　　　　　　　　　　　　　　　　　　　　　　601 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 446-4800
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 446-4900

　　　　　　　　　　　　　　　　　　　　　　Akshay S. Deoras
　　　　　　　　　　　　　　　　　　　　　　akshay.deoras@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　**KIRKLAND & ELLIS LLP**
　　　　　　　　　　　　　　　　　　　　　　555 California Street
　　　　　　　　　　　　　　　　　　　　　　San Francisco, California 94104
　　　　　　　　　　　　　　　　　　　　　　Telephone: (415) 439-1400
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (415) 439-1500

　　　　　　　　　　　　　　　　　　　　　　Michael E. Jones, ***Lead Attorney***
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 10969400
　　　　　　　　　　　　　　　　　　　　　　mikejones@potterminton.com
　　　　　　　　　　　　　　　　　　　　　　**POTTER MINTON**
　　　　　　　　　　　　　　　　　　　　　　A Professional Corporation
　　　　　　　　　　　　　　　　　　　　　　110 N. College Avenue, Suite 500
　　　　　　　　　　　　　　　　　　　　　　Tyler, Texas 75702
　　　　　　　　　　　　　　　　　　　　　　Telephone: (903) 597-8311
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (903) 593-0846

　　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR APPLE INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on this the 1st day of February, 2018.

/s/ Robert A. Appleby
Robert A. Appleby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ Robert A. Appleby
Robert A. Appleby