# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| VIRNETX INC., and LEIDOS, INC., § § § | |
| Plaintiffs, § § | No. 6:12-cv-00855-RWS |
| v. § § | |
| APPLE INC., § § | JURY TRIAL DEMANDED |
| Defendant. § § | |

## RENEWAL OF MOTIONS *IN LIMINE*

In accordance with the Court's Tenth Amended Docket Control Order (D.I. 539), Apple Inc. ("Apple") and VirnetX, Inc. ("VirnetX") hereby renew the following motions *in limine*, which were filed in the consolidated trial in *VirnetX, Inc. et al. v. Apple Inc.*, Case No. 6:12-cv-855 and the September 2016 trial in *VirnetX, Inc. et al. v. Apple Inc.*, Case No. 6:10-cv-417. This renewal is for preservation purposes and the rulings carry to this -855 Action unless otherwise modified by the Court, including as a result of the Court's forthcoming rulings on the currently pending motions for summary judgment and motions *in limine*, or agreement of the parties.

**Apple's Motions *In Limine* from the Consolidated Actions**

- Apple moved *in limine* to preclude any reference to VirnetX's previous trial against Apple, including any reference to the verdict, any change in counsel or witnesses from the -417 Action, or the relationship between Apple and the other defendants in the -417 Action. (855 D.I. 308 at 1–3.) Apple specifically moved to exclude any reference to the verdict and the -417 jury's findings with respect to VPN on Demand ("VOD"), FaceTime, invalidity, and damages. (*Id.*) The Court denied Apple's motion with respect to VOD and FaceTime (1/19/16 Pretrial Conf. Tr. at 86:22–87:5), and granted Apple's motion with respect to invalidity, change in counsel or witnesses, and Apple's relationship with other defendants in the -417 Action (*id.* at 87:6–88:9).

- Apple moved *in limine* to preclude VirnetX from introducing any expert testimony outside the scope of its experts' reports submitted by Dr. Jones, Dr. Wecker, and Mr. Weinstein in the -855 Action. (855 D.I. 308 at 3–4.) The Court granted Apple's motion with respect to Dr. Wecker (1/19/16 Pretrial Conf. Tr. at 102:15–21) and Mr. Weinstein (*id.* at 105:21–25) and carried the motion with respect to Dr. Jones (*id.* at 106:4–11).

- Apple moved *in limine* to exclude any evidence or argument regarding alleged infringement that is inconsistent with the proper claim constructions, including relitigating issues decided by the Court's *Markman* Order and any evidence or argument regarding alleged infringement of the '504 or '211 patents by FaceTime that is inconsistent with the Federal Circuit's construction of "secure communication link." (855 D.I. 308 at 4–5.) The Court granted Apple's motion. (1/19/16 Pretrial Conf. Tr. at 121:8–17.) The Court indicated, however, that VirnetX could ask whether FaceTime "provides anonymity." (*Id.* at 121:19-122:24).

- Apple moved *in limine* to exclude any evidence, argument, or testimony regarding the alleged use of any technology used in counter-terrorism efforts, including any alleged use of any patented or non-patented technology in Iraq, Afghanistan, Syria, the war on terror, or the raid on Osama bin Laden. (855 D.I. 308 at 5–6.) The Court denied

1

      Apple's motion. (1/19/16 Pretrial Conf. Tr. at 136:18–137:7; 1/22/16 Pretrial Conf. Tr. at 3:25–4:8.)

- Apple moved *in limine* to preclude VirnetX from presenting argument or evidence suggesting that Apple willfully infringes or infringed the patents-in-suit.[1] (855 D.I. 308 at 6–9.) The Court denied Apple's motion. (1/19/16 Pretrial Conf. Tr. at 146:25.)

- Apple moved *in limine* to preclude VirnetX from making any reference to its purported policy of licensing its patents at 1–5% royalty rates applied to end-products or to the percentage-based royalty rates applied to end-products in its settlement agreements. (855 D.I. 308 at 9–11.) The Court denied Apple's motion. (1/19/16 Pretrial Conf. Tr. at 160:10–18.)

- Apple moved *in limine* to preclude VirnetX from introducing evidence or argument concerning (1) Apple's total revenues and profits from sales of the accused products, (2) Apple's overall size, net worth, cash, stock value, or wealth generally, or (3) the financial ability of Apple to pay damages or royalties. (855 D.I. 308 at 11.) The Court granted Apple's motion. (1/19/16 Pretrial Conf. Tr. at 173:17–19.)

- Apple moved *in limine* to preclude any reference to any aspects of Apple's business that are not relevant to the -855 Action, including (1) the location, working conditions, and labor relations relating to Apple or its suppliers, manufacturers, or assemblers; (2) Apple's taxes and tax payments; (3) Apple's U.S. and international corporate structure, its affiliates and subsidiaries, and all case holdings; and (4) the compensation or stock holdings of any current or former Apple employees and executives. (855 D.I. 308 at 11–12.) The parties agreed on (4) and the Court did not rule on (1)–(3).

- Apple moved *in limine* to preclude any reference to the Court's Order, 211 D.I. 48, 53, in the ongoing royalty case that has since been dismissed by the Federal Circuit (Case No. 6:13-cv-211-LED). (855 D.I. 308 at 12–14.) The Court did not rule on Apple's motion.

- Apple moved *in limine to* preclude any reference to Apple's involvement (1) in any legal proceeding apart from the -855 Action, including any other legal proceeding filed by or against Apple (e.g., *Apple v. Samsung*); and (2) with patent licensing pools or patent aggregation services, including Apple's involvement with Rockstar and

---

[1] This motion *in limine* also included "any reference to the timing of when, or even if, Apple's fact witnesses read the patents-in-suit." Apple moved on the same topic before the September 2016 retrial in the -417 Action, and the court granted Apple's motion. *See infra* at 5. The Court's grant of Apple's motion to preclude "any reference to the timing of when, or if, Apple's fact witnesses read the patents-in-suit" carries to this trial.

      RPX.  (855 D.I. 308 at 14–15.)  The Court granted this motion and VirnetX's MIL D as agreed.  (1/22/2016 Pretrial Tr. 4:9-11; 855 Dkt. No. 388.)

**VirnetX's Motions *In Limine* from the Consolidated Actions**

- VirnetX moved *in limine* to prevent Apple from arguing that the accused products are covered by Apple's own patents or generally referencing its own patents.  (855 D.I. 306 at 1–2.)  The Court granted VirnetX's motion, but permitted Apple to reference its own patents at a high level in its opening statement and under the circumstances of the 855 trial[2] the Court permitted Mr. Bakewell to testify briefly about Apple's patents generally and about patents that relate to the accused features, including the patented technology, what it does, how it was developed, who was involved in it.  The Court further stated "Very, very brief. But I have ruled on this. You know, I don't -- I don't recollect what led to that. But, you know, that's where we are. And I'm going to affirm that ruling, but I don't – I want it to be very, very brief." (1/19/16 Pretrial Conf. Tr. at 115:18–117:20; 2/1/16 Trial Tr. at 215:11–22.)

- VirnetX moved *in limine* to preclude Apple from offering any argument, testimony, evidence, reference, or suggestion that VirnetX's infringement analysis is incomplete, inaccurate, or in any way deficient based on VirnetX's inability to access the source code, the number of times it was accessed, or the identity of the person reviewing the code.  (855 D.I. 306 at 2.)  The parties agreed that Apple would approach if VirnetX went too far into bolstering Dr. Jones' opinion about how much he has reviewed the code or how many times he has reviewed the code.  (1/19/16 Pretrial Conf. Tr. at 167:5–16.)

- VirnetX moved *in limine* to preclude Apple from offering any argument, testimony, evidence, reference, or suggestion regarding issues previously excluded by agreement of the parties and for which the circumstances have not changed.  (855 D.I. 306 at 5–6.)  The parties agreed to preclude any argument, testimony, evidence, reference, or suggestion regarding unaccepted offers to purchase the VirnetX patents (including any offers by Intellectual Ventures to purchase the patents) and any argument, evidence, testimony, or reference involving live, physical demonstrations of alleged prior art or devices used to show "what prior art looked like" (subparts 3 and 4).  (1/19/16 Pretrial Conf. Tr. at 123:8–17.)  The Court granted VirnetX's motion with respect to any argument, evidence, testimony, or reference regarding rejected claim construction positions (subpart 1).  (*Id.* at 126:14.)  The Court carried VirnetX's motion with respect to any argument, evidence, testimony, or reference that since the close of fact discovery, Apple altered the status quo in regards to the implementation of any non-infringing alternatives (subpart 2).  (*Id.* at 128:8–9.)  The motion as to Dr. Schulzrinne was mooted by VirnetX's claim election.

---

[2] Apple objects to the inclusion of the phrase "under the circumstances of the 855 trial."  The parties have included the Court's ruling on this motion *in limine* and nothing more is necessary to renew this motion.

- VirnetX moved *in limine* to preclude Apple from offering any evidence, testimony, argument, or reference to any pending and/or requested USPTO post-grant proceeding regarding the patents-in-suit or Federal Circuit proceeding result from the same, including IPRs, reexaminations, or opinions based on the same. (855 D.I. 306 at 6–9.) The Court granted VirnetX's motion. (1/19/16 Pretrial Conf. Tr. at 143:4) Apple made a verbal offer of proof (1/29/16 Trial Tr. 207:1–208:1) and a written offer of proof. (2/1/16 Trial Tr. 12:13–13:10; 855 D.I. 418.)[3]

- VirnetX moved *in limine* to preclude Apple from using, for any purpose, any prior art references not among Apple's final elected references. (855 D.I. 306 at 9–10.) VirnetX's motion was mooted by VirnetX's claim election.

- VirnetX moved *in limine* to preclude any reference to, or any argument, evidence, or testimony concerning arguments, testimony, or evidence of facts which Apple blocked on claims of privilege, including: (a) any evidence regarding Apple's motivations for entering into a specific patent license, whether Apple practices patents that are the subject of licenses, whether those licensed patents cover or are related to the accused products and software, and whether those patents are valid; (b) any opinion or testimony regarding infringement or validity from an Apple fact witness; and (c) any evidence or testimony suggesting or implying that Lee Van Pelt gives anything other than favorable opinions to the companies that hire him. (855 D.I. 306 at 10–12.) The Court preliminarily denied VirnetX's motion with respect to subpart (a), but indicated that it would "hear objections during trial" on this subpart.

---

[3] Apple objects to the grant of this motion *in limine* and its renewal in the -855 Action. On September 9, 2016, the United States Patent and Trademark Office held that every asserted claim in this case is invalid. -417 D.I. 970. The appeals of the *inter partes* reexaminations of the '504 and '211 patents were fully briefed on October 10, 2017, and oral argument is expected within the next few months. The appeals of the *inter partes* reviews of the '135 and '151 patents are expected to be fully briefed in July 2018. The fact that the patents are now invalid is relevant to the issues to be tried as invalid claims cannot be infringed nor can damages be awarded on invalid claims. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929, 191 L. Ed. 2d 883 (2015) ("Invalidity is an affirmative defense that can preclude enforcement of a patent against otherwise infringing conduct. … *[I]nvalidity* is not a defense to infringement, it *is a defense to liability*."); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). The invalidity of the asserted claims is particularly relevant to damages. The Federal Circuit "has consistently held that a reasonable royalty analysis requires a court to ... carefully tie proof of damages to the claimed invention's footprint in the market place." *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014) (citation omitted). But there is no longer a "claimed invention" because the United States Patent and Trademark Office concluded that the claims are "unpatentable" over the prior art, i.e., there are no differences between the claims and the prior art. This lack of differences is critical to the damages analysis and the parties should be permitted to elicit testimony on this topic. Moreover, the jury is not going to be asked to determine invalidity so there is no risk that the jury would be confused or defer to the United States Patent and Trademark Office's determination on this issue.

4

    (1/19/16 Pretrial Conf. Tr. at 151:14–20.) The Court did not rule on subparts (b) and (c).

- VirnetX moved *in limine* to preclude Apple from offering any evidence, testimony, or reference to the opinions of Mr. Lee Van Pelt. (855 D.I. 306 12–15.) The Court denied VirnetX's motion. (1/19/16 Pretrial Conf. Tr. at 166:3–7.)

- VirnetX moved *in limine* to preclude any argument, testimony, evidence, reference, or suggestion that Apple does not infringe because it practices the prior art. (855 D.I. 387 at 1.) The Court granted VirnetX's motion. (1/22/16 Pretrial Conf. Tr. at 45:1–5.)

**Apple's Motions *In Limine* from the -417 Action**

- Apple moved *in limine* to preclude any reference to the prior trials or related proceedings. (417 D.I. 949 at 1-3.) The Court granted-in-part and denied-in-part Apple's motion, subject to the parties' agreement. "Specifically, pursuant to an agreement between the parties, the Court grants the motion with respect to statements, inferences or suggestions regarding (1) the verdicts in the original Cause No. 6:10-cv-417 trial (i.e., the jury verdict in November of 2012) and the consolidated trial; (2) the order at Cause No. 6:13-cv-211, Docket No. 48; and (3) the Federal Circuit appeal." (417 D.I. 978 at 3). The Court also granted Apple's motion with respect to the length of time that damages have been owed. (*Id.* at 4) The Court denied Apple's motion with respect to the existence of the 855 Action. (*Id.*) The parties also reached an agreement with respect to prior trial testimony. (417 D.I. 990 ¶ 30).

- Apple moved *in limine* to preclude any reference to design changes for FaceTime or VOD post-dating the 2012 verdict. (417 D.I. 949 at 3-6.) The Court denied this motion. (417 D.I. 978 at 4.)

- Apple moved *in limine* to preclude reference to the timing of when, or if, Apple witnesses read VirnetX's patents. (417 D.I. 949 at 7-8.) The Court granted Apple's motion. (417 D.I. 999 at 1-2.)

- Apple moved *in limine* to preclude any expert testimony by fact witnesses. (417 D.I. 949 at 8-10.) The Court denied Apple's motion "with respect to Dr. Short's testimony based upon his personal knowledge" and granted Apple's motion "in all other respects." (417 D.I. 978 at 6.)

- Apple moved *in limine* to preclude references to irrelevant and prejudicial information obtained in separate litigation. (417 D.I. 949 at 10-12.) The parties agreed as to this motion. (417 D.I. 1008 at 7:12-21; 417 D.I. 990 at ¶ 30.)

**VirnetX's Motions *In Limine* from the -417 Action**

- VirnetX moved *in limine* to preclude Apple from introducing any argument, testimony, evidence, reference to, implication, or suggestion that (1) Apple agreed to infringement, does not contest or dispute infringement, respects the prior

5

determination of infringement, or any argument, testimony, evidence, reference to, implication, or suggestion that Apple did anything but vigorously object on numerous grounds to that determination; (2) any reasons behind Apple's actual or proposed changes to the accused products; or (3) the iOS7 re-designs provide alternatives that avoid infringement that the accused products are covered by Apple's own patents or generally referencing its own patents. (417 D.I. 947 at 1-3.) With respect to part (1), "the Court agrees with VirnetX that Apple should not characterize the stipulated infringement of VPN on Demand as something it agreed to or did not contest" and therefore "granted th[at] part of the motion." (417 D.I. 978 at 5). With respect to part (2), the Court denied VirnetX's motion, explaining that Apple could "provide reasons for its actual or proposed changes to the accused products" but that the "Court expects that no testimony will address [the prior verdict] as the reason for Apple's actual or proposed redesigns of the accused products." (*Id.*). With respect to part (3), the Court denied VirnetX's motion because "it reflects a previous agreement or representation by VirnetX, Apple may characterize the iOS7 redesigns as an alternative that avoided infringement." (*Id.*)

- VirnetX moved *in limine* to preclude Apple from introducing any argument, testimony, reference to, implication, or suggestion that any Apple employees reviewed the VirnetX patents after the time of the original -417 verdict. (417 D.I. 947 at 3-5.) The Court granted this motion. (417 D.I. 999 at 1-2.)

- VirnetX moved *in limine* to preclude Apple from introducing any argument, testimony, evidence, reference to, or suggestion about Dr. Jay's expert report. (417 D.I. 947 at 5-6.) The Court denied this motion. (417 D.I. 978 at 6.)

**Parties' Agreed Motions *In Limine* from the -417 and Consolidated Actions**

In addition to the parties' motions *in limine* listed above, the parties also agreed on several motions *in limine*, all of which the parties hereby incorporate by reference in their entirety and hereby renew. (*See* 855 D.I. 304, 382, 388, 392). The parties also hereby incorporate by reference and renew paragraph 30 of 417 D.I. 990. For the avoidance of doubt, paragraph 31 of 417 D.I. 990 is not incorporated herein or renewed in the 855 Action.

Dated: March 5, 2018

*/s/ Jason D. Cassady*
Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@caldwellcc.com

Respectfully submitted,

*/s/ Joseph A. Loy*
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy

John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Warren J. McCarty, III E-mail: wmccarty@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Rd., Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Telecopier: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
Email: charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

joseph.loy@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Michael E. Jones, *Lead Attorney*
Texas Bar No. 10969400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 5, 2018.

> */s/ Jason D. Cassady*
> Jason D. Cassady