IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., LEIDOS, INC., | § § | |
| Plaintiffs, | § § § | CIVIL ACTION NO. 6:12-CV-00855-RWS |
| v. | § § | |
| APPLE INC., | § § § | |
| Defendant. | § § § | |

## ORDER

Before the Court is Plaintiff VirnetX Inc.'s ("VirnetX") Motion for Summary Judgment of Infringement by FaceTime based on Preclusive Effect of Prior Judgment ("Infringement Motion," Docket No. 541) and Motion for Partial Summary Judgment of a $1.20 Per Unit in Damages if Infringement is Found ("Damages Motion," Docket No. 542). Defendant Apple Inc. ("Apple") opposes both motions, and the Court heard argument on both motions on February 9, 2018. Docket Nos. 579, 582. For the reasons detailed below, VirnetX's motions are **DENIED**.

## LEGAL STANDARD

The Court renders summary judgment only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue for trial exists, a court views all

inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit in a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A party is estopped from relitigating an issue when "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1422 (5th Cir. 1995); *see also Arkla, Inc. v. United States*, 37 F.3d 621, 624 (Fed. Cir. 1994). The judgment must be final to preclude relitigation of an issue. *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 323 (5th Cir. 2005).

**VirnetX's Infringement Motion (Docket No. 541)**

The jury found and the Court entered judgment that the first version of FaceTime infringed the asserted claims of VirnetX's patents in Case No. 6:10-cv-417 (the "417 action"). According to VirnetX, because the redesign of FaceTime at issue in this case only included minor changes that it asserts are legally irrelevant, the Court should grant summary judgment of infringement by the redesigned FaceTime. Docket No. 541 at 1.

VirnetX argues that the question of infringement is identical between the first and redesigned versions of FaceTime. *Id.* at 5. VirnetX claims that the "third version" of FaceTime, the redesign at issue in this case, provides support for establishing encrypted direct communication links through NAT routers, meeting the "secure communication link" limitations. *Id.* Likewise, VirnetX claims that the third version stores a "plurality of domain

names and corresponding network addresses" and "receives a query for a network address." *Id.* According to VirnetX, the only difference between the first version of FaceTime and the version at issue in this case "relates to the information contained within the 'accept' message in setting up the FaceTime call." *Id*. at 6. VirnetX acknowledges that the "accept" message was changed in the third version of FaceTime and argues that the change is irrelevant to the claims based on the Court's claim construction. *Id.*

Particularly, VirnetX points to the Court's claim-construction ruling in the 417 action, which required VirnetX to prove that the FaceTime system included "an indication that the [DNSS] supports establishing a secure communication link." *Id.* VirnetX argues that the jury in the 417 action found that VirnetX had satisfied this proof. *Id.* According to VirnetX, the Court's construction excluded conventional DNS records, including IP address and key certificates, from meeting the "indication" limitation. *Id.* (citing Docket No. 180 at 10–11). VirnetX argues that because the Court excluded the IP address from its construction of "indication," the jury must have relied on an aspect of the accept message other than the IP address—namely the certificate name, NAT information, etc.—to find infringement. *Id.* at 6–7. This information, VirnetX argues, is the same between the first and third versions of FaceTime. *Id.* VirnetX also asserts that the key certificate that was added to the third version of FaceTime does not affect the infringement analysis because the claims are in the open-ended comprising format and because the key certificate is a conventional DNS record that is excluded from the Court's claim construction for "indication." *Id*.

To support its argument, VirnetX relies primarily on *Arlington Industries Inc v. Bridgeport Fittings Inc.*, No. 3:06-cv-1105, 2014 WL 1653128 (M.D. Pa. Apr. 24, 2014), where

the court granted summary judgment of infringement based on an previously-litigated product. *Id*.

VirnetX also addresses the opinion of Apple's infringement expert, Dr. Blaze, arguing that his three noninfringement arguments were either rejected by the jury in the 417 action or are based on aspects of the redesign that are irrelevant to the infringement analysis. *Id*.

In response, Apple argues that issue preclusion is inapplicable here, as the redesigned product differs in design and operation from the product at issue in the 417 action. Docket No. 554 at 7. Particularly, Apple notes that the accept message from the FaceTime servers to the caller device was changed between the first version of FaceTime and the redesigned FaceTime. *Id.* at 8. Apple suggests this change to FaceTime was so significant that the servers can no longer meet the "indication" requirement of the claims. *Id*.

According to Apple, in the 417 action, "VirnetX contended that the accept message constituted the claimed 'indication,' because the FaceTime servers' transmission of the message allegedly indicated the servers' support of the establishment of a secure communication link." *Id.* at 9. In the redesign at issue here, Apple contends, the FaceTime server removes the IP address from the accept message sent to the caller, and the server cannot indicate to the caller that it supports the establishment of a secure communication link. *Id.* Instead, Apple suggests, the server "affirmatively negates support for a secure communication link by depriving the caller of the key information necessary to establish a 'direct' connection with the callee." *Id.* Apple contends that this change in operation of FaceTime is "fundamental" and is sufficient for a jury to determine that the redesigned version does not infringe the claims. *Id.* Apple contends that the adjudicated FaceTime used functionality of the FaceTime servers to provide the calling device with information needed to start a peer-to-peer connection and the redesigned version can

only start a peer-to-peer connection by using functionality added to the FaceTime clients. *Id.* at 10. Accordingly, Apple argues that the doctrine of issue preclusion is inapplicable here. *Id*. at 12 (citing *Del Mar Avionics*, 836 F.2d at 1324; *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1055 (Fed. Cir. 2014); *Yingbin-Nature (Guangdong) Wood Industry Co. v. International Trade Commission*, 535 F.3d 1322, 1333 (Fed. Cir. 2008).

As the Court noted in its Order on VirnetX's previously-filed preclusion summary-judgment motions, the accused devices in this case are not essentially the same as the devices at issue in the 417 case. Docket No. 181 at 5. Apple has raised a question of material fact as to whether the redesigned version of FaceTime infringes the claims of the asserted patents. The parties' arguments stem from a fundamental factual dispute with respect to the design and operation of the redesigned product, which the Court declines to resolve at summary judgment. Whether, after the changes to the accept message, the FaceTime servers fall within the scope of the court's claim construction is a question of fact for the jury to resolve at trial. Because the issue under consideration here is not identical to the issue litigated in the 417 action, issue preclusion does not apply. *See Copeland*, 47 F.3d 1415. Accordingly, VirnetX's Infringement Motion is **DENIED**.

### VirnetX's Damages Motion (Docket No. 542)

In its Damages Motion, VirnetX argues that, if the Court enters judgment as to any of the accused features, the Court should enter judgment that VirnetX is entitled to $1.20 per infringing unit. VirnetX argues that this is appropriate because the expert opinions in this case are identical to those in the 417 action, the opinions are based on the same underlying set of facts, and the damages opinions involve the same hypothetical negotiation at issue in the 417 action. Docket No. 542 at 1. According to VirnetX, the infringement at issue in this case would be

uninterrupted from the date of the hypothetical negotiation as evaluated by the jury in the 417 case and no circumstances exist to change the damages analysis. *Id.* at 5.

VirnetX's argument relies heavily on *Applied Medical Resources Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356 (Fed. Cir. 2006) in which, according to VirnetX, the Federal Circuit held that a patentee was not precluded from increasing the royalty rate adjudicated at the first trial in the follow-on redesign case. *Id*. VirnetX claims that, as the Federal Circuit recognized in *Applied Medical*, this is one instance in which "two products, even if not identical, may present the same damages analysis." *Id.* (quoting *Applied Medical*, 435 F.3d at 1363).

Even if the general damages question differs between the two cases, VirnetX suggests that there are subsidiary issues that were adjudicated in the 417 action that counsel toward summary judgment, including details related to the hypothetical negotiation and whether the parties would have agreed to a lump sum or running royalty. *Id.* at 6–7.

In response, Apple states that, since this action involves different features that were not part of the 417 action, the damages determinations between the two cases is not identical. Docket No. 555 at 1. Particularly, Apple points out that iMessage was not addressed in the 417 action and the versions of FaceTime and VPN On Demand have been redesigned. *Id*. Like VirnetX, Apple relies on *Applied Medical* and notes that the determination between the 417 case and the instant one are not identical, so collateral estoppel should not apply. *Id.* (citing *Applied Medical*, 435 F.3d at 1361).

Apple argues that Mr. Bakewell's expert report is clear that the hypothetical negotiation for this case "is a function of the date of first infringement" and would be October 2011, the iMessage launch date. *Id.* at 4. Any opinion of Mr. Bakewell that states a first infringement in June 2009, Apple suggests, was offered in the context of the consolidated case and is no longer

applicable. *Id.* at 4–5. Apple also contends that Mr. Bakewell's opinions were not independent of the number of features found to infringe and counters VirnetX's contention that Apple's infringement has been continuous. *Id.* at 5.

The Court cannot determine, as VirnetX argues, that infringement in this case has been continuous as a matter of law and therefore cannot conclude that the damages issues in this case were decided in the 417 action. Consistent with the Federal Circuit's opinion in *Applied Medical*, here the damages for this action "could not have been and [were] not considered, much less decided, in [the 417 action] because [those] product[s] had not yet been determined to infringe." *Applied Medical*, 435 F.3d at 1362. The parties dispute the underlying damages facts, including the date of the hypothetical negotiation and the products at issue, which were sold at a different time than the products in the 417 action. "Because the determination of reasonable royalty damages is tied to the infringement being redressed, a separate infringement beginning at a different time requires a separate evaluation of reasonable royalty damages." *Id.* Because the infringing products are different between the 417 and 855 actions, the damages question between the two cases is not identical, and issue preclusion does not apply. *See Copeland*, 47 F.3d 1415. Accordingly, VirnetX's Damages Motion is **DENIED**.

**So ORDERED and SIGNED this 9th day of March, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE