**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| VIRNETX INC.,  LEIDOS, INC., | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO.  6:12-CV-00855-RWS |
| | § | |
| | § | |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER ON TRIAL PROCEDURES**

Jury selection and trial in this matter is scheduled to begin **at 9 a.m. on April 2, 2018** in Tyler, Texas, before the undersigned. To ensure that trial will be administered in a fair and just manner, the Court enters the following Order:

1.  The parties have filed proposed final jury instructions. In light of the Court's pretrial orders and rulings during the pretrial conference, the parties are **ORDERED** to meet and confer and attempt to resolve any outstanding disputes regarding jury instructions. No later than noon on **March 28, 2018**, a copy of the proposed instructions and verdict forms should be sent to the Court in word processing form (Word is preferred, but WordPerfect is permissible) to Aisha_Haley@txed.uscourts.gov.

2.  Exhibit lists should be finalized and filed electronically via ECF no later than **5 p.m. on March 30, 2018.**  An exhibit on a party's pre-admitted exhibit list does not become part of the trial record unless it is used at trial and the corresponding exhibit number is read into the record. The parties will be given an opportunity to read exhibit numbers into the record before or at the conclusion of each trial day.

3.    The jury will consist of **eight (8) persons**. All members of the jury venire called for the trial will be subject to voir dire. Counsel will then conduct the voir dire with **thirty (30) minutes** per side.

4.    After voir dire, any party having any challenge for cause shall raise its cause challenges with the Court at a bench conference.  After resolving the parties' cause challenges and any hardship issues with the panel, the Court will take a 15-minute recess for the parties to exercise their peremptory challenges. The parties will be allowed to exercise up to **three (3) peremptory challenges** per side. The challenges will be exercised simultaneously by the parties, i.e., by the "blind strike" system. Jury selection is expected to take approximately two hours. Following jury selection, the Court will give preliminary instructions to the jury.

5.    The parties have the option of providing jury notebooks. If provided, the jurors will have the notebooks with them during trial. An example juror notebook might contain (1) the patents-in-suit; (2) witness pages for each witness who will testify at trial, with a head and shoulders photo of the witness at the top of each page, name underneath, and ruled lines below for the jurors to take notes. Witness pages should not distinguish between Plaintiffs' and Defendant's witnesses, or otherwise identify the witnesses beyond proper names; (3) a three-hole-punched and lined notepad; and (4) a pen. The parties may include other potentially helpful materials, within reasonable bounds of volume, upon which the parties can agree. The parties are **ORDERED** to send one copy of the agreed juror notebook to Judge Schroeder's chambers in Texarkana, Texas by **5 p.m. on Thursday, March 29, 2018**.  The Court will let the parties know if modifications need to be made to the notebooks before the parties provide **ten (10) copies** of the notebooks to Judge Schroeder's chambers in Tyler, Texas on **Monday, April 2, 2018**.

6.   Counsel will be permitted a maximum of **thirty (30) minutes** per side for opening statements.

7.   Counsel will be permitted a maximum of **15 hours per side** for direct and cross examination in the liability phase of trial and **five (5) hours per side** in the willfulness phase of trial.

8.   Each witness will be questioned on direct examination by only one attorney, and only one attorney will be responsible for cross-examination of that witness. Only the attorneys who are responsible for examining and cross-examining a witness will participate in making and responding to objections regarding that witness's testimony.  In addition to these attorneys, one additional attorney per side may be present at any bench conference.

9.   Proceedings will begin promptly at 9 a.m. and continue until approximately 5 p.m. each day.

10. The Court will be available for at least one half-hour before the beginning of trial each day to deal with evidentiary questions or other procedural matters. The Court will also be available at the end of the trial day to address any matters that need resolution at that time. If counsel are aware in advance of any such matter that needs to be addressed either before or after the court session, counsel should advise the law clerk and give notice to counsel for all parties.

11. Any written dispute a party expects to raise with the Court before a trial day, including but not limited to disputes regarding exhibits and demonstratives, **SHALL** be submitted to the Court by **11 p.m.** the preceding evening.  Any response shall be submitted by **7 a.m.** the following morning.  Submissions shall be made via filings on ECF or via email to the law clerk. The parties are required to meet and confer *in person* before submitting a dispute to the Court.

12. Prior to closing arguments, the Court will conduct a charge conference and review the parties' objections and proposals regarding jury instructions. Objections to the Court's jury charge must be made during that conference with a statement of the reasons for each objection. If a party objects to an aspect of the charge, a party must propose alternative charge language that would cure the objectionable aspect of the instruction.

13. Closing arguments will be limited to **forty-five (45) minutes** per side. Counsel for the plaintiff may reserve one-third portion of the plaintiffs' time for rebuttal argument.

14. A written copy of the charge will be given to the jury during deliberations. During deliberations, counsel will be expected to remain near the courthouse and be accessible by phone unless released by the Court. Counsel are instructed to provide Judge Schroeder's courtroom deputy with a cell phone number at which they can be reached.

15. In the event of settlement, counsel for the parties shall promptly notify the Court.

**SIGNED this 21st day of March, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE