# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC., and** | § | |
| **LEIDOS, INC.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-cv-00855-RWS |
| | § | |
| **APPLE INC.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S RESPONSE TO APPLE'S NOTICE OF PROPOSED INADMISSIBILITY OF PRIOR ADJUDICATIONS

VirnetX does not understand the purpose of Apple's submission, and the Court should disregard it. VirnetX understood the Court's request at the March 20, 2018 Pretrial Hearing to be that the Court wanted specific examples of evidentiary matters in the upcoming trial that will require or open the door to reference to the prior determinations. VirnetX filed its submission, after conferring with Apple to better understand Apple's intended positions at trial, to respond to the Court's request and explain in more detail why, specifically, the prior determinations are relevant to the upcoming trial.

Apple's filing, by contrast, does nothing to address whether the prior determinations are relevant to evidentiary issues that will arise at trial. Instead, Apple simply reiterates its motion *in limine* in piecemeal form, and even seeks to expand it by asking for exclusion of matters that were not part of any motion *in limine* Apple filed. The Court should thus disregard this filing, which does not respond to the Court's request and improperly seeks to expand Apple motions *in limine*.

At any rate, VirnetX generally opposes the first several bullets of Apple's list (those discussing prior determinations and prior verdicts) for the reasons stated in its Motion *in Limine* briefing and in its recent Notice (Dkt. 652).[1]

And as to Apple's brand new request to exclude all reference to legal proceedings and the parties' positions in those proceedings (which does not even have anything to do with prior determinations in the first place, which is what the Court asked the parties to confer about), this argument is both waived and significantly overbroad. For example, VirnetX has agreed to

---

[1] VirnetX notes that some of those suggestions seem even broader than Apple's original motion *in limine*, and seek to preclude even evidence of VirnetX's *contentions* that other versions infringe (which the Court has already held not to be prejudicial). To the extent these suggestions are in fact broader, they are waived—all the more reason for the Court not to consider them.

exclude *in limine* reference to the parties' claim construction positions; but *factual* positions that parties have taken may constitute either judicial or evidentiary admissions relevant to this trial.[2] The Court should reject these new requests for additional, flawed motions *in limine*.

---

[2] *See Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001) (internal citations and quotations omitted) (affirming district court's finding that counsel's statements were judicial admissions); *Anderson v. J.P. Morgan Chase*, No. CIV.A. H-13-1448, 2013 WL 6524630, at *4 (S.D. Tex. Dec. 11, 2013) ("Counsel's statement on the record [during a hearing] constitutes a judicial admission . . . ."); *Stallard v. United States*, 12 F.3d 489, 495–96 (5th Cir. 1994) (government was bound by judicial admissions it made in memorandum supporting its request for summary judgment and opposing taxpayer's motion); *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("Normally, factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them."); *see also Jolly v. MPTC Holdings, Inc.*, No. CIV.A.3:08-CV-1374-M, 2009 WL 4279379, at *7 (N.D. Tex. Dec. 1, 2009) (finding statements made by counsel "are not hearsay under Federal Rule of Evidence 801(d)(2)(D)") (citing *Fester v. Farmer Bros. Co.*, 49 F. App'x 785, 797 (10th Cir. 2002); *In re Bay Area Material Handling*, 1996 U.S. App. LEXIS 2272, at *7 (9th Cir. 1996); *United States v. Sanders*, 979 F.2d 87, 92 (7th Cir. 1992); *Hanson v. Waller*, 888 F.2d 806, 814 (11th Cir. 1989); *Williams v. Union Carbide Corp.*, 790 F.2d 552, 555–56 (6th Cir. 1986); *United States v. Martin*, 773 F.2d 579, 583 (4th Cir. 1985); *United States v. McKeon*, 738 F.2d 26, 30 (2d Cir. 1984)).

DATED: March 23, 2018                    Respectfully submitted,

**CALDWELL CASSADY & CURRY**

Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email: cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatylor.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward, Jr.

        Texas State Bar No. 00794818
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        **WARD, SMITH, & HILL PLLC**
        1507 Bill Owens Parkway
        Longview, Texas 75604
        (903) 757-6400
        (903) 757-2323 (fax)
        jw@wsfirm.com
        claire@wsfirm.com

        **ATTORNEYS FOR PLAINTIFF**
        **VIRNETX INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 23rd day March, 2018. Local Rule CV-5(a)(3)(A).

        */s/ Bradley W. Caldwell*
        Bradley W. Caldwell