**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC. AND** | § | |
| **LEIDOS, INC.,** | § | **Civil Action No. 6:12-cv-855-RWS** |
| | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **APPLE INC.** | § | |

**APPLE'S RESPONSE TO PLAINTIFF'S NOTICE**
**REGARDING PRIOR DETERMINATION**

Apple respectfully responds and objects to VirnetX's Notice Regarding Prior Determination.  (D.I. 652.)  At the March 20, 2018 Pretrial Conference, the Court directed the parties to meet and confer regarding the issue of prior adjudications in the -855 and -417 actions, and, to the extent disputes remained, to file "a list of those areas where you think it's … vitally necessary[] for that testimony to come in."  3/20/2018 Hr'g Tr. at 177:14–17; *see also id.* at 101:9–12, 102:5–7.  Apple believes that the disputed issues in this -855 action can (and should) be presented at trial without reference to any prior adjudications or appeals, prior procedural history, or prior versions of accused features not at issue in this action.  Apple's notice therefore identified for the Court, in list format, the specific topics relating to the issue of prior adjudications that Apple believes remain in dispute following the parties' discussions and which should be excluded from this trial to avoid unfair prejudice and confusion.  (D.I. 651.)

Apple did not understand the Court's request as having granted the parties leave to file supplemental briefing on those motions *in limine* that were carried to the March 26, 2018 Final Pretrial Conference.  For this reason, Apple respectfully objects to VirnetX's Notice Regarding Prior Determination, which included more than five, mostly single-spaced pages of supplemental briefing without leave of court.  To the extent the Court is inclined to consider VirnetX's additional arguments, Apple requests leave to respond to VirnetX's belated positions at the Final Pretrial Conference on Monday.

Regarding the substance of VirnetX's Notice, each of the disputed issues VirnetX identifies can be resolved at trial without reference to previous adjudication of the prior versions of accused features:

- VirnetX does not need to reference adjudication of prior versions of VPN on Demand to show that customers allegedly configure iOS 7–8 VPN on Demand in a certain way.  The fact of any prior adjudication is irrelevant to the use of a feature by customers.

- VirnetX does not need to reference adjudication of prior versions of VPN on Demand or FaceTime to show that Apple allegedly does not have acceptable non-infringing alternatives to iOS 7–8 VPN on Demand and iOS 7–8 FaceTime.  Apple is not asserting non-infringing alternatives in this case.

- VirnetX's argument that it "must rely on the fact that the original version of FaceTime infringes to prove direct infringement" is an improper attempt to avoid the burden of proving infringement of the version of FaceTime accused in *this* action. *See generally Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991) ("The patentee bears the burden of proving infringement," which requires that "every limitation set forth in a patent claim" be established).  Additionally, VirnetX's argument is an improper attempt to relitigate its previously denied motion for summary judgment of infringement. *See* D.I. 624.  Moreover, the disputed issues at this trial are limited to the specific non-infringement arguments disclosed in the parties' expert reports concerning the redesigned features.

- VirnetX does not need to reference adjudication of prior versions of FaceTime to show that Apple allegedly did not design around the '504 and '211 patents, and in particular, with respect to the "indication" limitation of the asserted claims. VirnetX's infringement claim requires a comparison of iOS 7–8 FaceTime with the asserted claims of the '504 and '211 patents, including the "indication" limitation of those claims.  The determination of whether Apple's design-around was successful or not is equivalent to the determination of whether the design-around infringes the asserted claims.

- VirnetX does not need to reference prior adjudications to explain the timing of the FaceTime, VPN on Demand, and iMessage features accused of infringement. VirnetX's approach would result in confusion and undue prejudice of the type that required unconsolidation and new trials for the -417 and -855 actions.  Moreover, VirnetX's claim that reference to previous adjudications for prior versions of FaceTime and VPN on Demand is needed to "explain the timing" of its infringement allegations for iMessage has no merit.  VirnetX's concerns would be adequately addressed by instruction to the jury that this case involves certain accused features that were provided with certain products sold during a specified timeframe.

- The parties do not dispute that VirnetX's license agreements were the result of litigation, and that this fact is relevant under the law of damages.  But the adjudication of VirnetX's prior litigation against Apple has no bearing on the import of VirnetX's third-party license agreements to the issue of damages in this case. Moreover, to the extent VirnetX were allowed to introduce the results of prior trials against Apple (which the Court should not permit, as discussed here and in Apple's motion *in limine* briefing), it would be necessary for the jury to consider the totality of the facts surrounding VirnetX's litigation campaign, including its losses. *See* -417 Action, D.I. 792 (Final Judgment in favor of Cisco).

At bottom, VirnetX has not demonstrated that the previous adjudications of prior versions of the accused features are relevant to any issue in *this* action.  Indeed, any probative value of their introduction at trial (if any) would be far outweighed by the risk of unfair prejudice and juror confusion.

Dated: March 25, 2018                                  Respectfully submitted,


By:     /s/ Joseph A. Loy
                        Gregory S. Arovas
                        greg.arovas@kirkland.com
                        Robert A. Appleby
                        robert.appleby@kirkland.com
                        Jeanne M. Heffernan
                        jeanne.heffernan@kirkland.com
                        Joseph A. Loy
                        joseph.loy@kirkland.com
                        Leslie M. Schmidt
                        leslie.schmidt@kirkland.com
                        David N. Draper
                        david.draper@kirkland.com
                        KIRKLAND & ELLIS LLP
                        601 Lexington Avenue
                        New York, New York 10022
                        Telephone: (212) 446-4800
                        Facsimile: (212) 446-4900

                        Akshay S. Deoras
                        akshay.deoras@kirkland.com
                        KIRKLAND & ELLIS LLP
                        555 California Street
                        San Francisco, CA 94104
                        Telephone: (415) 439-1400
                        Facsimile: (415) 439-1500

Michael E. Jones
Texas Bar No. 10969400
mikejones@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Attorneys for Apple Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 25th day of March 2018.

*/s/ Joseph A. Loy*