# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC. AND LEIDOS, INC., | § § § | Civil Action No. 6:12-cv-855-RWS |
| Plaintiffs, | § § | |
| v. | § § | |
| APPLE INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## APPLE'S TRIAL BRIEF REGARDING THE VERDICT FORM

On April 9, 2018, the Court provided the parties with proposed final instructions and a proposed verdict form. Apple objects to the verdict form Question 3, which states that if infringement is found, the jury should award damages on a "per device" basis. Ex. 1 (Proposed Verdict form at 2). The jury should instead be asked, consistent with past trials, "What reasonable royalty did VirnetX prove by a preponderance of the evidence would be adequate to compensate it for Apple's infringement?" Ex. 2 (3/30/2018 Apple's Proposed Verdict Form at 2).

*First*, in the prior trials, the jury was instructed to award a dollar amount, not a per-unit royalty. D.I. 425 at 1, 4; D.I. 1025 at 2. There is no reason to deviate from that here. Indeed, in the consolidated and -417 action retrials, Apple did not present a per-feature royalty. Apple, however, has presented such a royalty model here, which as explained below, further confirms that the jury should not be asked to award a per-device royalty, contrary to the previous trials.

*Second*, Question 3 improperly states that the jury can only award damages on a per-device basis. Apple's expert Mr. Bakewell, however, testified that a per-feature royalty should be awarded if FaceTime alone infringes. Similarly, Mr. Bakewell testified that if only the VPN On Demand feature is found to infringe, then the royalty for that feature should be less than $0.06. 4/9/2018 PM Trial Tr. 263:22-264:1. While these ultimately result in per-device royalties, they do not result in the same per-device royalty for all devices if both features infringe. The jury could still reasonably rely on Mr. Bakewell's testimony to award a different royalty amount for Mac devices (in which only FaceTime is accused) than for iOS devices (in which both FaceTime and VPN On Demand are accused). Informing the jury that it can only award a single per-device royalty for all accused devices would confuse the jury and improperly

suggest that the jury could not award damages based on Apple's damages models (which were proferred with no objection from VirnetX). 4/9/2018 PM Trial Tr. 262:12-264:13.

*Third*, the jury should not be shielded from the magnitude of the amount of damages VirnetX seeks through an inaccurate per-device "rate." VirnetX could have presented only its per-unit rate to the jury, but it did not. Instead, VirnetX told the jury in *voir dire*, in opening, and during witness testimony that it wants the jury to award over **half a billion dollars**. 4/2/2018 AM Tr. 73:9-14; 4/2/2018 PM Tr. 194:11-14; 4/4/2018 PM Tr. 21:19-21; 4/5/2018 AM Tr. 91:9-18. The jury should write the full royalty it awards on the verdict form.

*Fourth*, the jury's ability to determine a reasonable royalty (should it find infringement) should not be reduced to an inaccurate per-device rate. The jury is "not required to accept any particular witness's testimony, and the Fifth Circuit has made clear that the jury is entitled to disbelieve a party's expert if it chooses." *Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc.*, 554 F.3d 1010, 1024 (Fed. Cir. 2009). There is no reason to remove the jury's discretion to do so here.

*Finally*, and separately, the Court should at a minimum remove the word "dollar" and the "$" symbol from the form, as they improperly suggest to the jury that a per-device royalty must be at least one dollar, which is unfairly prejudicial to Apple's damages theory.

For all of these reasons, Apple's proposed verdict form should be adopted.

Dated: April 9, 2018

Respectfully submitted,

By: /s/ Jeannie M. Heffernan
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
Leslie M. Schmidt
leslie.schmidt@kirkland.com
David N. Draper
david.draper@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile: (212) 446-4900

Akshay S. Deoras
akshay.deoras@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael E. Jones, *Lead Attorney*
Texas Bar No. 10969400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 9, 2018.

/s/  *Jeannie M. Heffernan*