IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC., and** | § | |
| **LEIDOS, INC.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-cv-00855-RWS |
| | § | |
| **APPLE INC.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |
| | § | |

**VIRNETX'S RESPONSE TO APPLE'S TRIAL BRIEF
REGARDING THE VERDICT FORM**

The Court's proposed verdict form is appropriate based on the evidence of the case. Although Apple contorts the record to claim prejudice from a per device unit form, the only question before the jury is the appropriate per device royalty to award based on the evidence. Mr. Bakewell testified that the reasonable royalty should be 6 cents per device. While Mr. Bakewell testified about one particular "per feature" royalty, a "per feature" royalty is not inconsistent with the Court's form. As a matter of logic, if only one feature infringes, the "per feature" royalty is inherently equivalent to a per device royalty. And while Apple implies some issue about a jury's theoretical ability to apply a different royalty rate for FaceTime-only devices, Mr. Bakewell *specifically declined* to present this model. The only model Mr. Bakewell presented for devices in which both features infringe was a per device unit applied to *all* devices, Macs included. 4/10/18 TT at 262:20-263:2. So, contrary to Apple's attempt to contort the record, the Court's proposed verdict form is appropriate in light of the evidence and the models presented at trial. And thus, the verdict form does not "improperly suggest that the jury could not award damages based on Apple's damages models," Br. at 3, because Apple did not present a damage model that distinguished between FaceTime-only and FaceTime and VPN on Demand units.

Apple contends that, despite the dearth of expert testimony before the jury that FaceTime-only devices would incur a different royalty than other devices when both features infringe, the jury has discretion to reject the experts' agreement do so. This is not an accurate statement of law. A jury, of course, can reject expert testimony or pick between opinions or portions of opinions offered in a battle of experts. *See, e.g.*, *Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc.*, 5554 F.3d 1010, 1024 (Fed. Cir. 2009). A jury cannot, however, reject something on which the parties agree. *See Bertrand v. Int'l Mooring & Marine, Inc.*, 700 F.2d

1

240, 244 (5th Cir. 1983) (reasonable jury cannot reject undisputed facts for which there are no conflicting inferences). Here, the jury will determine the result of a hypothetical negotiation in 2013. Regardless of whether the parties have offered data points that might be considered during that hypothetical negotiation, neither party has proposed a negotiation framework which addresses FaceTime-only units differently if both features infringe. Thus, Apple's hypothetical verdict that the Court's proposed verdict form allegedly precludes would not be supported by the evidence, and is therefore not a legitimate basis to change the Court's proposed form.

There is no basis for rejecting this verdict form simply because it has not been used before. Those cases involved issues related to adjudicated infringing VPN on Demand, which complicated the per device analysis. Here, those concerns no longer apply. In any event, the Court has not been reluctant to modify rulings from the prior cases in appropriate circumstances throughout this trial.

As VirnetX argued at the charge conference, Apple's objections to the per unit verdict form in fact confirm its appropriateness. VirnetX's damages presentation reliably opines on the incremental value the VirnetX technology contributes to its licensed products. The jury should be focused on the evidence presented to it and the disputes before it concerning the appropriate per device rate. Apple, instead, wishes to make pleas based on bias and prejudice merely about the amount of its damages request. Certainly, Apple's intention to make these improper arguments is not a basis to grant Apple its requested form.

Finally, VirnetX already indicated on the record it would agree to removing the word "dollar" from the form. VirnetX notes that the form could also be structured as below:

$ \_\_\_\_\_ . _____ per device

Although the Court's verdict form is clear enough already, this structure should address any of Apple's lingering concerns.

VirnetX also notes that, contrary to Apple's brief, the Court has presented a verdict question that "What reasonable royalty did VirnetX prove by a preponderance of the evidence would be adequate to compensate it for Apple's infringement?" Instead, the Court's prior proposals have more clearly reflected the parties agreement that damages should be awarded through trial.  *See* Dkt. 425 at Question 6.

DATED:  April 10, 2018                    Respectfully submitted,

                                                             **CALDWELL CASSADY & CURRY**

                                                             /s/ *Bradley W. Caldwell*_____
                                                             Bradley W. Caldwell
                                                             Texas State Bar No. 24040630
                                                             Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Illinois State Bar No. 6313452
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatylor.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114

        Tyler, Texas 75702
        Telephone: (903) 531-3535
        Telecopier: (903) 533-9687

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        **WARD, SMITH, & HILL PLLC**
        1507 Bill Owens Parkway
        Longview, Texas 75604
        (903) 757-6400
        (903) 757-2323 (fax)
        jw@wsfirm.com
        claire@wsfirm.com

        **ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 10th day April, 2018. Local Rule CV-5(a)(3)(A).

        */s/ Bradley W. Caldwell*
        Bradley W. Caldwell