IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC., and** <br> **LEIDOS, INC.,** <br><br> Plaintiffs, <br><br> v. <br><br> **APPLE INC.,** <br><br> Defendant. | § § § § § § § § § § § § | <br><br><br><br><br> Civil Action No. 6:12-cv-00855-RWS <br><br><br> **JURY TRIAL DEMANDED** <br><br> ~~**FILED UNDER SEAL**~~ |

Public Version

**VIRNETX'S RESPONSE TO APPLE'S TRIAL BRIEF TO EXCLUDE DEPOSITION
<u>TESTIMONY OF SIMON PATIENC</u>**

As with most issues in this case, the Court has already issued at least one reasoned opinion on the matter of the risk of prejudice in admitting the prior verdicts. In fact, it was because of similar arguments to the ones raised by Apple that infringement and willfulness were bifurcated by the Court. Dkt. 500, *Memorandum Opinion & Order*. At that time, VirnetX urged the Court that its arguments in support of admitting the prior verdicts were supported by the Federal Circuit's opinion in *Applied Med. Res. Corp. v. U.S. Surgical Corp.* 435 F.3d 1356 (Fed. Cir. 2006). The Court disagreed because at that time the circumstances of *U.S. Surgical Corp.* were different: "In contrast to *U.S. Surgical* where **the only disputed issues at the trial were damages** owed for the defendant's infringing sales **and whether the infringement was willful**, infringement, damages and willfulness were disputed in this consolidated case." Dkt. 500. (emphasis added). But the circumstances have changed between the Court's 2016 Opinion and the present dispute. In this upcoming phase of the trial, *neither infringement nor damages* will be disputed. At the time the willfulness phase begins, *the only remaining issue* is willfulness.

Apple's arguments can be distilled into the following: 1) VirnetX should have raised the issue of the prior verdicts before Mr. Patience's deposition on Saturday; 2) the shift from "agreed infringement" to "prior verdicts" will confuse the jury—or worse the jury will infer that Apple was concealing facts; and 3) references to the jury verdict "adds nothing" since the parties have agreed regarding prior infringement.

First, as Apple noted, VirnetX raised the issue of the prior verdicts before the Court on Friday before Simon Patience's deposition. *see* 4/6/18 (PM) Trial Tr. at 256. Apple objects now that "There is no way now to retake the testimony [of Mr. Patience because]—as Apple explained at the pretrial conference, Mr. Patience is unable to attend trial this week." But Apple and VirnetX

1

were present at the same videotaped deposition. And Mr. Desmarais, Apple's counsel on the willfulness phase of the trial, took Mr. Patience's deposition—over VirnetX's strenuous objections that it violated the Court's one witness one attorney examination rule. Mr. Desmarais sat, while Mr. Curry elicited testimony regarding the prior verdicts, and *did not make an objection on the record* that the testimony violated any orders. Mr. Desmarais made eight "Form" objections, and he *re-directed* Mr. Patience on questions related to Apple's reliance on Mr. Van Pelt's non-infringement opinion. Claiming that Apple had "no way to [ ]take the testimony" of Mr. Patience is a manufactured grievance.

Apple cannot urge the Court in one phase to exclude the evidence of willfulness because it is prejudicial, then complain that the very exclusion it requested is *also* prejudicial. Apple has, through its own advocacy, invited the prejudice it now seeks to be saved from. But evidence of the prior verdicts is highly probative, "…absent unusual circumstances, a defendant's continued infringement after it is an adjudicated infringer is willful…" *Mondis Tech. Ltd. v. Chimei InnoLux Corp.*, 822 F. Supp. 2d 639, 651 (E.D. Tex. 2011), *aff'd sub nom. Mondis Tech. Ltd. v. Innolux Corp.*, 530 F. App'x 959 (Fed. Cir. 2013); -417 Dkt. 479 at 46. Apple laments that jurors will be confused, but also warns that jurors will make an unfavorable inference against Apple. But as this Court has already recognized, it is *appropriate* to infer a defendant is willful if he continues to infringe following an adjudication of infringement. -417 Dkt. 479 at 46. VirnetX is entitled to rely on that evidence; it is unquestionably relevant, and the Rule 403 concerns do not apply.

Finally, Apple has created a false equivalency between "agreed infringement" and repeated "prior verdicts." But if that were true, why didn't Apple simply allow the parties to refer to verdicts once the Court made preliminary rulings that issues related to prior infringement were admissible in all phases of the -855 case? In any event, discussion that the parties agree to infringement is

simply not equivalent to discussion of prior verdicts. Willfulness will be entirely about Apple's state of mind. In evaluating that state of mind, the jury is entitled to know that Apple did not agree to anything, and it has done whatever it takes to avoid taking responsibility for its infringement of VirnetX's patents. The circumstances of the verdicts, the timing of the redesigns, and the timing of Mr. Van Pelt's opinions are all true facts that support the inference that Apple recklessly disregarded a high risk of infringement of VirnetX's patents. Apple simply wants to pretend it acted reasonably by relying on a false narrative. Apple's request should be denied.

| | |
|---|---|
| DATED: April 10, 2018 | Respectfully submitted,<br><br>**CALDWELL CASSADY & CURRY**<br><br>/s/ *Bradley W. Caldwell*_____<br>Bradley W. Caldwell<br>Texas State Bar No. 24040630<br>Email:  bcaldwell@caldwellcc.com<br>Jason D. Cassady<br>Texas State Bar No. 24045625<br>Email:  jcassady@caldwellcc.com<br>John Austin Curry<br>Texas State Bar No. 24059636<br>Email:  acurry@caldwellcc.com<br>Daniel R. Pearson<br>Texas State Bar No. 24070398<br>Email:  dpearson@caldwellcc.com<br>Hamad M. Hamad<br>Texas State Bar No. 24061268<br>Email:  hhamad@caldwellcc.com<br>Justin T. Nemunaitis<br>Texas State Bar No. 24065815<br>Email: jnemunaitis@caldwellcc.com<br>Christopher S. Stewart<br>Texas State Bar No. 24079399<br>Email:  cstewart@caldwellcc.com<br>John F. Summers<br>Texas State Bar No. 24079417<br>Email: jsummers@caldwellcc.com<br>Warren J. McCarty, III<br>Illinois State Bar No. 6313452<br>Email: wmccarty@caldwellcc.com<br>**CALDWELL CASSADY CURRY P.C.**<br>2101 Cedar Springs Road, Suite 1000<br>Dallas, Texas 75201<br>Telephone: (214) 888-4848<br>Facsimile: (214) 888-4849<br><br>Robert M. Parker<br>Texas State Bar No. 15498000<br>Email: rmparker@pbatylor.com<br>R. Christopher Bunt<br>Texas State Bar No. 00787165<br>Email: rcbunt@pbatyler.com<br>**PARKER, BUNT & AINSWORTH, P.C.**<br>100 East Ferguson, Suite 1114 |

        Tyler, Texas 75702
        Telephone: (903) 531-3535
        Telecopier: (903) 533-9687

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        **WARD, SMITH, & HILL PLLC**
        1507 Bill Owens Parkway
        Longview, Texas 75604
        (903) 757-6400
        (903) 757-2323 (fax)
        jw@wsfirm.com
        claire@wsfirm.com

        **ATTORNEYS FOR PLAINTIFF**
        **VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on counsel of record via email on April 10, 2018, to the extent allowed by the Agreed Protective Order.

        */s/ Bradley W. Caldwell*
        Bradley W. Caldwell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Agreed Protective Order submitted in this case.

        */s/ Bradley W. Caldwell*
        Bradley W. Caldwell