*Exhibit A*



# VirnetX v. Apple

# The Jury Awarded $1.20/Unit for Either Feature or Both Features



2

# Apple Now Claims The Jury Did Not Determine a Royalty for VPN On Demand Alone

> ### 2. VirnetX Identifies No Reason to Depart from the Normal Rule
>
> VirnetX agrees that the jury did not award damages for any unit with VOD alone and that the jury "did not *expressly state* that a $1.20 per unit royalty applies if only [VOD] infringes." Dkt. 824 at 14. ==Nonetheless, VirnetX claims that the Court should not apply the normal rule here because $1.20/unit for VOD "is the unavoidable result of Mr. Weinstein's methodology." *Id*.== It ==is not. The jury never had to determine the royalty for VOD alone because it found both VOD and FaceTime infringed and awarded a single amount of undifferentiated damages.== The Federal Circuit has explained that in such circumstances a new trial is required. *See* § III.A.1, *supra*. As explained below, none of VirnetX's arguments justifies departing from the Federal Circuit's normal rule requiring a new trial.

Dkt. 825 at 10, Apple's Resp. to VirnetX's Mtn. for Entry of Judgment



3

# There is No Dispute The Jury Awarded Mr. Weinstein's $1.20 per Unit

> found to be unpatentable and to award excessive damages, including by suggesting that Apple should be punished for its prior infringement. For example, during closing arguments, VirnetX suggested that Apple should get a worse deal than every other licensee because it previously
>
> VirnetX's licenses confirm that the jury's award of $502 million in damages for a limited time period and limited units is excessive. ==Mr. Weinstein's (and the jury's) $1.20 per-unit royalty rate was based on revenues and units over the life of the patents (through 2022) from six licenses.==
>
> units are 2.01 billion through 2022. And yet, based on those licenses, the jury awarded over $502 million in damages against Apple for 418 million units from September 2013 to March 2018. In other words, the jury awarded VirnetX nearly 250% of the total royalties for only 20% of the total licensed units (and for only four patents and less than five years).
>
> The jury's award of over $502 million based on a per-unit royalty rate of $1.20 is against the weight of relevant and reliable economic evidence. *See Perricone*, 630 F.2d at 319–20. As explained in § II.A *supra*, the VoIP per-unit royalty rates are not apportioned for products like
>
> 43

Dkt. 775 at 43, Apple's Post-Trial Mtn.



4

# Apple Concedes Mr. Weinstein's Theory was a Single Royalty "Regardless of Which Feature Infringed"

### C. Mr. Weinstein's Testimony Confirms the Jury's Verdict Awards Damages Far Beyond the Claimed Inventions' "Footprint" in the Marketplace

Mr. Weinstein's analysis further seeks damages far beyond the "claimed invention's footprint in the market place." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869–71 (Fed. Cir. 2010). Mr. Weinstein asserted that Apple should pay the same royalty for a given device regardless of which patents were infringed and regardless of which feature infringed. *See* PX1089.3; PX1089.6. FaceTime (a video-conferencing app) and VOD (a VPN connection app) are different features that are accused of infringing different patents in different ways. *See* PX64; PX1098; 4/3/18 AM Tr. 57:21–58:6, 58:20–59:8. And there is no evidence that the "footprint" of VirnetX's

23

Dkt. 775 at 23, Apple's Post-Trial Mtn.

5



# Apple Concedes Mr. Weinstein's Theory was a Single Royalty "Regardless of Which Feature Infringed"

> Case 6:12-cv-00855-RWS Document 783 Filed 06/20/18 Page 14 of 22 PageID #: 56268
>
> VirnetX's reference to a "Georgia-Pacific analysis," D.I. 779 at 22, 25, is likewise
>
> **The Jury's Award Compensates beyond the Footprint of the Invention.** ==Mr. Weinstein did not justify his theory that Apple would pay the same royalty regardless of what infringes.== Contrary to VirnetX's claim, D.I. 779 at 27, there is no waiver, *see Brown v. Bryan Cty.*, 219 F.3d 450, 453 n.1 (5th Cir. 2000) (explaining that after vacatur, law of the case does not apply), and unlike Mr. Weinstein, Mr. Bakewell provided different royalty rates depending on which features infringed. 4/9/18 PM Tr. 259:16–21, 262:18–264:9.
>
> device as a whole. D.I. 779 at 28. No reasonable jury could conclude that Apple would agree to pay more for the patented technology (which does not cover all of FaceTime) than the price of the entire app.
>
> 10

Dkt. 783 at 10, Apple Reply ISO Rule 50(b) Mtn.



# Apple Even Proved At Trial That Mr. Weinstein's $1.20/unit Applied to VPN On Demand Alone

```
20   Q.   Now, under VirnetX's licensing policy, VirnetX applies
21        one royalty rate per unit regardless of the number of features
22        in the product that use the patented technology.  Right?
23   A.   Yes.
24   Q.   And coming up with your potential damages numbers in this
25        case -- which I think you just finished talking with
 1        Mr. Cassady about on direct -- you apply a rate to each accused
 2        feature and have separate calculations for VPN On Demand and
 3        FaceTime.  Right?
 4   A.   True.
 5   Q.   But your ultimate opinion is that only one royalty should
 6        be awarded for each product no matter how many features
 7        allegedly use the patented technology.  Right?
 8   A.   That's true.
```

Dkt. 753, Apr. 5, 2018 A.M. Trial Tr. at 126:20-127:8 (Weinstein Cross-Examination)

7

# "Apple Acknowledges" the Jury Adopted Mr. Weinstein's Theory

> Finally, VirnetX characterizes Apple's JMOL as a "re-urg[ing]" of its *Daubert* attacks against Mr. Weinstein's damages theory." D.I. 779 at 20. <mark>But there is no bar to citing expert testimony in a JMOL—especially where, as VirnetX does not deny, the jury adopted Mr. Weinstein's theory.</mark> In *Versata Software, Inc. v. SAP America, Inc.*, 717 F.3d 1255 (Fed. Cir. 2013) (on which *Rembrandt* and *SimpleAir* rely), the Federal Circuit disapproved of making non-appealed expert admissibility arguments "under the guise" of JMOL. *Id.* at 1264.

Dkt. 783 at 8, Apple Reply ISO Rule 50(b) Mtn.



# The Court Acknowledged Mr. Weinstein's Theory, And That The Jury Accepted It

> Case 6:12-cv-00855-RWS Document 798 Filed 08/30/18 Page 29 of 53 PageID #: 57250
>
> based on real-world license agreements entered into pursuant to the policy, which were described
>
> ==Apple suggests that Mr. Weinstein's opinion that the per-unit royalty rate should remain constant regardless of the number of accused features present in the given device is improper.== Docket No. 775 at 22–23. But the jury heard substantial evidence explaining the basis for this opinion that the royalty rate was not dependent on the number of accused features. *See, e.g.*, 4/5 AM Tr. at 86:19–94:7. ==The Court is not persuaded that Mr. Weinstein's opinion is unreliable, and the jury was entitled to credit his opinion.==
>
> ...nge, but the Court has already rejected this argument with respect to liability above. Accordingly, Apple is not entitled to JMOL on this basis.
>
> Page 29 of 53

Dkt. 798 at 29



9

# The Court Awarded VirnetX An Ongoing Royalty Until All The Patents-In-Suit Expire

> However, if the Court determines not to enter a permanent injunction in this case, **VirnetX requests that the enhanced ongoing royalty of $3.00/unit apply until the earlier of (1) Apple** ceasing infringement by redesigning its products, **or (2) the expiration of the patents-in-suit.**

| Patent | Statutory Term | VPN on Demand | FaceTime | iM |
|---|---|---|---|---|
| '135 patent | Dec. 31, 2002 – Oct. 29, 2019 | x | | |
| '151 patent | Feb. 10, 2009 – Jan. 24, 2022 | x | | |
| '504 patent | Aug. 26, 2008 – Aug. 5, 2021 | | x | |
| '211 patent | Apr. 5, 2011 – Aug. 5, 2021 | | x | |
| '181 patent | Nov. 1, 2011 – Nov. 13, 2019 | | x | |
| '697 patent | Aug. 6, 2013 – Oct. 29, 2019 | | x | |

Summary of the Patents-in-Suit — Accused Application

10 — Dkt. 774 at 41-42, VirnetX Mtn. for Entry of Judgment

Jan. 29, 2015 Expert Report of C. Bakewell at ¶ 35



# Apple's Stated Need For Discovery Makes Little Sense

..................................................

# Apple Always Took Discovery With Belief That "Domain Name Service System" Incorporated "DNS" Construction



# At the Consolidated Pre-Trial Conference, Apple Believed That "DNS" Was A Limitation of "DNSS"

```
25            MR. AROVAS:  Okay.  So let me start with just a
 1   couple of overall comments.  We do view this as sort of an
 2   eleventh-hour attempt to rewrite the claims and to erase
 3   limitations that the parties have, and with all due respect,
 4   pretty consistently treated as a limitation of these claims.
 5            And I think that there's -- you know, when I listen
 6   to the argument, you know, I hear comments like, well, how
 7   could Apple possibly believe that this is a limitation, I
 8   really don't think you could have more compelling evidence that
 9   Apple has proceeded as if this was a limitation.  We designed
10   the products specifically, made a change for this particular
11   limitation.
12            We got an opinion of counsel, all right, on this
13   particular issue of the change.  And when Your Honor asked why
14   is this an emergency, I think the emergency really is that the
15   product has changed and VirnetX is trying to deal with that.
16            If VirnetX saw an opinion of counsel that relied on a
17   change in a product for a non-existent limitation, you think
18   they would have raised the issue and said, hey, we obviously
19   have a dispute over the meaning of these claims.  Right?
20            Millions and millions of products have been changed
21   in reliance on this as being a limitation.  So I really think
22   you can't point to anything more sort of telling in terms of
23   certainly the belief that this was a crystal clear limitation
24   based on everything the parties had done and the Court's orders
25   than that.
```

Jan. 19, 2016, Pretrial Hrg. Tr. at 45:25-46:25 (Apple argument)

12



# At the Consolidated Pre-Trial Conference, Apple Believed That "DNS" Was A Limitation of "DNSS"

```
 5            Really highly selective missing some of the critical
 6   information, I think frankly, is very hard to take a look at I
 7   believe what Judge Davis said in the JMOL order, to look at the
 8   evidence that was actually presented to the jury, the testimony
 9   of their expert, what he said in his expert report, and come to
10   a conclusion that everybody wasn't operating under the fact
11   that this was, in fact, a claim limitation.
```

Jan. 19, 2016, Pretrial Hrg. Tr. at 47:5-11 (Apple argument)



# Apple Insisted "DNS" Was a Limitation of "DNSS"

> I. Introduction
>
> VirnetX's eleventh-hour motion is an improper attempt to tie Apple's hands and prevent
>
> requester." Respectfully, that makes no sense. **Although Apple believes that the Court has been consistently clear that the "domain name service system" limitation found in the '504 and '211 claims requires a "domain name service" as construed by the Court, Apple agrees this is an issue of claim construction and that the Court should clarify that its construction of "domain name service" applies to the '504 and '211—after all, a "domain name service system" requires a "domain name service."** Then it will be for the jury to decide—in accordance with the Court's
>
> service that returns an IP address for a requested domain name to the requester."
>
> Indeed, VirnetX's distorted account notwithstanding, the history of the case makes clear that the Court's interpretation of "domain name service" has consistently been applied to the

Dkt. 373 at 1, Apple's Resp. to VirnetX's *O2 Micro* Mtn.

14



# Apple Argued on Appeal That It Understood That "DNS" Was A Limitation of "DNSS"

Case: 19-1050 Document: 45 Page: 25 Filed: 04/05/2019

VirnetX's suggestion (Br. 43) that Apple "disclaimed seeking a claim construction" is also inaccurate. Apple moved to exclude Dr. Jones's non-infringement opinion because he did not (and could not) opine that redesigned FaceTime satisfied the "return-of-an-IP-address" requirement. Appx15149. ==Apple's motion did not seek "to revisit any claim construction" rulings (VirnetX== non-infringement based on "DNS system" *to the jury*—because Judge Schroeder's

Br. 43) ==precisely because Apple understood==—based on the plain claim language, the district court's constructions, and the litigation ==history==—that the claimed "DNS ==system" included a "DNS."== Appx15591. Shortly before trial on redesigned

15  Dkt. 45 at 17-18, Case 19-1050, Apple's -855 Appeal Reply Brief

