# Exhibit 1

# Apple's Opposition to VirnetX's Motion for Judgment and Brief in Support of New Trial

*VirnetX v. Apple*

Civil Action No. 6:12-cv-855-RWS

Telephonic Hearing

April 14, 2020

1

# The Jury Awarded Damages Based on Infringement by VPN On Demand and FaceTime

- The jury found FaceTime infringed the '504 and '211 patents and VPN On Demand infringed the '135 and '151 patents

- The jury awarded a general damages verdict for infringement 4 patents and 2 features

3. What royalty do you find, by a preponderance of the evidence, would fairly and reasonably compensate VirnetX for any infringement that you have found?

$502,567,709.00

Dkt. 722 at 1-2

2

# The Federal Circuit Held FaceTime Does Not Infringe As a Matter of Law

- The Federal Circuit affirmed the infringement finding as to VPN On Demand and the '135 and '151 patents

- But the Federal Circuit reversed the infringement finding as to FaceTime and the '504 and '211 patents



> Thus, under the proper claim construction, a reasonable jury could not conclude that redesigned FaceTime is a "domain name service system." We hold that Apple is entitled to judgment as a matter of law of noninfringement of the asserted claims of the '504 and '211 patents. We reverse the district court's contrary ruling.

*VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 812 (Fed. Cir. 2019)

3

# The Jury Did Not Decide a Royalty for VPN On Demand Alone

- Every unit in the jury's verdict included VPN On Demand and FaceTime or FaceTime alone



384,078,255 units — 418,808,091 units — 34,279,836 units

VPN and 📹 — 📹 only

4

# The Jury Did Not Decide a Royalty for VPN On Demand Alone

- The Federal Circuit agrees the jury did not have to decide whether $1.20/unit was the royalty for VPN On Demand



> J.A. 1852–53; J.A. 2571–73. It appears, therefore, that the jury found that FaceTime by itself was worth $1.20 per unit. But because the jury found infringement by FaceTime as well as VPN on Demand, and Facetime was installed on all units, the jury did not have to decide whether the $1.20-per-unit figure would be correct if only VPN on Demand infringed.

*VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 813 (Fed. Cir. 2019)

- VirnetX agrees the jury did not have to decide whether $1.20/unit was the royalty for VPN On Demand

> unit] figure would apply" if only one feature infringed. *Id.* Thus, while the jury did not expressly "decide whether the $1.20-per-unit figure would be correct if only VPN on Demand infringed," the court questioned "whether a limited retrial need or should be held at all." *Id.*

Dkt. 824 at 10-11 (VirnetX Motion for Judgment)

5

# The Jury Heard Conflicting Testimony on the Value of VPN On Demand



**Roy Weinstein**
VirnetX Damages Expert

```
15  Q.  So if the jury determines that FaceTime and VPN On Demand
16      infringe, what's the number at a $1.20 that they should provide
17      for VirnetX?
18  A.  That would be the $502,569,709 number. That is, you
19      don't add those two numbers together that I just presented to
20      the jury. If the jury believes that FaceTime infringes, then
21      you use this $502 million number. If you believe that only
22      VPN On Demand infringes, you would use the other number. And
23      if you believe that they both infringe, again, you only use the
24      $502 million number. You don't add them together.
```

4/5 (AM) Tr. 92:7–24



**Chris Bakewell**
Apple Damages Expert

```
23  Q.  And so, in your opinion, what is the total royalty
24      that -- is the fair and reasonable amount if the jury should
25      find that both these on VPN On Demand infringe?
 1  A.  $25,129,485. And that's the 418 million multiplied by
 2      $0.06 per unit.

11  Q.  Okay. And then what is the royalty rate that, in your
12      opinion, should apply to those FaceTime units?
13  A.  Well, we heard about that apportionment calculation, and
14      that would be $0.01 per unit. And that's pretty
15      straightforward. Don't need a calculator for that.

22  Q.  In the event that the jury finds that FaceTime doesn't
23      infringe but VPN On Demand does, do you have an opinion on what
24      the royalty rate would be in that scenario?
25  A.  Well, then we know that it's less than $0.06 per unit.
```

4/9 (PM) Tr. 262:23-263:25

6

# FaceTime Is More Popular and Familiar Than VPN On Demand

 FaceTime

 VPN On Demand

- FaceTime ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
  ▓▓▓▓▓▓▓▓▓▓▓▓

  PX-1186.20

- FaceTime advertised to consumers

- 2% of consumers used VPN On Demand

  04/09/18 (PM) Tr. 169:11-17

- VPN On Demand not advertised to consumers



PX-158

7

# Federal Circuit Law Governs Patent Damages



the issue before us—whether a lost profits damages award should be set aside because post-trial sales data may show the acceptability of a non-infringing alternative product— turns on a substantive area of patent law. Because resolution of this issue ==necessarily requires an understanding of the distinctive characteristics of patent damages law, we apply Federal Circuit law== in our review. As we have not previously

*Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002)



[14] [15] ==To review damages in patent cases,== we apply regional circuit law to procedural issues and ==Federal Circuit law to substantive and procedural issues "pertaining to patent law."== *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466

*Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010)

8

# The "Normal Rule" Requires a New Trial When Infringement Is Disturbed and the Jury Renders a General Damages Verdict

- The Federal Circuit altered the jury's liability determination as to FaceTime



> We have affirmed the judgment of infringement by VPN on Demand but reversed the judgment of infringement by FaceTime. **Those rulings raise the question of whether a new trial must or should be held because of the reduced basis of liability.** We see no difficulty with limiting any such trial to

*VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 812 (Fed. Cir. 2019)

- Because the jury issued a general verdict as to damages, the normal rule requires a new trial



> We will not decide that question. We have said that "**where the jury rendered a single verdict on damages, without breaking down the damages attributable to each patent, the normal rule would require a new trial as to damages.**" *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir.

*VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 812 (Fed. Cir. 2019)

9

# Courts Routinely Grant New Trials If Liability Is Disturbed

- In *Promega*, the Federal Circuit remanded to determine damages when 4 of 5 patents subject to the verdict were invalidated



> by the 2006 Cross License. Since the challenged claims of four of the five asserted patents on which the jury based its damages verdict are invalid, we vacate the jury's damages award. We also vacate the district court's denial of Promega's motion for a new trial, and we remand to the district court to determine damages due to LifeTech's infringement of the Tautz patent.

*Promega Corp. v. Life Techs. Corp.*, 773 F.3d 1338, 1358 (Fed. Cir. 2014), *rev'd on other grounds*, 137 S. Ct. 734 (2017)

- In *Greatbatch*, the district court granted a new trial on damages when 1 patent subject to the damages verdict was later found not to be infringed



> with the '715 patent. Further, because the damages "are tied up in a single damages verdict" (*id.*), there is no way of determining how the jury came to its decision or what amount it attributed to the various patents and products.

*Greatbatch Ltd. v. AVX Corp.*, No. 13-723, 2018 WL 1568872, at *4 (D. Del. Mar. 30, 2018)

10

# VirnetX Identifies No Reason to Depart from the Normal Rule

- The standard for departing from the "normal rule" requires undisputed evidence



*WesternGeco L.L.C. v. ION Geophysical Corp.*, 913 F.3d 1067, 1075 (Fed. Cir. 2019)

- Because the parties disputed the value of VPN On Demand, VirnetX cannot avoid application of the normal rule

  - VirnetX: VPN On Demand = $1.20/unit

  - Apple: VPN On Demand < $0.06/unit

11

# Apple Argued a New Trial Should Be Granted in These Circumstances

- VirnetX asserts Apple conceded that "the jury adopted Mr. Weinstein's theory" of damages, under which Apple would pay "the same per-unit rate regardless of whether one feature or two features infringed."

  Dkt. 824 at 14 (VirnetX Motion for Judgment)

- But the "one" feature was FaceTime and the "two" features were FaceTime and VPN On Demand—never VPN On Demand alone

- Apple has always maintained a new trial should be granted if liability for either VPN On Demand or FaceTime were disturbed

> Should the Court set aside the jury's infringement verdict as to either VOD or FaceTime, a new trial on damages should be granted because the damages verdict for one feature is not separable from the damages verdict for the other. *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1309–10 (Fed. Cir. 2007); *see also Gasoline Prods.*, 283 U.S. at 500–01.

Dkt. 775 at 38 (Apple's Omnibus 50(b) Motion for JMOL and for a New Trial).

12

# The -417 Action Verdict Does Not Inform The -855 Action Verdict

- VirnetX asserts the damages award in the -417 Action "makes . . . clear" that the jury awarded $1.20/unit for VPN On Demand alone in this case

Dkt. 824 at 15 (VirnetX Motion for Judgment)

- But the Court already held that damages in this case were not decided in the -417 Action

> were decided in the 417 action. Consistent with the Federal Circuit's opinion in *Applied Medical*, here **the damages for this action "could not have been and [were] not considered, much less decided, in [the 417 action]** because [those] product[s] had not yet been determined to infringe." *Applied Medical*, 435 F.3d at 1362. The parties dispute the underlying damages facts,

Dkt. 624 at 7 (Order Denying VirnetX Partial MSJ re Damages and MSJ re Infringement)

13

# A New Trial Is Necessary Because VPN On Demand Alone Does Not Support the Entire Verdict

- Over 34 million units in the jury's verdict included FaceTime alone, which means infringement solely by VPN On Demand cannot support the entire verdict

- This case is therefore unlike *Alaniz* because in that case, the affirmed grounds for liability supported the entire verdict



*Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773 (5th Cir. 2009)

14

# The Ongoing Royalty Cannot Deny Apple Its Right to a Jury Trial

- An ongoing royalty is equitable relief committed to the district court's discretion

> 849 F.3d 1360, 1377 (Fed. Cir. 2017). <mark>Ongoing royalties may be based on a post-judgment hypothetical negotiation</mark> using the Georgia–Pacific factors. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1370 (Fed. Cir. 2017). <mark>The amount</mark> of the ongoing royalty is "committed to the sound <mark>discretion of the district court</mark>" to be determined in accordance with <mark>principles of equity</mark>. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1364 n.2 (Fed. Cir. 2008).

Dkt. 798 at 49-50 (Memorandum Opinion and Order re Apple and VirnetX Post-Trial Motions)

- The Court's ongoing royalty award is based on a verdict that no longer exists because FaceTime does not infringe

15

# The Ongoing Royalty Cannot Deny Apple Its Right to a Jury Trial

- Apple has a Seventh Amendment right to have a jury decide the legal question of the amount of damages



> infringement. It is a "well-settled principle that jury trials are available for damages for patent infringement." 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2312 (3d ed. 2018); see also *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 377, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) (analogizing "today's patent infringement action" to "the infringement actions tried at law in the 18th century," which "must be tried to a jury").

*TCL Commc'n Tech. Holdings Ltd. v. Telefonaktiebolaget LM Ericsson*, 943 F.3d 1360, 1373 (Fed. Cir. 2019)

- The prior determination of an ongoing royalty cannot now take away that Seventh Amendment right



> 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). The "right to a jury trial of legal issues" cannot be "lost through prior determination of equitable claims." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

*TCL Commc'n Tech. Holdings Ltd. v. Telefonaktiebolaget LM Ericsson*, 943 F.3d 1360, 1372 (Fed. Cir. 2019)

16

# Any Uncertainties about the Verdict Favor a New Trial

- District courts have broad discretion to grant new trials



> appellate review correspondingly narrow. **Great latitude is allowed to a United States District Judge to grant *16 a new trial where in the discretion of the Judge it is needed to prevent an injustice.** A clear abuse of that discretion or some

*Delta Eng'g Corp. v. Scott*, 322 F.2d 11, 15–16 (5th Cir. 1963)

- The Federal Circuit contemplated a new trial if there was "doubt" about how to apply the normal rule



> proceedings in the district court. We leave it to the parties and the district court to consider in the first instance relevant aspects of whether to hold a limited damages-only retrial given the reduced basis of liability, including what discretion there might be to hold such a retrial without conclusively determining whether one is needed, **especially if doubt remains as to the application of the above-quoted standards to this case.** We do not prejudge these issues.

*VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 813 (Fed. Cir. 2019)

17