# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. AND** | § | |
| **LEIDOS, INC.**, | § | Civil Action No. 6:12-cv-855 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **APPLE INC.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## MOTION FOR ENTRY OF TWELFTH AMENDED DOCKET CONTROL ORDER AND THIRD AMENDED DISCOVERY ORDER

In the Court's April 23, 2020 Sealed Order, the Court ordered the parties to "meet and confer and file (1) a joint proposed discovery order and (2) a joint proposed docket control order incorporating" the August 17, 2020 trial date. Sealed Order at 17. The parties have met and conferred and respectfully request that the Court enter the attached Twelfth Amended Docket Control Order (Ex. A) and Third Amended Discovery Order (Ex. B).[1]

---

[1] Apple's position: Apple's damages expert, Chris Bakewell, is scheduled to testify in two matters set for trial on August 17, 2020 (*Gree v. Supercell Oy*, 19-cv-70, 71 (E.D. Tex.) and *Chanbond v. Atlantic Broadband Group*, No. 15-842, (D. Del.). Apple currently anticipates that Mr. Bakewell's testimony in *Gree* will be the week of August 17 and in *Chanbond* the week of August 24. The Defendant in *Gree* is seeking to move the trial date, and a hearing on that motion is set for May 8, 2020 (Dkt. 165). Apple will update the Court regarding Mr. Bakewell's status after that hearing. VirnetX's position: Experts are often scheduled for multiple trials in a given time period and can accommodate multiple trials during a given week. For example, the case set for the week of the 17th is a case in the EDTX which would allow the witness to easily drive between the cases to provide testimony. Whether or not these trials are moved, VirnetX respectfully requests that the parties work with the Court's schedule in August to maintain the trial date to resolve a matter that has been ongoing for a decade.

Dated: May 5, 2020

*/s/    Jason D. Cassady (with permission)*
Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
E-mail: hhamad@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
1717 McKinney Ave., Suite 700
Dallas, Texas 75202
Telephone: (214) 810-4705
Telecopier: (214) 481-1757

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
Email: charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

*/s/ Andy Tindel (with permission)*
Andy Tindel
State Bar No. 20054500

Respectfully submitted,

*/s/ Leslie M. Schmidt*
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
Leslie M. Schmidt
Leslie.schmidt@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile: (212) 446-4900

Michael E. Jones, ***Lead Attorney***
Texas Bar No. 10969400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

E-mail: atindel@andytindel.com
**MANN, TINDEL & THOMPSON - ATTORNEYS AT LAW**
112 E. Line, Ste. 304
Tyler, TX 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

*Of Counsel:*

Donald Urrbazo (*Pro Hac Vice*)
California State Bar No. 489509
Email: donaldu@ulawpc.com
**URRABAZO LAW, P.C.**
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Telephone: (310) 388-9099
Facsimile: (310) 388-9088

**ATTORNEYS FOR PLAINTIFF LEIDOS, INC.**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 5th day of May, 2020.

*/s/ Leslie M. Schmidt*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. AND** | § | |
| **LEIDOS, INC.** | § | |
| | § | **Civil Action No. 6:12-cv-855-RWS** |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **APPLE INC.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## TWELFTH AMENDED DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is amended and is in effect until further order of this Court:

| Event | Date |
|---|---|
| Parties to File **Motion to Seal Trial Exhibits**, if they wish to seal any highly confidential exhibits. | 3 DAYS after conclusion of Trial |
| **9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Tyler, Texas.**<br><br>Court designated date – not flexible without good cause - Motion Required | August 17, 2020 |
| **9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Tyler, Texas.**<br><br>Court designated date – not flexible without good cause - Motion Required | August 17, 2020 |
| **10:00 a.m. PRETRIAL CONFERENCE at the United States District Court, Texarkana, Texas.**<br><br>Court designated date – not flexible without good cause - Motion Required | At the Court's convenience |

2

| Event | Date |
|---|---|
| Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. | July 14, 2020 |
| **Objections to Rebuttal Deposition Testimony due** | July 29, 2020 |
| **Exhibit List Objections due.** | July 24, 2020 |
| **Rebuttal Designations and Objections to Deposition Testimony due**. Cross examination line and page numbers to be included. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. | July 27, 2020 |
| **Responses to Motions *in Limine*, including *Daubert* motions, due.** | July 23, 2020 |
| **Parties Exchange Stickered Copies of Trial Exhibits** | July 20, 2020 |
| Parties to file joint proposed **Juror Questionnaires** | July 15, 2020 |
| **Motions *in Limine*, including *Daubert* motions[2], due**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pretrial conference. | July 16, 2020 |
| **Pretrial Disclosures due.** Exhibit Lists and Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. | July 15, 2020 |
| **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due**. Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. | July 9, 2020 |

---

[2] VirnetX's position: Various estoppel, preclusion, and waiver doctrines prevent Apple's ability to re-urge *Daubert* motions as Apple already has (or, could have) appealed the prior rulings Apple has no objections left to preserve. Apple's position: Apple seeks to submit *Daubert* motions to preserve its objections to Mr. Weinstein's and Dr. Jones's testimony, consistent with the April 2018 trial in this case*, see* Dkt. 546, and reserves the right to submit *Daubert* motions on issues arising from the remand in the -855 action.

| **Event** | **Date** |
|---|---|
| **Witness Lists Due**<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. | |
| **Close of Expert Discovery** | June 30, 2020 |
| **Supplemental Expert Reports (Party without burden)** | June 19, 2020 |
| **Supplemental Expert Reports (Party with burden)** | June 5, 2020 |
| **Close of Fact Discovery** | May 28, 2020 |

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX, INC. AND LEIDOS, INC.,** | § § | |
| Plaintiffs, | § § | |
| v. | § § | **Civil Action No. 6:12-cv-00855-RWS** |
| **APPLE INC.,** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § § § | |

## ADDENDUM TO THE SECOND AMENDED DISCOVERY ORDER

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following addendum to the Second Amended Discovery Order for the trial scheduled on August 17, 2020 ("Remand Damages Trial"):

1. **Discovery Limitations.**[3] Discovery is limited in this Remand Damages Trial to the disclosures described in Paragraphs 1 - 3 of the Second Amended Discovery Order together with discovery responses already served in this case and the following:

    a. From VirnetX, to the extent this information is available after a reasonable search:

        i. Updated royalty receipts from Mitel, NEC, Avaya, Aastra, and Siemens

        ii. Any licenses or standstill agreements VirnetX has entered related to U.S. Patent Nos. 6,502,135 and 7,490,151 ("the Patents-in-Suit") and documents related to VirnetX's efforts to license or assert the Patents-in-Suit from January 2015 forward.

        iii. VirnetX's sales of Gabriel (customers, revenues, and units) and VirnetX's relationship with Public Intelligence Technology Associates KK, Asgard, TITAN Commerce, Above Par, and IP Dream's regarding Gabriel.

---

[3] This discovery phase (both fact and expert) will be limited and focused on developments after January 2015 related to issues arising from the retrial of the -855 action regarding VPN On Demand alone, and will not be a vehicle to re-do prior fact or expert depositions on material that was or could have been covered. Moreover, to the extent any party serves a supplemental expert report(s), that expert's prior report and testimony will remain part of this case and will be viable material for examination at trial.

      iv. Documents related to the allegations in *Neal Hurwitz v. VirnetX Holding Corp.*, No. 2019-0963 (Del. Ch.) and the dismissal of that matter.

      v. VirnetX's infringement contentions against Avaya and Siemens.

b. From Apple, to the extent this information is available after a reasonable search:[4]

      i. Unit sales, revenue, and costs information for the Accused Products from Q2 FY 2020

      ii. Public-facing marketing materials for Apple products released since April 2018

      iii. Marketing presentations similar to Exhibits 7-9 to Jeremy Butcher's March 14, 2012 Deposition from January 2015 forward.

      iv. Apple licenses related to technology comparable to the Patents-in-Suit from January 2015 forward

      v. MRA surveys related to the accused products from April 2018 forward

c. From third parties, to the extent this information is available after a reasonable search:

      i. Royalty and product information (including reasons why there were no royalty payments, if true) from Mitel, NEC, Avaya, Aastra, and Siemens

      ii. Depositions of the corporate representatives of one or more of Mitel, NEC, Avaya, Aastra, and/or Siemens on the same topics not to exceed eight (8) hours per side.

d. **Depositions of Experts**

    (1) **Technical Experts:** Each side may depose the other side's technical expert (should that expert serve a supplemental report) for a total of five (5) hours.

    (2) **Damages:** Each side may depose the opposing side's damages expert (should that expert serve a supplemental report[5]) for no more than five (5)

---

[4] VirnetX's Position: In light of the other fact discovery Apple intends to provide, VirnetX is re-urging its motion to compel at Dkt. 194, seeking a limited set of documents related to Apple's communications with enterprise customers and mobile device management providers about Apple's VPN On-Demand feature. This discovery is highly relevant to use of the accused feature. Apple's Position: As Apple previously explained, the discovery VirnetX sought in its motion to compel is exceptionally overbroad and burdensome, Dkt. 198, but Apple is continuing to work with VirnetX to avoid the need for the Court to resolve this issue.

hours per expert, and may depose the opposite side's survey expert (should that expert serve a supplemental report) for no more than five (5) hours per expert.[6]

---

[5] No deposition is required for supplemental expert reports that only update calculations to include new sales data or to update exhibits consistent with the supplemental expert reports served prior to the -855 trial in April 2018.  VirnetX's position is that no new damages models should be added to an expert report and accordingly that new depositions of the experts should not otherwise be necessary.  Should experts add new models VirnetX reserves the right to object to those models and take the deposition of the expert regarding those models.  Apple's position is that experts should be permitted to supplement their reports consistent with what is outlined in this discovery order.

[6] The parties are submitting this proposal for the purposes of compromise and to avoid burdening the Court, and expressly preserve the right to object to the admission of discovery and expert disclosures obtained through this additional discovery period at trial.