**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC. AND LEIDOS, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | **Civil Action No. 6:12-cv-00855** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| **APPLE INC.** | § | [redacted] |
| **Defendant.** | § | |
| | § | |

**APPLE'S OPPOSITION TO VIRNETX'S MOTION TO COMPEL DOCUMENT PRODUCTION**

# TABLE OF CONTENTS

**I. BACKGROUND** .......... 1

A. VirnetX's Original Motion to Compel and the Court's January 2016 Order .......... 1

B. The Scope of the Upcoming Remand Trial and the Court's Discovery Order .......... 2

**II. ARGUMENT** .......... 4

A. VirnetX's Motion for Reconsideration of the Jan. 2016 Order Should Be Denied .......... 4

B. The Discovery VirnetX Seeks Is Disproportionate and Unduly Burdens Apple .......... 6

**III. CONCLUSION** .......... 7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barzelis v. Flagstar Bank, F.S.B.*,
No. 4:12-611, 2013 WL 12126117 (N.D. Tex. May 31, 2013) ....... 6

*Hollenshead v. Bank of Am.*,
No. 18-00724, 2019 WL 5901076 (E.D. Tex. July 25, 2019) ....... 4

*Martinez v. Bohls Equip. Co.*,
No. 04-0120, 2005 WL 1712214 (W.D. Tex. July 18, 2005) ....... 4

*Mayfield v. DeSoto Par. Police Jury*,
15-2374, 2017 WL 2295908 (W.D. La. May 25, 2017) ....... 6

*Neustar, Inc. v. F5 Networks, Inc.*,
No. 5:12-cv-02574, 2013 WL 5711979 (N.D. Cal. Oct. 17, 2013) ....... 7

*Ocwen Loan Servicing, LLC v. Heiberg*,
*No.* 4:17-00690, 2020 WL 957640 (E.D. Tex. Feb. 4, 2020) ....... 4

*Parity Networks, LLC v. Juniper Networks, Inc.*,
No. 6:17-00495, 2018 WL 10124889 (E.D. Tex. Sept. 17, 2018) ....... 1, 4, 6

*VirnetX Inc. v. Apple Inc.*,
792 F. App'x 796 (Fed. Cir. 2019) ....... 2

## Rules

Fed. R. Civ. P. 26 ....... 6

VirnetX's motion to reconsider a four-and-a-half-year-old ruling should be denied. On January 11, 2016, the Court denied VirnetX's attempt to compel "all communications" with Apple's MDM and enterprise customers and stated it would "carefully consider any objections from VirnetX where Apple criticizes a VirnetX witness for not considering specific usage sought by VirnetX in this motion." Dkt. No. 362 at 2. Throughout three trials, VirnetX never raised such an objection. Even now, VirnetX provides no new evidence or law justifying a reversal of that order or the parties' four-plus-year understanding, and merely rehashes arguments the Court has already rejected. That is no reason to depart from the Court's order. *See Parity Networks, LLC v. Juniper Networks, Inc.*, No. 6:17-00495, 2018 WL 10124889, at *1 (E.D. Tex. Sept. 17, 2018).

The scope of discovery VirnetX seeks is also disproportionate to the needs of this case. The August 2020 trial relates to a single issue: damages for VPN On Demand ("VOD"). Dkt. No. 840 at 17. The Discovery Order enumerates categories of scope- and time-limited discovery the parties would provide, or could seek from third parties. Dkt. No. 848. VirnetX does not explain how those scope- and time-limited categories would require Apple to search, process, and review the e-mail accounts of more than [REDACTED] at a cost of over [REDACTED] and requiring over [REDACTED], in order to locate potential communications about VOD over a seven-year time period. Ex. 1, ¶¶ 10–13. Moreover, VirnetX has the kind of customer communications its motion seeks, which it has relied on at the past three trials. Just as there was no reason to impose a staggering burden on Apple to search over [REDACTED] in 2016, there is no reason to do so now. VirnetX's motion should be denied.

## I. BACKGROUND

### A. VirnetX's Original Motion to Compel and the Court's January 2016 Order

On March 28, 2014, VirnetX requested "all [of Apple's] communications with enterprise customers or mobile device management providers regarding VPN On-Demand." Dkt. No. 198 at

5–6. Apple sought a workable solution with VirnetX, but VirnetX refused to accept anything less than "all communications" from every Apple employee that could have potentially communicated with Apple's many thousands of enterprise customers and MDM providers. *Id.* at 6.

VirnetX moved to compel, Dkt. No. 194, and the Court denied VirnetX's motion on January 11, 2016, explaining it would "carefully consider any objections from VirnetX where Apple criticizes a VirnetX witness for not considering specific usage sought by VirnetX in this motion." Dkt. No. 362 at 2. The parties then proceeded to trial in the consolidated -855 and -417 actions, followed by the -417 and -855 retrials. Apple never improperly criticized a VirnetX witness for not considering VOD usage at these trials, nor did VirnetX make such an assertion.

After the consolidated trial and -855 retrial, Apple moved for JMOL that VOD did not infringe because VirnetX "offered no evidence that anyone employed" the optional probe, the only one of several VOD configurations accused of infringing. Dkt. No. 463 at 5–7; Dkt. No. 775 at 11–14. VirnetX did not accuse Apple of contravening the Court's order, and instead argued there was direct and "significant circumstantial evidence … establish[ing] direct infringement by Apple's customers," pointing to Apple's communications with customers and Apple deployment guides. Dkt. No. 470 at 9–10; Dkt. No. 779 at 18. The Court granted a new trial on other grounds after the consolidated trial, Dkt. No. 500 at 14, but the Court denied Apple's motion for JMOL after the -855 retrial, concluding there was "at least circumstantial evidence that some subset of Apple's customers directly infringe the '135 patent[.]" Dkt. No. 798 at 21–23.

**B. The Scope of the Upcoming Remand Trial and the Court's Discovery Order**

In the most recent appeal of the -855 action, the Federal Circuit held that redesigned FaceTime did not infringe as a matter of law, but affirmed infringement as to redesigned VOD. *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 813 (Fed. Cir. 2019). The Federal Circuit vacated the damages award and asked this Court to decide whether a new trial on damages for redesigned

VOD was necessary. *Id.* at 812–13. On April 23, 2020, this Court held that "a new trial on damages" for VOD "[wa]s necessary" and set that trial for August 17, 2020. Dkt. No. 840 at 17.

The parties submitted a proposed Discovery Order, enumerating the discovery the parties would provide. Dkt. No. 847 at 10-11. VirnetX did ***not*** include Apple's email communications with its MDMs and customers regarding VOD in one of those enumerated categories. Instead, it "re-urged" its motion to compel in a footnote. *Id.* at 11 n.4. Although Apple believed such discovery was unnecessary, Apple said it would work with VirnetX to attempt to reach agreement. *Id.* The Court's Discovery Order does not include Apple's communications with its MDMs as a category of discovery nor does it comment on VirnetX's footnote regarding its motion to compel. Dkt. No. 848. The Discovery Order does, however, state that "[t]his discovery phase (both fact and expert) will be limited and focused on developments after January 2015 related to issues arising from the retrial of the -855 action regarding VOD alone[.]" *Id.* at 1 n.1.

During the limited discovery period, Apple identified four custodians who were likely to have "materials relevant to VirnetX's motion to compel at Dkt # 194 that generally relates to Apple's work with MDMs[, a]nd any other communications that Apple has had with customers or third parties related to VOD," as VirnetX requested: (1) Nick Thompson (Business Markets, Aug. 2018 to present, prepares marketing documents discussing VOD); (2) an additional custodian that has similar responsibilities to Nick in an earlier time period; (3) ios-mdm@apple.com (email group for MDMs) from January 2015 forward (4) Apple Care from January 2015 forward. Dkt. No. 852, Ex. A at 2-3. VirnetX rejected this offer, stating for the first time that communications from 2015 and later were too "limited in time." *Id.*, Ex. A at 2; *see also Id.* at 7.

VirnetX filed its motion to compel, seeking the same information it unsuccessfully sought in 2015, *compare* Dkt. No. 852 at 7, *with* Dkt. No. 194 at 8, which would still impose a substantial

burden on Apple to search the e-mail of over [REDACTED], with the pre-review collection and processing taking an estimated [REDACTED] of Apple employee time and machine resources and cost over [REDACTED]. Ex. 1 at ¶¶ 10-11.

## II. ARGUMENT

### A. VirnetX's Motion for Reconsideration of the Jan. 2016 Order Should Be Denied

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Parity*, 2018 WL 10124889, at *1. The Court denied VirnetX's motion to compel "all [of Apple's] communications with enterprise customers or mobile device management providers regarding VPN On-Demand" in January 2016. Dkt. No. 362 at 2. In doing so, the Court explained that it would "carefully consider any objections from VirnetX where Apple criticizes a VirnetX witness for not considering specific usage sought by VirnetX in this motion." *Id.* at 2. Indeed, "crossing on usage" is precisely the issue VirnetX sought to limit back in 2016. 1/7/2016 Hr'g Tr. (Sealed) at 47:9.

Over three trials, VirnetX never objected or accused Apple of running afoul of the Court's order and improperly crossing a VirnetX witness on usage of VOD, refuting any suggestion that VirnetX has endured any manifest injustice as a result of that order. *Martinez v. Bohls Equip. Co.*, No. 04-0120, 2005 WL 1712214, at *1 (W.D. Tex. July 18, 2005) (reconsideration "unreasonably late" when filed four months after order). VirnetX's rehash of arguments that it made, and the Court rejected, over four years ago does "not warrant reconsideration" and VirnetX's motion should be denied. *See Ocwen Loan Servicing, LLC v. Heiberg, No.* 4:17-00690, 2020 WL 957640, at *2 (E.D. Tex. Feb. 4, 2020) (reconsideration "not warranted" based on "mere disagreement with a prior order"); *Hollenshead v. Bank of Am.*, No. 18-00724, 2019 WL 5901076, at *2 (E.D. Tex. July 25, 2019) (reconsideration denied where plaintiff "largely recycles his prior arguments"); Dkt. No. 852 at § III.A, n.1 (incorporating 2015 motion to compel in its entirety).

Yet VirnetX now identifies two instances where Apple supposedly "continued to request relief from the Court based on its attorney argument regarding non-use." Dkt. No. 852 at 2. VirnetX failed to object or seek modification of the January 2016 order when either instance occurred (one of which was 2016), for good reason: both examples are consistent with the January 2016 Order. VirnetX first points to Apple's 2016/2018 JMOL argument that substantial evidence did not support the VOD infringement verdict because VirnetX "offered no evidence that anyone employed" the optional probe. Dkt. No. 852 at 2; *see also* Dkt. No. 463 at 5–7; Dkt. No. 775 at 11–14. But this argument does not implicate the January 2016 Order, and VirnetX made no argument that it did in opposition to Apple's JMOL motions. Apple simply argued that VirnetX did not meet its burden to prove infringement, which the January 2016 order did not relieve VirnetX of doing. Apple's non-infringement JMOL arguments are also irrelevant to this trial, because the only issue is the amount of damages for infringement by VOD. Dkt. No. 840 at 17.

VirnetX next points to a snippet from Apple's argument at the April 14, 2020 hearing that "there was evidence of different consumer acceptance[], different consumer awareness[], different marketing materials, highlighting different levels of importance of the two features" at the April 2018 trial, a new trial was warranted on VOD damages. Dkt. No. 852 at 2-3 (quoting 4/14/20 Hr'g Tr. at 40:18–25). Apple made this same argument in its briefing, Dkt. No. 825 at 14, and until its motion for reconsideration, VirnetX never asserted this somehow contravened the January 2016 order. Nor does it; Apple's argument was that due to the evidence illustrating the differences between FaceTime and VOD, it was "impossible to reverse engineer what went on in those combined products and whether the jury would have assigned $1.20 value for VOD alone." 4/14/20 Hr'g Tr. at 41:3–6; Dkt. No. 362 at 2.

The parties have abided by the Court's January 2016 order at three separate trials. There is

no reason to depart from, or reconsider, that order now. *Parity*, 2018 WL 10124889, at *1. Because VirnetX's motion is merely an attempt "to relitigate matters that have been resolved, albeit to the [VirnetX's] dissatisfaction," it should be denied. *Mayfield v. DeSoto Par. Police Jury*, 15-2374, 2017 WL 2295908, at *2 (W.D. La. May 25, 2017); *see also Barzelis v. Flagstar Bank, F.S.B.*, No. 4:12-611, 2013 WL 12126117, at *2 (N.D. Tex. May 31, 2013) (denying reconsideration where plaintiff "simply rehashe[d] arguments previously made").

**B. The Discovery VirnetX Seeks Is Disproportionate and Unduly Burdens Apple**

Even if the Court disagrees VirnetX is improperly seeking reconsideration, VirnetX's motion should be denied because the discovery VirnetX seeks is not "proportional to the needs of the case" and imposes a significant burden on Apple that outweighs the discovery's likely benefit. *See* Fed. R. Civ. P. 26(b)(1). The August 2020 trial in this case relates to a single issue: damages for VOD. Dkt. No. 840 at 17. As a result, the Discovery Order identified specific categories of discovery the parties would provide or seek from non-parties, which were limited in scope and time. Dkt. No. 848 at 1–2. VirnetX, however, contends "as a result of th[is] fact discovery," Apple should be compelled to produce communications with enterprise customers and MDMs from April 1, 2013 to present. Dkt. No. 852 at 1, 6. VirnetX does not explain how the scope- and time-limited categories in the Discovery Order would require Apple to search, process, and review the e-mail accounts of more than [REDACTED], at a cost of over [REDACTED] and requiring over [REDACTED] [REDACTED]. Ex. 1, ¶¶ 10–13. Despite VirnetX's suggestion that this could be completed before the August 2020 trial, Apple estimates it would take more than two months. *Id.*

Moreover, VirnetX acknowledges it has the discovery it is seeking. In its motion, VirnetX cites Apple's communications with [REDACTED] regarding VOD as well as Apple's press announcements regarding the redesign, Dkt. No. 852 at 4, which it regularly relies on to argue at

trial that Apple's customers value VOD.[1] VirnetX has identified no reason that Apple must now provide additional discovery about VOD that even VirnetX expects to be duplicative.

VirnetX also provides no reason it should be permitted to depart from the ESI Order, which limits email discovery to 10 Apple custodians, Dkt. No. 54 at 3, particularly given that Apple has already produced over 730,000 emails from nine custodians. *Neustar, Inc. v. F5 Networks, Inc.*, No. 5:12-02574, 2013 WL 5711979, at *2 (N.D. Cal. Oct. 17, 2013) (denying motion to compel that would require search of nearly 1,000 customer-facing sales and support staff emails).

The disproportionate burden on Apple is further evidenced by VirnetX's rejection of Apple's offer to obtain the discovery by less burdensome means. Apple offered to update its previous production of AppleCare entries for VOD-related communications. *Id.* While VirnetX asserts "Apple Care has absolutely no relevance to how Apple communicates with its enterprise customers or its MDMs," Dkt. No. 852 at 7, VirnetX requested "***any other communications that Apple has had with customers*** or third parties related to VOD." Apple Care is undeniably responsive to that request, which VirnetX knows because it has relied on Apple Care entries at past trials. *See* PX-1039, PX-1040; 1/25/16 Trial Tr. at 225:16-226:21. Nor was Apple's selection of email custodians "arbitrary"; it was based on Apple's investigation into likely sources of communications with MDMs. Dkt. No. 852, Ex. A at 2. Finally, VirnetX impugns Apple's offer to produce emails from January 2015 forward, but that proposal was based on the Discovery Order. Dkt. No. 848.

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that VirnetX's Motion be denied.

---

[1] *E.g.*, 1/26/16 Trial Tr. at 142:16-143:17; 9/27/16 Trial (PM) Tr. at 75:24-77:8; 4/3/18 Trial (PM) Tr. at 133:2-19; 4/5/18 Trial (AM) (Sealed) Tr. at 68:7-70:15.

Dated: June 11, 2020

Respectfully submitted,

*/s/Leslie M. Schmidt*

Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
Leslie M. Schmidt
Leslie.schmidt@kirkland.com
Nathaniel L. DeLucia
nathaniel.delucia@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Akshay S. Deoras
akshay.deoras@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Nathan S. Mammen
nathan.mammen@kirkland.com
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

Michael E. Jones, ***Lead Attorney***
Texas Bar No. 10969400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
**ATTORNEYS FOR APPLE INC.**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing documents is authorized to be filed under seal pursuant to the Protective Order entered in this case.

                                                             */s/ Leslie M. Schmidt*
                                                             Leslie M. Schmidt


**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via email mail on June 11, 2020.

I also certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on June 11, 2020

                                                             */s/ Leslie M. Schmidt*
                                                            Leslie M. Schmidt