**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC., and** | § | |
| **LEIDOS, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **No. 6:12-cv-00855-RWS** |
| **v.** | § | |
| | § | |
| **APPLE INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

**PROPOSED JOINT FINAL PRETRIAL ORDER**

The Pretrial Conference is scheduled on August 3, 2020, at 10:00 a.m. in Texarkana, Texas, pursuant to the Court's Twelfth Amended Docket Control Order (Dkt. No. 849), Local Rule CV-16(b), and Rule 16 of the Federal Rules of Civil Procedure.  The following parties submit this Joint Pretrial Order: Plaintiff VirnetX Inc. ("VirnetX" or "Plaintiff") and Defendant Apple Inc. ("Apple" or "Defendant").[1] Subject to the other rulings made at the Pretrial Conference, the Court enters this Order.

**I.      COUNSEL FOR THE PARTIES**

**Attorneys for Plaintiff VirnetX Inc.:**

Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625

---

[1] VirnetX states that Nominal Plaintiff Leidos, Inc. submits no information in addition to the submissions of Plaintiff VirnetX Inc.

Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

R. Christopher Bunt
Texas State Bar No. 00787165
Email:  rcbunt@pbatyler.com
**Parker, Bunt & Ainsworth, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400

Facsimile: (903) 757-2323

**Attorneys for Defendant Apple Inc.:**

Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
Leslie Schmidt
leslie.schmidt@kirkland.com
David N. Draper
david.draper@kirkland.com
Aaron Resetarits
aaron.resetarits@kirkland.com
Nathaniel L. DeLucia
nathaniel.delucia@kirkland.com
Ryan Jin
ryan.jin@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Akshay S. Deoras
akshay.deoras@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

F. Christopher Mizzo
chris.mizzo@kirkland.com
John C. O'Quinn
john.o'quinn@kirkland.com
Nathan S. Mammen
nathan.mammen@kirkland.com
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue,
N.W. Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

3

Michael E. Jones, Lead Attorney
Texas Bar No. 10969400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

## II.    STATEMENT OF JURISDICTION

- **VirnetX's Statement Regarding the Description of the Case**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq*.

Venue and personal jurisdiction are not disputed in this case.

- **Apple's Statement Regarding the Description of the Case**

This Court has subject matter jurisdiction over the claims asserted by VirnetX and SAIC (now Leidos) in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq*.  This Court has subject matter jurisdiction over the counterclaims asserted by Apple pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

Venue and jurisdiction are not disputed in this case

## III.   NATURE OF ACTION

- **VirnetX's Statement Regarding the Description of the Case[2,3]**

The Federal Circuit affirmed the Court's ruling that Defendant Apple willfully infringes U.S. Patent No. 6,502,135 ("the '135 patent") and U.S. Patent No. 7,490,151 ("the '151 patent"). *VirnetX, Inc. v. Apple Inc.*, No. 2019-1050, Fed. App'x 796, 806-809 (Fed. Cir. 2019); *VirnetX, Inc. v. Apple Inc.*, No. 2019-1050, ECF No. 27 (Feb. 1, 2019) (Apple did not appeal willfulness finding); Dkts. 723, 729, 798. The Federal Circuit also affirmed the Court's ruling that Apple may not challenge the validity of these patents. *VirnetX, Inc. v. Apple Inc.*, No. 2019-1050, Fed. App'x 796, 806 (Fed. Cir. 2019). On remand, the Court found that a new trial on damages is necessary. Dkt. 840. VirnetX seeks both pre-verdict and post-verdict damages up to the time of judgment to compensate VirnetX for Apple's alleged acts of infringement, but in no event less than a reasonable royalty, as well as injunctive relief against future acts of infringement by Apple under 35 U.S.C. § 283. In the alternative, VirnetX contends that any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future infringement. VirnetX also seeks prejudgment and post judgment interests and costs, pursuant to 35 U.S.C. § 284, and attorneys' fees, pursuant to 35 U.S.C. § 285, as well as treble damages against Apple.

- **Apple's Statement Regarding the Description of the Case**

---

[2] VirnetX objects to any mention of Leidos as a "plaintiff" in this case. Leidos asserts no claims against Apple for legal or equitable relief. Therefore, any reference to Leidos as a "plaintiff," involuntary or otherwise, is irrelevant and prejudicial to VirnetX. Further, Apple did not appeal its objection to Leidos not being mentioned as a plaintiff at trial. *VirnetX, Inc. v. Apple Inc.*, No. 2019-1050, ECF No. 27 (Feb. 1, 2019).

[3] Apple responds that Leidos is not only a plaintiff, but it was a necessary plaintiff to maintain this action, as SAIC (now Leidos) retains substantial rights under the patents-in-suit, including an equity interest in the patents-in-suit. *VirnetX, Inc. v. Cisco Sys., Inc., et al.*, Civil Case No. 6:10-cv-417 (Dkt. No. 236).

This Civil Case No. 6:12-cv-00855 ("the -855 Case") was first tried in January–February 2016 as a consolidated trial with Civil Case No. 6:10-CV-417 ("the -417 Case").   In that consolidated trial, a jury found that Apple's VPN on Demand feature in iOS 7-8 infringed claims 1 and 7 of U.S. Patent No. 6,502,135 ("the '135 patent"), and claim 13 of U.S. Patent No. 7,490,151 ("the '151 patent").   The jury also found that Apple's iOS 7-8 and OS X 10.9-10.10 FaceTime feature (exclusive of the dates April 6, 2013 to September 18, 2013), and Apple's iOS 5-8 and OS X 10.8-10.10 iMessage feature infringed claims 1, 2, 5, and 27 of U.S. Patent No. 7,418,504 ("the '504 patent") and claims 36, 47, and 51 of U.S. Patent No. 7,921,211 ("the '211 patent"). Following the trial of the consolidated -417 and -855 Cases, the Court GRANTED Apple's Motion for a New Trial Based upon the Consolidation with the -417 Case, VACATED the orders consolidating the cases and BIFURCATED the issue of willfulness in both cases.  D.I. 500.

In April 2018, the Court held a bifurcated jury trial on (1) liability and damages and (2) willfulness—which were tried in succession to one jury.  The jury returned a verdict finding both VPN on Demand and FaceTime to infringed the '135, '151, '504, and '211 patents, and awarded VirnetX damages.  D.I. 722, 723.  The jury returned a verdict finding Apple's infringement was willful.  D.I. 727, 728.

Following the verdicts, Apple filed an Omnibus Motion for Judgment as a Matter of Law under Rule 50(b) and for a New Trial (D.I. 775), and VirnetX filed a Motion for Entry of Judgment and Equitable and Statutory Relief (D.I. 774).  The Court issued a Memorandum Opinion and Order on these motions on August 30, 2018.  D.I. 798.  The Court DENIED Apple's Omnibus Motion for Judgment as a Matter of Law under Rule 50(b) and for a New Trial.  *Id*. at 52.  The Court DENIED-IN-PART and GRANTED-IN-PART VirnetX's Motion for Entry of Judgment and for Equitable and Statutory Relief.  Specifically, with respect to VirnetX's Motion, the Court

DENIED VirnetX's request for enhanced damages, attorneys' fees, and an injunction.  *Id*.  The Court GRANTED VirnetX's request for a sunset royalty setting the royalty rate at $1.20 per unit. *Id*.  The Court also GRANTED VirnetX's request for pre-judgment and post-judgment interest, and costs.  *Id*.

Apple appealed.  D.I. 812.  VirnetX did not appeal any of the Court's rulings, including the rulings on enhanced damages, attorneys' fees, and an injunction.  On November 22, 2019, the Federal Circuit affirmed the infringement judgment of the asserted claims of the '135 and '151 patents, but  "reverse[d] the district court's judgment that Apple infringed the '504 and '211 patents[,] vacate[d] the damages award and remand[ed] the case for proceedings on damages consistent with [its] opinion."  *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 813 (Fed. Cir. 2019). The Federal Circuit further stated it was "leav[ing] it to the parties and the district court to consider in the first instance relevant aspects of whether to hold a limited damages-only retrial given the reduced basis of liability."  *Id*

On April 23, 2020, the Court ordered a new trial on damages.  D.I. 840.

Although Apple does not contest that under 35 U.S.C. § 284 VirnetX is entitled to an award of reasonable royalty damages adequate to compensate for the previously found infringement of any valid patent claims by VPN on Demand, Apple denies VirnetX's inflated claim for damages.[4] Apple further denies that VirnetX is entitled to any other form of relief.  Apple seeks declaratory

---

[4] The Asserted Claims of the '135 and '151 patent were held to be unpatentable by the PTAB in *inter partes* review ("IPR") proceedings.  *See, e.g*., Dkt. No. 692, Exs. O & R.  On appeal, the Federal Circuit remanded the PTAB's decisions, and the IPRs are currently pending before the PTAB.  *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd*., 778 F. App'x 897, 911 (Fed. Cir. 2019).  Although Apple has been precluded from asserting invalidity in this case, Apple reserves all rights and preserves all arguments regarding the invalidity of the patents-in-suit for appeal in this case and any ancillary proceedings, including proceedings before the United States Patent Office and the Federal Circuit.

relief and recovery of its costs, expenses, and attorneys' fees under 35 U.S.C. §§ 285 and 288, as well as any other relief the Court deems appropriate

## IV.     CONTENTIONS OF THE PARTIES

- **VirnetX's Statement of Its Contentions**

By providing these contentions, VirnetX does not concede that all of these issues are appropriate for trial.  In addition, VirnetX does not waive any of its motions *in limine* or motions for summary judgment.

1.       In this case, VirnetX contends that the Federal Circuit affirmed the Court's ruling that Defendant Apple willfully infringes claims 1 and 7 of the '135 patent and claim 13 of the '151 patent by making, using, offering for sale, selling, importing into the United States certain accused Virtual Private Network ("VPN") and security-capable communications products and/or methods that practice the inventions of the '135 and '151 patents without authority or license from VirnetX. *VirnetX, Inc. v. Apple Inc.*, No. 2019-1050, Fed. App'x 796, 806-809 (Fed. Cir. 2019); *VirnetX, Inc. v. Apple Inc.*, No. 2019-1050, ECF No. 27 (Feb. 1, 2019) (Apple did not appeal willfulness finding); Dkts. 723, 729, 798.

2.       The Federal Circuit confirmed the validity of the claims tried in the last trial between the parties, that is, claims 1, 3, 7, and 8 of the '135 patent, claims 1 and 13 of the '151 patent, claims 1, 2, 5, 16, 21, 27 of the '504 patent, and claims 36, 37, 47, 51 of the '211 patent. *VirnetX, Inc. v. Cisco Sys., Inc., et al.*, 767 F.3d 1308 (Fed. Cir. 2014).  Apple cannot challenge the validity of these claims at the upcoming trial.  Dkt. 181 (affirmed at *VirnetX, Inc. v. Apple Inc.*, No. 2019-1050, Fed. App'x 796, 806 (Fed. Cir. 2019)).

3.       VirnetX contends that Apple cannot re-raise issues that it appealed and lost or could have appealed but did not under the law of the case, collateral estoppel, res judicata and/or waiver doctrines.  *See*, *e.g.*, *Medical Center Pharm. v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011).

4.      VirnetX contends that the inventions of the '135 patent were conceived at least as early as September 23, 1999, and thereafter diligently reduced to practice.  On this basis, VirnetX contends that the '135 patent is entitled to a priority date of at least as early as September 23, 1999.

5.      VirnetX is the owner of all rights, title, and interest in and to the '135 patent by assignment at least as of November 2, 2006.  VirnetX possesses all rights of recovery under the '135 patent.

6.      VirnetX contends that the inventions embodied by the asserted claims of the '151 patent are entitled to the effective filing date of February 15, 2000.

7.      VirnetX is the owner of all rights, title, and interest in and to the '151 patent by assignment at least as of November 2, 2006.  VirnetX possesses all rights of recovery under the '151 patent.

8.      VirnetX contends that it has been damaged by Apple's conduct and seeks pre-verdict and post-verdict damages up to the time of judgment adequate to compensate for the infringement by Apple, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court.  Damages should be no less than $1.20 per unit based on the affirmed judgment in Civil Action No. 6:10-cv-00417 which included units that only infringed VPN On Demand.

9.      VirnetX contends that VirnetX and its predecessors-in-interest have complied with 35 U.S.C. § 287.

10.     VirnetX contends that this case is exceptional and that VirnetX is entitled to reasonable attorneys' fees and costs (including consultants' fees and costs) pursuant to 35 U.S.C. § 285.  The Court has already determined that VirnetX is the prevailing party, and the taxable amount of certain costs previously incurred have already been agreed.  Dkt. 798, 809.

11.     VirnetX contends that Apple did not appeal the Court's ruling that Defendant Apple willfully infringes claims 1 and 7 of the '135 patent and claim 13 of the '151 patent and thus cannot now challenge that finding.  *See*, *e.g.*, *Medical Center Pharm. v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011); *see also VirnetX, Inc. v. Apple Inc.*, No. 2019-1050, Fed. App'x 796, 806-809 (Fed. Cir. 2019); *VirnetX, Inc. v. Apple Inc.*, No. 2019-1050, ECF No. 27 (Feb. 1, 2019) (Apple did not appeal willfulness finding); Dkts. 723, 729, 798.  Accordingly, VirnetX thus requests that the Court award to VirnetX enhanced damages pursuant to 35 U.S.C. § 284, as well as supplemental damages for any continuing post-verdict infringement up until entry of final judgment and an accounting for damages if necessary.

12.     VirnetX contends that it is entitled to an injunction against Apple. In the alternative, VirnetX contends that any denial of an injunction should be conditioned on payment of reasonable royalties for future infringement, including during any stay of an injunction pending appeal.

13.     VirnetX denies Apple's defenses and declaratory judgment claims that the patents-in-suit are invalid, unenforceable, and not infringed by Apple.

14.     VirnetX denies that Apple is entitled to its costs, a declaration that this case is exceptional, and its attorneys' fees.

15.     VirnetX contends that jurisdiction is proper in this Court.

16.     VirnetX contends that venue is proper in the United States District Court for the Eastern District of Texas.

17.     VirnetX contends that Apple has sold, offered for sale, used and/or imported in the United States, various infringing products and methods of use including, but not limited to, Apple iPhone 4, iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone X, iPhone XS, iPhone XS

Max, iPhone XR, iPhone 11, iPhone 11 Pro, and iPhone 11 Max running iOS 7.x or later; Apple iPod Touch (4th through 7th generation) running iOS 7.x or later; Apple iPad 2, iPad 3, iPad 4, iPad 5, iPad 6, iPad 7, iPad mini, iPad mini 2, iPad mini 3, iPad mini 4, iPad mini 7.9, iPad Air, iPad Air 2, iPad Air 10.5, iPad Pro, iPad Pro 9.7, iPad Pro 10.5, iPad Pro 12.9, iPad Pro 12.9 2, iPad 12.9 3, iPad Pro 11, and iPad Pro 11 2 running iOS 7.x or later, and products with similar functionality.

- **Apple's Statement of Contentions**

By providing these Contentions, Apple does not concede that all of these are appropriate for trial.  In particular, Apple does not waive any of its motions *in limine*, *Daubert* motions, or motions for summary judgment, which, if granted, would render some or all of these issues moot.

Apple's contentions in this case are detailed in part in its pleadings, discovery responses, the expert reports and Apple's pending and anticipated motions, including its motions for summary judgment, which are all incorporated by reference herein.  In sum, Apple contends the following:

1.     Apple contends that VirnetX is not entitled to the amount of damages it seeks in connection with the previous finding that Apple's VPN on Demand infringes claims 1 and 7 of the '135 patent and claim 13 of the '151 patent, which Apple does not contest for purposes of this trial.

2.     Apple contends that the verdict in the -417 Action does not establish that damages in this case should be no less than $1.20 per-unit.

3.     Apple contends that VirnetX is not entitled to damages based on the entire market value of Apple's accused products.  Moreover, to the extent VirnetX is awarded any damages, those damages should be limited by the doctrines of patent exhaustion and the one-compensation rule.

4.     Apple contends that VirnetX is not entitled to damages based on Apple products and any feature of Apple products that do not contain the accused functionalities, and/or that have

not been proven to have been actually deployed, configured, and used in the manner that VirnetX alleges to infringe.

5.      Apple contends that VirnetX is not entitled to any supplemental damages, any accounting for damages or attorneys' fees, expenses or costs.

6.      Apple contends that VirnetX's proposed damages award is excessive and unsupportable.

7.      Apple contends that in the event a jury awards a lump-sum royalty to VirnetX covering the life of the '135 and '151 patents, VirnetX would be precluded from obtaining ongoing royalties.

8.      Apple contends that VirnetX is not entitled to enhanced damages.

9.      Apple contends that VirnetX is not entitled to an injunction.

10.     Apple contends that any denial of injunctive relief should not be conditioned on payment of reasonable royalties for future infringement.

11.     Apple contends that VirnetX cannot show that it would be irreparably harmed by Apple's continued sale of the accused products.

12.     Apple contends that VirnetX cannot show that there is no remedy at law that would be adequate to compensate it for Apple's continued sale of the accused products.

13.     Apple contends that VirnetX cannot show that the balance of equities indicates that an equitable remedy is warranted.

14.     Apple contends that VirnetX cannot show that the public interest would be served by a permanent injunction.

15.     Apple contends that VirnetX's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498(a).

16.     Apple contends that this is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## V.     STIPULATIONS AND UNCONTESTED FACTS

The parties agree to the following stipulations and uncontested facts.

- **The Parties' Statement of Uncontested Facts**

1.     The '135 patent has an effective filing date of February 15, 2000, and was issued on December 31, 2002.

2.     The '135 patent is entitled "Agile Network Protocol for Secure Communications with Assured System Availability."

3.     Claims 1 and 7 of the '135 patent are at issue and asserted in this case against Apple.

4.     The '151 patent has an effective filing date of February 15, 2000, and was issued on February 10, 2009.

5.     The '151 patent is titled "Establishment of a Secure Communication Link Based on a Domain Name Service (DNS) Request."

6.     Claim 13 of the '151 patent is at issue and asserted in this case against Apple.

- **VirnetX's Objections to Apple's Statement of Its Contentions**

VirnetX objects to Apple's contentions that were not properly disclosed as Apple's contentions pursuant to the Court's Patent Rules, Discovery Rules, and other orders of the Court in this case.   VirnetX further objects to Apple's contentions regarding issues excluded by agreement and/or by rulings of the Court.  VirnetX further objects to any contention that is subject to a currently pending motion and/or future filed motion (such as motions *in limine*) in this matter. VirnetX further objects to Apple attempting to raise issues described as "unique to this damages trial" when for example Apple's position had always been in prior trials that one or more feature of Apple's products could have been found not to infringe the VirnetX patents by a jury.  VirnetX

further objects to Apple raising issues that it could have raised or did raise and failed to appeal. VirnetX further objects to issues that are precluded by collateral estoppel, res judicata, waiver, and/or law of the case.  VirnetX further objects to the relitigation of any issue that has already been determined by the Court and/or the Federal Circuit.

- **Apple's Objections to VirnetX's Statement of Its Contentions**

Apple objects to VirnetX's Contentions 1 and 17 to the extent they identify asserted claims and/or accused products not previously disclosed in VirnetX's infringement contentions and expert reports, including but not limited to, "Virtual Private Network ('VPN') and security-capable communications products," "iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone X, iPhone XS, iPhone XS Max, iPhone XR, iPhone 11, iPhone 11 Pro, and iPhone 11 Max," "Apple iPod Touch (4th through 7th generation)," "Apple iPad 3, iPad 4, iPad 5, iPad 6, iPad 7, iPad mini, iPad mini 2, iPad mini 3, iPad mini 4, iPad mini 7.9, iPad Air, iPad Air 2, iPad Air 10.5, iPad Pro, iPad Pro 9.7, iPad Pro 10.5, iPad Pro 12.9, iPad Pro 12.9 2, iPad 12.9 3, iPad Pro 11, and iPad Pro 11 2" and devices "running iOS 7.x or later" or "and products with similar functionality."  Apple further objects to VirnetX's contentions to the extent they rely on theories not properly disclosed in this case.

Apple objects to VirnetX's Contentions 1, as the Federal Circuit did not "affirm[] the Court's ruling that Defendant Apple willfully infringes claims 1 and 7 of the '135 patent and claim 13 of the '151 patent;" rather the Federal Circuit did not address willfulness.

Apple further objects to VirnetX's Contention 2, as the Federal Circuit did not "confirm[] the validity of the claims tried in the last trial between the parties"; rather, the Federal Circuit found that "the district court did not err in denying Apple's JMOL motion" that the asserted claims are invalid as anticipated by a 1996 publication by Takahiro Kiuchi et al. *Cisco Sys., Inc., et al.*, 767 F.3d 1308, 1323-24 (Fed. Cir. 2014).  The Federal Circuit subsequently affirmed this Court's

"determination that Apple is precluded from pressing the invalidity challenges it proposed to press in this case." *VirnetX Inc. v. Apple Inc.*, 792 Fed. App'x 796, 806 (Fed. Cir. 2019).  But, the Asserted Claims of the '135 and '151 patent were held to be unpatentable by the PTAB in *inter partes* review ("IPR") proceedings.  *See, e.g.*, Dkt. No. 692, Exs. O & R.  On appeal, the Federal Circuit remanded the PTAB's decisions, and the IPRs are currently pending before the PTAB. *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 778 F. App'x 897, 911 (Fed. Cir. 2019). Thus, although Apple has been precluded from asserting invalidity in this case, Apple reserves all rights and preserves all arguments regarding the invalidity of the patents-in-suit for appeal in this case and any ancillary proceedings, including proceedings before the United States Patent Office and the Federal Circuit.

Apple further objects to VirnetX's Contentions 5 and 7 that VirnetX is the "owner of all rights, title, and interest in and to" the patents-in-suit and that VirnetX "possesses all rights of recovery" under the patents-in-suit.  As this Court has held, SAIC (now Leidos) retains substantial rights under the patents-in-suit, including an equity interest in the patents-in-suit. *Cisco Sys., Inc., et al.*, Civil Case No. 6:10-cv-417 (Dkt. No. 236.).

Apple further objects to VirnetX's Contention 8 that "[d]amages should be no less than $1.20 per unit based on the affirmed judgment in Civil Action No. 6:10-cv-00417 which included units that only infringed VPN On Demand."  The Court rejected VirnetX's attempts to import the -417 action verdict into this case, holding that "[b]ecause the infringing products are different between the 417 and 855 actions, the damages question between the two cases is not identical, and issue preclusion does not apply."  Dkt. 624 at 7.  The Federal Circuit, moreover, held that "the jury did not have to decide whether the $1.20-per-unit figure would be correct if only VPN on Demand infringed."  *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 813 (Fed. Cir. 2019).

15

Apple further objects to VirnetX's Contention 10 that "[t]he Court has already determined that VirnetX is the prevailing party, and the taxable amount of certain costs previously incurred have already been agreed.  Dkt. 798, 809."  Among other issues, Apple appealed the Court's August 30, 2018 Memorandum Opinion and Order addressing costs.  Dkt. 812.

Apple further objects to VirnetX's Contention 10 that "VirnetX is entitled to reasonable attorneys' fees and VirnetX's Contention 11 that "the Court [can] award to VirnetX enhanced damages pursuant to 35 U.S.C. § 284."  The Court denied VirnetX's request for attorney's fees and enhanced damages, Dkt. No. 798 at 52, and VirnetX did not appeal those rulings.

Apple further objects to VirnetX's Contention 12 that "VirnetX … is entitled to an injunction against Apple."  The Court denied VirnetX's request for an injunction, Dkt. No. 798 at 52, and VirnetX did not appeal that ruling.

Apple further objects to VirnetX's contentions that were not properly disclosed pursuant to this District's Patent Local Rules, this Court's discovery rules, and/or other orders of the Court in this case.  Apple further objects to VirnetX's contentions to the extent they concern issues excluded by agreement and/or by rulings of the Court.  In particular, Apple does not waive any of its prior or forthcoming motions *in limine*, *Daubert* motions, or motions for summary judgment, which, if granted, would render some or all of these issues raised in VirnetX's contentions moot.

- **Stipulation for Trial Management Procedures**

The Parties have met and conferred and agree to use the trial management procedures set forth in Dkt. No. 380.

## VI.    CONTESTED ISSUES OF FACT AND LAW

The Parties identify the following issues of fact that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this

section.  The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*.

- **VirnetX's Statement of Contested Issues of Fact and Law**

By providing this statement, VirnetX does not concede that all of these issues are appropriate for trial.  VirnetX also does not waive any of its pending motions.

1.      Whether VirnetX is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and if so, the dollar amount of the enhancement.

2.      Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether VirnetX is entitled to an award of attorneys' fees.

3.      The dollar amount of pre-verdict and post-verdict damages to the time of judgment adequate to compensate VirnetX for the infringement of the patent-in-suit, but in no event less than a reasonable royalty.

4.      The dollar amount of VirnetX's costs in light of the Court's ruling that VirnetX is the prevailing party.  Dkts. 798, 809.

5.      The dollar amount of prejudgment and post-judgment interest.  *Id*.

6.      Whether VirnetX is entitled to an injunction against Defendant pursuant to 35 U.S.C. § 283, requiring Apple to refrain from directly infringing, contributing to, or inducing the infringement of the patents-in-suit in the United States.

7.      Whether any denial of an injunction should be conditioned on payment of reasonable royalties for future infringement, and if so, the royalty amount set for future infringement and a means or mechanism to account for future royalty payments, including during any stay of an injunction pending appeal.

8.      Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa.  VirnetX also incorporates by reference the contested issues raised in its pending motions. *See* Section X, *infra*.

- **Apple's Statement of Contested Issues of Fact**

 By providing this statement, Apple does not concede that all of these issues are appropriate for trial.  Apple also does not waive any of its pending or future filed motions, which, if granted, would render some or all of these issues moot.

1.      The amount of damages adequate to compensate VirnetX for Apple's previously found infringement of claims 1 and 7 of the '135 patent and claim 13 of the '151 patent in this -855 case.

2.      Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa.

- **VirnetX's Statement Regarding Issues to be Decided by the Court**

1.      VirnetX contends that all issues related to VirnetX's claims for post-trial  issues such as injunctive relief, exceptional case, enhanced damages, attorney's fees, post and pre-trial interest, and post-trial damages as well as Apple's equitable defenses require determination by the Court, should not be submitted to the jury, and  the jury should not be advised of the request for injunction or the defenses.

- **Apple's Statement Regarding Issues to be Decided by the Court[5]**

1.      Whether VirnetX is entitled to costs, and, if so, the dollar amount of its costs.

---

[5] To the extent VirnetX is permitted to seek an injunction, attorney's fees, or enhancement, those would also be issues decided by the Court.

2.      Whether VirnetX is entitled to prejudgment and post-judgment interest, and, if so, the dollar amount of prejudgment and post-judgment interest.

3.      Whether Apple is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. §§ 285 and 288, and, if so, the proper amount of attorneys' fees and/or costs.

## VII.   LIST OF WITNESSES

Pursuant to the Court's Twelfth Amended Docket Control Order (Dkt. No. 849) the parties have filed trial witness lists.  These lists are attached herein as detailed below:

- VirnetX's Witness List is attached as Exhibit A.
- Apple's Witness List is attached as Exhibit B.

## VIII.   DEPOSITION DESIGNATIONS

Pursuant to the Court's Twelfth Amended Docket Control Order (Dkt. No. 849) the parties will exchange deposition designations on July 15, 2020.  Rebuttal designations and objections to deposition designations will be exchanged on July 27, 2020.  Objections to rebuttal deposition designations will be exchanged on July 29, 2020.  The deposition designations and accompanying, rebuttals designations and objections will receive the following Exhibit designations to this pretrial order when filed with the Court:

- VirnetX's deposition designations will be Exhibit C.
- Apple's deposition designations will be Exhibit D.
- VirnetX's objections and rebuttal deposition designations to Apple's deposition designations will be Exhibits E and F, respectively.
- Apple's objections and rebuttal deposition designations to VirnetX's deposition designations will be Exhibits G and H, respectively.
- VirnetX's objections to Apple's rebuttal deposition designations will be Exhibit I.
- Apple's objections to VirnetX's rebuttal deposition designations will be Exhibit J.

19

The Parties will meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

## IX.  LIST OF EXHIBITS

Pursuant to the Court's Twelfth Amended Docket Control Order (Dkt. No. 849) the parties will exchange exhibit lists on July 15, 2020.  The parties will exchange objections to exhibit lists on July 24, 2020.  The exhibit lists and accompanying objections will receive the following Exhibit designations to this pretrial order when filed with the Court:

- VirnetX's exhibit lists will be Exhibit K.
- Apple's exhibit lists will be Exhibit L.
- VirnetX's objections to Apple's exhibit lists will be Exhibit M.
- Apple's objections to VirnetX's exhibit lists will be Exhibit N.

## X.  LIST OF PENDING MOTIONS

There are no currently pending motions.

## XI.  PROBABLE LENGTH OF TRIAL

Pursuant to the Court's Twelfth Amended Docket Control Order (Dkt. No. 849) the parties will file trial time estimates on July 14, 2020.

## XII.  CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

1.  Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2.  The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

3.  Each exhibit in the List of Exhibits herein:

(a)     is in existence;

(b)     will be numbered; and

(c)     will be disclosed and shown to opposing counsel in accordance with the

deadlines set for in the Twelfth Amended Docket Control Order.

DATED:  July 9, 2020

Respectfully submitted,

**CALDWELL CASSADY & CURRY**

/s/ *Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

R. Christopher Bunt
Texas State Bar No. 00787165
Email:  rcbunt@pbatyler.com
**Parker, Bunt & Ainsworth, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

*/s/ Leslie M. Schmidt*
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
Leslie Schmidt
leslie.schmidt@kirkland.com
David N. Draper
david.draper@kirkland.com
Aaron Resetarits
aaron.resetarits@kirkland.com
Nathaniel L. DeLucia
nathaniel.delucia@kirkland.com
Ryan Jin
ryan.jin@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Akshay S. Deoras
akshay.deoras@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, California 94104

23

Telephone: (415) 439-1400
Facsimile: (415) 439-1500

F. Christopher Mizzo
chris.mizzo@kirkland.com
John C. O'Quinn
john.o'quinn@kirkland.com
Nathan S. Mammen
nathan.mammen@kirkland.com
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue,
N.W. Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

Michael E. Jones, Lead Attorney
Texas Bar No. 10969400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR DEFENDANT,
APPLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 9th day of July, 2020. Local Rule CV-5(a)(3)(A).

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell
