*Exhibit A*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., ET AL., | § § § | |
| Plaintiffs, | § § | C.A. No. 6:12-cv-00855-RWS |
| v. | § § | |
| APPLE INC., | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

**PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Members of the jury, you have now been sworn as the jury to try this case. As the jury, you will decide disputed questions of fact. As the Judge, I will decide questions of law and procedure. From time to time during the trial, and at the end of the trial, I will instruct you on the rules of the law that you must follow in making your decision.

The party who brings a lawsuit is called the Plaintiff. The plaintiff in this case is VirnetX, Inc., who will be referred to as Plaintiff or VirnetX during the trial. The party against whom this suit is brought is called the Defendant. In this action, the Defendant is Apple, Inc., who will be referred to as Defendant or Apple during the trial.

Soon, the lawyers for the parties will make an opening statement. The opening statements are meant to help you to understand the evidence. However, what the lawyers say during their opening statements is not the evidence; it's only what they expect that the evidence will show. You should base your decision only on the evidence that you hear and that comes into evidence from the witness stand, through depositions, and from the exhibits that I admit into evidence. You will rely on this evidence in making your decision as to the verdict in this case.

As I previously told you during *voir dire*, this is a case for deciding damages in a patent case. After the opening statements, VirnetX will call witnesses and present evidence. Then Apple will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, VirnetX may be permitted to present what's called rebuttal evidence.

After all of the evidence is in, I will instruct you on the applicable law. I will give you detailed instructions, both orally as I am doing now, and at the end of the case you will have those written instructions to take with you to the jury room. After I have given you your final instructions, after all of the evidence is in, and after you have heard those final instructions, then you will hear the closing arguments of the attorneys. After you have heard their closing arguments, then and only then will you retire to the jury room to start discussing the case, to deliberate, and to reach a verdict.

Throughout this case, I want you to keep an open mind. Do not decide any fact until you have heard all of the evidence, then the closing arguments, and then my instructions. Pay close attention to the evidence and the testimony. If you would like to take notes during the trial, you may do so. We have some notebooks that I'm going to ask our Court Security Officer to pass out to you at this time. The notebooks each have a cover page under the plastic cover, and you can slide the cover page out now so that you can write your name on top of that and you'll know whose notebook it is, and then slide it back in.

If you'll open your notebook now, you should find a blank pad on the inside for taking notes. Go ahead and put your name inside that pad, too, in case it comes out. You can also make notes in your notebook if you'd like to. If you decide to take notes in this case, though, please be careful not to get so involved in your note-taking that you become distracted and miss part of the testimony. You do not need to write down everything that happens; you should take such notes as

you feel are appropriate or would be helpful to you. However, your notes are only to be used as an aid to your memory. If, later, your memory is different from your notes, you should rely upon your memory and not your notes. Just because something gets written down on the notepad does not make it any more important than your recollection or another juror's recollection. So, don't be influenced by any notes that you take or that others take. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. For example, just because someone has written something down doesn't necessarily mean that they heard it right or that they wrote it down correctly. So just because it's written down doesn't mean that it's to be given any more weight than just what your memory would be. But it is there to help you.

 We have our court reporter present, who is taking down stenographic notes of what is said in the courtroom but copy of that testimony will not be available for your use during deliberations.

 Now, until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your family and friends. Don't discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. As I told you this morning, whenever you go to lunch or take a break, talk about anything you want to, but don't talk about the case. Likewise, don't talk about the case with anyone else. Every juror should hold themselves completely apart from any discussion about this case with anyone until we get to the end of the case and then only with your fellow jurors when you go back to deliberate. If anyone should attempt to discuss the case with you or to approach you concerning the case, you should inform me immediately or my court staff; and you should not visit with them. As I asked you earlier, I'm going to want you to hold yourself completely apart from all of the people involved in this case; the parties, the witnesses, the attorneys, and persons associated with the attorneys who will be trying this case. Each morning when you arrive at the

courthouse, I would ask you to move to the front of the security line in order to avoid standing next to any of the parties or witnesses or attorneys. As I said earlier, it is important not only for you to be fair and impartial, but it's also important for you to appear to be fair and impartial.  And that's why you should just not have any contact with any of them.

You do have a juror badge on, as you will throughout the trial.  All of the lawyers here and the spectators in the back of the courtroom, I know they're all friendly people and would love to visit with you, but they're going to see that juror badge and they're not going to be communicating with you in the elevator or chitchatting with you in the hall. And you should, likewise, not communicate with them or chitchat with them. Just hold yourself completely apart from them.

Again, as we discussed earlier, as far as discussing the case with others, if you have any type of social networking account—like Facebook or Twitter or Instagram, Snapchat, anything like that—please do not discuss the case or even mention it at all on any of those sites. So, no tweets on Twitter or status updates on Facebook.  No mention of the case on any networking sites. Don't post updates or pictures or videos about what's going on in the case.  And likewise, don't send or receive text messages about the case because that would be entirely improper.  If you were to do that, it could result in a waste of all of the time and expense that everybody has put into getting this case ready up to this point; and trying the case could be put into jeopardy.  So please do follow those instructions very, very carefully.

I would also ask that you not make any independent investigation of any fact or matter in this case. Don't learn anything about the case from any other outside source. And that's very important. Because when you begin your deliberations, what you will decide this case on is the testimony that has been given under oath and the exhibits that have been legally admitted into evidence. So, you should not go to any other source or receive information from any other source.

There should not be anything on television or in the newspaper about this case—probably not—but if there is, don't watch any television news reports or read any newspaper articles about the case. Just turn the channel. Also, don't use the Internet or Google to find out more information about the case or any of the parties or any of the attorneys who are working on the case. In other words, don't go home and get on your computer and start doing any sort of independent investigation. That would be extremely improper. And the reason for that, again, is very important: It would violate your oath as a juror because you would be considering something other than the evidence that has been presented in the case or will be presented in the case, and it could result in a mistrial of the case. And all of the time and expense involved in getting this case ready would be for nothing. So, please be sure to follow that instruction. And I know that you will.

You're to be guided, obviously, only by the evidence in this case, only by what you see and hear in this courtroom, and by nothing else. When you do begin your deliberations, your deliberations will be carried on with all eight of you in the room. So please don't make any independent investigation. Now, during the trial, it will probably be necessary for me from time to time to confer with the lawyers outside of your hearing, either here at the bench or while you're in the jury room, or to even conduct part of the trial outside of your presence. I will certainly handle these matters as briefly and as conveniently for you as I can. But unfortunately, they are occasionally part of any trial. So, if I have to ask you to wait in the jury room, I will certainly try to keep that to a minimum. I will try to deal with anything that we need to take up with the attorneys during a break or in the morning early before we get here or after hours after you have gone home for the day. I do want your time to be spent in the jury box hearing evidence. But unfortunately, those occasions do come up during the course of trial. And you may be wondering, why are we just sitting here? What's going on? Just understand and realize that part of that just is necessary.

But we all will do our very best to hold it to a minimum. I can promise you when we get to the end of the trial and it's time for you to deliberate, I and all the parties will give you all of the time that you need to adequately deliberate to reach your decision. And so, we'll ask for your patience in that regard as well.

Now, let me explain to you about the nature of this case As you know, this is a patent case. There are two patents that are relevant to this case today, which are identified by their numbers: U.S. Patent No. 6,502,135, also known by its last three digits as the '135 Patent; and U.S. Patent No. 7,490,151, also known as the '151 Patent.

[**VirnetX Proposes**: The Plaintiff in this case, VirnetX, contended that Apple is directly and indirectly infringing certain claims of these patents by making, using, selling, offering to sell, and importing into the United States a certain accused feature, the redesigned VPN on Demand.]

[**Apple Proposes**: Delete][1] It has already been determined that [**VirnetX Proposes**: the

---

[1] **Apple's Position:** Instructing the jury about VirnetX's infringement contentions, what constitutes direct and indirect infringement is confusing, a waste of time, and irrelevant since infringement is not an issue that the jury will decide. Apple also objects to referring to the features in this case as the "redesigned" VPN on Demand feature. That label is unfairly prejudicial, and constitute an impermissible use of character reasoning to portray Apple as a bad actor. (*See* D.I. 609 at 4-5). Notwithstanding the foregoing, Apple maintains its objection that evidence of the prior adjudications should be excluded and preserves that objection here. 3/26/2018 Hr'g Tr. at 48:11-16. This proposal is only for the purposes of furthering this case and is not to be used against Apple in any other proceedings as if it was stipulated to or agreed to for any other purpose because it is solely to deal with an evidentiary issue in this case. *Id.* at 48:19-49:12. Apple does not agree that a patent found to be un-patentable can be infringed. *Id.* Moreover, Apple previously moved *in limine* to preclude reference to the previously adjudicated versions of VPN On Demand, and the Court granted that motion insofar as VirnetX must approach before discussing whether design changes were the result of a prior verdict. D.I. 644. Apple maintains that evidence of the previously adjudicated versions of VPN On Demand is confusing and prejudicial, and has no relevance to the issues the jury must decide in this case. *See, e.g.*, D.I. 500.

[**VirnetX response**: There is nothing misleading, confusing, or a waste of time about instructing the jury about the determinations previously made concerning Apple's infringement. The jury is tasked with awarding damages for previously found infringement. The jury is entitled to know

redesigned] [**Apple Proposes**: Delete]² VPN on Demand [**VirnetX Proposes**: directly] [**Apple Proposes**: Delete] infringes Claims 1 and 7 of the '135 Patent, as well as Claim 13 of the '151 Patent; [**VirnetX Proposes**: it has also been determined that Apple indirectly induces that infringement.] [**Apple Proposes**: Delete]³ Those are not issues for you to decide in this case. VirnetX is entitled to a reasonable royalty for that infringement. However, the parties disagree on the amount of that royalty, so you will be asked to determine the amount of that royalty.

Now, let me explain a little bit to you about the patents and the U.S. patent system generally.

[**VirnetX Proposes**: Patents are issued by the United States Patent and Trademark Office, which is part of the U.S. government. The government is empowered by the Constitution to enact patent laws and to issue patents to protect inventions. Inventions that are protected by patents may

---

what those infringement contentions were. This includes Apple's indirect infringement, for which the jury will be awarding damages.

There is also nothing prejudicial about discussing VPN on Demand was the redesigned VPNoD feature, and there is no reason that the Court's prior MIL ruling should apply in this case. Apple contended that such a ruling was appropriate because allowing reference to prior versions of VPNoD would "confuse the infringement analysis required for this case with evidence concerning already-adjudicated conduct." Here, in contrast, it has already been determined that *all* of Apple's VPNoD conduct was in fact willful infringement and reference to prior adjudications poses no risk of improper deference. Instead, the context of the two versions of VPNoD highlights the value of the infringing functionality, which will be hotly disputed at the trial. As such, there is no issue in describing accurately that the feature at issue in this case is a redesigned version of VPNoD.

Further, Apple's contention that the Court previously ruled that information about a prior infringing version of VPNoD could not come in is simply inaccurate. To the contrary, the Court ruled prior to the 2018 trial that prior infringing versions "come[] in" because "the plaintiffs are entitled to put this on in their case." 3/26/18 Hr. Tr. at 49:6-9.]

² *See* footnote 1 regarding the reference to "the redesigned" VPN on Demand feature.

³ *See* footnote 1 regarding the reference to indirect infringement. **Apple's Position:** Apple objects to VirnetX's repeated reference to the prior determinations as unfairly prejudicial and an impermissible use of character reasoning to portray Apple as a bad actor.

be products, compositions, or methods for doing something or for using or making a product or a composition.

The purpose of the patent system is to help advance science and technology. The patent system achieves this purpose by granting] [**Apple proposes**: A patent gives the][4] to the owner of

---

[4] **Apple's Position:** Apple objects to this proposal as incomplete, legally incorrect, prejudicial and misleading as it omits a critical part of the Patent Office's role in determining the patentability of claimed inventions. Specifically, it omits any discussion of post-grant proceedings and how the Patent Office may revisit the alleged patentability of a claimed invention and ultimately find patent claims to be unpatentable as the Patent Office did here for all of the asserted claims of the patents-in-suit. D.I. 692. In doing so, this proposal is likely to mislead jurors into believing that the patents-in-suit have been approved by the Patent Office when, in fact, the Patent Office has found them unpatentable.

The Patent Office proceedings have advanced since the 2018 trial, and the Patent Office continues to reject claims of the patents. Reexamination Nos. 95/001,679, 95/001,682, 95/001,697, 95/001,714.

Apple respectfully submits that this proposal should be removed from the instructions. Should the Court keep this language, Apple proposes the following additional language to be included at the end of the discussion:

"The fact that the Patent Office grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the Patent Office may not have had available to it all the relevant prior art. A person accused of infringement has the right to argue here in federal court or before the Patent Office that a claimed invention in the patent is invalid because it does not meet the requirements for a patent. With respect to each of the asserted patent claims of the four patents-in-suit before you, Apple and others have challenged the validity of every one of them before the Patent Office, and the Patent Office has found all of them unpatentable, subject only to appeal."

This language is a modified version of the Northern District of California's model preliminary patent instruction tailored for the facts in this case. *See* Model Patent Jury Instructions for the Northern District of California, section A.1, *available at* http://www.cand.uscourts.gov/filelibrary/5/Model_Patent_Jury_Instructions_7.16.15.pdf; *see also* Federal Circuit Bar Association Model Patent Jury Instructions, section A.1, *available at* https://fedcirbar.org/Portals/0/File%20Manager/Resources/Other%20Materials/Jury%20Instructions/FCBA%20Model%20Patent%20Jury%20Instructions%202016.pdf?ver=2016-03-01-154441-277

Apple is not arguing the merits of invalidity. It is asking that the jury be given a fair and complete picture of Patent Office's role.

a patent the right for the term of the patent, to exclude any other person from making, using, offering for sale, selling, or importing the invention covered by the patent anywhere in the United States.

[**VirnetX Proposes**: A patent is granted for a set period of time, which for the patents involved in this case, has not yet expired. Once a patent expires, the patent number may not exclude anyone from making use of the invention that is claimed in the patent. The invention then becomes part of the public domain, which means that anyone is free to use it.] [**Apple proposes**: Delete][5] During the term of the patent, however, if another person without the patent owner's permission makes, uses, sells, offers to sell, or imports into the United States something that is covered by the claims of the patent, then that person is said to infringe the patent.

The patent owner may enforce a patent against persons or companies believed to be infringers in a lawsuit in federal court, just as in this case. The law does not require that the patent owner give advance notice to a defendant that the plaintiff intends to file suit. [**VirnetX Proposes**: To be entitled to patent protection, an invention must be new, useful, and nonobvious. As I noted, a patent gives its owner the right to exclude other people from making, using, selling, offering for sale, or importing what is covered by the claims of the patent. Everyone, however, has the right to use existing knowledge and principles. A patent cannot remove from the public the ability to use what was known or obvious before the invention was made or patent protection was sought.] [**Apple proposes**: Delete][6]

---

[**VirnetX Response**:  Prior to the 2018 trial, Apple objected to the same portions of this instructions.  That objection was overruled, and the Court read this portion as proposed.]

[5] *See* footnote 4.

[**VirnetX Response**:  Prior to the 2018 trial, Apple objected to the same portions of this instructions.  That objection was overruled, and the Court read this portion as proposed.]

[6] *See* footnote 4.

Let me explain a little bit about the parts of a patent. A patent has two basic parts: a written description of the invention and the patent claims. The written description—which may include drawings—is often referred to as the "specification" of the patent. Please refer to the '135 Patent in your notebook as I identify the different sections. The cover page of the '135 Patent provides identifying information, including the date that the patent issued and the patent number along the top, as well as the inventors' names, the filing date, and the name of the assignee, which is VirnetX, Inc., the Plaintiff in this case. Then, there is a list of certain prior art publications on the first, second, and third pages of the patent that were considered in the patent office when deciding to issue the patent.

Now, the specification of the '135 Patent begins with an abstract that is found on the cover page. The abstract is a brief statement about the subject matter of the invention. Next, you will also see some drawings, and you will see on page 3, Figure No. 1. Those run through Figure 32 over the next 34 pages. These drawings depict the various aspects of features of the invention, and they are described in words later in the patent specification.

The written description of the invention appears next. It includes a background section, a summary of the invention, and a detailed description of the invention. In this portion of the patent, each page is divided into two columns, and you will see that they are numbered at the top. The lines of each page are also numbered going down the middle column, as you will see. The written description of the '135 Patent begins at Column 1, line 1, and it continues all the way down to Column 47, line 18. So, when you see a reference during the trial to a column and a line number, you can go to that part of the patent to locate it.

---

[**VirnetX Response**:  Prior to the 2018 trial, Apple objected to the same portions of this instructions.  That objection was overruled, and the Court read this portion as proposed.]

The specification ends with numbered paragraphs that are called "claims." The claims may be divided into a number of parts that are referred to as "claim limitations." In the '135 Patent, for example, the claims begin at Column 47, line 19, which says "What is claimed is." It continues all the way to the end of the patent at Column 48, line 64. Now, not all of those claims are being asserted in this case. Just certain ones.

Let me instruct you about the significance of the patent claims. The claims of a patent are [**VirnetX Proposes**: a main focus of a patent case because the claims are] [**Apple proposes**: Delete][7] what define a patent owner's rights under the law. That is, the claims define what the patent owner may exclude others from doing during the term of the patent. The claims of the patent serve two purposes. First, they set the boundaries of the invention that is covered by the patent. And, second, they provide notice to the public of what the boundaries are. So, when a product or a method is accused of infringing a patent, the patent claims are compared to the accused product or method to determine whether there is infringement. The claims of the patent are what are infringed when patent infringement occurs because the claims define what the invention is. [**VirnetX Proposes**: As I have mentioned earlier, I am only giving you this information for context; it has already been determined that Apple both directly and indirectly infringed the claims of the patents that I mentioned earlier. The only issue that you, the jury, must decide is the issue of damages for that previously determined infringement. [**Apple proposes**: Delete][8]

---

[7] **Apple's Position:** Apple objects to this instruction as confusing since the only issue for the jury is damages.

[**VirnetX response**: VirnetX believes this instruction should still be given as the jury needs context on the importance of the claims as it evaluates a reasonable royalty for infringement of those claims.]

[8] *See* footnote 1.  **Apple's Position:** Apple objects to VirnetX's repeated reference to the prior determinations as unfairly prejudicial and an impermissible use of character reasoning to portray Apple as a bad actor.

I now want to give you some information about the issue that will be presented to you at this trial, as well as a short overview of the applicable law. At the close of the trial, you will be given specific instructions that you must follow in reaching your verdict. You will also be given a verdict form and questions that you must answer in providing your verdict. All of that will happen at the very end of the case, but I want to provide you with some instructions now that you will need to follow in deciding this case.

We spoke this morning in *voir dire* about the burdens of proof—the burden of proof that will be required in this case. In any legal action, facts are proven by a required standard of evidence known as the burden of proof. As I told you earlier—I know you have heard about it in connection with a criminal case—the burden of proof beyond a reasonable doubt. That standard is not used in this case or any other civil case. In this civil patent case, VirnetX must prove the amount of damages that it suffered as a result of Apple's [**VirnetX Proposes**: previously determined] [**Apple Proposes**: Delete][9] infringement by a preponderance of the evidence. When a party has the burden of proof by a preponderance of the evidence, it means that you must be persuaded that what the party seeks to prove is more probably true than not true. Put another way, if you were to put the evidence for and against the party, you must prove the facts on opposite sides of the scale. The preponderance of the evidence standard requires that the scale tip at least somewhat toward the party who has the burden of proof.

---

[**VirnetX response**: VirnetX's proposal merely highlights to the jury the reasons for discussing patent claims and puts it in proper context. Referencing what has been resolved against Apple is not a character attack; it's simply a fact.]

[9] **Apple's Position:** Apple objects to VirnetX's repeated reference to the prior determinations as unfairly prejudicial and unnecessarily duplicative. *See, e.g.*, D.I. 500.

With regard to damages, VirnetX claims that it is entitled to damages as a result of Apple's [**VirnetX Proposes**: previously determined] [**Apple Proposes**: Delete][10] infringement in the form of a reasonable royalty on Apple's redesigned VPN on Demand feature. Damages cannot be speculative. VirnetX must prove the damages that it has suffered by a preponderance of the evidence. [**VirnetX Proposes**: Because infringement has already been determined, you] [**Apple Proposes**: Delete, You][11] must only determine the amount of the reasonable royalty VirnetX has proved by a preponderance of the evidence that it is due for Apple's infringement. At the end of the trial, you will get a written charge that will have all of these instructions in it with much more detail than I am giving you right now. You will also have a verdict form that will ask you some questions regarding damages. You will need to decide those questions in this case.

Finally, let me visit with you about your duties as jurors. You will have two duties as jurors during this trial. Your first duty is to decide the facts from the evidence in the case. That is your job and your job alone. Your second duty is to apply the law, as I give it to you, to the facts. You must follow those instructions even if you disagree with them. Each of the instructions that I have given you now and the instructions that I will give you at the end of the trial are important, and you must follow all of them.

I want you to do that, and I know that you will do that, because it is important for you to perform your duties fairly and impartially. You should not allow sympathy, prejudice, fear, public opinion, or anything else to influence you in any way. Nothing that I have said this afternoon and nothing I say during the course of the trial is meant to indicate any opinion on my part one way or

---

[10] *See* footnote 9.
[11] *See* footnote 9.

the other about what I believe the facts are or what your verdict should be. Again, you, the jury, will be the sole judges of the facts in this case.

      That concludes my opening instructions for you. At the end of the day today, I will give you some additional logistical information about what we can expect our trial day to be like and some additional information for your consideration in that regard, but at this time, the Plaintiff may present its opening statement.