IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC., and LEIDOS, INC.,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:12-cv-00855-RWS |
| **APPLE INC.,** | § § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**PLAINTIFF'S MOTIONS *IN LIMINE*** 

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER
PUBLIC VERSION

# TABLE OF CONTENTS

A.  Any argument, testimony, evidence, reference or suggestion that VirnetX ███████████████████████████████████████████████████████████████ ................... 1

B.  Any argument, testimony, evidence, reference or suggestion regarding late disclosed opinions by Apple's experts. ................................................................. 3

C.  If the Court excludes the prior trial history and/or positions taken by Dr. Blaze and Mr. Bakewell in those prior trials, then any argument, testimony, evidence, reference or suggestion by those experts with new, altered theories. ................. 7

D.  If the Court excludes the prior $1.20/unit determination or Mr. Bakewell's prior opinions, any argument, evidence, or testimony that compares the extent of use, importance, desirability, or value of VPN on Demand to that of FaceTime. .......... 9

E.  Any argument, evidence, or testimony that suggests or insinuates that Apple's infringement was accidental, innocent, or in good-faith. ................................... 11

F.  Any argument, evidence, or testimony that suggests or insinuates VirnetX has not shown that VPNOD infringes the asserted claims of the '135 and '151 patents. ........ 11

## TABLE OF AUTHORITIES

**Cases**

*Lucent Techs., Inc. v. Gateway, Inc.*
  580 F.3d 1301 (Fed. Cir. 2009) .......................................................................................... 12

*Prism Techs. LLC v. Sprint Spectrum L.P.*
  849 F.3d 1360 (Fed. Cir. 2017) .......................................................................................... 12

*Realtime Data LLC v. Echostar Corp.*
  No. 6:17-CV-00084-JDL, 2018 WL 10466786 (E.D. Tex. Dec. 17, 2018) ............................ 10

*VirnetX Inc. v. Apple Inc.*
  792 F. App'x 796 (Fed. Cir. 2019) .................................................................................. 6, 11

**Rules**

Fed. R. Evid. 401 ..................................................................................................................... 11
Fed. R. Evid. 403 ............................................................................................................... 11, 12
Fed. R. Evid. 608(b) .................................................................................................................. 2

A.  **Any argument, testimony, evidence, reference or suggestion that VirnetX** ███████████████████████████████████

In the 2018 trial, Apple's counsel spent nearly the entirety of his cross-examination of VirnetX's CEO, Kendall Larsen, interrogating Mr. Larsen about ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ █ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

After cautioning Mr. Desmarais numerous times about violating existing orders *in limine* and stretching the bounds of relevance, the Court ultimately threatened to deduct time from Apple's closing argument because of the cumulative prejudice of the cross-examination:

> THE COURT: . . . I have to tell you, I am considerably troubled by what I saw from you today. . . . I observed a violation of a motion in limine that you first denied existed, and then when it was -- your attention was drawn to it, you quibbled with the word. You said you didn't use the word ██████████████████ ████████████████████ But I think most fundamentally, I think, you went into topic areas that had -- certainly had some relevance in terms of the witness's credibility, but you spent such an inordinate amount of time on it that you essentially amounted to wasting your time, my time, and the jury's time. So I'm going to review the transcript. And I will make a decision about what I'm going to do. But I am considering reducing Apple's closing argument time by 15 minutes.

*Id.* at 167-68.

In meeting and conferring about motions *in limine*, VirnetX has learned that Apple intends to use the same playbook again. ████████████████████████

---

[1] On the day of filing, Apple wrote to VirnetX indicating that it may be willing to approach before raising issues raised by this motion. Based on the history between the parties on this issue and conduct at the last trial, VirnetX believes that this motion remains ripe for adjudication and, in the interest of a fair, efficient, and orderly trial, this issue should be discussed to set guardrails surrounding this prejudicial, irrelevant material.

1

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████ that the Court excluded in the last trial, 4/4/18 PM Tr. at 79–80, and the Court should exclude them *in limine* here.

The Court properly excluded Mr. Desmarais's exploration of these sort ██████ ██████████████ they violate existing orders *in limine*, including those Apple has expressly agreed to. Most directly, reference to ██████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████ Furthermore, reference to ██████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██ Indeed, allowing this sort of evidence, or any of the irrelevant character evidence elicited by Mr. Desmarais at the last trial, would contrast strongly with Apple's own request, in an agreed MIL, that VirnetX not reference "operations or business that are not relevant to the present litigation." Dkt. 392, ¶ 19. The parties should focus on the merits of this case, not on unrelated corporate character.

Finally, the evidence would be inadmissible on its face even absent the parties' agreed MILs. Though Apple claimed during a meet and confer related to this Motion ██████████ ███████████████████████████████████████████████████████ unquestionably inadmissible, and even questions about them may only be allowed at the Court's discretion. Fed. R. Evid. 608(b). As the Court acknowledged in the last trial, tainting the record with unsubstantiated, hearsay ████████████████████████████████████ that cannot

be tested or verified is far more prejudicial than probative, and should be excluded under FRE 403. 4/4/18 PM Tr. at 79.

> **B.     Any argument, testimony, evidence, reference or suggestion regarding late disclosed opinions by Apple's experts.**

This upcoming trial will now be the fifth between VirnetX and Apple involving the '135 and '151 Patents. After the February 2016 trial—which consolidated both the -417 case and the infringement allegations concerning the -855 redesigns—the Court made clear that the parties should not attempt to inject new issues unless they were directly related to subsequent events (e.g., deconsolidation of the cases). 8/15/16 Hr. Tr. at 44:7-9 ("THE COURT: . . . But you know, anything that could have been raised before, obviously, there's no need for us to go through that again."). After that comment, the Court then entered an order indicating that the parties could not litigate issues except those that were "clearly unique" to the Court's Order consolidating cases. -417 Dkt. 932. On remand, the Court's view was the same: "This discovery phase (both fact and expert) will be limited and focused on developments after January 2015 related to issues arising from the retrial of the -855 action regarding VPN On Demand alone, and will not be a vehicle to re-do prior fact or expert depositions on material that was or *could have been* covered." Dkt. 848 at n.1. Moreover, to receive the supplemental discovery it sought, Apple promised the Court that its supplemental reports, if any, would be "consistent with what is outlined in this discovery order," Dkt. 847 at 8 n. 5, which, relevant to damages, involved only updated royalty receipts from licensees, efforts to license, and sales of VirnetX's Gabriel product. Based on this representation, the Court ultimately granted additional discovery.

Apple has not even attempted to comply with the Court's prior concerns about re-opening the record for ground that has been settled for years. Instead, having repeatedly had its arguments rejected by jury after jury, Apple now seeks a complete do-over of its expert testimony and

3

disclosures. Yet these new opinions have nothing to do with remand and could have been raised long before now. While Apple has a renewed focus on the value of VPN on Demand as it is the sole infringing feature at issue, there had always been two separate features infringing two independent sets of patents. Apple's new theories were always available to Apple and Apple simply failed to raise them, and to allow Apple's complete do-over theories as *rebuttal* expert reports (i.e., after VirnetX disclosed reports with opinions tailored only to new facts, as contemplated) would be clearly prejudicial, unfair, and untimely. Apple's problematic new opinions are described below.

First, despite the existence of such products for years prior to now, Apple's technical expert, Dr. Blaze, was asked for first time in 2020 to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A at ¶ 19 (June 19, 2020 Blaze Supp. Rep.). He then offers the opinion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at ¶ 22. He offers the same opinion for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ *Id.* at ¶¶ 25-28. Mr. Bakewell relies on these opinions in paragraphs 8 and 9 of his Supplemental Report. Ex. B at ¶¶ 8-9 (June 19, 2020 Bakewell Supp. Rep.). In other words, having never done so in four prior trials, Apple ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But this analysis could have always been done by Dr. Blaze. A jury always could have determined that one feature but not the other infringed, and Apple was always aware that the jury could have found infringement of the '135 and '151 patents but not infringement of the '504 and '211 patents. Indeed, after the -855 retrial "Apple argued a new damages trial would be necessary if the Court granted JMOL of noninfringement for FaceTime or VPN on Demand." Dkt. 840 at 4. Thus, based on Apple's own

4

arguments, any opinions Dr. Blaze has regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ has always been at issue.

Dr. Blaze also analyzes ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. A at ¶ 20-24 (June 19, 2020 Blaze Supp. Rep.). His opinion is not based on new facts that could not have been discovered during the original discovery period. *Id.* at ¶ 23 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ And the opinion has nothing to do with remand; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and there was nothing preventing Apple's experts from offering this opinion prior to any of the other trials.

Third, Dr. Blaze opines in Section VI of his Supplemental Report that ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. A at ¶ 16-18 (June 19, 2020 Blaze Supp. Rep.). The single document Dr. Blaze relies on for the Apple portion of this opinion was produced by Apple on ▇▇▇▇▇▇▇▇—well before Dr. Blaze's original 2015 noninfringement report.[2] For the proposition that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ but this document was published in May of 2000. Ex. D (RFC 2826); Ex. A at 17-18 (June 19, 2020 Blaze Supp. Rep.). Plainly, if Dr. Blaze wanted to tell the jury that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, that opinion was available to him when his original noninfringement report was served. And it should have been, given long-existing possibility that one feature might infringe but not the other. Accordingly, Dr. Blaze should not be permitted to testify about Section VI of his Supplemental Report.

---

[2] Moreover, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *see* Ex. A at ¶ 16 (June 19, 2020 Blaze Supp. Rep.).

Case 6:12-cv-00855-RWS   Document 898   Filed 07/20/20   Page 9 of 18 PageID #: 58830

Finally, Dr. Blaze also attempts to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A at 14-15 (June 19, 2020 Blaze Supp. Rep.).  Of course, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has always been an issue related to damages; this has nothing to do with remand.  Having Dr. Blaze's opinions rejected in three consecutive trials, it is understandable why Apple seeks to re-write the record, but it should not be permitted to do so.

Dr. Blaze and Mr. Bakewell's late disclosed opinions are also deficient in other respects. In Dr. Blaze's section about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Nonetheless, Mr. Bakewell relies on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Ex. B at ¶¶ 24-29, Exhibit 13-13.2 (June 19, 2020 Bakewell Supp. Rep.).  Mr. Bakewell has no basis for this opinion because Dr. Blaze has not established that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  For this reason as well, Dr. Blaze should not be able to testify to this unsupported opinion.

Beyond its untimely nature, Dr. Blaze's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should also exclude *in limine* under Rule 403.  While ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*.  This is nothing more than a collateral attack on the validity of VirnetX's patents, a challenge that Apple is precluded from making.  *VirnetX, Inc. v. Apple Inc.*, 792 Fed. App'x 796, 803 (Fed. Cir. 2019).  Had Dr.



6

Blaze actually ███████████████████████████ ███████████████████████████████████ he could have done so in his original reports. Accordingly, Dr. Blaze should not be permitted to testify about Section V of his Supplemental Report.

### C. If the Court excludes the prior trial history and/or positions taken by Dr. Blaze and Mr. Bakewell in those prior trials, then any argument, testimony, evidence, reference or suggestion by those experts with new, altered theories.

As discussed above, with FaceTime and the '504 and '211 patents no longer at issue, Apple has ████████████████████████████. Specifically, Apple's technical expert, Dr. Blaze, is now taking the position that ████████████████████████████ ███████████████████████████. Apple's damages expert, Mr. Bakewell, relies on this opinion from Dr. Blaze to argue that ████████████████████████████ ████████████████████████████████████████████████████ █████████

There are aspects of these opinions that relate to potential rulings that the Court might make. Dr. Blaze's opinion that ████████████████████████████ ████████████████████████████████████████████████████ ████████████ Dr. Blaze has simply shifted from arguing that Apple does not infringe the '135 and '151 patents to arguing that ████████████████████████████. In fact, Dr. Blaze's noninfringement opinions ████████████████████████. Just as Dr. Blaze previously argued that VPN on Demand did not determine whether a DNS request is requesting access to a secure website (*see* 4/09/2018 a.m. TT at 44:6-12), Dr. Blaze is now arguing that ████████████████████████████████████████████ █████████████

Q. ████████████████████████████ ████████████████████████████

A. 

6/30/2020 Depo. Tr. at 126:3-14. And Dr. Blaze's rationales underlying his opinions are flawed in the remarkably similar ways. With respect to VPN on Demand, Dr. Blaze failed to comprehend how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (The Court's construction for the terms "secure website" and "secure server" both require authorization for access. *See* -417 Dkt. No. 266 at 31.) In similar fashion, Dr. Blaze fails to comprehend how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as evidenced in his testimony quoted above.

The fact of the matter is that Dr. Blaze has never believed that anything infringes the '135 and '151 patents, and his faulty opinions are both based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. If the Court prevents VirnetX from introducing evidence related to Dr. Blaze's noninfringement opinion for VPN on Demand, then Dr. Blaze should not be able to present his ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Either both should be permitted, or neither should be permitted. It would be one-sided and unfair to allow Dr. Blaze to present his ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

There are similar issues for Mr. Bakewell, who is now opining that VirnetX's licenses can be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮ Mr. Bakewell—like Mr. Weinstein and like VirnetX's licensing policy—had previously

8

proposed a single, six-cents royalty rate for Apple's infringement. *See* 4/09/2018 p.m. TT at 262:20-263:2. While Mr. Bakewell also opined to a lower, one-penny royalty rate for FaceTime, even then he explicitly opined that damages were ***not*** additive based on the number of features found to infringe. *See id*. at 264:3 ("These are not additive.") Indeed, Mr. Bakewell opined that the royalty for VPN on Demand *without* FaceTime would be "no more" than six cents per unit—the same royalty rate he presented for *both* features. *See id*. at 264:6-9. If the Court prevents VirnetX from introducing evidence related to Mr. Bakewell's prior opinion that the number of infringing features does not matter for determining the appropriate royalty rate, then Mr. Bakewell should not be able to argue that it does. Either both should be permitted, or neither should be permitted. If Mr. Bakewell wishes to criticize VirnetX or Mr. Weinstein for presenting a single royalty rate, he should be confronted with the fact that he did as well.

> **D. If the Court excludes the prior $1.20/unit determination or Mr. Bakewell's prior opinions, any argument, evidence, or testimony that compares the extent of use, importance, desirability, or value of VPN on Demand to that of FaceTime.**

In the most recent -855 trial, Mr. Weinstein and Mr. Bakewell both offered opinions valuing damages identically regardless of whether the redesigned FaceTime infringed. *See supra* MIL C. On remand, Mr. Weinstein has maintained his opinion; Mr. Bakewell now seeks to change his.

Based on the parties' meet-and-confer process, Apple apparently intends to attack Mr. Weinstein for his consistency—crossing him on his prior opinion that both VPN on Demand *and* FaceTime were worth $1.20 while maintaining that same royalty for VPN on Demand alone. This is not mere speculation. VirnetX expressly asked Apple whether they intended to refer to the prior determination that redesigned FaceTime did not infringe. Despite Apple's consistent attempts to block VirnetX from saying anything about prior proceeding, Apple confirmed that it intends to tell

9

the jury that it was determined the redesigned FaceTime does not infringe, almost certainly in connection with a cross of Mr. Weinstein. But in circumstances where VirnetX cannot explain the prior adjudications and prior opinions of both Mr. Weinstein and Mr. Bakewell—including that Apple has paid $1.20 for millions of units including only VPN on Demand and that Mr. Bakewell previously agreed with Mr. Weinstein's one-royalty-regardless-of-number-of-infringing-features opinion—Apple should not be allowed to attack Mr. Weinstein's prior opinion that units including VPN On Demand and Facetime have a single royalty rate. And in doing so in such circumstances, Apple should not be permitted to characterize FaceTime as more important, more heavily used, or more valuable than VPN on Demand without VirnetX's ability to point out the expediency of Apple's new position.

  This trial involves a single narrow question: What damages does Apple owe for infringing the '135 and '151 patents through its redesigned VPN On Demand feature? That question should be answered by valuing VPN on Demand to Apple, its overall ecosystem and customers, VirnetX's licenses, and VirnetX's licensing policy. It should not be done by implying that Mr. Weinstein's opinions are unreliable because they have not been reduced by the value of FaceTime. *See, e.g. Realtime Data LLC v. Echostar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 10466786, at *1 (E.D. Tex. Dec. 17, 2018) (granting plaintiff's motion in limine excluding any reference to patents and theories no longer at issue). If the Court does not permit discussion of prior opinions and prior royalty determinations, this Court should not allow Apple to seek to undermine Mr. Weinstein's opinions while shielding their own from the reality of the prior proceedings. In such a scenario, any argument, evidence, or testimony comparing the value of Facetime to VPN On Demand is irrelevant, unfairly prejudicial, misleading, and would only confuse the jury, and consequently should not be allowed. *See* Fed. R. Evid. 403.

### E. Any argument, evidence, or testimony that suggests or insinuates that Apple's infringement was accidental, innocent, or in good-faith.

In the prior trial, the Court denied Apple's JMOL on inducement. Dkt. 798 at 25. ("On this record, the Court is persuaded that the jury had a sufficient evidentiary basis from which to conclude that Apple both knowingly induced infringement and possessed specific intent to encourage its customers' infringement."). A jury also returned a verdict of willfulness—a verdict that has not been overturned. Dkt. 728; Dkt. 798 at 31 (denying Apple's JMOL of no willfulness as moot). As to the patents-in-suit, Apple should not be allowed to relitigate its state of mind or unfairly suggest to the jury that Apple is not a willful infringer of the VirnetX patents in this case. Moreover, while willfulness is not relevant to damages, Apple's inducement is. Particularly if there are any limitations on what VirnetX is entitled to tell the jury about determinations at the prior trial, Apple should not be allowed to sway the favor of the jury by arguing, or by omission insinuating, that its conduct was in good faith when the binding record establishes that it was not. Any argument, evidence, or testimony that Apple's infringement was accidental, innocent, in good-faith, or was otherwise not willful is irrelevant, prejudicial, and as a result should not be allowed. *See* FED. R. EVID. 401, 403.

### F. Any argument, evidence, or testimony that suggests or insinuates VirnetX has not shown that VPNOD infringes the asserted claims of the '135 and '151 patents.

A jury entered a verdict finding VPN on Demand infringes the asserted claims of the '135 and '151 patents. Dkt. No. 723 at 1. The Court entered judgement to the same, Dkt. No. 801, and the Federal Circuit affirmed that judgement. Dkt. No. 817; *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 806 (Fed. Cir. 2019). Apple should not be permitted to offer any argument, testimony, or evidence that suggests or insinuates VirnetX has not shown that VPN on Demand infringes the

11

claims of these patents. Such evidence would only serve to confuse the issues and mislead the jury. *See* FED. R. EVID 403.

The upcoming trial is limited solely to the issue of calculating damages to compensate VirnetX for this infringement. *See* Dkt. No. 804 at 17. Not only has the issue of infringement already been decided in this case, but under the hypothetical negotiation method for determining reasonable royalty damages, Apple's products are assumed to infringe the asserted claims as a matter of law. *See, e.g.*, *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1369 (Fed. Cir. 2017) (citing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009)). Apple may refer to different relevant non-practicing uses of VPN on Demand. In doing so, however, Apple should not be allowed to argue or otherwise suggest that VPN on Demand does not infringe the asserted claims.

DATED: July 16, 2020

Respectfully submitted,

**CALDWELL CASSADY & CURRY**

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email: cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.om
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Ste. 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatylor.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702

                                                        Telephone: (903) 531-3535
                                                        Telecopier: (903) 533-9687

                                                T. John Ward, Jr.
                                                Texas State Bar No. 00794818
                                                Claire Abernathy Henry
                                                Texas State Bar No. 24053063
                                                **WARD, SMITH, & HILL PLLC**
                                                1507 Bill Owens Parkway
                                                Longview, Texas 75604
                                                (903) 757-6400
                                                (903) 757-2323 (fax)
                                                jw@wsfirm.com
                                                 claire@wsfirm.com

                                                **ATTORNEYS FOR PLAINTIFF**
                                                **VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on counsel of record via email on July 16, 2020, to the extent allowed by the Agreed Protective Order.

                                                */s/ Bradley W. Caldwell*
                                                Bradley W. Caldwell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Agreed Protective Order.

                                                */s/ Bradley W. Caldwell*
                                                Bradley W. Caldwell

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for VirnetX conferred with counsel for Apple on July 14, 2020 and that Apple is opposed to the relief requested herein.

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell