IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. AND LEIDOS, INC.,** | § § § | **Civil Action No. 6:12-cv-855** |
| Plaintiffs, | § § | |
| v. | § § | ▮▮▮▮▮▮▮▮▮▮ |
| **APPLE INC.** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**<u>APPLE'S MOTIONS *IN LIMINE*</u>**

## **TABLE OF CONTENTS**

                                                                                                                                                                **Page**

I.     Any reference to the prior verdict or judgment in the -417 Action ................................... 1

II.    Any reference to the jury verdict from the -855 retrial, including the infringement and damages findings ...................................................................................................... 4

III.   Any reference to prior findings of willfulness, enhancement, or awards of attorney's fees in the -417 or -855 Actions ......................................................................... 5

IV.   Any reference that Apple, the witnesses, and the lawyers are from out of state ................ 6

V.    Any reference to the nonappearance of certain Apple employees at trial .......................... 8

VI.   Any reference to the discovery process or production, or other issues not in the record, such as interactions between counsel ..................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ABS Glob., Inc. v. Inguran, LLC*,
   Nos. 14-cv-503-wmc, 17-cv-446-wmc, 2019 WL 3812520 (W.D. Wis. Aug. 14, 2019) ................................................................................................................6

*Argenyi v. Creighton Univ.*,
   No. 8:09-CV-341, 2013 WL 4434424 (D. Neb. Aug. 14, 2013) ............................10

*Coleman Motor Co. v. Chrysler Corp.*,
   525 F.2d 1338 (3d Cir. 1975) ..........................................................................2, 3, 5

*DataTreasury Corp. v. Wells Fargo & Co.*,
   Civil Action No. 2:06-CV-72 DF, 2010 WL 11538713 (E.D. Tex. Feb. 26, 2010) ......................................................................................................................7

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
   No. 2:15-cv-00011-RSP, Dkt. No. 377 (E.D. Tex. Nov. 29, 2017) .........................8

*Genband US LLC v. Metaswitch Networks Corp.*,
   No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530 (E.D. Tex. Sept. 30, 2015) ........10

*Glaxo Grp. Ltd. v. Ranbaxy Pharm., Inc.*,
   262 F.3d 1333 (Fed. Cir. 2001) ...........................................................................4, 6

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*,
   Civil Action No. 4:14-CV-371, 2016 WL 3902447 (E.D. Tex. Feb. 1, 2016) .........7

*Mendenhall v. Cedarapids, Inc.*,
   5 F.3d 1557 (Fed. Cir. 1993) .............................................................................2, 5

*Monsanto Co. v. McFarling*,
   488 F.3d 973 (Fed. Cir. 2007) .................................................................................3

*Sprint Communications Co. v. Time Warner Cable, Inc.*,
   760 F. App'x 977 (Fed. Cir. 2019) ..........................................................................3

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
   Civil Action No. 9:09-CV-176, 2011 WL 7563868 (E.D. Tex. Sept. 23, 2011) ......4

*VirnetX Inc. v. Apple Inc.*,
   792 App'x 796, 809 (Fed. Cir. 2019) ......................................................................5

*Whitserve, LLC v. Comput. Packages, Inc.*,
   694 F.3d 10 (Fed. Cir. 2012) ...................................................................................6

**Statutes**

35 U.S.C. § 284 ................................................................................................................................6

## I. Any reference to the prior verdict or judgment in the -417 Action

Apple renews its motion *in limine* under Federal Rules of Evidence 401–403 to preclude any argument, evidence, testimony, or reference to the prior verdict or judgment in the -417 Action, and further moves to preclude any suggestion that the verdict constitutes an established royalty or any reference to Apple's payment of the judgment.[1]

At the upcoming trial, it appears VirnetX intends to inform the jury about the September 2016 verdict in the -417 Action ("-417 Verdict") and argue, either explicitly or implicitly, that this jury should award $1.20 per unit because a prior jury supposedly did the same. Dkt. No. 882 at 9 (contending that "[d]amages should be no less than $1.20 per unit based on the affirmed judgment in Civil Action No. 6:10-cv-00417 which included units that only infringed VPN On Demand."); Ex. 1 at n. 2 (VirnetX's damages expert "not[ing]" -417 Verdict). But informing the jury about the -417 Verdict is both unfairly prejudicial to Apple and irrelevant to the issue the jury must decide in this case: damages for redesigned VPN On Demand ("VOD") in a case where the jury is not asked to also assess liability and damages for FaceTime. VirnetX's attempt to infect this jury with any of the -417 verdicts should be rejected.

VirnetX was permitted to discuss the original -417 verdict during the consolidated trial. *See* Dkt. No. 500 at 3. That ultimately necessitated two new trials, as the "repeated references to the prior [-417] jury verdict in the consolidated case resulted in an unfair trial." *Id*. at 14. Since the consolidated trial, this Court has consistently excluded reference to the -417 Verdict. Before the April 2018 -855 retrial, the Court granted Apple's motion to exclude reference to the -417 Verdict, holding that the -855 case concerned "different products" and a different hypothetical

---

[1] The Court has already granted Apple's MIL to exclude reference to the -417 Verdict. *See* 3/20/18 Tr. at 67:22-68:3.

negotiation, and finding that "[t]he risk of prejudice is significant." 3/20/18 Tr. at 67:22-68:3. The Court similarly granted Apple's motion to exclude reference to the original -417 and consolidated verdicts during the September 2016 -417 retrial. Dkt. No. 978 at 3 in Civil Action No. 6:10-cv-00417. No reason exists to depart from those rulings now; disclosing the -417 Verdict will be just as prejudicial as it was before. The jury should decide damages in this case, for this accused feature, without the "improper influence" of the -417 Verdict, which addressed different issues and different accused features. *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1574 (Fed. Cir. 1993); *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975) (ordering new trial after evidence of prior verdict admitted because disclosing a prior verdict risks that the jury "defer[s] to the earlier result and … decide[s] [the] case on evidence not before it.").

VirnetX's contention that the jury awarded $1.20 per unit for VPN On Demand in the -417 retrial is also incorrect. The jury found that **both** VPN On Demand and FaceTime infringed, and awarded a lump-sum of $302,427,950 for that combined infringement. Dkt. No. 1025 at 2 in Civil Action No. 6:10-cv-00417. Although dividing the total amount of the verdict by the total number of accused units yields a rate of $1.20/unit,[2] "[n]othing in the four corners of the jury's verdict requires a singular royalty rate" and "other mathematically equivalent interpretations exist." Dkt. 840 at 14. For example, Mr. Bakewell testified that the royalty rate for units including VPN On Demand-only was $0.10. 9/29/16 (AM) Trial Tr. at 63:11-16. If the jury accepted Mr. Bakewell's testimony as to VPN On Demand, the jury could have awarded a rate of $1.63 for FaceTime.[3]

---

[2] $302,427,950 ÷ 252,023,292 accused units = $1.20.

[3] ($302,427,950 - $7,062,698.5) ÷ (252,023,292 - 70,626,985) = $1.63. And other interpretations exist. The jury could have accepted Mr. Bakewell's $0.10/unit for both VPN On Demand and OS X FaceTime units, which would result in a per-unit royalty of $1.80 for the units with both VPN On Demand and FaceTime. Or, if the jury accepted Mr. Bakewell's $0.10/unit for OS X

2

This case is therefore unlike *Sprint Communications Co. v. Time Warner Cable, Inc.*, 760 F. App'x 977 (Fed. Cir. 2019). In that case, Sprint presented a reasonable royalty that was calculated using the royalty rate from a prior verdict against a different defendant (the "Vonage Verdict"). *Id.* at 983. The Vonage Verdict specifically awarded a 5% royalty rate, Ex. 2 (Vonage Verdict), which is what Sprint's expert relied on for his damages opinion in the *Time Warner* case. Ex. 3 at 987:6-10, 1001:18-1002:18, 1028:16-25 (*Time Warner* Tr. Excerpt). By contrast, in this case, the jury did not specify the royalty rate it awarded for VPN On Demand. Moreover, the potential for unfair prejudice and confusion was limited in *Time Warner* because Time Warner was not the defendant subject to the Vonage Verdict. *Sprint*, 760 F. App'x at 980, n.1. Here, however, "the risk of prejudice [is] stronger" because the -417 Verdict was against Apple. *Id.* A jury "is likely to give a prior verdict against the same defendant more weight than it warrants." *Id.* at 981, n.2 (*quoting Coleman*, 525 F.2d at 1351).

Even if VirnetX could divine a $1.20 per-unit rate for VPN On Demand from the -417 Verdict, which the verdict does not expressly support, it would be far from an "established" royalty, as VirnetX's contention suggests it will claim. A "royalty is taken as established" when "the patentee has ***consistently licensed*** others to engage in conduct comparable to the defendant's ***at a uniform royalty***." *Monsanto Co. v. McFarling*, 488 F.3d 973, 979 (Fed. Cir. 2007) (rejecting argument that license agreement constituted established royalty). By contrast, every license proffered by VirnetX in this case is for a different royalty. *E.g.*, 4/5/18 (AM) Trial Tr. 107:18-20 ($0.19 for Microsoft), 116:8-10 ($0.34 for Avaya), 122:1-8 ($1.80 for Aastra), 122:19-21 ($2.26 for NEC), 47:19-22 ($1.43 for Mitel); PX 1088.03-2 ($1.21 for Siemens). And, as described

---

FaceTime units, that would result in a per-unit royalty of $1.28 for units with VPN On Demand alone and units with both features.

above, the -417 Verdict involved different products, different claims, and a different hypothetical negotiation than are at issue in this trial. *See* 3/20/18 Tr. at 67:22-68:3; and *compare* Dkt. No. 598 in Civil Action No. 6:10-cv-00417 (-417 Verdict re original VPN On Demand) *with* Dkt. No. 722 (-855 verdict).

References to the -417 Verdict should therefore be precluded. *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, Civil Action No. 9:09-CV-176, 2011 WL 7563868, at *1 (E.D. Tex. Sept. 23, 2011) (excluding "any evidence about [prior] reasonable royalty jury verdict").

**II.     Any reference to the jury verdict from the -855 retrial, including the infringement and damages findings**

Apple moves *in limine* to preclude any argument, evidence, testimony, or reference to the prior verdict in the -855 retrial, including the infringement and damages findings. This evidence is irrelevant and unfairly prejudicial under Federal Rules of Evidence 401–403.

**Infringement (Direct and Indirect)**: References to the prior jury's finding (and the affirmance on appeal) that VPN On Demand infringes is prejudicial to Apple because the jury in this case may seek to punish Apple with a higher royalty rate as a result. "The purpose of compensatory damages is not to punish the infringer, but to make the patentee whole." *See Glaxo Grp. Ltd. v. Ranbaxy Pharm., Inc.*, 262 F.3d 1333, 1339 (Fed. Cir. 2001). References to prior infringement findings—particularly for induced or intentional infringement—can be used improperly, however, to imply that Apple should be monetarily punished for its actions—a measure of damages not permitted by law. *See id*. Indeed, the repeated references to the prior -417 verdict in the consolidated trial led the Court to grant a new trial because of the resulting prejudice to Apple and jury confusion. Dkt. No. 500. This is especially likely where, as here, infringement is not at issue. *Tyco Healthcare*, 2011 WL 7563868, at *1 (excluding reference to prior verdict because it was "not relevant"). Instead, the jury can be informed, as the jury was in the -417

4

Action, that "[i]t has been determined that VPN On Demand infringes." Dkt. No. 1021 at 4 in Civil Action No. 6:10-cv-00417. Likewise, the jury can be informed that FaceTime in iOS 7 was determined not to infringe.

**Damages**. At the April 2018 -855 trial, the jury awarded damages for infringement by FaceTime and VPN On Demand. The Federal Circuit held that FaceTime does not infringe as a matter of law and vacated the entire damages award. *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 809 (Fed. Cir. 2019). This Court denied VirnetX's motion for entry of judgment that the royalty rate for VPN On Demand is $1.20 per unit based on the vacated damages award and ordered a damages retrial. Dkt. No. 840 at 17. Just as there is a risk of the jury deferring to the -417 Verdict, there is a risk of the jury deferring to the vacated -855 Verdict. *See Coleman*, 525 F.2d at 1351; *see also* Dkt. No. 978 at 3 in Civil Action No. 6:10-cv-00417 (prohibiting reference to prior -417 verdict in -417 retrial). Moreover, the jury will be instructed that it must award damages for VPN On Demand; it should not be tainted by the "improper influence" of the past -855 damages finding. *Mendenhall,* 5 F.3d at 1574; *see also VirnetX Inc.*, 792 F. App'x at 813 ("because the jury found infringement by FaceTime as well as VPN on Demand, and FaceTime was installed on all units, the jury did not have to decide whether the $1.20-per-unit figure would be correct if only VPN on Demand infringed."). Informing this jury that another jury decided damages that were later vacated runs the risk that the jury will be "prevented … from evaluating the evidence without improperly relying on the … verdict." Dkt. No. 500 at 10.

Accordingly, any reference to the prior verdict in the -855 retrial should be excluded.

**III.   Any reference to prior findings of willfulness, enhancement, or awards of attorney's fees in the -417 or -855 Actions**

Apple moves *in limine* to preclude any argument, evidence, testimony, or reference to the prior findings of willfulness, enhancement, or awards of attorney's fees in the -417 Action and

consolidated -855 Action. Such findings are irrelevant and unfairly prejudicial, and are inadmissible for any purpose under Federal Rules of Evidence 401–403. The only issue for the jury at the upcoming trial is the amount of VirnetX's damages for redesigned VPN On Demand's infringement.

Under § 284, damages must be "adequate to compensate for the infringement." 35 U.S.C. § 284. "The purpose of compensatory damages is not to punish the infringer, but to make the patentee whole." *See Glaxo Grp.,* 262 F.3d at 1339; *Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 34, n.18 (Fed. Cir. 2012) ("It is beyond debate that juries may not award litigation costs or punish infringers."). Informing the jury that a prior jury determined that Apple was a willful infringer or that the Court awarded VirnetX its attorney's fees has nothing to do with adequate compensation for infringement by redesigned VPN On Demand and would only encourage the jury to unfairly punish Apple. Fed. R. Evid. 403; *see also ABS Glob., Inc. v. Inguran, LLC*, Nos. 14-cv-503-wmc, 17-cv-446-wmc, 2019 WL 3812520, *4-5 (W.D. Wis. Aug. 14, 2019) (granting motion to try willfulness separately after damages and trifurcating the issue in light of parties intent to present evidence on willfulness regarding a prior infringement suit between the parties, as trifurcating willfulness "is the best approach to prevent prejudice of otherwise irrelevant evidence seeping into the jury's consideration of compensatory damages here"). The Court should therefore exclude references to willfulness and fees.

**IV. Any reference that Apple, the witnesses, and the lawyers are from out of state**

Apple moves *in limine* to preclude any argument, evidence, testimony, or reference to the fact that Apple, the witnesses, or the lawyers are from out of state. This information is irrelevant, yet highly prejudicial due to the continuing COVID-19 pandemic. Fed. R. Evid. 401–403.

The pandemic is having an unprecedented impact on the daily lives of Americans and will certainly be on the minds of jurors. New York and California were among the first U.S. "hot

spots" with the highest counts of confirmed cases. We are now in the midst of a nationwide surge beyond those early "hot spots," and Texas is one of the states reporting increased cases. *See generally* Dkt. No. 886. Moreover, in March, when New York was a hot spot, Texas imposed quarantine requirements on persons traveling to Texas from New York. Now that cases have substantially increased in Texas, persons traveling from Texas to New York are likewise subject to quarantine requirements. Ex. 4, (https://www.texastribune.org/2020/06/24/travel-restrictions-texas-new-york-coronavirus/). Because the COVID-19 pandemic has become a hot-button issue, some jurors might view the first hot spots as being partly responsible for the wide-spread impact of the pandemic, and, consequently, may harbor resentment towards these states or distrust for the people who live there. Or they might simply be concerned about exposure to persons traveling into Texas from *any* state, regardless of prior history.

Thus, while neither party should sensationalize the pandemic at the upcoming trial, references to the fact that Apple and its national trial team are from out of state, has the very real risk of invoking a negative emotional response against Apple. That would be unfairly prejudicial to Apple and such references should be precluded. *See DataTreasury Corp. v. Wells Fargo & Co.*, Civil Action No. 2:06-CV-72 DF, 2010 WL 11538713, at *14 (E.D. Tex. Feb. 26, 2010) (motion *in limine* concerning references to TARP and bailouts was granted since "[d]iscussion of TARP would likely invite an emotion response from the jury, such as general hostility toward the bank defendants. On balance, any connection between TARP and willful patent infringement is too speculative and attenuated to avoid being substantially outweighed by the danger of unfair prejudice."); *see also Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, Civil Action No. 4:14-CV-371, 2016 WL 3902447, at *1 (E.D. Tex. Feb. 1, 2016) (precluding Plaintiff from presenting inferences about Defendants' citizenship). Because this information is irrelevant,

7

and the potential for prejudice is high, references to the fact that Apple or any of its witnesses or lawyers are from out of state should be precluded. Fed. R. Evid. 401–403.

**V.      Any reference to the nonappearance of certain Apple employees at trial**

Apple moves *in limine* to preclude VirnetX from any reference to the nonappearance of certain Apple employees at trial, such as suggesting that the absence is due to the fact that the testimony of the absent employee would be detrimental or harmful to Apple's case. Such reference is irrelevant and unfairly prejudicial. Fed. R. Evid. 401–403.

VirnetX's arguments at the -855 trial necessitate this motion. At the beginning of the -855 trial, VirnetX told the jury that they "probably won't hear from Mr. Cook," Apple's CEO, "in this case." 4/2/18 (PM) Trial Tr. at 189:13. Then, in its closing, VirnetX criticized Apple for presenting live testimony from Simon Patience instead of Jamie Wood and suggested the jury should rely on that to draw a negative inference against Apple. 4/10/18 Trial Tr. at 202:21-25 ("remember, the guy they brought as a fact witness on VPN On Demand could not answer question one about the code. He hasn't seen it in years. I don't know if he ever actually had seen it. But they bring Mr. Patience. They don't bring Mr. Wood.").

VirnetX's arguments were improper. VirnetX "had full opportunity during discovery to obtain deposition testimony from corporate witnesses with knowledge, [and] it would be unfairly prejudicial to allow commentary on who all is not present at trial." Ex. 5, *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, Dkt. No. 377 at 6 (E.D. Tex. Nov. 29, 2017). VirnetX never sought to depose Mr. Cook, and he is not identified on either party's initial disclosures. VirnetX did depose Mr. Wood, and presented his deposition testimony at trial. 4/3/18 (PM) Trial Tr. 132:20-133:1; 4/10/18 Trial Tr. 147:15-21; "At best," VirnetX's comments about witnesses who did not testify "would allow the jury to speculate about the meaning of 'non-evidence.'" Ex. 5, *Ericsson,* No. 2:15-cv-00011 at 6. And from this "non-evidence," VirnetX

8

wants the jury to infer that Apple is "hiding from this lawsuit [and] chose not to confront the jury in person." *Id.* That has "nothing to do with the underlying merits question" of the amount of damages in this case "and only risks misleading the jury." *Id.* at 6-7 (citing Fed. R. Evid. 403).

Accordingly, VirnetX's reference to the nonappearance of Apple employees has no relevance to this case, and provokes unjustified negative inferences that would mislead the jury. As such, the Court should preclude VirnetX from referencing the nonappearance of Apple employees at trial.

**VI.  Any reference to the discovery process or production, or other issues not in the record, such as interactions between counsel**

Apple moves *in limine* to preclude VirnetX from introducing argument, evidence, or testimony concerning the discovery process or production, or other issues not in the record, such as interactions between counsel. The Court should preclude reference to such matters because they are not relevant to the disputed issues and they are unfairly prejudicial. Fed. R. Evid. 401–403. This motion should be uncontroversial. But based on VirnetX's conduct at the -855 trial, and recent motion to compel, this motion *in limine* is necessary.

During closing at the -855 trial, for example, VirnetX stated that it "asked for a copy of Mr. Arovas's slides to be swapped beforehand, and they wouldn't, and now I know why." 4/10/18 Trial Tr. at 197:14-15. Apple, however, did nothing improper. The parties' trial procedures do not require the exchange of closing slides. Dkt. No. 380. If VirnetX wanted to modify that agreement, it should have raised the issue with the Court outside the presence of the jury.

In addition, VirnetX should not be permitted to discuss the discovery process or production of documents, i.e., by suggesting that Apple has prevented VirnetX from obtaining information that it needs. For example, VirnetX alleged in a recent motion that "Apple is actively attempting to hide highly probative discovery while simultaneously using the lack of that very same discovery

9

to gain a significant benefit in this case." Dkt. No. 852 at 7. While Apple disagrees with that allegation, it suggests that VirnetX intends to make the discovery process a theme at the upcoming trial. But Courts routinely preclude parties from making arguments regarding discovery disputes at trial. *E.g.*, *Argenyi v. Creighton Univ.*, No. 8:09-CV-341, 2013 WL 4434424, at *7 (D. Neb. Aug. 14, 2013) (granting motion *in limine* to preclude "testimony, other evidence, or argument about pretrial matters, such as discovery, discovery disputes, pretrial rulings, or assertions of privilege"); *see also Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *4 (E.D. Tex. Sept. 30, 2015) (granting motion to preclude "evidence or argument related to discovery disputes."). The court in *Argenyi*, for example, granted defendant's motion *in limine* to preclude the plaintiff from introducing any argument or evidence related to discovery disputes because it "could cause confusion or undue prejudice." *Argenyi*, 2013 WL 4434424, at *6. The same outcome is warranted here. VirnetX's accusation that Apple is somehow hiding evidence, or any other discovery-related argument VirnetX may intend to make at trial, would only serve to "cause confusion or undue prejudice," and should be excluded.

Dated: July 16, 2020

Respectfully submitted,

*/s/ Leslie M. Schmidt*

Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
Leslie Schmidt
leslie.schmidt@kirkland.com
Aaron Resetarits
aaron.resetarits@kirkland.com
Nathaniel L. DeLucia
nathaniel.delucia@kirkland.com
Ryan Jin
ryan.jin@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Akshay S. Deoras
akshay.deoras@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael E. Jones, Lead Attorney
Texas Bar No. 10969400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on July 16, 2020. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on July 16, 2020.

*/s/ Leslie M. Schmidt*
Leslie M. Schmidt

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that the parties have complied with Local Rule CV-7(h)'s meet and confer requirement. Counsel for VirnetX, Leidos, and Apple have conferred via email and also via telephone conference on July 14, 2020 with the following participants: Leslie Schmidt, Aaron Resetarits, and Mike Jones on behalf of Apple; Jason Cassady, Daniel Pearson, and Robert Christopher Bunt on behalf of VirnetX; and Andy Tindel on behalf of Leidos. The parties met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Plaintiffs oppose the relief sought in this motion.

*/s/ Leslie M. Schmidt*
Leslie M. Schmidt

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that this court document should be filed under seal because it contains material designated under the Protective Order approved and entered in this case.

*/s/ Leslie M. Schmidt*
Leslie M. Schmidt