# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. AND LEIDOS, INC.,** | § § § | Civil Action No. 6:12-cv-00855 |
| Plaintiffs, | § § | |
| v. | § § | |
| **APPLE INC.** | § § § | |
| Defendant. | § § § | **JURY TRIAL DEMANDED** |

## APPLE INC.'S MOTION TO EXCLUDE CERTAIN EXPERT DAMAGES OPINIONS OF ROY WEINSTEIN

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................. 1

II.    LEGAL STANDARD ........................................................................................................... 2

III.    ARGUMENT ........................................................................................................................ 2

    A.    **Mr. Weinstein's Per-Unit Damages Theory Should Be Stricken Because It Fails to Apportion for FaceTime's Noninfringement** ...................... 2

    B.    **Mr. Weinstein's Reliance on the -417 Verdict Should Be Stricken** ................... 5

    C.    **Apple Renews Its Previous *Daubert* Motions** ....................................................... 7

IV.    CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Coleman Motor Co. v. Chrysler Corp.*,
  525 F.2d 1338 (3d Cir. 1975)..................................................................................6

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993).............................................................................................2, 6

*Dowagiac Mfg. Co. v. Minn. Moline Plow Co.*,
  235 U.S. 641 (1915)..................................................................................................4

*Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*,
  394 F.3d 1368 (Fed. Cir. 2005).................................................................................5

*Grenada Steel Indus., Inc. v. Ala. Oxygen Co., Inc.*,
  695 F.2d 883 (5th Cir. 1983) ....................................................................................5

*Hodgkins v. Peterson*,
  No. 1:04-CV-569-JDT-TAB, 2004 WL 1854194 (S.D. Ind. July 23, 2004)............6

*Johnson v. Arkema, Inc.*,
  685 F.3d 452 (5th Cir. 2012) ....................................................................................6

*Knight v. Kirby Inland Marine Inc.*,
  482 F.3d 347 (5th Cir. 2007) ....................................................................................2

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
  694 F.3d 51 (Fed. Cir. 2012).....................................................................................4

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
  No. 14-CV-03657-SI, 2019 WL 2716512 (N.D. Cal. June 28, 2019) ......................5

*VirnetX Inc. v. Apple Inc.*,
  792 F. App'x 796 (Fed. Cir. 2019) ...............................................................1, 2, 3, 4

*VirnetX, Inc. v. Cisco Sys., Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014).....................................................................1, 2, 3, 4

## I. INTRODUCTION

When Mr. Weinstein issued his expert report five-and-a-half years ago, VirnetX accused Apple's redesigned FaceTime of infringing the '211 and '504 patents and Apple's redesigned VPN On Demand ("VOD") of infringing the '135 and '151 patents. The Federal Circuit has since held that Apple's redesigned FaceTime does not infringe the '211 and '504 patents as a matter of law. *See VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 809, 812 (Fed. Cir. 2019). The August 2020 trial thus relates to a single issue: damages for VOD. Dkt. No. 840 at 17.

VirnetX relies on Mr. Weinstein to seek up to $700.9 million in royalties. But Mr. Weinstein in his Supplemental Report failed to account for the fact that FaceTime does not infringe the '211 and '504 patents as a matter of law. In fact, his damages opinion—that the royalty should be $1.20 per unit—remains unchanged despite half the patents and half the accused features no longer being at issue. The Federal Circuit previously admonished VirnetX, "[t]he law requires patentees to apportion the royalty down to a reasonable estimate of the value of its claimed technology." *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1329 (Fed. Cir. 2014) (reversing original -417 damages verdict because of Mr. Weinstein's inadmissible damages methodologies). VirnetX once again did not heed this warning, and the Court should exercise its gatekeeping role to exclude Mr. Weinstein's unreliable damages theories.

Mr. Weinstein also "note[s] that Apple … paid VirnetX a royalty based on a $1.20 per device rate on sales of products found to infringe the patents-in-suit." Ex. 1 at n.2 (Supplemental Expert Report of Roy Weinstein). This passing reference to the September 2016 -417 verdict ("-417 Verdict") is not a reliable expert opinion. To the contrary, Mr. Weinstein's failure to acknowledge that the -417 Verdict does not reveal the per-unit royalty the jury awarded specifically for VOD confirms that permitting this testimony would serve only to confuse and unfairly prejudice the jury. *See* 3/20/18 Tr. at 67:22-68:3 (granting Apple's motion *in limine* to

exclude the -417 Verdict because "[t]he risk of prejudice is significant"). It should therefore be stricken.

In addition to these new issues raised by Mr. Weinstein's Supplemental Report, Apple also renews its previous *Daubert* motions for preservation purposes.

## II. LEGAL STANDARD

"[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Because "[e]xpert evidence can be both powerful and quite misleading … the judge in weighing possible prejudice against probative force under [FRE] 403 … exercises more control over experts than over lay witnesses." *Id.* at 595. "While questions regarding which facts are most relevant for calculating a reasonable royalty are properly left to the jury, a critical prerequisite is that the underlying methodology be sound." *Virnetx*, 767 F.3d at 1328. "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, [and] the link between the facts and the conclusion." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). In short, "the expert's testimony must be reliable at each and every step or else it is inadmissible." *Id.*

## III. ARGUMENT

### A. Mr. Weinstein's Per-Unit Damages Theory Should Be Stricken Because It Fails to Apportion for FaceTime's Noninfringement

The Federal Circuit reversed the prior -855 jury's finding that FaceTime infringed the '504 and '211 patents. *VirnetX*, 792 F. App'x at 809. FaceTime therefore does not infringe as a matter of law. Nonetheless, Weinstein presents ***the same*** damages theory he presented in the April 2018 -855 trial. This failure to apportion for the removal of half the patents and half the accused

2

features is fatal and the Court should preclude Mr. Weinstein form offering these flawed opinions at trial.

A patentee "must take care to seek only those damages attributable to the infringing features." *See, e.g., VirnetX*, 767 F.3d at 1326. At the last trial, Mr. Weinstein opined that reasonable royalty damages for Apple's use of VirnetX's patents "range from $1.20 per accused unit sold, to $1.67 per accused unit sold with respect to FaceTime and [VOD]." 4/5/18 (AM) Tr. 26:10–16, 86:19–87:1. Mr. Weinstein then applied those per-unit royalty figures to sales of units with FaceTime and VOD. 4/5/18 (AM) Tr. at 89:9–91:18. On appeal, however, the Federal Circuit concluded that the term "domain name service system" as used in the asserted claims of the '504 and '211 patents "requires that the system include what a 'domain name service' requires under its construction[.]" *VirnetX*, 792 F. App'x at 809. "Because no reasonable jury could find infringement under the correct construction[,] Apple is entitled to judgment as a matter of law of non-infringement as to [the '504 and '211] patents" and the judgment of infringement as to FaceTime was reversed. *Id.* Nonetheless, in his Supplemental Report, Mr. Weinstein again opines that the royalty rate should be $1.20 per unit. Ex. 1 at ¶ 5. In other words, Mr. Weinstein makes no changes to his damages opinion to account for the fact that FaceTime does not infringe and that the '504 and '211 patents are no longer part of the hypothetical negotiation. This is error.

Mr. Weinstein cannot credibly dispute that the '504 and '211 patents have some value independent of the '151 and '135 patents. *E.g.*, 4/5/18 (AM) Tr. 92:15-24 (Weinstein testifying that "[i]f the jury believes that FaceTime infringes, then you use this $502 million number. If you believe that only [VOD] infringes, you would use the other number."). Indeed, VirnetX admits each of its patents have equal value. 4/5/18 (AM) Tr. 113:2-24. And in its Motion for Judgment, VirnetX complained that Apple's position equated to "afford[ing] VirnetX *no* compensation for

3

[VOD]'s infringement." Dkt. No. 824 at 17 (emphasis in original).  While incorrect, VirnetX's argument reinforces that VirnetX believes each of the technologies in its asserted patents have independent value.

The Federal Circuit has made clear that "only theories comporting with settled principles of apportionment [should be] allowed to reach the jury." *VirnetX*, 767 F.3d at 1328.  Mr. Weinstein therefore should have done what Apple's expert did: determine what portion of the prior licenses is attributable to VOD.  *E.g.*, Dkt. No. 824 at 7 (admitting that "[u]nlike Mr. Weinstein, Mr. Bakewell proposed different royalty rates depending on the features found to infringe.").  The Federal Circuit's summary affirmance in the -417 Action retrial is no answer to this failure to apportion because both FaceTime and VOD were held to infringe.  That is not the case here, and as explained below, the -417 Verdict does not parse the value the jury placed on VOD from the value placed on FaceTime.  Two of the patents included in the jury's verdict from the -417 retrial (and the now-vacated -855 retrial) now relate to "non-patented features contained in the [licensed] products" as a matter of law.  *VirnetX*, 767 F. 3d at 1326, 1329; *VirnetX*, 792 F. App'x at 809.  Thus, Mr. Weinstein needed to make sure his opinions did not "overreach and encompass components not covered by the patent," such FaceTime.  *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 70 (Fed. Cir. 2012).  Mr. Weinstein performed none of that analysis.  In failing to do so, he violates the requirement that he "separate[] or apportion[] between what [is] covered by the patent and what [is] not covered by it."  *Dowagiac Mfg. Co. v. Minn. Moline Plow Co.*, 235 U.S. 641, 646 (1915).

Accordingly, Mr. Weinstein's opinions regarding a per-unit reasonable royalty should be excluded.

4

**B.     Mr. Weinstein's Reliance on the -417 Verdict Should Be Stricken**

Mr. Weinstein "note[s]" in his Supplemental Report that "Apple has recently paid VirnetX a royalty based on a $1.20 per device rate on sales of products found to infringe the patents-in-suit." Ex. 1 at n.2.  This passing reference to a prior verdict is not a reliable expert analysis and instead will only serve to confuse the jury and unfairly prejudice Apple.  *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 2716512, at *11 (N.D. Cal. June 28, 2019) (excluding expert opinion because expert "does not actually apply his 'real world' model to those licenses or to the facts of this case, rendering his testimony … irrelevant.").

Mr. Weinstein's "note" suggests that because the amount of the -417 Verdict divided by the total number of units works out to $1.20 per unit, the jury must have awarded a royalty of $1.20 per unit for VOD-only units.[1]  Not so.  Rather, the jury awarded a lump-sum of $302,427,950 for infringement of both VOD and FaceTime.  Dkt. No. 1025 at 2 in Civil Action No. 6:10-cv-00417.  While that might work out mathematically to $1.20/unit, "nothing in the four corners of the jury's verdict requires a singular royalty rate" and "other mathematically equivalent interpretations exist."  Dkt. 840 at 14 (rejecting VirnetX's similar argument regarding the -855 verdict).  For example, Mr. Bakewell testified that the royalty rate for units including VOD-only was $0.10.  9/29/16 (AM) Tr. at 63:11-16.  If the jury accepted Mr. Bakewell's testimony as to VOD, which they were free to do, Mr. Weinstein's testimony supports a rate of $1.61 for FaceTime.  *See Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1378 (Fed. Cir. 2005) ("This court has previously recognized that the jury is not bound to accept a rate proffered by one party's expert but rather may choose an intermediate royalty rate."); *Grenada Steel Indus., Inc. v. Ala. Oxygen Co., Inc.*, 695 F.2d 883, 889 (5th Cir. 1983) ("The jury might credit one or more of the expert

---

[1]   $302,427,950 ÷ 252,023,292 accused units = $1.20.

5

opinions or it might reject them all."). Indeed, Mr. Weinstein appears to acknowledge as much in his Supplemental Report, as he did not opine that the -417 Verdict supported his opinions. *See generally* Ex. 1. Mr. Weinstein's "note" regarding the -417 Verdict therefore has no "valid scientific connection to the pertinent inquiry"—the amount of damages for infringement of VOD alone—and is "irrelevant and inadmissible." *Hodgkins v. Peterson*, No. 1:04-CV-569-JDT-TAB, 2004 WL 1854194, at *5 (S.D. Ind. July 23, 2004) (*quoting Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591–92 (1993)); *see also Johnson v. Arkema, Inc.*, 685 F.3d 452, 463 (5th Cir. 2012) (affirming exclusion of expert opinion as irrelevant).

Moreover, even if the -417 Verdict provided some information regarding the value of the patents-in-suit, any reference to the -417 Verdict at trial would be highly prejudicial to Apple. As described in Apple's concurrently filed Motion *in Limine* No. 1, references to prior jury verdicts have consistently been excluded. 3/20/18 Tr. at 67:22-68:3. (excluding reference to the -417 Verdict); Dkt. No. 978 at 3 in Civil Action No. 6:10-cv-00417 (granting Apple's motion to exclude reference to the original -417 and consolidated verdicts during the September 2016 -417 retrial). This is for good reason: "[t]he risk of prejudice is significant" when prior verdicts are admitted. 3/20/18 Tr. at 67:22-68:3; Dkt. No. 500 at 14 ("repeated references to the prior [-417] jury verdict in the consolidated case resulted in an unfair trial."). That risk is particularly significant here. The -417 Verdict covered four patents (including the two patents at issue now) and a prior version of the feature at issue. Particularly because it is not possible to parse the value that the jury in the -417 Action placed on VOD alone, disclosing the -417 Verdict risks that this jury will "defer to the earlier result and … decide [the] case on evidence not before it." *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975). VirnetX should not be able to use Mr. Weinstein as a back door to introduce the highly prejudicial -417 Verdict.

6

### C.    **Apple Renews Its Previous *Daubert* Motions**

In addition to the grounds outlined above, Apple hereby renews the following *Daubert* motions, which were filed in this case:

- Apple moved to exclude the testimony of Mr. Roy Weinstein under *Daubert*. (Dkt. Nos. 217, 243, 323, 354, 546). Before the Court's prior ruling, VirnetX withdrew Mr. Weinstein's at-risk profits model. (Dkt. No. 338 at 7). The Court denied the remaining grounds of Apple's motion. (Dkt. No. 362 at 4). Should VirnetX attempt to pursue Mr. Weinstein's at-risk profits model, Apple requests that the Court rule on that aspect of the Weinstein *Daubert*.

- Apple requested to file a motion to exclude the testimony of Dr. William Wecker under *Daubert*. (Dkt. Nos. 216, 242). The Court denied Apple's request but held that Apple "may raise arguments concerning Dr. Weinstein's reliance on this data in Defendant's motion to strike Dr. Weinstein." (Dkt. No. 303 at 2). The Court denied Apple's motion to exclude the testimony of Mr. Weinstein, including his testimony relying on Dr. Wecker. (Dkt. No. 362 at 4).

This renewal is for preservation purposes, and, therefore, the rulings carry to this trial unless otherwise modified by the Court.

### IV.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court exclude Mr. Weinstein's damages opinions, as well as his reference to the -417 Verdict.

Dated: July 16, 2020                                   Respectfully submitted,

*/s/Leslie M. Schmidt*
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
Leslie M. Schmidt
Leslie.schmidt@kirkland.com
Nathaniel L. DeLucia
nathaniel.delucia@kirkland.com
Ryan Jin
ryan.jin@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Akshay S. Deoras
akshay.deoras@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Nathan S. Mammen
nathan.mammen@kirkland.com
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

Michael E. Jones, *Lead Attorney*
Texas Bar No. 10969400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
**ATTORNEYS FOR APPLE INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on July 16, 2020. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on July 16, 2020.

*/s/ Leslie M. Schmidt*
Leslie M. Schmidt

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that the parties have complied with Local Rule CV-7(h)'s meet and confer requirement. Counsel for VirnetX, Leidos, and Apple have conferred via email and also via telephone conference on July 14, 2020 with the following participants: Leslie Schmidt, Aaron Resetarits, and Mike Jones on behalf of Apple; Jason Cassady, Daniel Pearson, and Robert Christopher Bunt on behalf of VirnetX; and Andy Tindel on behalf of Leidos. The parties met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Plaintiffs oppose the relief sought in this motion.

*/s/ Leslie M. Schmidt*
Leslie M. Schmidt

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that this court document should be filed under seal because it contains material designated under the Protective Order approved and entered in this case.

*/s/ Leslie M. Schmidt*
Leslie M. Schmidt