# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. AND** | § | |
| **LEIDOS, INC.**, | § | Civil Action No. 6:12-cv-855-RWS |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **APPLE INC.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## VIRNETX'S RESPONSE IN OPPOSITION TO APPLE'S MOTION TO CONDUCT THE PRETRIAL CONFERENCE REMOTELY FOR ALL PARTIES

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

        A.    The District Has Precautions In Place Addressing the Appropriate Safety Measures To Avoid Covid-19 Infection Risks. .......................................................2

        B.    A Safe In-Person Conference Is Not Only Possible, But It is Necessary To Properly and Fairly Determine The Numerous and Complex Pre-Trial Issues. ...................................................................................................................4

        C.    A Video Pretrial Conference Would Not Alleviate Apple's Concerns And Would Ultimately Only Prejudice VirnetX. .........................................................5

        D.    An Appropriate Solution Is To Delay The Pretrial Conference One Week To Allow Apple's and VirnetX's Teams To Only Travel One Time And Limit Any Exposure Risks. ...................................................................................7

II.    CONCLUSION......................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Image Processing Technologies, LLC v. Samsung Electronics Co., Ltd., et al.*
  Case No. 2:20-CV-00050-JRG, Dkt. 200 (June 29, 2020 Order) ............................................... 6

*Optis Wireless Tech., LLC v. Apple Inc.*
  No. 2:19-cv-00066-JRG, Dkt. 341 (E.D. Tex. July 14, 2020) ..................................................... 1

**Other Authorities**

United States District Court In And For The Eastern District of Texas
  General Order 20-04: Entrance Protocols (3/18/2020) ............................................................ 3

I.      **INTRODUCTION**

Apple Inc.'s ("Apple's") request is nothing more than a precursor to further delay final adjudication of a case that has been going on since 2012. While Apple limits itself to claiming that it "may seek a continuance of the trial" depending on the situation, considering the number of times Apple has sought a stay or a continuance throughout this litigation, it is a certainty that Apple will do so. Apple appears to have made the strategic choice to first make a smaller request in the hopes of bolstering its request for continuance. Indeed, the arguments in Apple's Motion equally apply to a request for an indefinite continuance. On the same day as Apple's Motion, Apple made the same arguments using the same language to seek an indefinite stay of another trial set to begin in August in the Eastern District of Texas. *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-cv-00066-JRG, Dkt. 341 (E.D. Tex. July 14, 2020). Respectfully, this case has been pending for almost nine years, and its resolution should not be delayed.

No one is denying the risks and severity of COVID-19. The District has put specific protections in place to protect the judge, counsel, jurors, and any other present parties in order to effectively balance health and safety priorities with the vital need to keep cases moving forward. Accepting Apple's flawed reasoning focusing solely on the increased confirmed positive COVID-19 cases across the entire state of Texas in its Motion makes an indefinite trial continuance inescapable that would highly prejudice VirnetX Inc. ("VirnetX") from finally vindicating its rights after nearly a decade of dragged out litigation. In reality, this case is set in Smith county and not Dallas or Harris counties, where the risk of exposure is minimal at best, and even less where the parties' teams comply with the District's implemented safety precautions. Moreover, this pretrial conference is too important to conduct virtually as it dictates the proceeding trial including, at least, many new motions in limine (which interplay with a

complex history of previously granted motions in limine), a *Daubert* challenge, and various evidentiary objections.

As a result, this Court should deny Apple's Motion and, should the Court wish to make an accommodation in light of Apple's understandable request regarding the time away from their families, instead push the pretrial conference back one week to August 10, 2020 (or to a date convenient to the Court) to allow the parties' teams to only have to travel once to Tyler, Texas limiting any exposure risks.

**II.     ARGUMENT**

    **A.     The District Has Precautions In Place Addressing the Appropriate Safety Measures To Avoid Covid-19 Infection Risks.**

While VirnetX agrees that the Covid-19 pandemic is a serious issue that should not be taken lightly, this Court and the parties can undertake significant precautions to manage and sufficiently minimize the risk of exposure. Indeed, the District has already indicated numerous measures to address these concerns. For example, Judge Gilstrap[1] has articulated the following measures concerning the jurors: [2]

- Prior to entering the courthouse, "potential jurors will have their temperature taken."

- Additionally, the jurors "will be spaced out in the courtroom" and "will be provided with masks."

- Rather than each juror using one microphone, "multiple microphones will be used during jury selection so that they can be disinfected between uses."

---

[1] Though these measures are not binding upon this Court, they are an excellent guide for how this Court can safely and effectively conduct the pretrial conference and trial.

[2] Daniel Siegal, *Why Gilstrap Is Getting Ready For Trial —And Not on Zoom, Law360*, May 15, 2020, https://www.law360.com/articles/1273188/whygilstrap-is-getting-ready-for-trial-and-not-on-zoom.

2

Indeed, the District has a standing order prohibiting the following persons from even entering the courthouse: [3]

- Certain persons including those who have traveled to certain countries within the last 14 days, "had close contact with someone who has traveled to one of those countries" in the last 14 days, "who a medical doctor, doctor of osteopathy, hospital or public health agency has directed to self-quarantine," "who have been diagnosed with COVID-19 and who have not obtained express medical verification," and persons who "exhibit fever, cough or shortness of breath" shall not enter the courthouse.

Concerning the Court and counsel, there are additional steps the parties can agree to in order to address Apple's health concerns:

- Limit the number of attorneys and staff who may be present in the courtroom at any given time.

- Order the trial teams to self-isolate from the surrounding community, requiring them to avoid dining establishments and stores by using delivery services.

- Conduct the first stage of voir dire staggered throughout the day to limit the number of people who absolutely must be together at any given point in time.

- Require all present personnel, except presenting counsel, to wear masks at all times while inside the courthouse.

These practices are highly effective and are consistent with the current CDC personal prevention practices recommendations which include handwashing, staying home when sick, maintaining 6 feet of distance, and wearing a cloth face covering, and environmental prevention

---

[3] United States District Court In And For The Eastern District of Texas, General Order 20-04: Entrance Protocols (3/18/2020).

practices which include cleaning and disinfection in order to prevent the spread of Covid-19 virus.[4]

      **B.**      **A Safe In-Person Conference Is Not Only Possible, But It is Necessary To Properly and Fairly Determine The Numerous and Complex Pre-Trial Issues.**

The pretrial conference is not just any discovery or procedural hearing, it dictates how trial is to proceed. With millions of dollars at stake, concerning issues spanning nearly a decade of litigation, the Court must decide, at least, many new motions in limine (which interplay with a complex history of previously granted motions in limine), a *Daubert* challenge, and various evidentiary objections. Considering the complexity of the issues at hand and the extensive use of PowerPoint presentations and the Elmo by the parties at previous pre-trial conferences, VirnetX is concerned that such complex presentations from both sides cannot be effectively made over videoconference. Furthermore, a video conference will impair communication because this Court is an active and involved Court. It is conceivably possible for a party to use a PowerPoint presentation over videoconference if all that needs to occur is for a party to go straight through it front to back. But it is common (and, helpful) at pretrial conferences in this litigation for the Court to ask questions mid-presentation, or to jump to related issues to get to the heart of an issue. At these points, the parties are aided by easily jumping on the fly to another portion of a presentation, or by using the Elmo to demonstrate a piece of evidence or authority to address the question. It is precisely this type of communication that will be severely impaired if the pretrial conference does not occur in person. It is of no benefit to the Court or the parties if the upcoming trial devolves into constant sidebars about "what I meant at the pretrial conference was" or "what I actually said at the pretrial conference was," which could foreseeably occur if

---

[4] *Coronavirus Disease 2019 (COVID-19): Protect Yourself*, Centers for Disease Control and Prevention, available at https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html.

clear communication is impaired due to videoconference presentations at the pretrial conference. Accordingly, the only way to have full and fair argument for both sides is to have an in person pretrial conference.

### C. A Video Pretrial Conference Would Not Alleviate Apple's Concerns And Would Ultimately Only Prejudice VirnetX.

This Court ordered a new trial on damages on April 23, 2020. Dkt. No. 840. The parties filed their Motion for Entry of Twelfth Amended Docket Control Order and Third Amended Discovery Order, which the Court accepted, on May 5, 2020—over two months after this pandemic struck the United States. Dkt. No. 847. The parties were aware at the time trial was set that safety precautions would likely need to be put in place to effectively adjudicate this final issue. Indeed, the Court and the parties addressed the various logistical challenges presented by COVID-19 as they arose. For example, the parties agreed to a telephonic hearing as appropriately available for VirnetX's Motion to Compel (*see* Dkt. No. 862). However, as discussed above, a virtual hearing is not an appropriate nor proper method for resolving the vast, complex and imperative issues to be determined during the pretrial conference. Apple was aware of the potential risks from the beginning and understood the likely need for certain precautions to be put in place once in person proceedings became undeniably necessary.

Moreover, while Apple has not yet filed for a continuance, its position that "Apple is continuing to evaluate the situation, and may seek a continuance depending on the trajectory of COVID-19 cases in Texas as trial approaches" indicates this motion is nothing more than a precursor to ultimately delay trial. Dkt. No. 866 at fn 3. Apple has dragged this trial out for nearly nine years—this 855 case was filed back in 2012 and originally tried in 2016—and this clear delay attempt in the final chapter is no different. In fact, this case is (unsurprisingly) the oldest active case on this Court's docket. And as the saying goes, justice delayed is justice denied.

But, Apple's reasoning for the video conference and ultimate stay or continuance is flawed. Apple's motion solely focuses on the number of positive COVID-19 cases across the *entire* state of Texas rather than local statistics. To date, Smith County has approximately 1,763 cases[5] total as opposed to Dallas County's 41,266 cases[6] or Harris County's 55,769 cases.[7]  This difference in statistics is crucial because Smith County's low infection rate allows the Court and the parties to successfully mitigate any risk of infection by merely complying with the District's and CDC's safety guidelines. *See, e.g*, *Image Processing Technologies, LLC v. Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*, Case No. 2:20-CV-00050-JRG, Dkt. 200 at *3 (June 29, 2020 Order) ("Texas is a large and diverse state, and while news from Dallas and Houston dominates the media coverage, the circumstances in less urban areas differ materially.").

If the Court is to accept Apple's widespread COVID-19 analysis spanning the entire state, then an indefinite delay of trial is inevitable.  As Judge Gilstrap stated in *Image Processing Technologies*, "the effect of the current pandemic [] drastically compacted and complicated the Court's trial schedule well into next year . . . [and moving the] jury trial date at this late date would likely result in a delay of many months given the unavailability of open trial dates in the future."  Case No. 2:20-CV-00050-JRG, Dkt. 200 at * 3.  Any further delay highly prejudices VirnetX in its ability to end this near-decade long battle by vindicating its rights and by nullifying the extensive trial preparation its undergone.  In a world of abundant uncertainties

---

[5] *Smith County: Coronavirus Information*, July 17, 20202, available at https://www.smith-county.com/government/departments/corona-virus-information.

[6] Nataly Keomoungkhoun, *Dallas County Reports 1,044 New Coronavirus Cases, 2 Deaths*, The Dallas Morning News, available at https://www.dallasnews.com/news/public-health/2020/07/19/dallas-county-reports-1044-new-coronavirus-cases-2-deaths/.

[7] Harris County Public Health, available at https://publichealth.harriscountytx.gov/Resources/2019-Novel-Coronavirus.

surrounding the virus, the Court, parties, and respective support staffs have all expended significant time and resources to safely try this case.

Apple's reasoning is further flawed because a video pretrial conference would not alleviate any of Apple's concerns given the trial date is set for just two weeks later. This is yet another indication that Apple's Motion is nothing more than a precursor to a motion to stay or continue the trial date without any foresight as to what date would be appropriate under the current climate. This indefinite uncertainty in a final adjudication that highly prejudices VirnetX is unnecessary and relieved by simply abiding by the District's safety precautions.

> **D. An Appropriate Solution Is To Delay The Pretrial Conference One Week To Allow Apple's and VirnetX's Teams To Only Travel One Time And Limit Any Exposure Risks.**

An appropriate measure to address Apple's concerns is to push the pretrial conference one week to August 10, 2020 to allow both Apple and VirnetX's teams to only travel to Tyler, Texas one time for both the pretrial conference and trial significantly limiting any exposure to the virus. Apple does not dispute that moving the pretrial conference closer to trial would alleviate Apple's concerns about team members being forced to be away from their families for a month if they return to New York between the pretrial conference and the trial.[8] Apple's argument that pushing the pretrial conference would "hinder" or otherwise prejudice its ability to adequately prepare for trial is unconvincing and misguided. Dkt. No. 886 at 8. Apple would still

---

[8] Further, VirnetX never proposed that an acceptable solution would be for only Apple's local counsel to attend the pretrial conference in-person and the entire rest of Apple's team to attend via videoconference. VirnetX proposed that it would have no objection to some of Apple's team attending in person and some of Apple's team attending remotely if that would alleviate Apple's travel concerns. Apple has not informed VirnetX when its team would be arriving in Texas to prepare for trial nor whether the entire team would return to distant states following an in-person pretrial conference on the scheduled date. Moreover, Apple refused to answer VirnetX's questions regarding whether it was conducting in-person trial preparations with its witnesses outside of Tyler on the grounds of privilege. Of course, if Apple is willing for its lawyers and/or witnesses to travel via airplane for trial testimony preparation, it should be willing to have them travel to Texas for a pretrial conference.

7

have a full week to effectively "adjust its approach for trial to account for the Court's pretrial rulings," and in any case VirnetX would also be subject to the same time restrictions. *See id*. The parties have never in the past had any problems adjusting to the rulings made in the supplemental pretrial conferences occurring in the week leading up to trial. Moreover, as Apple stated, the original pretrial conference date is "three weeks away" so "the parties can adjust their travel and preparation plans." *Id*.

By moving the pretrial conference to one week prior to trial, the Court can ensure both a fair and timely adjudication while still adequately protecting counsel, the Court, the parties, jurors, and any other present persons.

## II.  CONCLUSION

For these reasons, VirnetX respectfully requests that the Court deny Apple's motion to conduct the pretrial conference by telephone or video, and instead move the pretrial conference date one week to August 10, 2020 (or to a date convenient to the Court) to ensure a just and speedy adjudication and the protection of all persons involved.

DATED:  July 21, 2020                                       Respectfully submitted,

                                                    **CALDWELL CASSADY & CURRY**

/s/ *Jason D. Cassady*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702

        Telephone: (903) 531-3535
        Telecopier: (903) 533-9687

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        Email: jw@wsfirm.com
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        Email: claire@wsfirm.com
        **WARD, SMITH & HILL, PLLC**
        1507 Bill Owens Parkway
        Longview, Texas 75604
        Telephone: (903) 757-6400
        Facsimile: (903) 757-2323

        **ATTORNEYS FOR PLAINTIFF**
        **VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 21st day of July 2020.

        */s/ Jason D. Cassady*
        Jason D. Cassady