# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| VIRNETX INC., *et al.*, § § § Plaintiffs, § § v. § § APPLE INC.; § § § Defendant. § | CIVIL ACTION NO. 6:12-CV-00855-RWS<br><br>**SEALED** |

## ORDER

Before the Court is Defendant Apple Inc.'s Unopposed Motion for Relief from Standing Orders Relating to Court Operations During the National Pandemic (Docket No. 940). For the reasons set forth below, the motion is **GRANTED-AS-MODIFIED-IN-PART** and **DENIED-IN-PART**.

Mr. Melaugh may attend the trial in person if he: (1) receives at least three negative COVID-19 tests between his arrival in the United Kingdom and jury selection for this matter on October 26, as described hereinafter; (2) he tests negative for COVID-19 immediately prior to his departure from the UK; (3) he tests twice following his return to the United States, and at least one of the two COVID-19 tests he receives in the United States must be a molecular (*e.g.*, RT-PCR) test; and (4) the molecular test is conducted a minimum of five days after his arrival in the United States. Apple shall promptly notify the Court of the results of each test.

Mr. Melaugh may not attend the pretrial conference, either telephonically or in person. The Court will not make an exception to Standing Order 2020-5 for someone who traveled from the UK only three days before the conference. The Court recognizes that Apple has not requested

such an exception, but Mr. Melaugh's telephonic participation is not feasible. The logistical burden of securing telephonic participation for a single participant at an in-person pretrial conference significantly outweighs any benefit from Mr. Melaugh's joining the second pretrial conference in this matter, held after the Court's rulings on the parties' MILs and *Daubert* motions.

Accordingly, it is

**ORDERED** that Apple's motion is **GRANTED-AS-MODIFIED-IN-PART** and **DENIED-IN-PART**. Mr. Melaugh may attend trial in person, subject to the requirements set forth above. He may not participate in the pretrial conference telephonically or in person.

The Court intends to file an unsealed version of this order by **October 23, 2020**. Following a meet and confer, the parties may file a joint sealed motion to redact limited portions of the order by **October 16, 2020**. The parties shall request as few redactions as possible and provide "sufficiently compelling reasons that override the public policies favoring disclosure." *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). The parties shall attach to their motion the Court's Order with the proposed redactions.

**SIGNED this 13th day of October, 2020.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE