# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| VIRNETX INC. AND LEIDOS, INC., | |
| Plaintiffs, | Civil Action No. 6:12-cv-855-RWS |
| v. | |
| APPLE INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANT APPLE INC.'S OFFER OF PROOF

Defendant Apple Inc. ("Apple") respectfully submits this offer of proof with regard to the Court's exclusion of evidence regarding the United States Patent and Trademark Office's ("Patent Office") reexamination and *inter partes* review of the patents-in-suit.

## INTRODUCTION

VirnetX alleges that Apple owes damages for infringement of U.S. Patent No. 6,502,135 ("'135 patent") and U.S. Patent No. 7,490,151 ("'151 patent"). On March 20, 2018, the Court granted VirnetX's Motion in Limine 4 (renewed from the consolidated trial), thereby precluding Apple from proffering evidence of the reexamination and *inter partes* review proceedings concerning the patents-in-suit. *See* Dkt. No. 646 at 172:20-173:2 (Mar. 20, 2018 Hr'g Tr.). But those post-grant Patent Office proceedings—including the undisputed fact that all of VirnetX's asserted claims have been determined to be unpatentable over multiple, independent prior art references, subject only to Federal Circuit appeal—are relevant evidence to issues in this case, including on whether damages can be awarded and the amount of such damages. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015) ("Invalidity is an affirmative defense that can preclude enforcement of a patent against otherwise infringing conduct. … *[I]nvalidity* is not a defense to infringement, it *is a defense to liability*."); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). As such, Apple should have been permitted to introduce testimony and evidence concerning the reexamination and *inter partes* review proceedings of the patents-in-suit.

## OFFER OF PROOF

Had the Court not excluded evidence of the reexaminations and *inter partes* reviews, Apple would have offered the following evidence:

1. DTX-0183 (reexamination file for the '135 Patent (Control No. 95/001,682))
2. DTX-0182 (reexamination file for the '135 Patent (Control No. 95/001,679))

3. DTX-1303 (**Ex. 1** (July 14, 2020 Final Written Decision on Remand Determining All Challenged Claims Unpatentable in *inter partes* review of the '135 Patent (Case No. IPR2015-01046, Paper No. 112)))

4. DTX-1305 (**Ex. 2** (September 14, 2020 Patent Owner VirnetX Inc.'s Notice of Appeal from Final Written Decision of *inter partes* review of the '135 Patent (Case No. IPR2015-01046, Paper No. 113)))

5. DTX-1307 (**Ex. 3** (September 15, 2020 United States Court of Appeals for the Federal Circuit, Notice of Docketing of appeal from Final Written Decision of *inter partes* review of the '135 Patent (Case 2020-2271)))

6. DTX-0184 (reexamination file for the '151 Patent (Control No. 95/001,697))

7. DTX-0185 (reexamination file for the '151 Patent (Control No. 95/001,714))

8. DTX-1304 (**Ex. 4** (July 14, 2020 Final Written Decision on Remand Determining All Challenged Claims Unpatentable in *inter partes* review of the '151 Patent (Case No. IPR2015-01047, Paper No. 122)))

9. DTX-1306 (**Ex. 5** (September 14, 2020 Patent Owner VirnetX Inc.'s Notice of Appeal from Final Written Decision of *inter partes* review of the '151 Patent (Case No. IPR2015-01047, Paper No. 123)))

10. DTX-1308 (**Ex. 6** (September 15, 2020 United States Court of Appeals for the Federal Circuit, Notice of Docketing of appeal from Final Written Decision of *inter partes* review of the '151 Patent (Case 2020-2272)))

11. DTX-1309 (**Ex. 7** (September 25, 2020 United States Court of Appeals for the Federal Circuit, Order consolidating Case 2020-2272 with Case 2020-2271))

12. Cross-examination of Kendall Larsen, CEO, President, and Chairman of VirnetX, on the proposition that VirnetX is and has been aware of the status of VirnetX's patents and related legal proceedings, including post-grant Patent Office proceedings, as evidenced by the following:

   a. VirnetX keeps track of the status of VirnetX's patents in proceedings before the Patent Office, and VirnetX reports those statuses publicly, including in 8-K, 10-K, and other SEC filings verified for accuracy and signed by Mr. Larsen. *See, e.g.*, -417 Trial Tr. (Sept. 28, 2016 AM) at 110:5-16, 117:20-118:5; DTX-0158; DTX-0159; DTX-0931; DTX-0932; DTX-0933; DTX-0934; DTX-0935; DTX-0936; DTX-0937; DTX-0938; DTX-0939; DTX-0940; DTX-0941; DTX-0942; DTX-1139; DTX-1140.

   b. The Patent Office has repeatedly rejected the asserted claims based on arguments presented by Apple and others:

      i. Apple filed an *inter partes* request to reexamine every claim of the '135 Patent on July 11, 2011. Cisco previously filed a separate *inter partes* request to reexamine all claims of the '135 Patent on July 8, 2011. After reviewing the two requests, the Patent Office found multiple issues that presented substantial new questions of patentability, and accordingly granted Apple's request for reexamination and Cisco's request for reexamination, both on October 3, 2011. On February 15, 2012, the Patent Office rejected all claims of the '135 Patent in each of the reexamination proceedings because, according to the examiner, the inventions were already fully disclosed

in multiple prior art references (as set forth in Apple's and Cisco's requests). On December 13, 2012, the Patent Office issued a decision, *sua sponte*, merging the Apple and Cisco reexaminations into a single reexamination proceeding. On March 11, 2013, the Patent Office issued a non-final rejection of all claims of the '135 Patent. On January 10, 2014, the Patent Office issued a non-final Action Closing Prosecution, maintaining rejections of all claims of the '135 Patent. On June 12, 2014, VirnetX filed a petition to terminate reexamination of claims 10-12 of the '135 Patent. On September 17, 2014, the Patent Office granted VirnetX's petition to terminate reexamination of claims 10-12 of the '135 Patent, and severed the merged Apple and Cisco reexamination proceedings. On April 3, 2015, the Patent Office issued a non-final Action Closing Prosecution in the Cisco reexamination, maintaining rejections of claims 1-9 and 13-18 of the '135 Patent. On April 27, 2015, the Patent Office issued a non-final Action Closing Prosecution in the Apple reexamination, maintaining rejections of all claims of the '135 Patent. On September 15, 2015, the Patent Office issued a Right of Appeal Notice in the Apple reexamination, finally rejecting all claims of the '135 Patent. Also on September 15, 2015, the Patent Office issued a Right of Appeal Notice in the Cisco reexamination, finally rejecting claims 1-9 and 13-18 of the '135 Patent. On October 15, 2015, VirnetX appealed the final rejections of claims 1-9 and 13-18 of the '135 Patent in the Cisco reexamination to

    the PTAB. On July 29, 2016, the Patent Office issued an Examiner's Answer in the Apple reexamination maintaining every ground of rejection set forth in the September 15, 2015 Right of Appeal Notice. On February 6, 2018, the PTAB issued its Decision on Appeal in the Cisco reexamination, affirming the Examiner's final rejection of claims 1-9 and 13-18 of the '135 Patent. On March 6, 2018, VirnetX filed a Request for Rehearing in response to the Decision on Appeal in the Cisco reexamination. On January 18, 2019, PTAB issued a Decision on Rehearing in the Cisco reexamination, denying the request for rehearing with respect to making any changes to the grounds of the rejection. VirnetX appealed that decision to the Federal Circuit on March 18, 2019, the Cisco reexamination was subsequently remanded, and is being held in abeyance. The claims of the '135 Patent asserted in this case, claims 1 and 7, continue to stand rejected in the reexamination proceedings. *See* DTX-0182; DTX-0183; DTX-0935; DTX-1139; DTX-1140.

ii. Apple filed an *inter partes* request to reexamine every claim of the '151 Patent on July 25, 2011. Cisco filed a separate *inter partes* request to reexamine all claims of the '151 Patent on August 16, 2011. On October 21, 2011, after reviewing Apple's request, the Patent Office found multiple issues that presented substantial new questions of patentability, and accordingly granted Apple's request for reexamination. Likewise, on October 31, 2011, after reviewing

5

Cisco's request, the Patent Office found multiple issues that presented substantial new questions of patentability, and accordingly granted Cisco's request for reexamination. On March 15, 2012, the Patent Office issued a decision, *sua sponte*, merging the Apple and Cisco reexaminations into a single reexamination proceeding. On April 20, 2012, the Patent Office rejected all claims of the '151 Patent because, according to the examiner, the inventions were already fully disclosed in multiple prior art references (as set forth in Apple's and Cisco's requests). On September 22, 2015, the Patent Office issued a non-final Action Closing Prosecution, maintaining rejections of all claims of the '151 Patent. On February 24, 2016, the Patent Office issued a Right of Appeal Notice, finally rejecting all claims of the '151 Patent. On March 24, 2016, VirnetX appealed the final rejections of the claims of the '151 Patent to the PTAB. On March 30, 2017, the Patent Office issued an Examiner's Answer maintaining every ground of rejection set forth in the February 24, 2016 Right of Appeal Notice. The claim of the '151 Patent asserted in this case, claim 13, continues to stand rejected in the reexamination proceedings. *See* DTX-0184; DTX-0185; DTX-0935; DTX-1139; DTX-1140.

iii. Third-party Mangrove Partners filed a petition for *inter partes* review of claims 1, 3, 4, 7, 8, 10, and 12 of the '135 Patent on April 14, 2015. The Patent Trial and Appeal Board ("PTAB") found that there existed a reasonable likelihood of showing unpatentability with respect to at

least one of the challenged claims of the '135 Patent, and accordingly instituted *inter partes* review of the '135 Patent on October 7, 2015. Apple filed a separate petition for *inter partes* review of the '135 Patent on October 26, 2015. The PTAB accepted the Apple petition, and joined it to the Mangrove Partners proceeding on January 25, 2016. On September 9, 2016, the PTAB issued a Final Written Decision finding that that all challenged claims of the '135 Patent, including claims 1 and 7 asserted in this case, are unpatentable under 35 U.S.C. § 102 and/or § 103. On October 20, 2016, the PTAB denied VirnetX's Request for Rehearing and on December 16, 2016, VirnetX filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit. On appeal, the Federal Circuit vacated the Final Written Decision and remanded to the PTAB. On July 14, 2020, the PTAB issued a Final Written Decision on Remand Determining All Challenged Claims Unpatentable, finding that all challenged claims of the '135 Patent, including claims 1 and 7 asserted in this case, are unpatentable under 35 U.S.C. § 102 and/or § 103. VirnetX filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit, and VirnetX's Opening Brief in that appeal is due on or about December 28, 2020. *See* DTX-0912; DTX-0913; DTX-0914; DTX-0940; DTX-0941; DTX-0942; DTX-1139; DTX-1140; DTX-1303; DTX-1305; DTX-1307.

    iv.  Third-party Mangrove Partners filed a petition for *inter partes* review of claims 1, 2, 6-8, and 12-14 of the '151 Patent on April 14, 2015. The PTAB found that there existed a reasonable likelihood of showing unpatentability with respect to at least one of the challenged claims of the '151 Patent, and accordingly instituted *inter partes* review of the '151 Patent on October 7, 2015. Apple filed a separate petition for *inter partes* review of the '151 Patent on October 26, 2015. The PTAB accepted the Apple petition, and joined it to the Mangrove Partners proceeding on January 25, 2016. Another third party, Black Swamp IP, LLC, filed a separate petition with a motion for joinder, and was joined as a party on February 4, 2016. On September 9, 2016, the PTAB issued a Final Written Decision finding that that all challenged claims of the '151 Patent, including claim 13 asserted in this case, are unpatentable under 35 U.S.C. § 102 and/or § 103. On October 20, 2016, the PTAB denied VirnetX's Request for Rehearing and on December 20, 2016, VirnetX filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit. On appeal, the Federal Circuit vacated the Final Written Decision and remanded to the PTAB. On July 14, 2020, the PTAB issued a Final Written Decision on Remand Determining All Challenged Claims Unpatentable, finding that all challenged claims of the '151 Patent, including claim 13 asserted in this case, are unpatentable under 35 U.S.C. § 102 and/or § 103. VirnetX filed a Notice of Appeal to the

    United States Court of Appeals for the Federal Circuit. VirnetX's Opening Brief in that appeal is due on or about December 28, 2020. *See* DTX-0915; DTX-0916; DTX-0917; DTX-0940; DTX-0941; DTX-0942; DTX-1139; DTX-1140; DTX-1304; DTX-1306; DTX-1308.

  v. The grounds of rejection in the reexaminations and *inter partes* reviews include unpatentability of the challenged claims in view of Takahiro Kiuchi and Shigekoto Kaihara, "C-HTTP – The Development of a Secure, Closed HTTP-based Network on the Internet," the Proceedings of SNDSS 1996 ("Kiuchi"). *See, e.g.*, DTX-0182; DTX-0185; DTX-0912; DTX-0913; DTX-0915; DTX-0916; DTX-1303; DTX-1304.

  vi. As of the date of Mr. Larsen's testimony, every patent claim asserted against Apple stands finally rejected in the Patent Office, subject only to Federal Circuit appeal. *See, e.g.*, DTX-0182; DTX-0183; DTX-0184; DTX-0185; DTX-0912; DTX-0913; DTX-0914; DTX-0915; DTX-0916; DTX-0917; DTX-0935; DTX-0940; DTX-0941; DTX-0942; DTX-1139; DTX-1140; DTX-1303; DTX-1304; DTX-1305; DTX-1306; DTX-1307; DTX-1308.[1]

---

[1] In addition to the currently asserted patents-in-suit, several other VirnetX patents related to the patents-in-suit (and having nearly identical patent specifications and patent claims) have had their claims cancelled in post-grant proceedings, after exhausting all appeals to the PTAB and the Federal Circuit, including patents previously asserted against Apple in this -855 action: U.S. Patent Nos. 8,051,181, 8,504,697, 7,418,504, and 7,921,211. *See* DTX-0191 (reexamination file for U.S. Patent No. 8,051,181 (the "'181 Patent") (Control No. 95/001,949)), including **Ex. 8** (June 13, 2017 *Inter Partes* Reexamination Certificate (reexamination Control No. 95/001,949)

13. Testimony of Christopher Bakewell, Apple's expert on damages, that the Patent Office rejections (including the fact that the claims have been determined to be unpatentable, subject only to Federal Circuit review) demonstrate that the asserted claims have minimal or no utility, advantages, or value beyond what was known in the prior art, and that therefore the patents-in-suit are significantly less valuable than VirnetX contends.

14. Cross-examination of Roy Weinstein, VirnetX's expert on damages, that the Patent Office rejections (including the fact that the claims have been determined to be unpatentable, subject only to Federal Circuit review) demonstrate that the asserted claims have minimal or no utility, advantages, or value beyond what was known in the prior art, and that therefore the patents-in-suit are significantly less valuable than VirnetX contends.

15. Apple incorporates by reference Dkt. 717; Dkt. 692; Dkt. 418.

Apple respectfully submits that this evidence is relevant and admissible because it tends to show at least that:

---

(cancelling claims 1-29)) (excerpted from DTX-0191); DTX-0754 (Sept. 29, 2015 Decision on Appeal (reexamination Control No. 95/001,949)); DTX-0179 (file history for U.S. Patent No. 8,504,697 (the "'697 Patent"), including **Ex. 9** (Feb. 22, 2018 *Inter Partes* Reexamination Certificate (canceling claims 1-11, 14-25, and 28-30 of the '697 Patent)); DTX-0755 (May 11, 2015 Final Written Decision of the *inter partes* review of the '697 Patent) (Case No. IPR2014-00237, Paper No. 41); DTX-0756 (May 11, 2015 Final Written Decision of the *inter partes* review of the '697 Patent) (Case No. IPR2014-00238, Paper No. 41); DTX-940; DTX-0941; DTX-0942; Dkt. No. 75 at ¶¶ 11-13; *VirnetX Inc. v. Apple Inc.*, 671 F. App'x 786 (Fed. Cir. 2016). Two recent Federal Circuit decisions also found that claims of U.S. Patent Nos. 7,418,504 ("'504 patent") and 7,921,211 ("'211 patent") unpatentable. *See VirnetX Inc. v. Cisco Systems, Inc.*, 776 F. App'x 698, 704 (Fed. Cir. June 28, 2019) ("18-1751 Decision"); *VirnetX Inc. v. Apple Inc.*, 931 F.3d 1363, 1380 (Fed. Cir. Aug. 1, 2019) ("17-1591 Decision"). In the 18-1751 Decision, the Federal Circuit affirmed the PTAB's rejection of most claims of the '504 patent. Thereafter, in the 17-1591 Decision, the Federal Circuit affirmed the PTAB's rejection of claims of the '504 patent and the '211 patents.

1. Apple did in fact contest the validity of VirnetX's patents-in-suit, contrary to the impression VirnetX seeks to give through its witness testimony, proposed jury instructions, and/or argument;

2. Apple did in fact take action with respect to VirnetX's patents-in-suit, contrary to the impression VirnetX seeks to give through its witness testimony, proposed jury instructions, and/or argument; and

3. VirnetX's damages demand is excessive and unjustified given that the asserted claims have been held unpatentable, subject only to Federal Circuit appeal.

Dated: October 27, 2020                    Respectfully submitted,

                                   By:   */s/ Leslie Schmidt*

                                         Gregory S. Arovas
                                         greg.arovas@kirkland.com
                                         Robert A. Appleby
                                         robert.appleby@kirkland.com
                                         Jeanne M. Heffernan
                                         jeanne.heffernan@kirkland.com
                                         Joseph A. Loy
                                         joseph.loy@kirkland.com
                                         Leslie Schmidt
                                         leslie.schmidt@kirkland.com
                                         Aaron Resetarits
                                         aaron.resetarits@kirkland.com
                                         Nathaniel L. DeLucia
                                         nathaniel.delucia@kirkland.com
                                         Ryan Jin
                                         ryan.jin@kirkland.com
                                         **KIRKLAND & ELLIS LLP**
                                         601 Lexington Avenue
                                         New York, New York 10022
                                         Telephone: (212) 446-4800
                                         Facsimile: (212) 446-4900

                                         Akshay S. Deoras
                                         akshay.deoras@kirkland.com
                                         **KIRKLAND & ELLIS LLP**
                                         555 California Street
                                         San Francisco, California 94104

        Telephone: (415) 439-1400
        Facsimile: (415) 439-1500

        Michael E. Jones, Lead Attorney
        Texas Bar No. 10969400
        mikejones@potterminton.com
        **POTTER MINTON**
        A Professional Corporation
        110 N. College Avenue, Suite 500
        Tyler, Texas 75702
        Telephone: (903) 597-8311
        Facsimile: (903) 593-0846

        **ATTORNEYS FOR APPLE INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 27, 2020 to all counsel of record who are deemed to have consented to electronic service via ECF per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class U.S. Mail on this same date.

*/s/ Leslie Schmidt*