# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., and LEIDOS, | § § § § | |
| Plaintiffs, | § § | No. 6:12-cv-00855-RWS |
| v. | § § | |
| APPLE INC., | § § | |
| Defendant. | § § § | JURY TRIAL DEMANDED |

**PLAINTIFF VIRNETX INC.'S RULE 50(a) MOTION OF AT LEAST $1.20/UNIT IN DAMAGES**

I.      ARGUMENT

VirnetX moves for Rule 50(a) relief for Judgment as a Matter of Law of $1.20/unit in damages. In the -417 case, the jury awarded $1.20/unit in damages. That damages award has since been affirmed by the Federal Circuit, and certiorari was denied. The evidence in that case included units that infringed with only VPN on Demand "Always" Mode. The units in this case include only the redesigned VPN on Demand in the hypothetical negotiation.

The evidence in this case includes the same licenses as in the -417 case. As for the VPNoD-only units from the -417 judgment and the judgment at issue in this case is the date of hypothetical negotiation. But the difference in the hypothetical negotiation does not provide a new issue for issue preclusion purposes. Apple's infringement has continued uninterrupted from the date of the hypothetical negotiation throughout the damages period of the -855 case. *See Smith & Nephew Inc. v. Arthrex, Inc.*, No. 3:08-cv-713-MO, 2016 WL 3406232, at *9 (D. Or. June 15, 2016) (granting summary judgment of damages based on issue preclusion in part because infringement was continuous in time). And because that $1.20/rate applied to VPN-only units, it would apply here as well.

There is no evidence that the changed economic circumstances could possibly drive the rate down. For example, there is no evidence that the patented technology is less valuable to Apple in the redesigned VPN on Demand versus that original, infringing version of VPN on Demand. The economic circumstances of the hypothetical negotiation also could not possibly drive the rate down. Indeed, in its original appeal of the -417 case, Apple conceded that VirnetX would be in a *better* negotiating position in September 2013 than in June 2009. *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014) ("Apple argues that at the time those licenses were entered into, VirnetX was in a much better financial position (and therefore a better

1

bargaining position) than it was in 2009."). The only evidence presented at trial is consistent with that concession. And no reliable expert could opine that VirnetX would agree to a *smaller* royalty than the running royalty agreed for Apple's first infringement simply for implementing an unsuccessful re-design. Thus, the reasonable royalty would only go *up*. See *Applied Medical*, 435 F.3d at 1363-64 (holding that patentee was not estopped from seeking *higher* royalty rate in redesign case). Because the issue preclusive effect from the -417 judgment indicates that damages must be at least $1.20/unit, JMOL of at least $1.20/unit in damages is appropriate. See *Arlington Indus., Inc. v. Bridgeport Fittings Inc.*, 106 F. Supp. 3d 506, 522 (E.D. Pa. 2015) (granting summary judgment of lost profits and reasonable royalty damages in part because "there [was] substantial overlap between the arguments and evidence put forth by the parties regarding the instant motion and [the previous trial.]").

Judgment as a matter of law of at least $1.20/unit is also appropriate because in the -417 case, the -417 jury already determined that the relevant licenses—Microsoft, Aastra, Seimens, Mitel, NEC, and Avaya—should be weighted equally. See, e.g., *In re Shuler*, 722 F.2d 1253, 1255 (5th Cir. 1984) (indicating that collateral estoppel can apply to "subsidiary facts" determined in prior litigation when necessary to the judgment). The jury conclusively rejected Apple's argument that Microsoft should be weighted largely or exclusively.[1] See *Arlington Indus.*, 106 F. Supp. 3d at 521 (applying preclusion where jury necessarily accepted one theory and rejected another). Yet that is Apple's argument again here. Similarly, the jury conclusively

---

[1] For example, Mr. Bakewell opined that the non-Microsoft licenses were "largely based upon companies and products that are not comparable to Apple or the accused products," and were therefore entitled to "no probative value toward the amount of a reasonable royalty" "when compared to other, more meaningful data." See Jan. 29, 2015 Bakewell Rep. at ¶ 260, ¶ 265. This opinion involves the relative weight accorded to VirnetX's licenses and was thus conclusively rejected by the -417 jury's verdict.

rejected any argument that the royalty rate should change as between products with two infringing features versus just one and instead accepted the feature-agnostic royalty proposed by VirnetX's expert Mr. Weinstein. Apple cannot relitigate this issue here.

Apple had a fully and fair opportunity to litigate all of these issues in the -417 trial, and those findings were affirmed by the Federal Circuit. And while Dr. Blaze and Mr. Bakewell offered new reports since the most recent Federal Circuit remand, these new reports do not create a new issue for the jury to decide or permit them to award less than $1.20/unit. Instead, this is simply factual evidence in support of an argument that has been rejected. *Yamaha Corp. of Am. v. United States*, 861 F.2d 245, 254 (D.C. Cir. 1992) ("[O]nce an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it." (emphasis in original)). That does not affect the preclusive impact of the prior judgment, including its finding of at least W$1.20/unit is appropriate for even units including only VPN on Demand.

## II.     CONCLUSION

For the reasons stated above, the Court should grant VirnetX's Rule 50(a) motion of at least a $1.20/unit in damages.

DATED:  October 30, 2020.                                      Respectfully submitted,

                                                    **CALDWELL CASSADY & CURRY**

                                                    /s/ *Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

ATTORNEYS FOR PLAINTIFF
VIRNETX INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A) on this the 30th day of October 2020.

/s/ Bradley W. Caldwell
Bradley W. Caldwell