## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC., and**<br>**LEIDOS, INC.,** | § <br> § <br> § | |
| **Plaintiffs,** | § <br> § | |
| **v.** | § <br> § | **Civil Action No. 6:12-cv-00855-RWS** |
| **APPLE INC.,** | § <br> § <br> § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § <br> § | |

## PLAINTIFF VIRNETX INC.'S MOTION FOR ENTRY OF JUDGMENT AND EQUITABLE AND STATUTORY RELIEF

███████████

## TABLE OF CONTENTS

I.      INTRODUCTION. ................................................................................................ 1

II.     THE COURT SHOULD ENTER JUDGMENT ON THE JURY'S VERDICT. ......... 2

III.    THE COURT SHOULD AWARD COSTS TO VIRNETX......................................... 2

IV.     THE COURT SHOULD AWARD SUPPLEMENTAL DAMAGES. ........................ 2

V.      THE COURT SHOULD AWARD A COMPULSORY ONGOING ROYALTY....... 4

VI.     THE COURT SHOULD AWARD PRE-JUDGMENT INTEREST............................ 7

VII.    THE COURT SHOULD AWARD POST-JUDGMENT INTEREST. ........................ 8

VIII.   CONCLUSION....................................................................................................... 8

# **TABLE OF AUTHORITIES**

## Cases

*Amado v. Microsoft Corp.*
517 F.3d 1353 (Fed. Cir. 2008) ............................................................. 5

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*
Case No. 2:03-cv-00597-PHX-MHM, 2010 WL 11484420 (D. Ariz. Sept. 9, 2010)................ 7

*Beatrice Foods Co. v. New England Printing & Lithographing Co.*
923 F.2d 1576 (Fed. Cir. 1991) ............................................................. 7

*Bio-Rad Labs. v. Nicolet Instrument Corp.*
807 F.2d 964 (Fed. Cir. 1986) ............................................................. 7

*Christianson v. Colt Indus. Operating Corp.*
486 U.S. 800 (1988).......................................................................... 1

*DDR Holdings, LLC v. Hotels.com, L.P.*
No. 2:06-cv-42, 2013 WL 3187163 (E.D. Tex. June 20, 2013) ................................ 8

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*
No. 2:15-cv-1202-WCB, 2017 WL 3034655 (E.D. Tex. July 18, 2017) .................... 5

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*
582 F.3d 1288 (Fed. Cir. 2009) ............................................................. 4

*Gen. Motors Corp. v. Devex Corp.*
461 U.S. 648 (1983).......................................................................... 7

*i4i Ltd. P'ship v. Microsoft Corp.*
670 F. Supp. 2d 568 (E.D. Tex. 2009) ..................................................... 2

*Mondis Tech. Ltd. v. Chimei Innolux Corp.*
Case No. 2:11-cv-378-JRG, 2012 WL 1554645 (E.D. Tex. Apr. 30, 2012) ("*Mondis II*") ....... 6

*Rialto Capital Advisors, LLC v. Lewis*
No. 1:11-cv-698, 2013 WL 1701590 (E.D. Tex. Apr. 18, 2013) ............................ 8

*Shum v. Intel Corp.*
629 F.3d 1360 (Fed. Cir. 2010) ............................................................. 2

*Smith & Nephew Inc. v. Arthrex, Inc.*
603 Fed. App'x 981 (Fed. Cir. 2015) ..................................................... 3

*Telcordia Techs., Inc. v. Cisco Sys., Inc.*
  612 F.3d 1365 (Fed. Cir. 2010) ............................................................................. 4

*Whitserve, LLC v. Comput. Packages, Inc.*
  694 F.3d 10 (Fed. Cir. 2012) ................................................................................. 2

**Statutes**

28 U.S.C. § 1961 ..................................................................................................... 8

28 U.S.C. § 1920 ..................................................................................................... 2

35 U.S.C. § 287 ....................................................................................................... 7

**Rules**

Fed. R. Civ. P. 54(d) ............................................................................................... 2

Fed. R. Civ. P. 54(d)(1) .......................................................................................... 2

## I.       INTRODUCTION.

Following the 2018 trial of this matter, this Court entered judgment on the jury's verdict, granted VirnetX's request for supplemental damages for the period of time between the verdict and final judgment, granted VirnetX a sunset royalty at the jury's implied royalty rate in lieu of an injunction, and awarded VirnetX pre- and post-judgment interest and costs. Dkt. No. 798 at 52. Because the recent retrial of damages did not alter the circumstances relevant to these rulings in any way, the Court should order the same relief again—judgment on the jury's verdict, supplemental damages and an ongoing royalty at the jury's express $0.84 per unit rate, pre- and post-judgment interest, and costs. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988) ("[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal citation omitted)).

In the same prior order, the Court denied VirnetX's request for enhanced damages, enhanced ongoing royalties, and attorneys' fees. Dkt. No. 798 at 52. The Court acknowledged that some of the relevant factors—such as Apple's size and its copying—did favor enhancement, but ultimately ruled that other factors—such as the size of the jury verdict and the "totality of the circumstances"—disfavored enhancement. *Id.* at 45. VirnetX continues to believe that enhancement was warranted in light of the jury's willfulness verdict and for the reasons in its original request, and that the case for enhancement has only grown because of the events of the intervening two years (including the Federal Circuit's affirmance of Apple's infringement, the reduced size of the jury's verdict this time, and additional instances of litigation misconduct by Apple). Nevertheless, to narrow the disputed issues and help bring this long-running dispute to a close, VirnetX does not request enhanced damages or attorneys' fees at this time.

1

## II.      THE COURT SHOULD ENTER JUDGMENT ON THE JURY'S VERDICT.

The jury has awarded VirnetX a reasonable royalty rate of $0.84 per unit, multiplied by Apple's 598,629,580 infringing units, resulting in $502,848,847.20 in damages. Dkt. No. 978. VirnetX requests that the Court enter judgment on the jury's verdict and award VirnetX at a minimum $502,848,847.20.

## III.     THE COURT SHOULD AWARD COSTS TO VIRNETX.

As the Court ruled previously, VirnetX is the "prevailing party" in this litigation and is therefore entitled to costs. Dkt. No. 798 at 52; Fed. R. Civ. P. 54(d)(1). To be the "prevailing party" under Rule 54(d)(1), the Federal Circuit requires: (1) that the party "received at least some relief on the merits," and (2) "[t]hat relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Shum v. Intel Corp.*, 629 F.3d 1360, 136–67 (Fed. Cir. 2010) (citations omitted). Because VirnetX prevailed on its infringement and willful infringement claims, and was awarded significant damages that were comparable to the amount sought, VirnetX requests that the Court again find it to be the prevailing party pursuant to Rule 54(d), and award VirnetX its costs consistent with 28 U.S.C. §1920.

## IV.     THE COURT SHOULD AWARD SUPPLEMENTAL DAMAGES.

The Court should award VirnetX supplemental damages, as it did in 2018 without opposition from Apple. *See* Dkt. No. 798 at 46. "District courts have discretion to award damages for periods of infringement not considered by the jury." *Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 38 (Fed. Cir. 2012). Courts routinely award supplemental damages for infringement occurring after a jury verdict is returned, but before final judgment is entered. *See, e.g., i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 600 (E.D. Tex. 2009) (finding that damages for post-verdict, pre-judgment infringement should be granted to prevent the

2

infringer from obtaining a windfall). Supplemental damages are calculated consistent with the damages awarded in the jury verdict. *See, e.g.*, *Smith & Nephew Inc. v. Arthrex, Inc.*, 603 Fed. App'x 981, 991 (Fed. Cir. 2015) (finding that "the district court could properly rely on [the jury's] calculation and bring it forward to the post-trial period"). VirnetX respectfully requests that the Court award supplemental damages and order, as it did in 2018 (Dkt. No. 798 at 46), that Apple provide an accounting within 30 days of the Court's judgment for all actual post-verdict, pre-judgment infringing sales, of both the Preexisting Products and the Later Released Products (as defined immediately below).

Alternatively, VirnetX's damages expert has prepared calculations of estimated supplemental damages for Apple's sales of the infringing iPhone, iPad, and iPod Touch products sold as of trial and encompassed in the parties' stipulated number of units included on the verdict form (the "Preexisting Products"). Dkt. No. 978. In this case, the jury expressly awarded a reasonable royalty rate of $0.84. *Id.* Mr. Weinstein estimates that Apple has sold ████ infringing units of the Preexisting Products between the date of the jury's verdict and today. Weinstein Decl. at ¶ 6, Ex. 1. This equates to ████ units per day. *Id*. at ¶ 6. Awarding VirnetX supplemental damages on sales from November 1, 2020 through November 18, 2020 at the jury's $0.84 per unit rate results in an amount of $████. *Id*. Similarly, supplemental damages on sales from November 19, 2020 through the entry of judgment at the jury's $0.84 per unit rate results in an amount of $████ per day. *Id.*

However, while these estimates cover all of the Preexisting Products, there are certain Apple products that were announced just prior to trial (the "Later Released Products"),[1] and

---

[1] The Later Released Products include the iPhone 12, iPhone 12 Mini, iPhone 12 Pro, iPhone 12 Pro Max, iPad 8th Generation, and iPad Air 3.

therefore are not encompassed by the jury verdict and for which Apple has not yet provided sales data. Because VirnetX expects that Apple has made and will make sales of those additional products between now and the date the Court enters judgment (such that those sales should also be accounted for in the Court's award of supplemental damages),[2] VirnetX requests that the Court order Apple to provide an accounting of actual sales of at least those Later Released Products, and to pay supplemental damages on the Later Released Products along with Apple's first ongoing royalty payment (per VirnetX's request below).

## V.      THE COURT SHOULD AWARD A COMPULSORY ONGOING ROYALTY.

When VirnetX moved for a permanent injunction following the 2018 trial, the Court denied that injunction, and instead awarded an ongoing royalty in the amount implied by the jury's verdict. Dkt. No. 798 at 50. While VirnetX continues to believe it is entitled to an injunction for the reasons set forth in its 2018 briefing, VirnetX respects the Court's prior denial of that injunction, and does not request reconsideration of that request here. Instead, for the same reasons the Court previously granted an ongoing royalty, VirnetX requests the Court reiterate that ruling.

As the Court noted in 2018, "[b]ecause the jury's verdict does not compensate VirnetX for future infringement, the Court [should] award an ongoing royalty." Dkt. No. 798 at 50 (citing *Telcordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1379 (Fed. Cir. 2010)); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1303 (Fed. Cir. 2009) ("A damages award for pre-verdict sales of the infringing product does not fully compensate the patentee because it fails to account for post-verdict sales."). Even more so than following the 2018 verdict, there can be no

---

[2] Apple has previously agreed that it would not argue for purposes of infringement that the software running on the Later Released Products operates differently than the software adjudged infringing. *See, e.g.*, Dkt. No. 774-6 (3/30/18 correspondence between the parties).

question here that the jury awarded damages exclusively for past infringement—it awarded damages for a stipulated number of pre-verdict infringing units. Dkt. No. 978. Thus, adequate compensation to VirnetX must at least include the application of the $0.84 per unit royalty to future units as well. *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 WL 3034655, at *2 (E.D. Tex. July 18, 2017) ("[I]t would be improper for the Court first to conclude that the damages awarded by the jury do not cover the post-verdict period, but then to rule that UroPep is not entitled to any relief for that period.").

Further, to the extent Apple suggests, as it did in 2018, that an ongoing royalty should be *less* than the jury's chosen rate, the Court should again reject that suggestion as it did previously. The Court acknowledged then, as the Federal Circuit has, that if anything a post-verdict hypothetical negotiation ought to result in an *increased* royalty rate. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361–62 (Fed. Cir. 2008) ("Once a judgment of validity and infringement has been entered, however, the calculus is markedly different because different economic factors are involved."), *cited by* Dkt. No. 798 at 50; Weinstein Decl. at ¶¶ 8–9. And while the Court has observed that VirnetX has a burden to "show that it is entitled to a royalty rate in excess of the rate initially determined by the jury," Dkt. No. 798 at 50, VirnetX contends that the evidence it has previously catalogued regarding Apple's ongoing willful infringement, and the Court's own analysis of the *Read* factors, would justify that increased or enhanced ongoing royalty rate.

But here, where VirnetX does not request an increase in the jury's determined rate, the Court need not go any further than the jury's verdict, and should adopt the jury's findings and bring them forward to apply to future sales. Absent an attempt to increase the rate, the Court has acknowledged that the jury's rate, supported by substantial evidence, is unquestionably the "starting point." *Id.* Apple implicitly acknowledged as much when it failed to appeal the Court's

2018 decision to award a $1.20 ongoing royalty. Apple did so again in response to VirnetX's February 2020 motion for entry of judgment when it opposed VirnetX's ongoing royalty request solely on the ground that "any decision regarding an ongoing royalty and supplemental damages should be deferred until a jury can determine the reasonable royalty for VOD alone." Dkt. No. 825 at 16. The jury has determined the reasonable royalty, and VirnetX simply asks for that same royalty to apply going forward.

The ongoing royalty should apply to both adjudicated infringing products as well as those that are not more than colorably different, including the Later Released Products addressed above in the context of supplemental damages. *See* Case No. 6:13-CV-211, Dkt. No. 52 at 10 (applying previous ongoing royalty to not more than colorably different products). VirnetX further requests that the ongoing royalty run from the day after entry of judgment until the expiration of the patents-in-suit.

Finally, as before, VirnetX requests that the Court require Apple to provide quarterly reporting of its ongoing infringing sales, as was ordered in the 2018 trial. *See* Dkt. No. 798 at 51. Payment should be due sixty days after the close of each quarter, which is this Court's standard practice. *See Mondis Tech. Ltd. v. Chimei Innolux Corp.*, Case No. 2:11-cv-378-JRG, 2012 WL 1554645, *3 (E.D. Tex. Apr. 30, 2012) ("*Mondis II*"). If Apple does not make its payments by this deadline, VirnetX requests that the Court require Apple to pay interest on the overdue amounts at the prime rate, compounded annually (consistent with the Court's practice regarding pre-judgment interest). VirnetX also requests that the Court require Apple to provide VirnetX notice of any material change to its business of importing or selling products containing the accused functionalities within fourteen days of such change. *See id.* VirnetX also requests that the Court order that Apple's duty to pay VirnetX ongoing royalties extends to Apple's successors

and assigns. *See id.* at \*7. VirnetX also requests audit rights and that Apple mark its products with VirnetX's patents in accordance with 35 U.S.C. § 287. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, Case No. 2:03-cv-00597-PHX-MHM, 2010 WL 11484420, \*37–39 (D. Ariz. Sept. 9, 2010).

## VI.     THE COURT SHOULD AWARD PRE-JUDGMENT INTEREST.

Pre-judgment interest should typically "be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983); 35 U.S.C. § 284. "[A]n award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Gen. Motors Corp.*, 461 U.S. at 655 (citation omitted).[3] Except in unusual circumstances not present here, a prevailing patent owner is entitled to pre-judgment interest on the damages awarded because complete compensation includes the "forgone use of the money between the time of infringement and the date of judgment." *Id.* at 655-56. As the Court acknowledged in its prior ruling, the fact that this case has been pending for a long time does not affect the pre-judgment interest analysis, and the Court should again "decline[] to assign responsibility for the lengthy timeline of this case to either party" in awarding interest. Dkt. No. 798 at 51.

As the Court did following the 2018 trial, courts in this district typically award pre-judgment interest at the prime rate compounded annually, to be applied on the entire jury award beginning at the date of the hypothetical negotiation. *See* Dkt. No. 798 at 52; -417 Dkt. No. 1079

---

[3] *See also Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991); *Bio-Rad Labs. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986).

at 57.[4] In this case, pre-judgment interest assessed on the jury's verdict, calculated in that manner, amounts to $160,675,417 through November 18, 2020. Weinstein Decl. at ¶ 5. Furthermore, pre-judgment interest will continue to accrue at $59,081 per day from November 19, 2020 through the date that judgment is entered. *Id*.

## VII.    THE COURT SHOULD AWARD POST-JUDGMENT INTEREST.

VirnetX is entitled to post-judgment interest under 28 U.S.C. § 1961, as of the date judgment is entered in this action, and requests such an award be granted, as it was in 2018. *See* Dkt. No. 798 at 52. Pursuant to 28 U.S.C. § 1961, interest is computed daily, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment, and shall be compounded annually. *See, e.g.*, *Rialto Capital Advisors, LLC v. Lewis*, No. 1:11-cv-698, 2013 WL 1701590, *5–6 (E.D. Tex. Apr. 18, 2013).

## VIII.   CONCLUSION

For the reasons stated above, VirnetX requests entry of final judgment as outlined in its proposed form of judgment attached to this motion.

---

[4] *See also DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-cv-42, 2013 WL 3187163 at *1–2 (E.D. Tex. June 20, 2013).

DATED:  November 18, 2020          Respectfully submitted,

**CALDWELL CASSADY & CURRY**

/s/ *Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF
VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on counsel of record via email on November 18, 2020, to the extent allowed by the Agreed Protective Order.

/s/ Bradley W. Caldwell
Bradley W. Caldwell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Agreed Protective Order.

/s/ Bradley W. Caldwell
Bradley W. Caldwell