IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., and | § | |
| LEIDOS, INC., | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | No. 6:12-cv-00855-RWS |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| | § | |
|     Defendant. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |

## VIRNETX'S SURREPLY TO APPLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(B) AND FOR A NEW TRIAL

## TABLE OF CONTENTS

I.    ARGUMENT IN SURREPLY ........................................................................ 1

    A.   Apple's *Posttrial* Challenges are Estopped, Notwithstanding
        this Retrial on the A*mount* of Damages. ......................................... 1

    B.   The Microsoft License Does Not Yield a Double Recovery ........................................ 3

    C.   The Claims Apple Infringes Have Not Been Cancelled ............................................... 3

    D.   Apple Concedes It Waived Its New Basis for Admission of
        PTAB Proceedings. ........................................................................... 4

    E.   Exclusion of the Microsoft Infringement Determination Was
        Proper. ............................................................................................... 5

    F.   Apple's Remaining Arguments Remain Incorrect for the
        Reasons Stated in VirnetX's Response. ..................................... 5

II.   CONCLUSION ........................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**

*Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co.*
   272 F.3d 276 (5th Cir. 2001) ........................................................................ 1

*Chase Bank USA N.A. v. Hess*
   No. 08-121-LPS, 2011 WL 45132 (D. Del. Jan. 6, 2011) ......................... 1

*Fresenius USA, Inc. v. Baxter Intern., Inc.*
   721 F.3d 1330 (Fed. Cir. 2013)..................................................................... 4

*HTC Corporation v. Telefonaktiebolaget LM Ericsson*
   2018 WL 5831289 (E.D. Tex. Nov. 7, 2018) ............................................. 1

*In re Shuler*
   722 F.2d 1253 (5th Cir. 1984) ...................................................................... 2

*Pincus v. Pabst Brewing Co.*
   752 F. Supp. 871 (E.D. Wisc. 1990)........................................................ 1, 2

*XY, LLC v. Trans Ova Genetics, L.C.*
   890 F.3d 1282 (Fed. Cir. 2018)..................................................................... 4

**STATUTES**

35 U.S.C. § 284............................................................................................... 4

35 U.S.C. § 307(a)........................................................................................... 4

35 U.S.C. § 318(b)........................................................................................... 4

## I.  ARGUMENT IN SURREPLY

### A. Apple's *Posttrial* Challenges are Estopped, Notwithstanding This Retrial on the *Amount* of Damages.

Ultimately the Court need not reach the questions of collateral estoppel or law of the case. Apple's arguments have repeatedly been and continue to be simply wrong. As it did in 2018, the Court may choose to just reiterate its previous rulings on these identical issues. And the fact that (i) the Federal Circuit rejected Apple's arguments (which ought to result in estoppel), (ii) this Court previously rejected them (which ought to stand as law of the case), and (iii) Apple does not attempt to articulate any basis (much less clear reasons) for departing from these prior rulings, each simply reaffirms that Apple should still lose on the merits.

That said, in its Reply, Apple fundamentally misunderstands both law of the case and collateral estoppel.  First, Apple erroneously suggests that the law of the case doctrine only applies to issues decided *on appeal* in the same case. Dkt. 1020 ("Reply") at 1 (citing *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co.*, 272 F.3d 276, 279 (5th Cir. 2001)). But *Alpha/Omega* only describes one possible form of the law of the case doctrine; the rule is significantly broader than that. "This rule applies to decisions made by (1) *the same court*; (2) a coordinate court of equal rank; and (3) an appeals court that remands the case to the district court." *HTC Corporation v. Telefonaktiebolaget LM Ericsson*, 2018 WL 5831289, at *4 (E.D. Tex. Nov. 7, 2018) (emphasis added).[1] Because Apple has asked the Court to reconsider a host of identical issues already decided in the previous posttrial proceedings, the onus is on Apple to demonstrate the requisite "clear and convincing reasons" why the Court should revisit those

---

[1] *See also, e.g.*, *Pincus v. Pabst Brewing Co.*, 752 F. Supp. 871, 873 (E.D. Wisc. 1990) ("The law of the case doctrine can be applied in two situations: (1) a court will not reconsider its own decision rendered at an earlier stage of the trial or on a prior appeal absent *clear and convincing reasons* to reexamine the prior ruling . . . ." (emphasis added)).

rulings. *Pincus*, 752 F. Supp. at 873. Apple has not done so. The mere fact that one less accused feature was at issue in this trial does not impact the reasoning behind the Court's previous rejections of these arguments, and Apple makes no legitimate effort to demonstrate otherwise.

With respect to collateral estoppel, Apple improperly conflates the *amount* of damages with the sufficiency of VirnetX's damages evidence and propriety of the Court's evidentiary rulings. While the Court declined to decide the amount of damages as a matter of law, *see* Dkt. 624 & Dkt. 840, Apple's *posttrial* arguments for overturning the jury's verdict are distinct, severable "issues of law" from the damages amount that the jury decided.[2] *C.f., e.g., In re Shuler*, 722 F.2d 1253, 1255 (5th Cir. 1984) (indicating that collateral estoppel can apply to "subsidiary facts" determined in prior litigation when necessary to the judgment). Apple's posttrial issues of law are identical to those already decided and affirmed by the Federal Circuit in the -417 case, notwithstanding the different underlying damages verdict amounts.

Apple acknowledged this hierarchy of issues when it conceded estoppel at the Federal Circuit, as described in VirnetX's Response. *See* Dkt. 1016-2 (Apple's -855 Appeal Brief). In Reply, Apple does not dispute that it made that concession of estoppel. Reply at 2. Thus, despite the fact that Apple had successfully persuaded this Court prior to the 2018 trial that the *amount* of damages was not foreclosed by the -417 judgment, Apple acknowledged after the 2018 trial that the -417 judgment *did* foreclose its legal challenges to the jury's verdict.

Apple's plea to changed circumstances fails. Apple now claims that its concession of estoppel was allegedly different because both VOD and Facetime then infringed, whereas now only VOD was found to be infringing. But again, Apple does not demonstrate beyond that

---

[2] VirnetX observed as much in its briefing on the 2018 motion for summary judgment, noting that Apple was also separately precluded from challenging the sufficiency of VirnetX's damages evidence. *See* Dkt. 542 at 7 n.2. The Court did not address that subsidiary issue in its order.

conclusory statement why this difference affects the identicality of the instant issues decided against Apple in the -417 case. And it does not, since the affirmed -417 judgment included units that had only one feature or the other, and the Court nevertheless denied JMOL. *See* -417 Dkt. 1062 at 14–15 (Apple's motion for JMOL, acknowledging that the jury awarded "the same per-unit royalty rate for VPN On Demand alone . . . ."). VirnetX's damages model has not changed, and the jury's verdict is once again supported by sufficient evidence, either as a matter of law of the case, estoppel, or simple reaffirmance of the Court's own prior rulings.

**B.  The Microsoft License Does Not Yield a Double Recovery.**

Though Apple attempts to retreat now, Reply at 5, Apple has indeed argued that Apple ought to be considered licensed by virtue of VirnetX's 2014 Microsoft agreement. Dkt. 1012 (Apple's Motion) at 9 ("Apple devices that include Skype and other Microsoft features are ***already licensed*** to VirnetX's patents . . . ."). In any event, even in Reply "Apple [still] provides no explanation for why the actions of its end-users to modify its product post-sale should bring Apple under the protection of third-party licenses." -417 Dkt. 1079 at 17. Further, Apple's argument fails under its own terms because its cited authority merely stands for the proposition that "when the claims arise *out of the same set of operative facts* . . . there may be only one recovery."[3] Microsoft's independent, licensed distribution of the Skype app has nothing to do with the injury caused by Apple's sale of iOS devices containing factory-installed VOD.

**C.  The Claims Apple Infringes Have Not Been Cancelled.**

In defending its brand-new request for estoppel based on unaffirmed PTAB decisions, Apple has no answer to VirnetX's observation that all of its cited cases involve affirmed or

---

[3] *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1020 (Fed. Cir. 2006) (emphasis added); *see also id*. at 1017 ("In *Bowers*, we recognized that double recovery *for the same injury* is inappropriate." (emphasis added)).

unappealed PTO findings—*not,* as here, decisions that are still pending appeal. Apple also has no good explanation for why, if it truly thought this argument had merit, it neglected multiple prior opportunities to raise the same argument, or why it even suggested in the recent Federal Circuit appeal that it could *not* make a similar argument until the relevant PTAB decisions were affirmed. *See* Dkt. 1016 at 15 n.17. Apple's only reply is to quibble with VirnetX's interpretation of the statutory scheme, and reiterate its debunked invocation of *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018).

Apple's attempt to downplay the import of 35 U.S.C. § 318(b)—claiming that it merely relates to the timing of a certificate—is in stark contrast with the Federal Circuit's ruling in *Fresenius*. The court in *Fresenius* relied on the same cancellation language in a pre-AIA corollary to § 318(b)—*not* collateral estoppel—to justify the binding effect of a reexamination decision in district court proceedings. *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1339, 1344 (Fed. Cir. 2013) (citing 35 U.S.C. § 307(a)—with its identical language to § 318(b)—as the basis for cancellation, which is what "extinguishes the underlying basis for suits based on the patent."). And regarding *XY*, Apple does not dispute that the court's discussion of estoppel was dictum. Nor does Apple provide any explanation of how that dictum could overrule the binding law cited by VirnetX that counsels against applying collateral estoppel to unaffirmed PTAB decisions. The decisions have no preclusive effect.

**D. Apple Concedes It Waived Its New Basis for Admission of PTAB Proceedings.**

In its Response, VirnetX demonstrated that Apple had waived its new argument contesting the Court's exclusion of evidence of the PTAB proceedings. Apple has no rebuttal in its Reply, and cites to no portion of the record in this retrial where Apple ever raised to the Court the issue it now presses—that VirnetX allegedly opened the door to evidence of PTAB

proceedings by contending that Apple lacked non-infringing alternatives. *See* Reply at 8. As such, this argument is waived. *See* Fed. R. Evid. 103, Adv. Comm. Notes (2000) ("If the relevant facts and circumstances change materially after the advance ruling has been made, those facts and circumstances cannot be relied upon on appeal unless they have been brought to the attention of the trial court by way of a renewed, and timely, objection, offer of proof, or motion to strike."). And in any case, the Court was right to exclude this unfairly prejudicial evidence, and its exclusion certainly does not warrant a new trial.

### E.  Exclusion of the Microsoft Infringement Determination Was Proper.

In Reply, Apple no longer argues that VirnetX's statements at trial were "counter-factual"—the primary basis for its allegations of unfairness in its Motion. Apple now merely suggests that the jury should have been able to "weigh conflicting evidence" regarding the Microsoft license and the impact of the "determination" of infringement against Microsoft. Reply at 10. But as the Court previously recognized, evidence related to the Microsoft verdict posed massive unfair prejudice and jury confusion issues. Apple's suggestion that the Court needed to permit the jury to "weigh conflicting evidence" does not establish any probative value, much less significant enough relevance to outweigh the obvious prejudicial effect. The Court was right to exclude the evidence.

### F.  Apple's Remaining Arguments Remain Incorrect for the Reasons Stated in VirnetX's Response.

Apple's remaining arguments in its Reply merely rehash the issues already set forth in Apple's Motion. VirnetX's Response fully addressed each of these arguments.

## II.   <u>CONCLUSION</u>

For the foregoing reasons, VirnetX again respectfully requests that the Court deny Apple's motion for judgment as a matter of law and for new trial.

5

DATED:  December 15, 2020

Respectfully submitted,

**CALDWELL CASSADY & CURRY**

/s/ *Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
**1507 Bill Owens Parkway**
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF**
**VIRNETX INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who have consented to electronic

service are being served with a copy of this document via the Court's CM/ECF system pursuant

to Local Rule CV-5(a)(3) on this the 15th day of December 2020.


*/s/ Bradley W. Caldwell*
Bradley W. Caldwell