# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. AND LEIDOS, INC.,** | § § § § § § § § § § § § | **Civil Action No. 6:12-cv-855-RWS** |
| **Plaintiffs**, | | |
| v. | | |
| **APPLE INC.** | | |
| | | **JURY TRIAL DEMANDED** |
| **Defendant**. | | |

# APPLE'S SUR-REPLY TO VIRNETX'S MOTION FOR ENTRY OF JUDGMENT AND EQUITABLE AND STATUTORY RELIEF

**TABLE OF CONTENTS**

**Page**

I.    **Apple's Arguments Are Not Barred by Law of the Case or Collateral Estoppel** ................................................................................................................................. 1

II.    **Any Award of Costs Should Be Limited to the Issues on Which VirnetX Prevailed** ................................................................................................................ 2

III.   **Any Accounting Should Occur After Appeals Are Decided** ......................................... 3

IV.   **If an Ongoing Royalty Is Awarded, It Should Be at Most $0.19** ................................... 3

V.    **Prejudgment Interest Should Not Be Awarded or, at a Minimum, Should Be Reduced** ................................................................................................................. 5

VI.   **Conclusion** ................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co.*,
   272 F.3d 276 (5th Cir. 2001) ..................................................................................................1

*Amado v. Microsoft Corp.*,
   517 F.3d 1353 (Fed. Cir. 2008)..............................................................................................4

*Brown v. Bryan Cty.*,
   219 F.3d 450 (5th Cir. 2000) ..................................................................................................2

*Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*,
   No. 2:14-CV-00912-JRG, 2020 WL 1557492 (E.D. Tex. Apr. 1, 2020) ................................3

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001)..............................................................................................6

*Del Mar Avionics, Inc. v. Quinton Instrument Co.*,
   836 F.2d 1320 (Fed. Cir. 1987)..............................................................................................1

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   733 F.3d 1369 (Fed. Cir. 2013)..............................................................................................5

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   No. C03-1431 PJH, 2012 WL 761712 (N.D. Cal. Mar. 8, 2012) ..........................................4

*Gen. Motors Corp. v. Devex Corp.*,
   461 U.S. 648 (1983)................................................................................................................5

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
   No. 4:14-CV-00371, 2017 WL 1716589 (E.D. Tex. Apr. 27, 2017)......................................5

*Itron, Inc. v. Benghiat*,
   No. 99-501 (JRT/FLN), 2003 WL 22037710 (D. Minn. Aug. 29, 2003)...............................3

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
   No. 2:16-CV-00230-JRG, 2018 WL 7508613 (E.D. Tex. Sept. 7, 2018) ..............................5

*Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC*,
   No. 2:15-CV-351-JRG, 2017 WL 6268735 (E.D. Tex. Dec. 8, 2017) ...................................5

*State Indus., Inc. v. Mor-Flo Indus., Inc.*,
   948 F.2d 1573 (Fed. Cir. 1991)..............................................................................................2

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
    939 F.2d 1540 (Fed. Cir. 1991)......................................................................................5

*VirnetX Inc. v. Apple Inc.*,
    792 Fed. App'x 796 (Fed. Cir. 2019)............................................................................1

*Whirlpool Corp. v. TST Water, LLC*,
    No. 2:15-CV-01528-JRG, 2018 WL 1536874 (E.D. Tex. 2018) ...............................5

**Statutes**

35 U.S.C. § 318(b) ............................................................................................................4

**Emphasis added unless otherwise noted**

I.      **Apple's Arguments Are Not Barred by Law of the Case or Collateral Estoppel**

VirnetX asks the Court to disregard Apple's opposition arguments under the doctrines of law of the case and issue preclusion. D.I. 1021 at 1–2. As explained in Apple's JMOL reply, D.I. 1020 at 1–2, those doctrines do not apply here, and VirnetX provides no authority otherwise.

*First*, the -417 judgment does not result in issue preclusion because the issues in VirnetX's motion were not decided in the -417 action. Although VirnetX claims it "requests nothing more … than what the Federal Circuit already affirmed in the -417 case," D.I. 1021 at 1, VirnetX did **not** seek an ongoing royalty or supplemental damages in the -417 action. -417 D.I. 1063. While VirnetX did seek costs and prejudgment interest, the -417 judgment did not determine the appropriateness of costs where only one of the four accused features was found to infringe, or prejudgment interest where only VOD infringes and the verdict was a running royalty. *Id*. at 21–23; -417 D.I. 1079. Apple's acknowledgement that certain damages-related arguments would be governed by "further review" of the -417 action was premised on the infringement of both VOD and FaceTime. Now that only VOD infringes, these issues "require[] determination on [their] own facts." *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1324 (Fed. Cir. 1987).

*Second*, the Court's 2018 -855 post-trial rulings are not the law of the case. VirnetX argues otherwise because Apple did not specifically appeal these issues (other than prejudgment interest). D.I. 1021 at 1–2, 5. But VirnetX's argument gets the law of the case doctrine wrong. "The law of the case doctrine … generally precludes reexamination of issues of law or fact ***decided on appeal***." *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co.*, 272 F.3d 276, 279 (5th Cir. 2001). On appeal here, the Federal Circuit reversed the FaceTime infringement determination and vacated the damages award. *VirnetX Inc. v. Apple Inc.*, 792 Fed. App'x 796, 812–13 (Fed. Cir. 2019). Because costs, supplemental damages, ongoing royalty, and prejudgment interest were premised on a judgment the Federal Circuit altered, those issues were not decided on appeal. *Brown v. Bryan*

*Cty.*, 219 F.3d 450, 453 n.1 (5th Cir. 2000) (after vacatur, law of the case does not apply). The Court's new trial order recognized this, denying VirnetX's request for judgment on these issues as moot. D.I. 840 at 1. Moreover, the Court's prior rulings were premised on infringement of both VOD and FaceTime, D.I. 722, and thus, the award of costs, supplemental damages, prejudgment interest, and an ongoing royalty in a case involving infringement by VOD alone is a question that this Court has not addressed. D.I. 840 at 1. Therefore, law of the case does not apply. *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1577 (Fed. Cir. 1991) ("court's subsidiary findings can hardly be the law of the case when the judgment based on those findings was 'vacated'").

## II.     Any Award of Costs Should Be Limited to the Issues on Which VirnetX Prevailed

VirnetX's arguments that Apple should be taxed costs for the retrials are unavailing.[1] *First*, VirnetX claims it is appropriate to award costs for the consolidated trial because Apple agreed to consolidation and did not object to references to the prior verdict. D.I. 1021 at 2–3. Neither assertion is correct. Whereas VirnetX steadfastly requested consolidation, -417 D.I. 864 at 4–7, Apple requested that the remanded 417 action be tried *before* the 855 action. *Id*. at 9–12. Even after the Court declined Apple's request, it gave the parties the option to try the 855 action before the 417 action. D.I. 475, Ex. 9 at 3/10/15 Tr. 53:6–14. Apple maintained that the cases should remain separate, but that consolidation was the more efficient of the two options given by the Court. -417 D.I. 870. In addition, Apple preserved its objection to the introduction of the prior verdicts, 1/19/16 Tr. 85:24–87:2, 1/26/16 Tr. 11:11–16:3, and the Court has repeatedly rejected VirnetX's arguments to the contrary. 1/19/16 Tr. at 87:6–88:9; D.I. 937 at 7-10. *Second*, VirnetX claims it should be awarded costs for the April 2018 trial because Apple asked for a new trial. But, just as in *Core Wireless*, a new trial was necessary under controlling law because VirnetX failed

---

[1] It would be inefficient to defer resolution of disputes over costs. *Cf*. VirnetX Reply at 2, n.1.

to establish the amount of damages associated with VOD separate from FaceTime. D.I. 840; *Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, 2020 WL 1557492, at *3 (E.D. Tex. Apr. 1, 2020). *Finally*, VirnetX argues that it would be too difficult to apportion costs between VOD and the non-infringing features. D.I. 1021 at 3. But it is clear that certain Apple witnesses, for example, were relevant only to FaceTime, and VirnetX should not be awarded costs for an issue it did not win. 4/5/18 Tr. 209:3–12. VirnetX's feigned difficulty is not a reason to "simply award costs to VirnetX." D.I. 1021 at 3. Apple, moreover, should not be required to "capitulate … in the wake of flawed or insufficient evidence for fear of increasing their potential costs," and any costs should be limited as explained in Apple's briefs. *Core Wireless*, 2020 WL 1557492, at *3.

### III.     Any Accounting Should Occur After Appeals Are Decided

VirnetX claims that "Apple cites no actual prejudice that will be caused" by requiring an accounting. D.I. 1021 at 4. Yet Apple explained that the prejudice is the "potentially unnecessary expenditures of time and money in preparing such an accounting," which Apple was forced to incur after the April 2018 -855 trial. *Itron, Inc. v. Benghiat*, 2003 WL 22037710, at *16 (D. Minn. Aug. 29, 2003). Because it may avoid incurring costs and diverting resources to provide an accounting that may be unnecessary, Apple respectfully requests that any accounting be deferred until all appeals in this case and the related PTO proceedings have been resolved.

### IV.     If an Ongoing Royalty Is Awarded, It Should Be at Most $0.19

VirnetX's request for an ongoing royalty should be denied. D.I. 1017 at 4–8. *First*, Apple did not "concede" that any ongoing royalty should be awarded "at the jury's rate." D.I. 1021 at 5. To be sure, Apple acknowledged that the jury's verdict is typically the starting point for an ongoing royalty analysis, but Apple has consistently argued that any ongoing royalty should be adjusted downward from the jury verdict. D.I. 778 at 41 ("The only equitable ongoing royalty award, if one is awarded at all, is no more than $0.08 per unit"); D.I. 840 at 5 (Court recognizing same).

*Second*, contrary to VirnetX's assertion, there is reason to deny VirnetX an ongoing royalty. D.I. 1021 at 5. Not only have all the asserted claims been declared unpatentable, but this verdict comes on the heels of a $454 million judgment and another $502 million verdict that overcompensates VirnetX for Apple's infringement. No more is required to make VirnetX whole.

*Third*, VirnetX's suggestion that the no invalidity finding from the -417 action negates the changed circumstance of the PTAB's unpatentability decisions is incorrect. D.I. 1021 at 6. The PTAB's decisions have preclusive effect, D.I. 1020 at 6–7, and if affirmed on appeal, will result in cancellation of VirnetX's patents. 35 U.S.C. § 318(b). A negotiation over claims that are unpatentable is "markedly different" from a negotiation over claims that are not and would result in a lower ongoing royalty rate. *Cf. Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361–62 (Fed. Cir. 2008); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 2012 WL 761712, at *11 (N.D. Cal. Mar. 8, 2012) ("The Federal Circuit's ruling regarding the invalidity of two of the three patents-in-suit tends to lower the amount of the [post-verdict] royalty.").[2] VirnetX's argument that "the affirmed judgment awarding a higher, $1.20 per unit rate … for the same technology in the -417 case, and Apple's continued lack of a non-infringing alternative…. warrant an increased post-verdict rate," fares no better. D.I. 1021 at 6–7. The fact that a higher effective royalty rate was awarded when two features were accused of infringing does not suggest that the royalty rate for one of those features should be increased. Indeed, increasing the single feature per-unit royalty rate in this case based on the outcome of a different determination would be contrary to equitable principles underlying the ongoing royalty determination. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 733 F.3d 1369, 1379 (Fed. Cir. 2013). Likewise, that Apple has not removed the accused configuration does not suggest an

---

[2] Contrary to VirnetX's assertion, *Fresenius* is not limited to where a federal court—as opposed to the PTAB—finds claims unpatentable. Indeed, VirnetX cites no authority for its position.

4

ongoing royalty should be increased, particularly when VirnetX does not seek an injunction, one patent has expired, the other expires in about a year, and both patents are unpatentable. The only equitable ongoing royalty, if one is awarded, is no more than $0.19/unit, the highest per-unit rate contemplated by the Microsoft Agreement. D.I. 1012 at 4–9; D.I. 1017 at Ex. 1 ¶¶ 15, 26, 34–36.

### V. Prejudgment Interest Should Not Be Awarded or, at a Minimum, Should Be Reduced

VirnetX should be denied prejudgment interest, but if awarded, using VirnetX's methodology results in a windfall for VirnetX. D.I. 1017 at 9–12. *First*, VirnetX complains about the T-Bill rate, but it offers "no evidence that [it] borrowed money at any rate, or borrowed any money at all" such that the prime rate would be necessary for full compensation.[3] *Packet Intelligence LLC v. NetScout Sys., Inc.*, 2018 WL 7508613, at *2 (E.D. Tex. Sept. 7, 2018).[4] *Second*, VirnetX offers no justification for updating the prime rate annually in order "to make [VirnetX] whole." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). VirnetX identifies no "investments" that it would have made at any interest rate, let alone a 5.25% rate. D.I. 1017 at 10. *Finally*, VirnetX's flawed arguments at each of the past trials caused the need for repeated retrials, resulting in multi-year delays that caused prejudgment interest "to escalate." *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1362 (Fed. Cir. 2001). Awarding VirnetX interest during that time would penalize Apple for VirnetX's delay.

### VI. Conclusion

For the reasons here and in Apple's opposition, VirnetX's motion should be denied.

---

[3] Texas courts have applied the five year T-Bill rate, and VirnetX offers no disagreement with Apple's reasoning for the seven year T-Bill rate. *Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC*, 2017 WL 6268735, at *5 (E.D. Tex. Dec. 8, 2017); *Whirlpool Corp. v. TST Water, LLC*, 2018 WL 1536874, *12 (E.D. Tex. 2018).

[4] VirnetX's cases are inapposite. In *Uniroyal v. Rudkin-Wiley* a party "admit[ed]" that the other party received a loan having a rate "in excess of the prime rate." 939 F.2d 1540, 1545 (Fed. Cir. 1991). In *Imperium v. Samsung*, no explanation for the T-bill rate sought by the defendant is provided. 2017 WL 1716589, at *4 (E.D. Tex. Apr. 27, 2017).

Dated: December 15, 2020  Respectfully submitted,

*/s/ Leslie M. Schmidt*
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
Leslie M. Schmidt
leslie.schmidt@kirkland.com
Aaron D. Resetarits
aaron.resetarits@kirkland.com
Nathaniel L. DeLucia
nathaniel.delucia@kirkland.com
Ryan Jin
ryan.jin@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Akshay S. Deoras
akshay.deoras@kirkland.com
**KIRKLAND & ELLIS LP**
555 California Street
San Francisco, California 94104

Michael E. Jones
Texas Bar No. 10969400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 15th day of December 2020.

*/s/ Leslie M. Schmidt*
