# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., and <br> LEIDOS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 6:12-cv-00855-RWS <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF VIRNETX INC.'S RESPONSE IN OPPOSITION TO APPLE'S MOTION FOR COSTS

# TABLE OF CONTENTS

I.   Procedural History ................................................................................................................ 1

II.  Apple Was Time-Barred from Bringing the Mangrove IPRs Themselves .......................... 3

III. Mangrove is Distinguished from the Petitioners in *B.E. Tech.* ............................................ 4

IV.  The Mangrove IPRs Relied on Precluded Invalidity Arguments ......................................... 5

V.   The Court Should At Least Exercise Discretion and Deny Costs ....................................... 6

VI.  Apple's Undisputed Bill of Costs ......................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. VirnetX Inc.*
  IPR2013-00348, Paper 1 (PTAB Jun. 12, 2013) ................................................................... 4, 5

*Apple Inc. v. VirnetX Inc.*
  IPR2013-00348, Paper 14 (PTAB Dec. 13, 2013)..................................................................... 1

*Apple Inc. v. VirnetX Inc.*
  IPR2013-00354, Paper 1 (PTAB Jun. 12, 2013) ................................................................... 4, 5

*Apple Inc. v. VirnetX Inc.*
  IPR2013-00354, Paper 20 (PTAB Dec. 13, 2013)..................................................................... 1

*Apple Inc. v. VirnetX Inc.*
  IPR2016-00062, Paper 1 (PTAB Oct. 26, 2015) ....................................................................... 2

*Apple Inc. v. VirnetX Inc.*
  IPR2016-00063, Paper 1 (PTAB Oct. 26, 2015) ....................................................................... 2

*B.E. Tech., L.L.C. v. Facebook, Inc.*
  940 F.3d 675 (Fed. Cir. 2019).......................................................................................... passim

*Facebook Inc. v. B.E. Technology, L.L.C.*
  IPR2014-00053, Paper 1 (PTAB Oct. 9, 2013) ........................................................................ 3

*Morris v. Grecon, Inc.*
  388 F. Supp. 3d 711 (E.D. Tex. 2019)....................................................................................... 6

*Sheets v. Yamaha Motors Corp., USA*
  891 F.2d 533 (5th Cir. 1990) ..................................................................................................... 6

*VirnetX Inc. v. Apple Inc.*
  792 F. App'x 796 (Fed. Cir. 2019)............................................................................... 1, 2, 3, 5

*VirnetX Inc. v. Apple Inc.*
  No. 2021-1672, 2023 WL 2770074 (Fed. Cir. Mar. 31, 2023).................................................. 3

*VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*
  No. 2020-2271, 2023 WL 2708975 (Fed. Cir. Mar. 30, 2023).................................................. 2

**Statutes**

35 U.S.C. § 315(b) ................................................................................................... 1, 2, 3, 4

**Rules**

Fed. R. Civ. P. 54(d)(1) .................................................................................................... 1

Apple is not the prevailing partying in this action and therefore is not entitled to costs. Fed. R. Civ. P. 54(d)(1). Apple's motion attempts to improperly extend the Federal Circuit's holding in *B.E. Tech., L.L.C. v. Facebook, Inc*. beyond what is equitable.

After having its own IPR petitions denied,[1] Apple's present motion attempts to ride the coattails of a third party in order to deem itself a prevailing party. Dkt. 1058 at 2 ("Apple joined Mangrove's IPR proceeding and thus is entitled to the same prevailing party status as Mangrove").[2] Specifically, Apple improperly bases its prevailing party status on IPRs that Apple could not have independently sought due to the time limitation of 35 U.S.C. § 315(b). Furthermore, such IPRs primarily relied on a specific Kiuchi reference that Apple previously litigated and was precluded from litigating in this case. These factual circumstances significantly distinguish this case from *B.E. Tech., L.L.C. v. Facebook, Inc*. and support the fact that Apple is not a prevailing party.

I. **Procedural History**

Apple's motion is based on the Federal Circuit's affirmation of two PTAB final written decisions, wherein the challenged claims of U.S. Patent Nos. 6,502,135 ("'135 patent") and 7,490,151 ("'151 patent") were found unpatentable. *See* Dkt. 1058 at 1.

The parties originally litigated these two patents in a prior case ("*Apple I*"). Dkt. 181 at 2. During the *Apple I* trial in 2012, the only invalidity theory Apple presented was based on a 1996 publication by Takahiro Kiuchi entitled "C-HTTP - The Development of a Secure, Closed HTTP-

---

[1] *See Apple Inc. v. VirnetX Inc*., IPR2013-00348, Paper 14 (PTAB Dec. 13, 2013) (Denying institution of challenge to claims of U.S. Patent No. 6,502,135); *Apple Inc. v. VirnetX Inc*., IPR2013-00354, Paper 20 (PTAB Dec. 13, 2013) (Denying institution of challenge to claims of U.S. Patent No. 7,490,151).

[2] Apple's statement regarding Mangrove's "prevailing party status" is incoherent, given that Mangrove is not a party to a district court case involving these patents.

based Network on the Internet" ("Kiuchi"). *Id.* The jury in *Apple I* found that both patents were *valid* and that Apple infringed. Following the *Apple I* verdict, this present action was filed.

Given the history of *Apple I*, VirnetX filed a Motion for Partial Summary Judgment in this case based on the prior litigation. *See generally* Dkt. 149. After extensive argument from each side, the court determined that certain invalidity positions were precluded by issue preclusion as a result of *Apple I*. Dkt. 181 at 9. During this process, Apple never asserted the Kiuchi reference, instead conceding that "Kiuchi was fully litigated in *Apple I*."[3] *Id.* at 7.

In April 2015, the two IPRs that form the basis of Apple's present motion (the "Mangrove IPRs") were filed by Mangrove Partners Master Fund, Ltd.[4] Neither patent had ever been asserted against Mangrove. Every argument in both Mangrove IPRs relied on the same Kiuchi reference that was presented at trial in *Apple I*. See *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, No. 2020-2271, 2023 WL 2708975, at *1–2 (Fed. Cir. Mar. 30, 2023).

In October 2015, Apple separately filed petitions for two IPRs on the same patents and based on the same Kiuchi reference from *Apple I*.[5] Both petitions admitted that Apple was past the one-year time limitation bar of 35 U.S.C. § 315(b).[6] This meant that Apple could not bring either

---

[3] Apple additionally admitted that "Apple's other invalidity defenses, including those based on prior art, neither depend on the factual determinations made regarding Kiuchi nor are governed by the same legal standard." Dkt. 155 at 13.

[4] *See Mangrove Partners Master Fund, Ltd. v. VirnetX Inc.*, IPR2015-01046, Paper 1 (PTAB April 27, 2015) (challenging the claims of U.S. Patent No. 6,502,135); *Mangrove Partners Master Fund, Ltd. v. VirnetX Inc.*, IPR2015-01047, Paper 1 (PTAB April 27, 2015) (challenging the claims of U.S. Patent No. 7,490,151).

[5] *See generally, Apple Inc. v. VirnetX Inc.*, IPR2016-00062, Paper 1 (PTAB Oct. 26, 2015) (challenging the claims of U.S. Patent No. 6,502,135); *Apple Inc. v. VirnetX Inc.*, IPR2016-00063, Paper 1 (PTAB Oct. 26, 2015) (challenging the claims of U.S. Patent No. 7,490,151).

[6] *Apple Inc. v. VirnetX Inc.*, IPR2016-00062, Paper 1 at 2 (PTAB Oct. 26, 2015); *Apple Inc. v. VirnetX Inc.*, IPR2016-00063, Paper 1 at 2 (PTAB Oct. 26, 2015).

of these IPRs independently. However, because Apple moved for joinder with the Mangrove IPRs, Apple was allowed to position itself within an IPR that it could not have brought itself.

In 2018, the Court entered final judgment in this case in VirnetX's favor. Dkt. 801. After an appeal and remand, wherein the Federal Circuit affirmed issue preclusion based on *Apple I*, this Court once again entered final judgment in this case in VirnetX's favor. *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 813 (Fed. Cir. 2019); Dkt. 1035. Once again, Apple appealed the decision. Finally, in March 2023, the Federal Circuit remanded this case with instruction to dismiss it as moot because of its decision to affirm unpatentability in the Mangrove IPRs. *VirnetX Inc. v. Apple Inc.,* No. 2021-1672, 2023 WL 2770074 (Fed. Cir. Mar. 31, 2023).

In its present motion, Apple primarily relies on a single case to support that it is a prevailing party in light of the Mangrove IPRs: *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675 (Fed. Cir. 2019). However, Apple's reliance on *B.E. Tech.* fails to account for the substantial differences between its current position and the position of the prevailing party in that case: Facebook.

## II. Apple Was Time-Barred from Bringing the Mangrove IPRs Themselves

Apple cannot be a prevailing party under *B.E. Tech.* because it merely joined an IPR that it could not have brought itself.

In *B.E. Tech.*, Facebook properly filed its own petition under 35 U.S.C. § 315(b) within one-year after service of a complaint alleging infringement. *Facebook Inc. v. B.E. Technology, L.L.C.* IPR2014-00053, Paper 1 at 1 (PTAB Oct. 9, 2013). As a result, Facebook's IPR was subsequently instituted and Facebook battled for, and won, a final written decision holding unpatentability. As explained by Apple in its motion, the same can be said of each of the petitioners in *B.E. Tech.* Dkt. 1058 at 2. ("In *B.E. Tech*, the defendant, and two other third parties (Microsoft

3

and Google), each filed petitions for *inter partes* review of the patent-at-issue, which the PTAB ultimately held unpatentable in three final written decisions.").

Thus, the Federal Circuit decision in *B.E. Tech*. reasonably affirmed one of the three final written decisions and held the other two moot. Regardless of the specific posture at the Federal Circuit level, each petitioner in fact properly filed their own IPR and battled in front of the PTAB to win a final written decision. Because of this, it was reasonable for the court in *B.E. Tech.* to hold that Facebook prevailed by "rebuffing" the plaintiff's claim and "by a winning a battle on the merits before the PTO." *B.E. Tech.,* 940 F.3d at 679.

Here, Apple did not have the right to battle before the PTO to begin with. In 2013, prior to the Mangrove IPRs, Apple actually filed petitions for the '135 patent and '151 patent and was denied institution for both.[7] Having lost the battle in front of PTAB on these two patents, Apple knew that it could not bring its own IPR due to the time-bar of 35 U.S.C. § 315(b). Rather than accept its loss, Apple instead chose to *join* a third-party's battle in front of the PTAB.

Here, Apple attempts to overextend the Federal Circuit's *B.E. Tech*. holding to apply to a circumstance where Apple had already lost in front of the PTAB, was barred from bringing a subsequent battle in front of the PTAB, and then positioned itself into another party's battle in front of the PTAB. Thus, even if the battle for the Mangrove IPRs was won, such battle was Mangrove's to bring and win, and cannot make Apple a prevailing party.

**III.   Mangrove is Distinguished from the Petitioners in *B.E. Tech.***

Mangrove's role as a disinterested party further distinguishes the facts of this case from *B.E. Tech.* Apple's position relative to Mangrove substantively differs from the IPR petitioners in

---

[7] *See Apple Inc. v. VirnetX Inc*., IPR2013-00348, Paper 1 (PTAB Jun. 12, 2013); *Apple Inc. v. VirnetX Inc*., IPR2013-00354, Paper 1 (PTAB Jun. 12, 2013).

*B.E. Tech*. In *B.E. Tech.*, Facebook, Microsoft, and Google were all actually sued and accused of infringing the patent at issue. *B.E. Tech.* at 676. Thus, Facebook, Microsoft, and Google could actually become prevailing parties in their own cases depending on their fight in front of the PTAB. In that sense, Facebook, Microsoft, and Google were paralleled as potential prevailing parties.

Here, Apple confusingly asserts they are "entitled to the same prevailing party status as Mangrove." Dkt. 1058 at 2. However, it is impossible for Mangrove to have prevailing party status since it was not sued. This is a significant departure from the facts of *B.E. Tech*. Unconvincingly, Apple's prevailing party argument here depends on paralleling itself with an IPR that could not have produced a prevailing party to begin with.

### IV. The Mangrove IPRs Relied on Precluded Invalidity Arguments

A further reason Apple cannot rely on the Mangrove IPRs to establish its prevailing party status is because the Mangrove IPRs rely primarily on the same Kiuchi reference that Apple was precluded from asserting in this case.

Once again, Apple is attempting to establish prevailing party status based on a battle that it had already lost in the past. Apple elected Kiuchi as its sole argument in front of a jury during *Apple I*. Apple fully litigated Kiuchi and lost the invalidity battle then. Apple's 2013 IPR petitions did not even mention Kiuchi as Apple knew that it could not raise it as a reference after *Apple I*.[8] In this case, this Court, as well as the Federal Circuit, have both affirmed that issue preclusion based on *Apple I* should apply. *VirnetX*, 792 F. App'x at 813.

Apple now attempts to rely on the Mangrove IPRs to establish a sense of "prevailing," even though the Mangrove IPR arguments were precluded from ever prevailing in this case. It is both

---

[8] *See generally, Apple Inc. v. VirnetX Inc*., IPR2013-00348, Paper 1 (PTAB Jun. 12, 2013); *Apple Inc. v. VirnetX Inc*., IPR2013-00354, Paper 1 (PTAB Jun. 12, 2013).

5

incoherent and inequitable to determine that Apple is a prevailing party, as such a determination would effectively allow for the precluded Kiuchi reference to "prevail" in this present case.

In conclusion, there is no evidence that *B.E. Tech.*, nor any other case, allows for a party to prevail based on an IPR that (1) the party could not have brought itself without joinder, (2) was brought by a disinterested third-party instead, and/or (3) relied entirely on arguments that the party was precluded from bringing in the present case.

### V. The Court Should At Least Exercise Discretion and Deny Costs

In the event that the Court finds that it is nevertheless *possible* for Apple to be a prevailing party, Plaintiff requests that the Court still exercise its discretion to not award Apple its costs. Such denial of costs would serve the purposes of equity for the prior reasons explained in this response as well as the fact that Apple's current market capitalization is nearly $3 *trillion* dollars. *See Morris v. Grecon, Inc.*, 388 F. Supp. 3d 711, 717–18 (E.D. Tex. 2019) (citing *Sheets v. Yamaha Motors Corp., USA*, 891 F.2d 533, 539-40 (5th Cir. 1990)) ("When analyzing costs of court… a district court may exercise its discretion and refuse to do so if it provides justification for its refusal.").

### VI. Apple's Undisputed Bill of Costs

VirnetX does not dispute the calculation of the maximum amount of costs to which Apple would be entitled should the Court determine that Apple is entitled to costs. Apple's taxable bill of costs are detailed in its motion. Dkt. 1058 at 4.

DATED:  August 11, 2023                    Respectfully submitted,

                                               **CALDWELL CASSADY & CURRY**

/s/ *Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatylor.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535

        Telecopier: (903) 533-9687

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        Email: jw@wsfirm.com
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        Email: claire@wsfirm.com
        **WARD, SMITH & HILL, PLLC**
        1507 Bill Owens Parkway
        Longview, Texas 75604
        Telephone: (903) 757-6400
        Facsimile: (903) 757-2323

        **ATTORNEYS FOR PLAINTIFF**
        **VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 11th day of August, 2023.

        */s/ Bradley W. Caldwell*
        Bradley W. Caldwell