IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., and LEIDOS, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 6:12-cv-00855-RWS |
| APPLE INC., | § § § | |
| Defendant. | § § § | |

### APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR COSTS

VirnetX filed suit seeking over $500 million in damages from Apple for allegedly infringing a valid and enforceable patent. Those claims failed: VirnetX's claims were dismissed and it is entitled to no relief. Apple is therefore the prevailing party. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016); *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 678 (Fed. Cir. 2019). VirnetX attempts to avoid this binding precedent by suggesting that Mangrove, not Apple, invalidated VirnetX's patents at the PTAB, and thus Apple is not the prevailing party. *See* Opp. at 1. VirnetX's reliance on Mangrove is both irrelevant and false. Apple is the prevailing party because VirnetX's infringement claims against it were dismissed—full stop. And even if Apple needed to be the entity that invalidated VirnetX's patents (it need not), Apple joined the Mangrove IPRs that invalidated VirnetX's patents **as a petitioner**. Thus, credit for the win still goes to Apple. VirnetX's alternative argument that the Court should exercise its discretion to deny Apple its costs because of its market capitalization should also be rejected. Eliminating a prevailing party's cost award based on its wealth is error, and courts routinely grant costs to large

1

companies, particularly when the defendant, like Apple here, has spent more than a decade and millions of dollars (including over half a billion already paid to VirnetX) defending against VirnetX's invalid patent claims. *E.g.*, *B.E. Tech.*, 940 F.3d at 679 (awarding costs to Facebook). At the very least, Apple deserves to recover its costs as the victor in this hard-fought, long-running dispute.

I.  **Apple Is the Prevailing Party Because VirnetX's Infringement Claims Were Dismissed After Apple and Mangrove Invalidated VirnetX's Patents**

VirnetX's arguments regarding who invalidated their patents (Apple or Mangrove), what prior art invalidated them, and the forum they were invalidated in (the PTAB) are all irrelevant to whether Apple is the prevailing party. VirnetX does not dispute that the Court vacated its over $500 million damages award and dismissed its infringement claims against Apple. *See generally*, Opp. (not disputing these facts); Dkt. 978; Dkt. 1054 at 2–3; Dkt. 1057 at 1–2. Apple is therefore the prevailing party: a defendant prevails "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *B.E. Tech.*, 940 F.3d at 679 (further noting that "a merits decision [i]s not required") (*quoting CRST*, 578 U.S. at 431).

VirnetX nonetheless contends that this binding Federal Circuit precedent is distinguishable because the defendant in *B.E. Tech.* won "a battle on the merits before the PTO," while Apple merely "positioned itself into another party's battle in front of the PTAB." Opp. at 3–4. But this "distinction" is premised on a misstatement of the law of joinder. 35 U.S.C. § 315(c) empowers the Director of the PTAB to "join *as a party* to [an existing] inter partes review any person who properly files a petition under section 311 that the Director … determines warrants the institution of an inter partes review under section 314." 35 U.S.C. § 315(c). Thus, even under VirnetX's incorrect legal theory, Apple deserves as much credit for winning "a battle on the merits" as

Mangrove does.  Nor is the fact that Apple "could not bring its own IPR due to the time-bar of 35 U.S.C. § 315(b)" correct: by its own terms, "[t]he time limitation ... shall not apply to a request for joinder under subsection (c)."  Opp. at 4; 35 U.S.C. § 315(b).  Indeed, the PTAB and Federal Circuit already rejected this meritless argument, holding that Apple's IPR petition and subsequent joinder were proper because "an otherwise time-barred party can file a petition accompanied by a request for joinder after inter partes review is instituted to avoid the one-year bar."  *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 778 F. App'x 897, 901 (Fed. Cir. 2019).  As such, Apple did not merely "position[] itself into **another** party's battle in front of the PTAB" when it joined the Mangrove IPR; it **became a party** to that battle and a **petitioner** in the IPR that ultimately invalidated VirnetX's patents and was affirmed by the Federal Circuit.  *Mangrove Partners Master Fund, Ltd., and Apple Inc. v. VirnetX Inc.,* CASE IPR2015-01046 (Paper 112) at 1 (July 14, 2020) ("***Apple Inc.***, which filed a petition in IPR2016-00062, **has been joined as a Petitioner in this proceeding**"); *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, No. 2020-2271, 2023 WL 2708975, at *2 (Fed. Cir. Mar. 30, 2023) ("we will refer to Mangrove, Apple, and Black Swamp collectively as 'Petitioners.'").

VirnetX also argues—without support—that the fact that its patents were invalidated over the Kiuchi reference in the PTAB somehow deprives Apple of prevailing party status.  Opp. at 5–6.  This too is inaccurate: "[t]hat the merits of the decision cancelling the claims occurred in the PTO rather than the district court does not change the fact that the district court dismissed the claims it had before it, albeit for mootness," making Apple the prevailing party.  *B.E. Tech*., 940 F.3d at 679.  Moreover, regardless of whether Apple could assert the Kiuchi reference in this case, Apple ***could*** and ***did*** assert the Kiuchi reference in the Mangrove IPR pursuant to § 315(c).  Indeed, VirnetX ***did not even argue*** that Apple was precluded from raising the Kiuchi reference in the

3

PTAB pursuant to § 315(c) when opposing Apple's motion for joinder, or at any point in those proceedings. *See Apple Inc. v. VirnetX Inc.,* CASE IPR2016-00062 (Paper 9) (January 8, 2016) (not raising alleged preclusion argument); V*irnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 778 F. App'x 897 (not raising alleged preclusion argument); *cf* Dkt. 181 at 9 (decision on issue preclusion issued on Aug. 8, 2014). In any event, determining that Apple is the prevailing party does not mean that the "Kiuchi reference [] 'prevail[]ed' in this present case," as VirnetX contends. Opp. at 6. Dismissal of VirnetX's baseless infringement claims renders Apple the prevailing party; "a merits decision [i]s not required." *B.E. Tech.*, 940 F.3d at 679 (*quoting CRST*, 578 U.S. at 431).

## II.     The Court Should Not Exercise Its Discretion to Deny Apple its Costs

VirnetX contends—again without support—that even if Apple is the prevailing party (it is), the Court should exercise its discretion to deny Apple costs. As explained in Apple's Opening Brief, there "is a 'strong presumption' that the prevailing party will be awarded costs," such that there must be "some good reason" for the denial. *Automation Middleware Sols., Inc. v. Invensys Sys., Inc.*, No. 2:15-CV-00898-RWS, 2018 WL 11229935, at *1 (E.D. Tex. Mar. 19, 2018) (Schroeder III, J.) (*quoting Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). VirnetX's purported reasons—Apple's market capitalization and a vague reference to "equity"—fall well short. **First**, Apple's market capitalization is irrelevant, as "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 319–20 (5th Cir. 2013). Indeed, courts routinely grant costs to companies like Apple. *E.g.*, *B.E. Tech.*, 940 F.3d at 679 (awarding costs to Facebook). **Second**, VirnetX points to nothing specific that, as a matter of equity, warrants denying Apple its costs. To the contrary, equity favors awarding Apple its costs: not only has Apple spent almost 13 years defending itself against VirnetX's meritless infringement claims, it

4

was forced to pay VirnetX a windfall of $439 million on invalid patents that never should have been granted.[1] *See, e.g.*, *B.E. Tech.*, 940 F.3d at 679 (that "defendants expended 'significant time and resources,'" defending themselves weighed in favor of being prevailing party) (*quoting Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018)); *Alternative Petroleum Techs. Holdings Corp v. Grimes*, No. 3:20-CV-00040-MMD-CLB, 2022 WL 3718863, at *4 (D. Nev. July 25, 2022) (that defendant "spent about two years defending himself in this case before prevailing … weighs in favor of finding him the prevailing party."). Apple is entitled to its costs.

DATED:  August 18, 2023                          Respectfully submitted,

By: /s/ Joseph A. Loy
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
Leslie M. Schmidt
Leslie.schmidt@kirkland.com
Nathaniel L. DeLucia
nathaniel.delucia@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
**KIRKLAND & ELLIS LLP**

---

[1] VirnetX received that $439 million windfall because its damages judgement became final before the Federal Circuit affirmed the invalidity of VirnetX's patents. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013).

401 Congress Avenue
Austin, TX 78701
Telephone: (512) 678-9100
Facsimile: (512) 678-9101

Akshay S. Deoras
akshay.deoras@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael E. Jones, *Lead Attorney*
Texas Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
102 N. College Avenue, Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in the compliance with Local Rule CV-5(a) on August 18, 2023.  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

*/s/ Joseph A. Loy*
Joseph A. Loy
