IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., LEIDOS, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 6:12-CV-00855-RWS |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Apple's Opposed Motion for Costs.[1] Docket No. 1058. The motion has been fully briefed (Docket Nos. 1059, 1060, 1062), and Apple filed a notice of supplemental authority (Docket No. 1064). The parties previously notified the Court that neither party requested a hearing on the motion.

The parties dispute whether Apple is the "prevailing party" to be awarded costs under Federal Rule of Civil Procedure 54(d)(1). The parties do not dispute Apple's calculation of its costs totaling $220,857.59. Docket No. 1058 at 4; Docket No. 1059 at 6. Thus, the issues are whether Apple is a prevailing party and, if so, whether Apple should be awarded costs. For the reasons set forth below, Apple should not be awarded costs and Apple's motion (Docket No. 1058) is **DENIED**.

## BACKGROUND

The underlying facts are not in dispute. In a related previous case that went to trial in 2012, Apple argued in the district court that a prior art reference ("Kiuchi") invalidated U.S. Patent Nos.

---

[1] Apple's motion does not address attorneys' fees.

6,502,135 ("the '135 patent") and 7,490,151 ("the '151 patent"). Apple lost that argument, judgment was entered in VirnetX's favor, and the Federal Circuit affirmed-in-part that judgment regarding the validity of all the asserted claims of both patents. *See VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1313–14 (Fed. Cir. 2014).

In the instant follow-on case filed later in 2012, VirnetX asserted the '135 and '151 patents and this Court found Apple was precluded from raising invalidity arguments against those patents based on the Kiuchi reference. *See VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 801–02 (Fed. Cir. 2019). The Federal Circuit affirmed this Court's finding that Apple was precluded from asserting its invalidity defenses regarding the '135 and '151 patents in this case. *See id.* at 803, 806.

While this case was pending, Apple filed inter partes review ("IPR") petitions asserting that the '135 and '151 patents were invalid, but Apple's petitions were denied as time-barred. *See VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 778 F. App'x 897, 900 (Fed. Cir. 2019). Apple's real party in interest filed IPR petitions in 2013 as well, which were also denied as time-barred. *Id*. In 2015, nonparty Mangrove Partners Master Fund, Ltd. ("Mangrove") filed IPR petitions challenging the same two patents based on the same Kiuchi reference that Apple was precluded from raising itself. *See id*. at 900–01. Over VirnetX's opposition, the Patent Trial and Appeal Board ("PTAB") allowed Apple to join those petitions with certain conditions that limited Apple's participation in the IPR. *Id.* at 901–02. That decision was affirmed by the Federal Circuit based on VirnetX's failure to show how Apple's joinder as limited by the PTAB prejudiced VirnetX. *Id.* Though VirnetX won its district court case against Apple in 2018 and again following remand in 2019, Mangrove's petition was ultimately successful at the PTAB and, on appeal, at the Federal Circuit. *See VirnetX Inc. v. Apple Inc.*, No. 2021-1672, 2023 WL 2770074, at *1 (Fed. Cir.

Mar. 31, 2023). Accordingly, the Federal Circuit remanded to this Court with instructions to dismiss VirnetX's case against Apple as moot. *Id.*

## LEGAL STANDARD

"In a patent case, Federal Circuit law governs the determination of which party has prevailed." *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014). But "even if a party satisfies the definition of prevailing party, the district court judge retains broad discretion as to how much to award, if anything." *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996); *see also SSL*, 769 F.3d at 1087. While Federal Circuit law has not deferred to regional circuit law in determining which party prevailed, it may defer to regional circuit law regarding a district court's discretionary decision regarding whether to award costs because such a decision "implicates considerations not unique to the patent law." *Manildra*, 76 F.3d at 1182–83.

Federal Rule of Civil Procedure 54(d)(1) authorizes a court to discretionarily deny an award of costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). "However, Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Id*. "As a result of this cost-shifting presumption, the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.' " *Id*. at 793–94 (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985)).

The Fifth Circuit has explained that other circuits use "a wide range of reasons" to withhold costs from the prevailing party, including "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 at 234 (1998)).

## DISCUSSION

Apple argues that none of this case's complex and unique history matters. According to Apple, because the district court litigation against Apple was dismissed as moot, Apple should recover its district court costs as a prevailing party "full stop." Docket No. 1060. But Apple cites no authority that comes close to addressing this case's unique set of facts. The nearest Apple comes is *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675 (Fed. Cir. 2019). In *B.E. Tech*, B.E. accused numerous defendants of infringing certain claims of its patent. *Id.* at 676. Defendants Facebook, Google, and Microsoft filed IPR petitions challenging the asserted claims. In each of the IPR proceedings, the PTAB issued a final written decision holding the claims unpatentable. *Id*. On appeal, the Federal Circuit affirmed the Microsoft decision and dismissed the remaining Facebook and Google appeals as moot. *Id*. The district court denied Facebook's request to dismiss the case with prejudice and costs and instead dismissed the case as "moot" because the asserted claims were cancelled. *Id.* Facebook's renewed motion for costs was granted by the district court, leading to B.E.'s appeal. *Id*. at 676–77.

The Court does not agree that the analysis regarding prevailing party status here is as straightforward as Apple contends. *B.E. Tech.* stands for the proposition that a dismissal for mootness following a win at the PTAB can serve as the basis for prevailing party status. *See id.* at 679. But *B.E. Tech.* did not hold that a defendant in district court patent litigation always deserves prevailing party status when an unrelated nonparty files a successful IPR that invalidates the patents at issue in the district court.

Given the unique facts of this case, the Court exercises its discretion to deny costs. Even assuming *arguendo* that Apple is the prevailing party in this case, the Court discretionarily denies costs based on the close and difficult legal issues presented in this case throughout its complex and unique history. Indeed, the Court has previously described the "Dickensian proportions" of this case. Docket No. 1037 at 1–5.

Apple's cited authority does not counsel a different result. As the *B.E. Tech.* court explained, the issue on appeal concerned whether a party prevailed at the district court after the court dismissed the plaintiff's case as moot due to the claims being cancelled by the PTAB:

> The parties' dispute centers entirely around the definition of "prevailing party." B.E. argues that, because the case was dismissed as moot based on the Board's decision, which we affirmed, Facebook did not "prevail" in the district court. According to B.E., once the asserted claims were cancelled, the district court action lacked a live case or controversy, and the court's dismissal lacked the requisite judicial imprimatur to render Facebook the prevailing party.
>
> Facebook responds that the district court properly determined that it was the prevailing party because it successfully "rebuffed B.E.'s claims." According to Facebook, the court's dismissal of the case, albeit not on the merits, provided the required judicial imprimatur.

*B.E. Tech.*, 940 F.3d 675, 677 (internal citations omitted). But that is not the thrust of VirnetX's argument here. VirnetX does not argue that Apple cannot be a prevailing party because the Court dismissed VirnetX's case as moot. Instead, VirnetX argues Apple cannot "prevail based on an IPR that (1) the party could not have brought itself without joinder, (2) was brought by a disinterested [non]party instead, and/or (3) relied entirely on arguments that the party was precluded from bringing in the present case." Docket No. 1059 at 6.

Further, in *B.E. Tech.*, Facebook filed its own successful IPR petition, resulting in a final written decision finding the claims unpatentable. That is important because in *B.E. Tech.*, the district court and Federal Circuit repeatedly attribute Facebook's prevailing party status to the

efforts Facebook made in successfully challenging the asserted claims. *B.E. Tech.*, 940 F.3d at 677 (the district court noting "Facebook 'obtained the outcome it sought' "); *id*. (Facebook arguing that "it [Facebook] successfully 'rebuffed B.E.'s claims' "); *id*. at 679 (determining that "Facebook obtained the outcome it sought via the mootness dismissal; it [Facebook] rebuffed B.E.'s attempt to alter the parties' legal relationship in an infringement suit"); *id.* (explaining that in *Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018), the district court "did not err in finding" defendants to be the prevailing party, in part, because "defendants expended 'significant time and resources' " on their successful argument for lack of standing). Moreover, Facebook's efforts in advancing successful invalidity arguments were not disputed in *B.E. Tech.*, whereas here Apple has not identified any specific or unique efforts it advanced to secure the final dismissal. Therefore, the Court further justifies its discretionary denial of costs by finding that Apple itself has not shown that it contributed to the effort that led to the patents being invalidated in this case and that Apple, in fact, was barred from raising those invalidity challenges on its own before the PTAB or this Court. In other words, even if VirnetX's claims were rebuffed in this case, Apple itself did not rebuff them.

      The Court finds that the distinctions raised by VirnetX sufficiently distinguish *B.E. Tech.* and justify a discretionary denial of costs. First, although the Court declines to create a rigid rule for assessing costs when parties join successful IPRs (and is aware of no controlling authority that does so), the specific facts of Apple's IPR joinder in relation to this case are distinguishable from *B.E. Tech.* Apple was barred and precluded from bringing the prevailing IPR petition on its own. A nonparty that was not under threat of litigation and was not incurring any costs at the district court brought the successful petition. Although Apple was indeed allowed to join the IPRs, it was not allowed to add any issues to the IPRs, was required to adhere to Mangrove's schedule and

Mangrove's discovery agreements with VirnetX, was not entitled to additional discovery, and was required to defer to Mangrove's authority to designate attorneys to depose witnesses and present at oral argument. *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 778 F. App'x 897, 901–02 (Fed. Cir. 2019). These conditions were so limiting that the Federal Circuit found that allowing Apple to join Mangrove's IPRs would not prejudice VirnetX. *Id.* at 901. Indeed, Apple does not identify *any* action it took in the IPRs, much less an action that contributed to their success. Apple claims "credit for the win," but fails to provide a reason why it should receive that credit. *See* Docket. No. 1060 at 1.

Second, Apple unconvincingly equates Mangrove here with Microsoft in *B.E. Tech.* While this is not a critical distinction, it bears noting that Microsoft was a co-defendant in the district court litigation, not a nonparty like Mangrove. That posture of *B.E. Tech.* contrasts here, where Apple relies on Mangrove's efforts while conceding that Mangrove cannot be a prevailing party itself.

Third, there is no indication in *B.E. Tech.* that Facebook was precluded from raising the successful invalidity arguments found in Microsoft's IPR. As explained above, Apple was precluded from bringing the ultimately successful invalidity arguments found in Mangrove's IPRs on its own (1) in the instant case based on its previous loss on those invalidity arguments before this Court, a decision affirmed by the Federal Circuit and (2) before the PTAB because it was time-barred from raising those invalidity arguments. Apple does not meaningfully address this important distinction. In sum, *B.E. Tech.* is distinguishable from the facts of this case.[2]

---

[2] Moreover, the facts in *CRST* and *Raniere*—two other cases Apple cites in support of its broad interpretation of prevailing party status—are even further afield. Docket No. 1058 at 2–3 (citing *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016); *Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018)). *CRST* concerned a Title VII lawsuit, where *CRST* "obtained a

Among the close and difficult legal issues presented in this case, Apple's financial resources might slightly weigh in favor of withholding fees but that is not the basis of the Court's decision. Rather, this case's complex procedural history is the basis of the Court's decision and weighs heavily in favor of withholding fees. The legal issues and procedural history are explained above, but put succinctly, Apple was precluded and time-barred from advancing the very position, on its own, that resulted in the cancellation of the patents. Relatedly, prior to the final remand dismissing VirnetX's claims as moot, VirnetX's case against Apple was affirmed-in-part multiple times at the Federal Circuit. It was this long history that resulted in Apple's inability to advance the winning argument (and that provided time for Mangrove's IPR petition to prevail). Indeed, Apple correctly argues that its financial resources alone are not enough to warrant withholding fees. *See Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 319–20 (5th Cir. 2013). While not an important factor, the Court nevertheless considers the financial effect to a party from the discretionary denial of fees. Here, Apple does not argue it would suffer any impact due to the denial of fees; rather, it argues that equity favors granting of fees because it was forced to litigate "13 years" and pay a "windfall" to VirnetX in the earlier lawsuit on "patents that never should have been granted." Docket No. 1060 at 4–5. To be fair, the previous judgment Apple satisfied was affirmed by the Federal Circuit and Apple's petition for writ of certiorari to the Supreme Court was denied. *See VirnetX Inc. v. Cisco Sys., Inc.*, 748 F. App'x 332 (Fed. Cir. 2019); *Apple Inc. v.*

---

dismissal of all of the claims against it, including 67 claims that were dismissed for failure to meet presuit obligations." *B.E. Tech.*, 940 F.3d at 678. The issue before the Supreme Court was whether a case not decided on the merits could result in a finding of a prevailing party. *Id*. The Court ultimately held that "that a merits decision is not a prerequisite to a finding of prevailing party status." *Id*. *Raniere* addressed a party that prevailed by securing a dismissal for lack of standing. *Id.* at 679. Neither case addresses VirnetX's substantive arguments here.

*VirnetX Inc.*, 140 S. Ct. 1122 (2020). Ultimately, the procedural history, numerous jury trials, appeals, proceedings at the Patent Office, and delays—many of which Apple itself requested—cannot accurately be captured in a single sentence. Ultimately, the Court disagrees with Apple that, based on that history, costs should be awarded.

Finally, the assignment of costs in the appellate challenges related to this case likewise reflects its complexity. In both appeals affirming the successful IPRs that invalidated the patents-in-suit, costs were taxed against VirnetX, which was the appellant in those appeals.[3] *See VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, No. 2020-2271, Docket No. 115 (Fed. Cir. Mar. 30, 2023) (stating in the corresponding docket entry text that costs were "taxed against Apellant(s)"); *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, No. 2020-2272, Docket No. 10 (Fed. Cir. Mar. 30, 2023) (stating in the corresponding docket entry text that costs were "taxed against Apellant(s)"). But in the appeal of the instant district court case, the Federal Circuit assessed costs against Apple even though Apple was the appellant and this Court's judgment was vacated. *See VirnetX*, 2023 WL 2770074, at *1. This suggests that the present case warrants a different approach to assessing costs than in the successful IPRs before the PTAB. The Court agrees that a different approach is warranted in this case, in contrast with the successful IPRs before the PTAB, especially considering the complex and unique history of this case.

Thus, overall, Apple fails to identify controlling precedent on the complex and unique facts of this case or to persuasively show why the reasoning in its cited authority supports finding Apple should be awarded costs here.

---

[3] This approach is consistent with Federal Rule of Appellate Procedure 39(a).

## CONCLUSION

Accordingly, for the reasons set forth above, it is

**ORDERED** that Apple's Opposed Motion for Costs (Docket No. 1058) is **DENIED**.

**So ORDERED and SIGNED this 29th day of March, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE